PETER K. LEVINE, ESQ.  SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230

Attorney for Defendant David S. Golden

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, A California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC., EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; And DOES 10,<br><br>Defendants. | CASE NO. 2:23-CV-01304-AB-AGR<br><br>**DEFENDANT DAVID GOLDEN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION.**<br><br>**DATE:** AUGUST 11, 2023<br>**TIME:** 10:00 A.M.<br>**Ctrm.:** 7B<br><br>**Judge:**     Andre Birotte, Jr.<br>**Trial Date:** None Set |

     **PLEASE TAKE NOTICE** that on Friday, August 11, 2023, at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Andre Birotte, Jr., located at the First Street Courthouse, 350 W. 1st Street, Courtroom 7B, 7th Floor, Los Angeles, Calif. 90012, Defendant David S. Golden will and hereby does move for an order dismissing all counts pled against him in Plaintiffs' First Amended Complaint (Counts 2, 3, 5, 9, 11) with prejudice, for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure (:"FRCP") 12(b)(6), for Lack of Subject Matter Jurisdiction pursuant to FRCP 12(b)(1), and they are barred (Counts 5, 6, and 9) for statute of limitations.

<u>DEFENDANT GOLDEN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>

1

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Tuesday July 11, 2023. During the phone conference both sides had an opportunity to discuss in detail the central issues of Defendants' motion. The parties concluded the conference with Plaintiffs' counsel stating the parties agreed to disagree, thereby necessitating the filing of this motion.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which this Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to the hearing.

Dated: July 11, 2023

_____
Peter K. Levine, Esq.
Attorney for Defendant Golden

DEFENDANT GOLDEN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

2

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

1. PRELIMINARY STATEMENT ................................................................................................ 1
2. CLAIMS UNDER THE TVPRA ............................................................................................... 2
3. PLAINTIFFS FAIL TO ALLEGE PERPETRATOR LIABILITY ........................................... 2
4. PLAINTIFFS FAIL TO ALLEGE BENEFICIARY (INDIRECT) LIABILITY ...................... 4
5. PLAINTIFFS CANNOT AVAIL THEMSELVES OF THE 2023 AMENDMENTS ............... 6
6. DISMISSAL OF THE FEDERAL CLAIMS REQUIRES THE COURT TO DISMISS THE REMAINING STATE CLAIMS DUE TO LACK OF SUBJECT MATTER JURISDICTION 7
7. PLAINTIFFS' STATE LAW CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS ................................................................................................................. 8
8. CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Ardolf v. Weber*, 332 F.R.D. 467 ......................................................................... 2

*Ashcroft v. Iqbal*, 556 U.S. 662 ............................................................................ 6

*Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) ........................ 4

*David v. Weinstein Co. LLC,* 431 F. Supp.3d 290 ............................................... 4

*Ditullio v. Boehm,* 662 F.3d 1091 ........................................................................ 7

*Geiss v. Weinstein Company Holdings, LLC* (2019) 383 F.Supp.3d 156 ............ 5

*Landgraf v. USI Film Products*, 511 U.S. 244 ..................................................... 7

*Noble v. Weinstein*, 335 F. Supp. 3d 504 ............................................................. 2

*Ratha v. Phatthana Seafood Co., Ltd.* (March 2, 2023) 2023 WL 2762044 ....... 7

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) .............. 5

**Statutes**

§1591(e)(3 ............................................................................................................ 3

18 U.S.C. § 1591(a); ............................................................................................ 2

18 U.S.C. § 1591(e)(3) ......................................................................................... 2

18 U.S.C. §1591 ................................................................................................... 2

18 U.S.C. §1591(e)(3) .......................................................................................... 6

18 U.S.C. §1595(a ................................................................................................ 5

Rule 12(b)(6 ......................................................................................................... 5

*Calif. Code of Civil Procedure*, §335.1. .............................................................. 8

DEFENDANT GOLDEN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. PRELIMINARY STATEMENT

Charges of sex-trafficking are serious. However even under rules of liberal pleading, alleging a violation of the federal Trafficking Victims Protection Reauthorization Act ("TVPRA") does not make it so. While the events described in the FAC are repugnant and denied, the fact remains that the TVPRA was designed to target organized sex-trafficking rings that profit from the illicit sex trade and human trafficking for commercial gain; it was not designed to give a right of action for the circumstances alleged here. Just because eXp's business model creates opportunities for financial gain from recruiting new agents and holding training events does not turn an alleged claim for assault and battery into a "commercial sex act" under the TVPRA.

