UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br>    Plaintiffs,<br><br>v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVIS S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br>    Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>Hon. Andre Birotte, Jr.<br><br>**JOINT DEPOSITION PROTOCOL** |

143002827.1 1

JOINT REMOTE DEPOSITION PROTOCOL

The parties agree as follows:

This Order, including any related addendums, shall govern the depositions of generic fact/party witnesses in the above entitled action.

I. **General Provisions**

    A. **Scheduling**

        1. All counsel hereinafter agrees to meet and confer and block out potential dates for depositions to occur in the subsequent two (2) months.

        2. Absent extraordinary circumstances, counsel for the noticing party should consult in advance with counsel for the deponent in an effort to schedule depositions at mutually convenient times and locations before a deposition notice is served. Upon a request from the noticing party, Deponent's counsel will respond within seven (7) business days unless otherwise agreed by the Parties as to the availability of the Deponent and their counsel as to the requested date. All other counsel shall respond within three (3) business days after the Deponent's counsel responds with availability. If a party's counsel is unavailable and so states within the requisite time frame, they are immediately required to proffer their first three (3) available alternative dates.

        3. Counsel for the Deponent and noticing counsel shall confer on the three (3) alternative dates within 24 hours. Notice shall be provided to all counsel of the "proposed" dates. All counsel should provide their availability within the following three (3) business days until a mutually acceptable date is selected.

        4. After service of the deposition notice, any written objections to the notice shall be served no later than fourteen (14) days after the notice is served.

        5. The noticing party shall ensure the court reporting agency provides a call-in number, videoconference meeting information, or any other information necessary to attend a deposition remotely.

    B. **Location for Depositions**

        1. If the Parties Notice or Cross-Notice a deposition in-person, the deposition will be taken at a location within the district where the witness resides or works, unless otherwise agreed upon for the convenience of the deponent and counsel.

    C. **Attendance**

        1. Unless otherwise ordered under Federal Rule of Civil Procedure 26(c) and subject to the terms of the Protective Order, only the following individuals may attend depositions: counsel of record

or attorneys and employees of their firms; attorneys specifically engaged by a Party for purposes of the deposition; Parties or in-house attorneys of a Party; court reporters; videographers; the deponent; and counsel for the deponent. An expert or non-testifying consultant for a Party may attend if the Party employing that expert or non-testifying consultant provides: (a) advance notice of their attendance, and (b) confirmation that the expert or consultant has signed attestations confirming adherence to the Protective Order. Any Party that objects to the attendance of such expert or consultant may seek relief from the Court in advance of the deposition. Under no circumstances shall a person attend any part of an in-person deposition, or by any remote means such as telephone, internet link-up, videoconference, or any other kind of remote-access communication, without being identified on the record. Absent agreement, upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in this paragraph. While the deponent is being examined about any document designated confidential or the confidential information contained therein, persons to whom disclosure is not authorized under the Protective Order shall be excluded from the deposition.

2. Whether a deposition is conducted remotely or in-person, Plaintiffs and Defendants shall exchange the number of expected attendees with each other no fewer than two (2) business days prior to the deposition, whenever feasible. Nothing in this section shall prevent a Party or counsel hosting an in-person deposition from requiring, for security purposes, the names of all attendees appearing at the deposition. If requested, this information must be provided at least two (2) business days in advance of the deposition.

II. **Conduct of Depositions**

  A. **Examination**

1. Each side should ordinarily designate one attorney to conduct the principal examination and cross-examination of the deponent. Where cross-noticed, examination by other attorneys should be limited to matters not previously covered. Counsel should meet and confer regarding the expected time for each deposition in advance so examinations by multiple attorneys do not exceed the allotted time. Counsel should cooperate in the allocation of time to ensure efficiency for witnesses, and to comply with the time limits agreed to by the Parties or set by the Court.

2. The questioning of deponents, including the parties and/or their current or former employees, shall proceed as follows: (1) examination by the noticing party; (2) non-duplicative examination by counsel for the other parties in this matter; (3) any examination by counsel for the witness; and (4) any reexamination by the counsel listed above.

    3.    All Parties shall adhere to the Protective Order and shall take steps to ensure deponents adhere to the Protective Order.  Nothing in this Order modifies the terms of the Protective Order.

    4.    Absent agreement of the Parties or a Court order allowing additional time pursuant to Rule 30(d)(1) the length of the depositions shall not exceed seven (7) hours.

    5.    If a deposition of a 30(b)(6) and individual witness is consolidated and/or is cross-noticed the Parties shall meet and confer to discuss whether additional time is necessary beyond the presumptive 7-hour limit, subject to the restrictions on unduly duplicative or cumulative questions.

**B.**     **Objections and Directions Not to Answer**

    1.    Counsel shall comply with the Federal Rules of Civil Procedure and the local rules of the U.S. District Court for the Central District of California when asserting objections or instructing a witness not to answer.  Any objection by a Plaintiff shall be deemed to have been made on behalf of all other Plaintiffs.  All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

**C.**     **Remote Depositions**

    1.    The Parties may elect to take depositions remotely and notice such depositions accordingly, unless a party cross-notices the deposition to take place in person or the party defending the deposition elects to proceed in person. In the event a deposition is noticed, cross-noticed or the party defending the deposition elects to proceed in person, the party electing the in person deposition shall make arrangements for the in person deposition including a physical location for the deposition to take place and remote access.

