WILLIAM E. PALLARES, SB# 187740
　E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
　E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants EXP REALTY, LLC, EXP WORLD HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>　　　　Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**SECOND JOINT STIPULATION TO MODIFY THE SCHEDULING ORDER**<br><br>Trial Date:　　　April 25, 2025 |

# STIPULATION TO MODIFY THE SCHEDULING ORDER

Counsel for defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (collectively "eXp Defendants"), defendant Michael L. Bjorkman ("Defendant Bjorkman"), defendant David S. Golden ("Defendant Golden"), defendant Brent Gove ("Defendant Gove"), and plaintiffs Fabiola Acevedo, Tami Sims, Christiana Lundy, and Jane Doe 3 (together "the Plaintiffs") (collectively the "Parties") hereby submit the following stipulation to Modify the Court's Scheduling Order (See Dkt. No. 171):

## 1. SUMMARY OF MOTION PRACTICE, PROCEDURE AND DISCOVERY

### A. Defendants' Motions To Dismiss And Hearings

WHEREAS, on April 13, 2023 the eXp Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint ("eXp Motion") (ECF No. 41);

WHEREAS, on May 26, 2023 Defendant Gove filed his Motion to Dismiss ("Gove Motion") (ECF No. 63);

WHEREAS, on June 27, 2023, Defendant Bjorkman filed his Motion to Dismiss ("Bjorkman Motion") (ECF No. 77);

WHEREAS, on January 29, 2024, the court issued its Order Denying in part and Granting in Part Defendants' motions to dismiss (ECF No. 163);

WHEREAS, on February 28, 2024, Plaintiffs filed their Second Amended Complaint (ECF No. 165);

WHEREAS, on March 4, 2024, the Magistrate entered the parties' Stipulated Protective Order to facilitate discovery (ECF No. 167);

WHEREAS, on March 4, 2024, the parties filed their Joint Stipulation to Modify the Scheduling order (ECF No. 168);

WHEREAS, on March 7, 2024, the entered its Modified Scheduling Order (ECF No. 171);

///

1  WHEREAS, in March 13, 2024, Defendants Bjorkman, Golden and Gove filed their answers to Plaintiffs' Second Amended Complaint (ECF Nos. 173, 174 & 175);

4  WHEREAS, on March 22, 2024, Defendant eXp filed its answer to Plaintiffs' Second Amended Complaint (ECF No. 181);

**B.     Summary Of The Parties Discovery To Date**

WHEREAS, on December 29, 2023, the parties exchanged their Initial Disclosures;

WHEREAS, Plaintiffs have identified approximately seventy (70) witnesses;

WHEREAS, the parties have exchanged their respective Rule 34 Requests;

WHEREAS, the parties have responded to the respective Rule 34 Requests;

WHEREAS, while the parties have exchange documents, they continue to meet and confer regarding an ESI Protocol regarding the exchange of electronically stored information;

WHEREAS, on July 29, 2024, the parties filed their Joint Stipulation for a Deposition Protocol (ECF No. 191);

WHEREAS, on July 30, 2024, the Magistrate entered into an order the Joint Stipulation for a Deposition Protocol (ECF No. 192);

WHEREAS, on August 22, 2024, the eXp Defendants produced for deposition their designee for Plaintiffs' Rule 30b6 Deposition Notice as to the category identified as corporate structure;

WHEREAS, on August 27, 2024, the eXp Defendants produced for deposition their designee for Plaintiffs Rule 30b6 Deposition Notice as to the category identified as complaint handling;

WHEREAS, Defendant Golden has Noticed the Deposition of a third-party witness, Brady Nelson, for October 14, 2024, which was to take place in Florida;

WHEREAS, Plaintiffs and the eXp Defendants noticed the deposition of Defendant Golden for October 15, 2024;

1  WHEREAS, Defendant Golden's counsel has declined to produce Defendant Golden on October 15, 2024 or any other date, pending the finalization of the ESI Protocol and the production of electronically stored information which is currently subject to a discovery dispute;

5  WHEREAS, due to Hurricane Milton, the deposition of Brady Nelson was continued to a later date for November;

7  WHEREAS, Plaintiffs and the eXp Defendants have Noticed the Deposition of third party witness Fee Gentry for October 18, 2024;

9  WHEREAS, the eXp Defendants noticed the depositions of third party witnesses Seth and Noelle Nielsen for October 24 & 25, 2024, respectively;

11  WHEREAS, the eXp Defendants have requested Plaintiffs' availability for depositions for the week of November 11, 2024;

13  WHEREAS, the eXp Defendants have requested Plaintiffs' availability for psychiatric evaluations to occur after Plaintiffs' depositions;

15  WHEREAS, all counsel continue to meet and confer on scheduling the deposition of Plaintiffs;

17  WHEREAS, Plaintiffs have noticed the deposition of Defendant Gove for November 6, 2024;

19  WHEREAS, the eXp Defendants have agreed to produce Defendant Glenn Sanford for his deposition on November 8, 2024;

21  WHEREAS, Plaintiffs' counsel has agreed to make Plaintiffs available for the week of November 11, 2024 for their depositions;

