WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
  E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants
EXP REALTY, LLC, EXP WORLD
HOLDINGS, INC. and GLENN SANFORD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, <br><br>      Plaintiff, <br><br>      vs. <br><br> EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; and DOES 1-100,, <br><br>      Defendants. | Case No. 2:23-CV-01304-AB-AGR <br><br> **NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION; AND DECLARATION OF WILLIAM E. PALLARES IN SUPPORT THEREOF** <br><br> Trial Date:      June 20. 2025 |

Case No. 2:23-CV-01304

MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN SANFORD'S PHONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**PLEASE TAKE NOTICE** that on December 3, 2024 at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Alicia G Rosenberg, Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 550, 5th Floor, Defendants eXp Realty, LLC, Glenn Sanford and eXp World Holdings, Inc. (collectively "eXp") will and hereby do move the Court for an order to preclude production of the cell phone of Defendant Glenn Sanford for forensic imaging. eXp moves for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure on the grounds that a forensic imaging of Defendant Sanford's cell phone to facilitate a search for documents invades Mr. Sanford's privacy and, thus, is disproportionate to the needs of the cases.

Specifically, eXp seeks an order as to the following: (1) that the disclosure or discovery not be had; or (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery. Fed. Rules Civ. Proc., Rule 26(c)(1) & (3). In this instance, Plaintiffs seek communications between Mr. Sanford and various individuals, including their text messages. Defendant Sanford has searched his text messages and produced documents. Notwithstanding, Plaintiffs seek to have eXp's ESI vendor take a forensic image of Defendant Sanford's cell phone to apply a search methodology and inventory the information stored on his cell phone. Mr. Sanford's cell phone, however, does not contain substantive non-duplicative information. In other words, Mr. Sanford's primary platforms for communication are Workplace chat and emails. Thus, the intrusive nature of taking a forensic image of Defendant Sanford's cellphone outweighs any potential benefit. Defendant Sanford has already complied with the discovery requests and produced responsive documents. Notwithstanding, Plaintiffs insist that Mr. Sanford turn his cell phone over to eXp's ESI vendor to be imaged and then searched. This is highly intrusive and invades Mr. Sanford's right to privacy.

1    This motion is made following the conference of counsel pursuant to L.R. 7-3

2 which took place on Tuesday, November 8, 2024. The parties were unable to resolve

3 their dispute over taking a forensic image of Defendant Sanford's cell phone. This

4 motion is based on this Notice of Motion, the Memorandum of Points and

5 Authorities, the Declaration of William E. Pallares and the Declaration of Glenn

6 Sanford, all of the pleadings, files, and records in this proceeding, all other matters

7 of which this Court may take judicial notice, and any argument or evidence that may

8 be presented to or considered by the Court prior to the hearing.

9                                            Respectfully submitted,

10 DATED:  November 12, 2024            LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12                              By:    */s/ William E. Pallares*

13                                     WILLIAM E. PALLARES
                                       Attorneys for Defendants
14                                     EXP REALTY, LLC, EXP WORLD
                                       HOLDINGS, INC. and GLENN
15                                     SANFORD

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

**Page**

1.  INTRODUCTION ................................................................................................. 1

2.  PROCEDURAL SUMMARY ............................................................................. 1

    A.  eXp's Background ..................................................................................... 1

    B.  Case At Issue ............................................................................................ 1

    C.  Discovery At Issue .................................................................................... 2

    D.  Defendant Sanford's Primary Platforms For Communication
        Related To eXp Are Workplace Chats And Emails .............................. 4

    E.  Defendant Sanford's Cell Phone Contains Personal And Private
        Information ................................................................................................ 5

    F.  Defendant Sanford Has Produced Hard Copies of Text Messages
        Responsive To Plaintiffs' Requests ........................................................ 5

3.  THIS COURT HAS AUTHORITY TO ISSUE A PROTECTIVE
    ORDER TO PRECLUDE THE FORENSIC IMAGING OF
    DEFENDANT GLENN SANFORD'S CELL PHONE ...................................... 6

    A.  Plaintiffs' Request For Information Stored On Defendant
        Sanford's Cell Phone Is Disproportionate To The Needs Of This
        Case. ........................................................................................................... 7

    B.  Defendant Sanford Has A Right To Privacy When It Comes To
        His Private And Personal Information. ................................................... 8

    C.  Defendant Sanford's Right To Privacy Outweighs Any Potential
        Benefit From An Intrusive Forensic Imaging Of His Cell Phone ......... 8