As discussed below, Defendant Golden moves to dismiss the FAC on the following grounds: First, Plaintiffs' claims under the TVPRA, 18 U.S.C. §1591, with respect to Defendant Golden should be dismissed without leave to amend because the First Amended Complaint ("FAC") fails to allege (1) that he committed any act or participated in the alleged sex trafficking venture; (2) that he benefitted, knowingly or otherwise from any alleged trafficking of Plaintiffs; (3) that he knew or should have known of the alleged trafficking; or that (4) he enticed or recruited anyone to commit a "commercial sex act."

Second, dismissal of Plaintiffs' only federal court claims against Defendant Golden (Counts 2 and 3) mandates dismissal of the remaining state claims due to lack of subject matter jurisdiction.

Third, even if Plaintiffs' state claims are not dismissed they violate the applicable statute of limitations and are time-barred.

## 2. CLAIMS UNDER THE TVPRA

In the First Amended Complaint ("FAC"), Plaintiffs assert both "perpetrator liability" under 18 U.S.C. §1591 (Count 2) and "beneficiary liability" under 18 U.S.C. §1595 (Count 3) against Defendant David Golden and others.

As discussed, below, even with a liberal reading of the sufficiency of Plaintiffs' FAC, the "perpetrator" and "beneficiary" liability claims do not demonstrate a "sex act," nor a "commercial sex act," as defined under the TVPRA. And, Plaintiffs have not alleged that Defendant *knowingly* benefited from any such acts.

## 3. PLAINTIFFS FAIL TO ALLEGE PERPETRATOR LIABILITY

To allege that Mr. Golden is a "perpetrator" of a TVPRA violation, Plaintiffs must allege that he (i) *knowingly*; (ii) in interstate or foreign commerce; (iii) recruit[ed], entic[ed], harbor[ed], transport[ed], provid[ed], obtain[ed], maintain[ed], patronize[d], or solicit[ed] by any means a person; (iv) knowing, or, in reckless disregard of the fact, that means of force, threats of force, fraud or any combination of such means will be used; (v) to cause the person to engage in a *commercial sex act*. See 18 U.S.C. § 1591(a); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 515 (S.D.N.Y. 2018).

"Commercial sex act" is defined in §1591(e)(3) as "any sex act, on account of which *anything* of value is given to or received by any person." 18 U.S.C. § 1591(e)(3) (emphasis added). "Congress's use of expansive language in defining commercial sex act—using such terms as 'any sex act,' 'anything of value,' 'given to or received by any person' – requires a liberal reading." *Noble*, 335 F. Supp. 3d at 521. Courts have interpreted this language broadly, including intangible promises of future jobs or career advancement as "things of value." See e.g. *Ardolf v. Weber*, 332 F.R.D. 467, 478 (S.D.N.Y. 2019).

In the FAC, Plaintiffs allege they were promised business/career opportunities including recruitment opportunities, training materials, and coaching by top Influencers at the eXp events where they were drugged and sexually assaulted. There are two problems with these allegations.

First, Plaintiffs have not actually alleged anything of value exchanged for the alleged encounters. Plaintiffs concede the eXp events were bona fide business events for the purpose of learning during the day and recruiting – even if there were no sex acts. (*See*, FAC ¶¶112.) In ¶82, when read with the prior paragraphs, it's clear that the FAC alleges the defendants' common purpose was to *legitimately* recruit new agents to grow eXp REALTY's bona fide business. And, despite the voluminous FAC, significantly nowhere in the FAC are there any allegations that Defendant Golden specifically promised any Plaintiff a career advancement or "things of value" to "entice" or "recruit" them to attend the events in question. Plaintiffs do not allege that Defendant Golden paid for the travel or actually transported them. Nor are there any allegations that Defendant Golden paid for their *rooms or that he personally sexually assaulted any of them*. Significantly, there is no allegation that Defendant Golden drugged or sexually assaulted Plaintiffs.

Accordingly, because nothing of value was exchanged as a matter of law there is no "sex act" as that term is defined in §1591(e)(3) and Count 2 and Count 3 must be dismissed as a matter of law.

Second, Plaintiffs fail to allege a "*commercial*" sex act. In other words, there must be a causal relationship between the sex act and an exchange of something of value which support the "commercial sex act" element. There must be some allegations of a *quid pro quo* that connects the alleged sex act to a thing of value exchanged.