    2.    All remote depositions shall take place via Zoom and/or other mutually agreeable videoconferencing platforms, which shall be provided by the court reporting agency with the following precautionary measures:

    a)    The Zoom or other agreed upon videoconferencing platform shall require a password for entry.  The password shall be disseminated by the court reporting agency to all registered participants no later than 12 hours prior to the commencement of the deposition.

**D.**     **Exhibits**

    1.    The witness and defending attorney will receive exhibits in real time, as would be the case in a standard, in-person deposition. To ensure that the witness has hard copies of the exhibits during the deposition, the noticing party may have a representative present at the deponent's location to present hard copies of the exhibits if the deponent's counsel also is present, or the noticing party shall send hard copies of the exhibits in a sealed package to the deponent and the deponent's counsel at least

24 hours prior to the start of the deposition.  The deponent will be instructed to break the seal on the package on the record during the deposition.  This applies to any questioning attorneys who intend to use their own exhibits.

      2.      The questioning attorney must either share the exhibits they are using in real time via the remote deposition platform or through the use of the court reporter's platform during the deposition. In the unlikely event a document not previously sent to a deponent or deponent counsel is needed in a remote situation by a questioning attorney, objections to the use of the document shall be so stated on the record, but the questioning attorney shall not be prevented from showing the witness said exhibit and asking questions related to the same.

      3.      During the deposition, the videoconferencing platform must allow counsel to display and annotate exhibits for the witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness, to the extent reasonably practicable.

      4.      Whenever a document that was produced in Native format is used as an exhibit during a deposition, the Party marking the document as an exhibit must identify the Bates number for the document and the confidentiality designation, if any.  When a Party uses a document that was produced in Native format as an exhibit during a deposition, that Party represents that the document is an accurate, unaltered, and complete version of the original Native format as produced or provided by the producing party.

      **E.**      **Video Depositions**

By so indicating in its notice of a deposition, a Party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Federal Rule of Civil Procedure 30(b)(3) subject to the rules below.  These rules apply for remote and in-person depositions.

      1.      All video depositions will be stenographically recorded by a court reporter.

      2.      The operator(s) of the video recording equipment shall be subject to the provisions of Federal Rule of Civil Procedure 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

      3.      Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without being identified.

      4.      The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections

are made and examination resumes, at which exhibits are identified, and at which an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record."

5.  To the extent practicable, the deposition will be videotaped against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view shall be nonobtrusive to the deponent, and will be changed only as necessary to record accurately the natural body movements of the deponent. All Parties may inspect the image to be recorded, including the framing of the witness as it will appear on camera. Exhibits or demonstrative aids used in the examination may be video recorded by separate video recording equipment at the expense of the Party wishing to do so. Any demonstrative aids used in the examination will be marked as exhibits for future determination by the Court as to whether inclusion on screen is appropriate. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6.  The video operator(s) shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

7.  No attorney or Party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with whomever noticed the deposition.

8.  No one shall use any form of recording device to record the deposition during the course of a deposition other than the designated videographer or court reporter. This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs. Any person who violates this provision shall be immediately identified and reported to the Court for the possible imposition of sanctions. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

9.  A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Federal Rules of Civil Procedure 30(e) and 30(f).

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze, Esq.
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694

Brooke F. Cohen, Esq.
Andrea S. Hirsch, Esq.
COHEN HIRSCH LP
5256 Peachtree Road, Suite 195 E
Atlanta, GA 30341

*Attorneys for Plaintiffs*

By:     /s/ William Pallares
William Pallares, Esq.
Kyle R. Maland, Esq.
LEWIS BRISBOIS BISGAARD AND SMITH LLP
550 West C Street Suite 1700
San Diego, CA 92101

*Attorneys for Defendants eXp World Holdings, Inc, eXp Realty, LLC and Glenn Sanford*

By:  /s/George Morris
George Morris, Esq.
PHILLIPS SPALLAS & ANGSTADT
560 Mission Street, Suite 1010
San Francisco, CA 94105

*Attorneys for Defendant Brent Gove*

By:     /s/ Peter Levine
Peter Levine, Esq.
PETER K. LEVINE, APLC
5455 Wilshire Blvd., Suite 1250
Los Angeles, CA 90036

///
///
///

By: ___/s/ David Poull___
David Poull, Esq.
CANNON & NELMS, P.C.
160 South Old Springs Road, Suite 200
Anaheim, CA 92808
*Attorneys for Defendant David Golden*

By: ___/s/Richard Schonfeld___
Richard A. Schonfeld, Esq.
CHESNOFF AND SCHONFELD
520 South 4th Street
Las Vegas, NV 89101

*Attorney for Defendant Michael Bjorkman*

SO ORDERED:

July 30, 2024

ALICIA G. ROSENBERG
United States Magistrate Judge

143002827.1

8

JOINT REMOTE DEPOSITION PROTOCOL