23  WHEREAS, counsel for Defendant David Golden is set for trial beginning on November 13, 2024, and counsel for Defendant Michael Bjorkman is not available on November 11, 2024, ruling out depositions of Plaintiffs for the week of November 11, 2024;

27  / / /

28  / / /

WHEREAS, due to a conflict, Seth and Noelle Nielsen's depositions have been continued from October 24 & 25, 2024, and rescheduled for November 20 & 21, 2024 respectively;

WHEREAS, the parties recently finalized their ESI Protocol to facilitate the exchange of electronically stored information;

WHEREAS, both the eXp Defendants and Plaintiffs have yet to complete the production of electronically stored information;

WHEREAS, the parties still need to meet and confer regarding the scheduling of Plaintiffs' depositions and then their respective psychiatric evaluations;

WHEREAS, Plaintiffs desire to additional depositions of the eXp Defendants employees;

WHEREAS, the eXp Defendants will be noticing additional third party witness depositions;

WHEREAS, the parties have met and conferred regarding the feasibility to complete all necessary discovery prior to the fact discovery deadline of December 6, 2024;

WHEREAS, the parties have agreed to continue the scheduling dates for sixty (60) days to allow additional time to complete discovery.

**2.  GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER**

A district court has the inherent power to modify deadlines on its docket. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power is "incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; see *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). This discretion is in keeping with the district courts' mandate to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1

/ / /

SECOND STIPULATION TO MODIFY THE SCHEDULING ORDER

1     A court exercises significant discretion when modifying a scheduling order. See *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). Modifying a scheduling order requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry "primarily considers the diligence of the party seeking the amendment." *Branch Banking and Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). A party demonstrates good cause by showing that, even with the exercise of due diligence, they were unable to meet the timetable set forth in the order. See *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

    In this instance, there are multiple parties who have been working to exchange information. Further, the parties have met and conferred on several issues regarding a Deposition Protocol and the production of third-party documents. Notwithstanding, the parties recently finalized the ESI protocol to facilitate the exchange of electronically stored information. Despite these challenges, the parties have conducted two depositions of the eXp Defendants' 30b6 designees and are working to schedule additional depositions to complete by the end of the year. Further, the parties continue to meet and confer regarding the scheduling of Plaintiffs' depositions, their psychiatric evaluations, third-party depositions and the depositions of other defendants. However, the parties recognize that the necessary depositions in this matter will not be completed before the current fact discovery deadline of December 6, 2024.

    Accordingly, the parties proposed the following modification to the Scheduling Order extending dates by sixty (60) days:

| Trial and Final Pretrial Conference Dates | Court Ordered Dates | Proposed New Dates |
|---|---|---|
| Trial | April 21, 2025 | June 20, 2025 |

| Final Pretrial Conference | April 4, 2025 | June 3, 2025 |
| --- | --- | --- |
| Last Day to Amend Pleadings and add parties | May 17, 2024 | NA |
| Non-Expert Discovery Cut-Off | December 6, 2024 | February 5, 2025 |
| Expert Disclosures (Initial) | December 6, 2024 | February 5, 2025 |
| Expert Disclosures (Rebuttal) | December 20, 2024 | February 18, 2025 |
| Expert Discovery Cut-Off | January 10, 2025 | March 11, 2025 |
| Last Day to Hear Motions (Friday) Rule 56 | January 10, 2025 | March 11, 2025 |
| Deadline to Complete Settlement Conference | January 24, 2025 | March 25, 2025 |
| Trial Filing (First Round) | March 14, 2025 | May 13, 2025 |
| Trial Filing (Second round) | March 21, 2025 | May 20, 2025 |

IT IS SO STIPULATED:

Respectfully submitted,

DATED: October 16, 2024    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants EXP REALTY, LLC, EXP WORLD HOLDINGS, INC. and GLENN SANFORD



| | | |
|---|---|---|
| 1 | DATED: October 16, 2024 | CHESNOFF & SCHONFELD |

By:     /s/ Richard A. Schonfeld
RICHARD A. SCHONFELD
Attorneys for Defendant MICHAEL L. BJORKMAN

DATED: October 16 2024        PETER K. LEVINE, APLC

By:     /s/ Peter K. Levine
PETER K. LEVINE
Attorneys for Defendants DAVID S. GOLDEN

DATED: October 16, 2024        PHILLIPS SPALLAS & ANGSTADT LLP

By:     /s/ George Morris
GEORGE MORRIS
Attorneys for Defendant BRENT GOVE

DATED: October 16, 2024        LENZE LAWYERS, PLC

By:     /s/ Jennifer A. Lenze
JENNIFER A. LENZE
Attorneys for Plaintiffs FABIOLA ACEVEDO, TAMI SIMS, CHRISTIANA LUNDY, JANE DOE 3 and JOHN DOE 1

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2024, I electronically filed the foregoing SECOND STIPULATION TO MODIFY THE SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system.

/s/ William E. Pallares