    D.  Skepticism About An Opposing Party's Production Does Not
        Warrant An Invasion Of Privacy. ......................................................... 11

    E.  Should The Court Require A Forensic Imaging Of Defendant
        Sanford's Cell Phone, eXp's ESI Vendor Perform The Imaging ......... 12

4.  CONCLUSION ................................................................................................. 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148682206.1                                i                    Case No. 2:23-CV-01304

MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN SANFORD'S PHONE

1

## __TABLE OF AUTHORITIES__

2

__Page__

3

**Federal Cases**

4

5    *Areizaga v. ADW Corp.*,
        No. 3:14-cv-2899-B, 2016 U.S. Dist. LEXIS 195235, 2016 WL
6        9526396 (N.D. Tex. Aug. 1, 2016)................................................................ 10, 11

7    *Blankenship v. Hearst Corp.*,
8        519 F.2d 418 (9th Cir.1975) ........................................................................ 6

9    *Bryant v. Ochoa*,
        2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794 (S.D. Cal. May
10       14, 2009) ......................................................................................................... 6

11
     *Crabtree v. Angie's List, Inc.*,
12       No. 1:16-cv-00877-SEB-MJD, 2017 U.S. Dist. LEXIS 12927, 2017
13       WL 413242 (S.D. Ind. Jan. 31, 2017) ........................................................ 9

14   *DIRECTV, Inc. v. Trone*,
15       209 F.R.D. 455 (C.D.Cal.2002)..................................................................... 6

16   *Henson v. Turn, Inc.*,
17       2018 U.S. Dist. LEXIS 181037, 2018 WL 5281629...................................7

18   *Hespe v. City of Chicago*,
        No. 13 C 7998, 2016 U.S. Dist. LEXIS 173357 (N.D. Ill. Dec. 15,
19       2016) .............................................................................................................. 10

20   *John B. v. Goetz*,
21       531 F.3d 448 (6th Cir. 2008) ................................................................. 10, 11

22   *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*,
23       No. 6:14-CV-178, 2015 U.S. Dist. LEXIS 179463, 2015 WL
         11112540 (E.D. Tex. Oct. 30, 2015) .......................................................... 9
24

25   *Johnson v. Nyack Hosp.*,
         169 F.R.D. 550 (S.D.N.Y. 1996)................................................................. 10
26

27   *Laub v. Horbaczewski*,
         331 F.R.D. 516 (C.D. Cal. 2019)................................................................. 8

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Memry Corp. v. Kentucky Oil Tech., N.V.*,
    2007 U.S. Dist. LEXIS 104031, 2007 WL 832937 (N.D. Cal. 2007) .............. 11

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*,
    314 F. Supp. 3d 931 (N.D. Ill. 2018).................................................................. 11

*Nakagawa v. Regents of University of California*,
    2008 U.S. Dist. LEXIS 111332, 2008 WL 1808902 (N.D.Cal. Apr.
    22, 2008) ............................................................................................................ 8

*Riley v. California*,
    573 U.S. 373, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014) ................................ 9

*Stallworth v. Brollini*,
    288 F.R.D. 439 (N.D. Cal. Dec. 21, 2012)......................................................... 8

*Tingle v. Hebert*,
    No. 15-626-JWD-EWD, 2018 U.S. Dist. LEXIS 60301, 2018 WL
    1726667 (M.D. La. Apr. 10, 2018) .................................................................... 9

*Whalen v. Roe*,
    429 U.S. 589, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977) ........................................ 8

**State Cases**

*In re Anthem, Inc. Data Breach Litig.*,
    No. 15-md-02617 LHK (NC), 2016 WL 11505231 (N.D. Cal. Apr.
    8, 2016) ............................................................................................................ 10

**Statutes**

Trafficking Victims Protection Reauthorization Act ................................................ 2

**Court Rules**

Fed. R. Civ. P. 26(b)(1) ..................................................................................... 6, 10

Fed. R. Civ. P. 26(c)(1).......................................................................................... 7

**Other Authorities**

*Agnieszka A. McPeak, Social Media, Smartphones, and Proportional
    Privacy in Civil Discovery*, 64 U. Kan. L. Rev. 235, 288— 91
    (2015)............................................................................................................... 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

Defendant Sanford brings this motion for a protective order to preclude the imaging of his personal cell phone.  This is an unnecessary form of discovery in light of the fact that Defendant Sanford has produced text messages from his cell phone in response to Plaintiffs' discovery requests and weighed against Defendant Sanford's right to privacy.  Defendant Sanford's cell phone contains personal and private information that is wholly unrelated to this litigation.  Accordingly, taking a forensic image of Defendant Sanford's cell phone is disproportionate to the needs of this case, which centers on allegations of sexual assault by defendants Bjorkman and Golden.  The only operative allegations against Defendant Sanford are based on information and belief that he and eXp knew or should have known of Bjorkman's and Golden's conduct.  While this arguably is sufficient for the discovery of text messages, it is wholly insufficient to extend discovery to intrusive measures such as imaging personal cell phone.  Defendant Sanford's right to privacy outweighs any benefit to such discovery.