No *quid pro quo* is alleged here. There are no "facts" showing promises of jobs or career advancements to induce Plaintiffs to engage in sex acts. The FAC alleges the Plaintiff were invited to attend corporate recruiting events held in various hotels. Plaintiffs allege they were told their attendance would be good for their careers to network and generate revenue. But none of these allegations demonstrate Plaintiffs were specifically promised career advancement or *quid pro quo* in exchange for sex. It must be emphasized that "networking" events are not tantamount to career advancements – it's too tenuous.

Setting aside for the moment whether the Plaintiffs were actually drugged and forced to engage in sex (which is disputed) there are no allegations that such acts were "commercial,"

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION

3

meaning in exchange for something of value. 18 U.S.C. § 1591(e)(3). The prospect of career advancement could under appropriate circumstances render a sex act commercial in nature, but not here. *David v. Weinstein Co. LLC,* 431 F. Supp.3d 290, 301 (S.D.N.Y. 2019). Nowhere is it alleged that Defendant Golden ever proposed any sort of *quid pro quo* like sex for career advancement. Plaintiffs have not alleged that they were "compensated" by Defendant Golden in exchange for the alleged sex acts. Despite its length the FAC does not allege any sex acts by Defendant Golden. The fact that the alleged sexual assaults occurred at eXp REALTY events he attended is not sufficient to show the alleged sex acts were in exchange for something of value. There is nothing linking Defendant Golden to any promises of career advancement in exchange for the purported sex acts.

The "value exchanged" requirement (*quid pro quo*) is a specific element of a TVPRA claim. Each Plaintiff is required to plausibly allege it as to themselves, specifically. *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("[E]ach plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case[.]"). They do not, and therefore their claims are deficient. The Plaintiffs have not plausibly alleged Defendant Golden's knowing participating and benefit from a sex trafficking venture involving them specifically.

Inviting Plaintiffs to attend corporate outings which they surely knew as eXp real estate agents was a way to "network" and build their careers at the company is not tantamount to giving them something of value "in exchange for" sex acts. Actually, it's part of their work to attend these events. Vague assertions of "career advancement" are too ambiguous and conclusory as not to be entitled to be credited as true on a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) [on a motion to dismiss, "a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inference."].

### 4. PLAINTIFFS FAIL TO ALLEGE BENEFICIARY (INDIRECT) LIABILITY

To allege beneficiary liability under the TVPRA, Plaintiffs must plausibly allege that Defendant Golden (1) "knowingly benefit[ted]," (2) "from participation in a venture," (3) "which

[Golden] knew or should have known has engaged" in sex trafficking. 18 U.S.C. §1595(a). Essentially, the indirect liability element of §1595 requires sufficient allegations of a principal-agent relationship.

Here, there are no specific allegations that Defendant Golden had knowledge that each specific Plaintiff was allegedly being trafficked. Plaintiffs use conclusory and generalized allegations to try and impute this to Defendant Golden which is insufficient.

However, even if the FAC adequately pleads Mr. Golden's participation in the scheme (which he denies), it still does not sufficiently plead that he personally *benefitted* from any such purported scheme. Plaintiffs have not identified a concrete specific benefit to Mr. Golden other than vague references to the revenue share program.

Plaintiffs have not identified anything of value to Mr. Golden.

"Unlike direct perpetrators of sex trafficking, aiders and abettors of sex trafficking are liable under the TVPA only if they *knowingly* 'benefit[ ], financially or by receiving anything of value, from participation in a venture which has engaged in' sex trafficking." *Geiss v. Weinstein Company Holdings, LLC* (2019) 383 F.Supp.3d 156, 169 (citing 18 U.S.C. §§ 1591(a)(2), 1595(a)). Plaintiffs superficially allege a financial benefit by claiming in ¶206 of the FAC that "DEFENDANT GOLDEN receives a financial benefit from DEFENDANT BJORKMAN's downline of Recruited Agents." But this is conclusory, lacks facts and is pure speculation. Plaintiffs have not provided any specifics. *Possible alleged future* benefits (of unknown amount) are not tangible, actual, or concrete enough to meet the requirements of the statute; it's pure speculation.

The question under Rule 12(b)(6) boils down to whether Plaintiffs' FAC sets forth sufficient facts – as opposed to vague and mere conclusory statements – to satisfy the pleading elements necessary to state a cause of action under 18 U.S.C. 1591.

This motion assumes the facts in the FAC are true. But Plaintiffs must allege plausible fact, not just allege conclusions. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its fact.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION

5

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* It is respectfully submitted the FAC does not meet *Twombly* and *Iqbal's* baseline standards of specifics.