Accordingly, Defendant Sanford and eXp respectfully request that this Court preclude the forensic imaging of Defendant Sanford's cell phone in the form of a protective order.

### 2.   PROCEDURAL SUMMARY

#### A.   eXp's Background

eXp is a global real estate brokerage that contracts with real estate agents worldwide.  *See* Dkt. No. 165 at ¶¶ 18-21.  Defendant Glenn Sanford founded eXp Realty around 2009 as an online brokerage.  *See* Declaration of Glenn Sanford ("Sanford Decl.") at ¶2.  Since its inception, eXp Realty has grown to include over 89,000 agents.  *Id.*

#### B.   Case At Issue

Plaintiffs Second Amended Complaint centers on allegations that Defendants

1   Michael Bjorkman  ("Bjorkman") and David Golden ("Golden") violated the

2   Trafficking Victims Protection Reauthorization Act ("TVPRA") by engaging in a

3   scheme to lure Plaintiffs to various real estate networking events in order to drug

4   and sexually assault the female Plaintiffs.  *See* Dkt. 165 at ¶ 2 . Plaintiffs contend

5   that these assaults were part of Bjorkman and Golden's recruitment practices that

6   were designed to lure new and existing agents into working for them at eXp.  *See*

7   Dkt. 165 at ¶¶ 101, 196.  Plaintiffs additionally allege that eXp financially benefitted

8   from these sexual assaults.  Dkt. at ¶102.

9        Plaintiffs further allege that eXp and Sanford, based on information and

10  belief, knew of both Bjorkman's and Golden's misconduct.  Dkt. 165 at ¶ 196.  In

11  fact, Plaintiffs whole case against eXp and Sanford centers on the premise that they

12  "knew or should have known" that both Golden and Bjorkman "use[d] drugs to

13  sexually assault" real estate agents at recruitment events.  Dkt. 165 at ¶ 240.

14       **C.    <u>Discovery At Issue</u>**

15       On February 28, 2024 Plaintiffs filed their Second Amended Complaint

16  against defendants.  *See* Dkt. 165.  On March 27, 2024, Plaintiffs propounded their

17  First Set of Requests For Production to Glenn Sanford.  *See* Exhibit 1 to the

18  Declaration of William E. Pallares ("Pallares Decl.") at ¶ 2.

19       Plaintiffs primarily sought communications between Mr. Sanford and the

20  following individuals:  David Golden; Michael Bjorkman; Brem Gove; Gene

21  Frederick; Jason Gesing; David Conord; Kevin Cottrell; Rick Geha Rob Flick; Cory

22  Haggard and Fee Gentry.  *Id.*  Plaintiffs' requests were as follows:

23           All communications between You and . . . [individual]
             related to allegations or any defenses thereto that form the
24           basis for the Second Amended Complaint for Damages,
             including but not limited to, discussions regarding Michael
25           Bjorkman's and/or David Golden's ability to participate in
             eXp's Revenue Share Program after September 18, 2020,
26           payments made to Michael Bjorkman and/or David
             Golden after September 18, 2020, the termination of
27           Michael Bjorkman's and/or David Golden's Independent
             Contractor Agreement, and any Releases entered into
28           between eXp Realty and Michael Bjorkman and/or David



MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN  SANFORD'S PHONE

1    Golden.

2    *Id.*

3    On or around May 28, 2024, Sanford provided responses to Plaintiffs'

4    requests, which included the following objections:

> The request imposes a disproportionate burden on
> Defendant when weighing the value of the information
> sought against that burden . . . Defendant further objects to
> this demand on the ground that the Requests may seek
> Electronically Stored Information ("ESI") without
> attempting to meet their burden to explain the ways in
> which the ESI they demand "bears on the issues as
> [Plaintiffs] understand them." Nor have Plaintiffs
> identified any specific ESI that is relevant to any of their
> claims and proportional to the needs of the case, . . . In
> addition, Defendant objects to the extent that the burden or
> expense of the producing the demanded documents
> outweighs the likely benefit of those documents to
> Plaintiffs. . . . In addition, Defendant objects to the
> Request on the ground that its eeks production of
> documents containing financial and commercially
> sensitive information in violation of the right of privacy of
> Defendants and other third parties . . .