The TVPA states that a "commercial sex act" is "any sex act, on account of which anything of value is given or received by any person." 18 U.S.C. §1591(e)(3) (emphasis added). To establish something of "value," the TVPA defines "commercial" to include "enticement of victims by means of fraudulent promises of career advancement, for the purposes of engaging them in consensual or . . . non-consensual sexual activity." *Geiss*, 383 F. Supp. 3d at 168.

Plaintiffs attempt to hold Defendant Golden liable by alleging – without any facts to back it up – that Defendant Bjorkman engaged in a sex act with drugs supplied by Defendant Golden. (*See* FAC, page 46, line 20 – page 47, line 20.). No facts are provided to back this up; it's pure speculation. Though it alleges numerous conclusions, the FAC is actually light on facts as to Counts 2 and 3.

### 5. **PLAINTIFFS CANNOT AVAIL THEMSELVES OF THE 2023 AMENDMENTS**

On January 5, 2023, the Abolish Trafficking Reauthorization Act of 2022 ("ATRA") was signed, amending the TVPRA's civil remedy provision, §1595, to make the "attempt" to benefit from human trafficking applicable. Section 1595(a) of Title 18, USC is amended by inserted "or attempts or conspires to benefit," after "who knowingly benefits."

The First Amended Complaint concerns conduct that pre-dates the 2023 Amendment. Plaintiff have not alleged the 2023 Amendment applies to their claims, which it does not apply retroactively. *See Ratha v. Phatthana Seafood Co., Ltd.* (March 2, 2023) 2023 WL 2762044, holding that the 2023 Amendment should not be applied retroactively. Inasmuch as the amendment affects substantive legal rights, it is a denial due process to apply it retroactively.

The legal issues here are similar as those in *Ratha* even though in *Ratha* the issue of retroactivity arose after trial under Rule 60(b)(6)'s "extraordinary circumstances." That *Ratha* concerned a Rule 60 motion does not change the fact that the amendment is substantive in nature and cannot be applied retroactively for this reason.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION

6

In *Landgraf v. USI Film Products*, 511 U.S. 244, 1994), the Supreme Court explained that "[s]ince the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent." *Id.* at 270. To overcome this presumption against retroactivity, a "court must ask whether the new provision attaches new legal consequences to events completed before its enactment," thereby suggesting "clear congressional intent authorizing retroactivity." *Id.* at 269-70, 272.

In terms of precedent, the Ninth Circuit in *Ditullio v. Boehm,* 662 F.3d 1091, 1099-1102 (9th Cir. 2011) held that the 2003 TVPA amendment was substantive, attached new legal burdens and therefore not retroactive. On its face, the 2023 Amendment attaches new legal consequences (substantive right versus procedural ones) by inserting "or attempts or conspires to benefit," after "who knowingly benefits."

It is respectfully submitted that denying retroactivity is the better rule in light of the due process and fairness concerns that underpin the retroactivity analysis in *Landgraf* at 266: "The Due Process Clause also protects the interests in fair notice and repose that may be compromised by retroactive legislation; a justification sufficient to validate a statute's prospective application under the Clause "may not suffice" to warrant its retroactive application.") (citing *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 17 (1976).

6. **DISMISSAL OF THE FEDERAL CLAIMS REQUIRES THE COURT TO DISMISS THE REMAINING STATE CLAIMS DUE TO LACK OF SUBJECT MATTER JURISDICTION**

As shown, above, there are no facts to support a federal violation of the TVPA by Mr. Golden. Dismissal of the TVPA claims eliminates the only basis for federal subject matter jurisdiction. Thus, Plaintiffs' remaining pendent state law claims against Mr. Golden (Counts 5, 6, and 8) should likewise be dismissed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION

## 7. PLAINTIFFS' STATE LAW CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS

Plaintiffs' claims for civil battery (Count 5), intentional infliction of emotional distress (Count 6), negligence (Count 9), and Loss of Consortium (Count 11) all fail as a matter of law because they are time-barred and violate the applicable statutes of limitations under *Calif. Code of Civil Procedure*, §335.1.

## 8. CONCLUSION

For all of these reasons, Defendant Golden respectfully requests the court grant the motion without leave to amend.

Dated: July 11, 2023

_____
Peter K. Levine, Esq.
Attorney for Defendant Golden

d1993-golden\motion\motion to dismiss\final\2023 july 11\final 101.docx