See Exhibit 2 to the Pallares Decl. at ¶ 3. On June 13, 2024, counsel for Sanford

and eXp produced twenty-six (26) pages of text messages between Sanford and

David Conord, Michael Bjorkman, and David Golden. Pallares Decl. at ¶ 4.

Defendants also produced eight (8) pages of screen shots of Workplace chats

between Sanford, on the one hand, and Defendant Golden and Defendant Brent

Gove, on the other hand. Pallares Decl. at ¶ 5. Defendant Sanford produced a total

of thirty-two (32) pages. Pallares Decl. at ¶ 6.

At or around August 23, 2024, Plaintiffs corresponded to meet and confer

regarding Defendant Sanford's responses. Pallares Decl. at ¶ 7. Concurrently, the

parties were meeting and conferring regarding an ESI protocol. *Id.* at ¶ 8. On

September 19, 2024, the parties met and conferred on the ESI protocol wherein

Plaintiffs raised the issue of Defendant Sanford's production and queried on whether

Defendant Sanford's cell phone would be subject to the ESI protocol. *Id.* at ¶ 9.

Counsel for Defendant Sanford advised that the cell phone would not be part of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148682206.1                                    3                        Case No. 2:23-CV-01304
MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN SANFORD'S PHONE

1  ESI protocol.  *Id.* at ¶ 10.

2         On October 8, 2024, the parties appeared before the Honorable Alicia G.

3  Rosenberg, United State Magistrate Judge.  Dkt. 196.  At this hearing, Defendant

4  Sanford agreed to produce custodial emails by October 25, 2024 and provide

5  supplemental responses on November 1, 2024.  Pallares Decl. at ¶ 11.  While

6  Defendant Sanford has produced custodial emails, counsel continue to review

7  potentially responsive emails which exceed 6,500.  *Id.* at ¶ 12.  Further, Defendant

8  eXp is in the process of collecting Workplace chats from various custodians which

9  include Defendant Sanford.  *Id.* at ¶ 13.  As such, Defendant Sanford has not

10  supplemented his responses.  *Id.* at ¶ 14.  Notwithstanding, counsel for Defendant

11  Sandford advised Plaintiffs' counsel of the pending Motion for A Protective Order

12  and counsel conferred as to a briefing schedule.  *Id.* at ¶ 15.

13         **D.    Defendant Sanford's Primary Platforms For Communication**

14               **Related To eXp Are Workplace Chats And Emails**

15         Defendant Glenn Sanford's primary platforms for communication related to

16  business matters and/or substantive issues involving eXp are Workplace chat and

17  emails.  Sanford Decl. at ¶ 3.  With respect to text messages, Mr. Sanford does not

18  regularly communicate substantively via text messages; instead, he encourages

19  people to contact him via Workplace chat or email and not text messages.  *Id.* at ¶ 4.

20  Individuals do reach out to him using text messages to his cell phone.  *Id.* at ¶ 5.

21  When Mr. Sanford does receive text messages from individuals, the messages

22  primarily relate to well wishes on his birthday, congratulatory messages on

23  presentations or other events, and/or other exchanges of pleasantries.  *Id.* at 6.

24         Nonetheless, because of his position as CEO and Chairman for eXp World

25  Holdings, Inc. and his past roles with eXp Realty, LLC, he does occasionally

26  receive text messages from individuals regarding the operations of eXp Realty,

27  LLC, invitations to marketing events and other business issues.  *Id.* at ¶ 7.

28  Moreover, people will send him a text message in the event he has not responded to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148682206.1                                    4                          Case No. 2:23-CV-01304
MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN  SANFORD'S PHONE

1  a Workplace chat or email, prompting him to respond, as these are his primary

2  platforms for communications rather than his cell phone.  *Id.* at ¶ 8.

3      Overall, when he does text individuals, aside from exchanging pleasantries,

4  he does so to ascertain their availability for a telephone call or to communicate via

5  Workplace chat.  *Id.* at ¶ 9.

6      **E.    Defendant Sanford's Cell Phone Contains Personal And Private**

7          **Information**

8      The primary source of information Mr. Sanford keeps on his cell phone is

9  personal and private; and such information includes, but is not limited to, his

10  banking apps and apps to make routine household payments such as utilities.  The

11  information stored also includes passwords.  *Id.* at ¶ 10.  Further, Mr. Sanford, like

12  many people, maintains a photo gallery which includes personal family

13  photographs.  *Id.* at ¶ 11.  To conduct a forensic imaging of his cell phone would

14  include the collection of personal and private information that is wholly unrelated to

15  this litigation.  *Id.* at ¶ 12.

16      **F.    Defendant Sanford Has Produced Hard Copies of Text Messages**

17          **Responsive To Plaintiffs' Requests**

18      Defendant Sanford understood that Plaintiffs propounded discovery and

19  requested text communications between him and the following individuals:  David

20  Golden; Michael Bjorkman; Brent Gove;  Gene Frederick; Jason Gesing; David

21  Conord; Kevin Cottrell; Rick Geha; Rob Flick and Cory Haggard.  *Id.* at ¶¶ 13 - 15.

22  Further, he searched his cell phone for text messages to and from these individuals

23  and provided to his counsel text messages for the following:  David Conord; Brent

24  Gove; Gene Frederick; Jason Gesing; Kevin Cottrel; Richard Geha and Rob Flick.

25  *Id.* at ¶ 16.

26      Defendant Sanford provided to his counsel approximately 410 pages of text

27  messages from the individuals identified above.  Pallares Decl. at ¶ 16.  He also

28  provided eight (8) pages of screenshots from Workplace chat as to Defendant David

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148682206.1                                    5                        Case No. 2:23-CV-01304
MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN SANFORD'S PHONE

1    Golden and Defendant Brent Gove.  *Id.* ¶ 17.  On November 12, 2024, Defendant

2    Sanford made a supplemental production of two (2) pages of text messages from

3    Gene Frederick.  *Id.* at ¶ 18.  The other data collected was non-responsive and did

4    not relate to:  (1) Defendant Michael Bjorkman's and Defendant David Golden's

5    ability to participate in eXp's revenue share program; (2) payments made to Mr.

6    Bjorkman and Mr. Golden after 9/8/2020, (3) termination of Mr. Bjorkman and Mr.

7    Golden's ICAs, and (4) any releases entered into between eXp and Mr. Bjorkman

8    and Mr. Golden.  *Id.* at ¶ 19.

9        The parties have met and conferred as to a briefing schedule of twenty-one

10   (21) days from the filing of this motion to a hearing date on December 3, 2024.  *Id.*

11   at ¶ 20.

12   **3.    THIS COURT HAS AUTHORITY TO ISSUE A PROTECTIVE**

13   **ORDER TO PRECLUDE THE FORENSIC IMAGING OF**

14   **DEFENDANT GLENN SANFORD'S CELL PHONE**

15       Unless otherwise limited by court order, the scope of discovery is as follows:

16   "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant

17   to any party's claim or defense and proportional to the needs of the case, considering

18   the importance of the issues at stake in the action, the amount in controversy, the

19   parties' relative access to relevant information, the parties' resources, the importance

20   of the discovery in resolving the issues, and whether the burden or expense of the

21   proposed discovery outweighs its likely benefit. Information within this scope of

22   discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P.

23   26(b)(1).  Once the party seeking discovery establishes that the request meets this

24   relevancy requirement, "the party opposing discovery has the burden of showing

25   that the discovery should be prohibited, and the burden of clarifying, explaining or

26   supporting its objections." *Bryant v. Ochoa*, 2009 U.S. Dist. LEXIS 42339, 2009

27   WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citing *DIRECTV, Inc. v. Trone*, 209

28   F.R.D. 455, 458 (C.D.Cal.2002) and *Blankenship v. Hearst Corp.*, 519 F.2d 418,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

429 (9th Cir.1975)).  For good cause, a court may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense...."  Fed. R. Civ. P. 26(c)(1).

## A.    Plaintiffs' Request For Information Stored On Defendant Sanford's Cell Phone Is Disproportionate To The Needs Of This Case.

With respect to ESI, which includes a party's cell phone, the Federal Rules of Civil Procedure allow a party to request electronically stored information, so long as the request is limited to information that is "(1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case." *Henson v. Turn, Inc.*, 2018 U.S. Dist. LEXIS 181037, 2018 WL 5281629, at *5.

In this instance, Defendant Sanford seeks to preclude the forensic imaging of his cell phone because a forensic imaging is not proportional to the needs of <u>this</u> case.  Here, Plaintiffs have not alleged that any of the defendants other than Defendant Bjorkman and Defendant Golden actually sexually assaulted Plaintiffs or took videos and photographs of women.  Instead, the only allegations against Defendant Sanford and eXp is that defendants knew or should have known of both Bjorkman's and Golden's misconduct.  Much of these allegations are based upon information and belief because Plaintiffs presumably have no personal knowledge to support such allegations.  Other allegations center on an alleged cover up upon learning about Bjorkman's and Golden's misconduct.

Because text messages may arguably be relevant to this matter, Defendant Sanford searched his text messages to collect communications between himself and the individuals Plaintiffs identified.  Upon review of the information provided, counsel for Defendant Sanford produced, in hard copy, text messages that were also arguably responsive.  Many of Defendant Sanford's text messages were not responsive to Plaintiffs' request to Defendant Sanford.  In short, Defendant Sanford complied with Plaintiffs' discovery requests relative to text messages.  Now,

7

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiffs want to extend their discovery and obtain a list of information stored on Mr. Sanford's cell phone and for eXp's ESI vendor to image the cell phone. This is disproportionate to the needs of this case and violates Defendant Sanford's right to privacy.

Plaintiffs have failed to meet their burden during the meet and confer process and during the hearing before the Magistrate. Plaintiffs have yet to articulate why a hard copy production of text messages is insufficient to necessitate the taking of a forensic image of Defendant Sanford's cell phone.

### B.    Defendant Sanford Has A Right To Privacy When It Comes To His Private And Personal Information.

Federal courts recognize a constitutional right to privacy encompassing a right to nondisclosure of one's personal information. *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. Dec. 21, 2012) (citing *Whalen v. Roe*, 429 U.S. 589, 599, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977)). Resolution of privacy objections generally requires balancing the need for the particular information against the privacy right asserted. *Laub v. Horbaczewski*, 331 F.R.D. 516, 522 (C.D. Cal. 2019).

Further, federal courts have recognized a person's interest in preserving confidentiality of information contained in his or her personnel files. *Nakagawa v. Regents of University of California*, 2008 U.S. Dist. LEXIS 111332, 2008 WL 1808902, *2 (N.D.Cal. Apr. 22, 2008). In *Nakagawa,* the court found that a plaintiff's original request for "complete" personnel files to be overbroad in every case. 2008 U.S. Dist. LEXIS 111332, [WL] at *3 and n.2. The right to privacy extends to an individual's cell phone.

### C.    Defendant Sanford's Right To Privacy Outweighs Any Potential Benefit From An Intrusive Forensic Imaging Of His Cell Phone

As the Supreme Court has recognized, "[m]odern cell phones are not just another technological convenience. With all they contain and all they may reveal,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148682206.1                                           8                         Case No. 2:23-CV-01304
MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN SANFORD'S PHONE

1  they hold for many Americans 'the privacies of life.'"  *Riley v. California*, 573 U.S.

2  373, 134 S. Ct. 2473, 2494-95, 189 L. Ed. 2d 430 (2014) (citation omitted). As the

3  Court observed:

4  > Even the most basic phones that sell for less than $20
   > might hold photographs, picture messages, text messages,

5  > Internet browsing history, a calendar, a thousand-entry
   > phone book, and so on. . . .

6

7  > . . . .
   > . . . . [I]t is no exaggeration to say that many of the more

8  > than 90% of American adults who own a cell phone keep
   > on their person a digital record of nearly every aspect of

9  > their lives — from the mundane to the intimate. . . .

10  *Id.* at 2489-90 (citations omitted); accord *McPeak*, 64 U. Kan. L. Rev. at 244-45

11  (discussing how a smartphone can contain information about its owner and her

12  emails, text messages, phone calls, calendars, social-media accounts, photographs,

13  videos, what books she reads, what music she listens to, where she goes, when she

14  sleeps, what she buys, and whom she dates — "[q]uite simply, her [smartp]hone is a

15  portal to a complete, intimate portrait of her entire life").

16      In fact, courts and commentators have recognized that privacy interests can be

17  a consideration in evaluating proportionality, particularly in the context of a request

18  to inspect personal electronic devices.  *Tingle v. Hebert*, No. 15-626-JWD-EWD,

19  2018 U.S. Dist. LEXIS 60301, 2018 WL 1726667, at *7-8 (M.D. La. Apr. 10, 2018)

20  (finding that "Defendants have also made no showing that the requested forensic

21  examination of Plaintiff's personal cell phone and personal email accounts are

22  proportional to the needs of this case" and holding that "'[t]he utility of permitting a

23  forensic examination of personal cell phones must be weighed against inherent

24  privacy concerns'") (quoting *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*,

25  No. 6:14-CV-178, 2015 U.S. Dist. LEXIS 179463, 2015 WL 11112540, at *2 (E.D.

26  Tex. Oct. 30, 2015)); *Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD,

27  2017 U.S. Dist. LEXIS 12927, 2017 WL 413242, at *3 (S.D. Ind. Jan. 31, 2017)

28  (denying request to forensically examine plaintiff's personal cell phones and holding

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148682206.1                                    9                        Case No. 2:23-CV-01304
MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN SANFORD'S PHONE

that the forensic examination "is not proportional to the needs of the case because any benefit the data might provide is outweighed by Plaintiffs' significant privacy and confidentiality interests"); *Hespe v. City of Chicago*, No. 13 C 7998, 2016 U.S. Dist. LEXIS 173357, at *3 (N.D. Ill. Dec. 15, 2016) (affirming order denying request to inspect plaintiff's personal computer and cell phone because, among other things, inspection "is not 'proportional to the needs of this case' because any benefit the inspection might provide is 'outweighed by plaintiff's privacy and confidentiality interests'"); *Areizaga v. ADW Corp.*, No. 3:14-cv-2899-B, 2016 U.S. Dist. LEXIS 195235, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617 LHK (NC), 2016 WL 11505231, at *1-2 (N.D. Cal. Apr. 8, 2016) (denying request to inspect or forensically image plaintiffs' computers, tablets, and smartphones as "invad[ing] plaintiffs' privacy interests" and "disproportional to the needs of the case"); *Agnieszka A. McPeak, Social Media, Smartphones, and Proportional Privacy in Civil Discovery*, 64 U. Kan. L. Rev. 235, 288— 91 (2015) (arguing that courts should consider privacy burdens in evaluating proportionality under Rule 26(b)(1)); see J*ohn B.*, 531 F.3d at 460 (issuing writ of mandamus to set aside orders for forensic imaging of state-owned and privately-owned employee computers because, among other things, "[t]he district court's compelled forensic imaging orders here fail to account properly for the significant privacy and confidentiality concerns present in this case"); see also *Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 562 (S.D.N.Y. 1996) (holding that Rule 26 allows courts to limit discovery on account of burden, including "where the burden is not measured in the time or expense required to respond to requested discovery, but lies

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  instead in the adverse consequences of the disclosure of sensitive, albeit

2  unprivileged, material," and that courts should consider "the burdens imposed on the

3  [responding parties]' privacy and other interests").

4      Here, Defendant Sanford's privacy interests in his personal cell phone

5  outweigh any potential benefit that may be obtained form taking a forensic image of

6  Defendant Sanford's cell phone.  This is particularly true since he searched his text

7  messages and provided them to counsel.  Accordingly, a production was then made

8  producing responsive text messages.  The intrusive nature of taking a forensic image

9  of Defendant Sanford's cell phone when Plaintiffs have made no proffer of proof

10 that substantive information exists on the cell phone.  Instead, eXp anticipates that

11 Plaintiffs will assert that a search methodology should be employed to ensure a full

12 production.  Moreover, Plaintiffs will assert that they should know what information

13 has been withheld as non-responsive.  However, this is not the rule.

14     **D.  <u>Skepticism About An Opposing Party's Production Does Not</u>**

15         **<u>Warrant An Invasion Of Privacy.</u>**

16     "[M]ere skepticism that an opposing party has not produced all relevant

17 information is not sufficient to warrant drastic electronic discovery measures." *John*

18 *B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008); *Motorola Sols., Inc. v. Hytera*

19 *Commc'ns Corp.*, 314 F. Supp. 3d 931, 939 (N.D. Ill. 2018).  "[A] mere desire to

20 check that the opposition has been forthright in its discovery responses is not a good

21 enough reason." *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2007 U.S. Dist. LEXIS

22 104031, 2007 WL 832937, at *3 (N.D. Cal. 2007); *Areizaga v. ADW Corp.*, 2016

23 U.S. Dist. LEXIS 195235, 2016 WL 9526396, at *3 (N.D. Tex.2016).

24     Again, Defendant Sanford anticipates that Plaintiffs will want a forensic

25 imaging to employ a search methodology to ensure a full production.  Such a

26 position does not outweigh a defendant's right to privacy.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**E.    Should The Court Require A Forensic Imaging Of Defendant Sanford's Cell Phone, eXp's ESI Vendor Perform The Imaging**

In the event this Court require a forensic image of Defendant Sanford's cell phone, eXp ESI vendor can perform the imaging. Further, eXp's vendor should conduct the imaging to mitigate privacy concerns.

**4.    CONCLUSION**

For the foregoing reasons, eXp respectfully requests that this Court grant this Motion for a Protective Order to preclude the forensic imaging of Defendant Glenn Sanford's cell phone.

Respectfully submitted,

DATED:  November 12, 2024        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ William E. Pallares

WILLIAM E. PALLARES
Attorneys for Defendants
EXP REALTY, LLC, EXP WORLD HOLDINGS, INC. and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>DECLARATION OF WILLIAM E. PALLARES</u>

2       I, William E. Pallares, declare as follows:

3       1.      I am an attorney duly admitted to practice in all of the courts of the

4   State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP,

5   attorneys of record for Defendants eXp REALTY, LLC, eXp WORLD

6   HOLDINGS, INC. and GLENN SANFORD herein.  The facts set forth herein are of

7   my own personal knowledge, and if sworn I could and would competently testify

8   thereto.

9       2.      On March 27, 2024, Plaintiffs propounded their First Set of Requests

10  For Production to Gleen Sanford.  Attached as Exhibit 1 to this Declaration is a true

11  and correct copy of Plaintiffs Requests for Production of Documents to Defendant

12  Glenn Sanford.

13      3.      On or around May 28, 2024, Sanford provided responses to Plaintiffs'

14  requests for production of documents.  Attached to this Declaration as Exhibit 2 is a

15  true and correct copy of Defendant Glenn Sanford's Response to Plaintiffs'

16  Requests for Production of Documents.

17      4.      On June 13, 2024, counsel for Sanford and eXp produced twenty-sex

18  (26) pages of text messages between Sanford and David Conord, Michael

19  Bjorkman, and David Golden.

20      5.      Defendants also produced eight (8) pages of screen shots of workplace

21  chats between Sanford, on the one hand, and Defendant Golden and Defendant

22  Brent Gove, on the other hand.

23      6.      Defendant Sanford produced a total of thirty-two (32) pages.

24      7.      At or around August 23, 2024, Plaintiffs corresponded to meet and

25  confer regarding Defendant Sanford's responses.

26      8.      Concurrently, the parties were meeting and conferring regarding an ESI

27  protocol.

28      9.      On September 19, 2024, the parties met and conferred on the ESI

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   protocol wherein Plaintiffs raised the issue of Defendant Sanford's production and
2   queried on whether Defendant Sanford's cell phone would be subject to the ESI
3   protocol.

4        10.    Counsel for Defendant Sanford advised that the cell phone would not
5   be part of the ESI protocol.

6        11.    At the October 8, 2024 hearing before the Magistrate, Defendant
7   Sanford agreed to produce custodial emails by October 25, 2024 and provide
8   supplemental responses on November 1, 2024.

9        12.    While Defendant Sanford has produced custodial emails, counsel
10   continue to review potentially responsive emails which exceed 6,500.

11        13.    Further, Defendant eXp is in the process of collecting workplace chats
12   from various custodians which include Defendant Sanford.

13        14.    As such, Defendant Sanford has not supplemented his responses.

14        15.    Notwithstanding, counsel for Defendant Sandford advised Plaintiffs'
15   counsel of the pending Motion for A Protective Order and counsel conferred as to a
16   briefing schedule.

17        16.    Defendant Sanford provided my office approximately 410 pages of text
18   messages from the individuals identified above.

19        17.    Defendant Sanford also provide eight (8) pages of screenshots from
20   workplace chat as to Defendant David Golden and Defendant Brent Gove.

21        18.    On November 12, 2024, my office made a supplemental production of
22   two (2) pages of text messages from Gene Frederick.

23        19.    The other data collected was non-responsive and did not relate to:  (1)
24   Defendant Michael Bjorkman's and Defendant David Golden's ability to participate
25   in eXp's revenue share program; (2) payments made to Mr. Bjorkman and Mr.
26   Golden after 9/8/2020, (3) termination of Mr. Bjorkman and Mr. Golden's ICAs,
27   and (4) any releases entered into between eXp and Mr. Bjorkman and Mr. Golden.

28        20.    The parties have met and conferred as to a briefing schedule of twenty-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

148682206.1                      **2**                  Case No. 2:23-CV-01304
MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN  SANFORD'S PHONE

one (21) days from the filing of this motion to a hearing date on December 3, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 12th day of November, 2024, at Los Angeles, California.

_/s/ William E. Pallares_
WILLIAM E. PALLARES

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System.

*/s/ William E. Pallares*

WILLIAM E. PALLARES, SB# 187740

MOTION FOR A PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF GLENN SANFORD'S PHONE