# EXHIBIT 2

WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
  E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC. and GLENN SANFORD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, | Case No. 2:23-cv- 01304-AB-AGR |
| Plaintiffs, | **DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| vs. | |
| EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10, | |
| Defendants. | Trial Date:          October 22, 2024 |

PROPOUNDING PARTY:      Plaintiffs FABIOLA ACEVADO, JANE DOE 1,

JANE DOE 2, JANE DOE 3, and JOHN DOE 1

RESPONDING PARTY:      Defendant GLENN SANFORD

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant

GLENN SANFORD ("Defendant" or "SANFORD") responds to Plaintiffs' First Set

of Requests for Production of Documents as follows:

/ / /

138556922.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## PRELIMINARY STATEMENT

It should be noted that Defendant has not completed his investigation of the facts relating to these cases, has not fully completed his discovery in this action, and has not completed his preparation for trial. All of the answers contained herein are based only upon such information and documents which are presently available and specifically known to Defendant and disclose only those contentions which presently occur to Defendant. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions and responses set forth herein.

The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or facts which Defendant may later recall. Defendant accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The answers contained herein are made in a good faith effort to supply as much factual information as specifically as is presently known, but should in no way be to the prejudice of Defendant in relation to discovery, research, or analysis.

## GENERAL OBJECTIONS AND RESERVATIONS

As to each and every Request in Plaintiffs' Requests for Production of Documents, Defendant states the following:

A.      Defendant has not yet completed his discovery and investigation of the facts giving rise to this action, but has made a diligent, good faith effort to obtain all information responsive to these Requests within Defendant's possession, custody, or control. Accordingly, these responses are made without prejudice to Defendant's right to introduce prior to or at the time of trial or otherwise use any additional information he may obtain as a result of Defendant's continuing discovery and

1    investigation, but Defendant assumes no obligation, beyond that imposed by FRCP

2    26(e) and 34, to supplement and amend these responses to reflect witnesses, facts, or

3    other information discovered following the date of these responses.

4          B.     Defendant has based these responses on the assumption that Plaintiffs

5    did not intend to seek information protected against discovery by the attorney-client

6    privilege or the attorney work-product doctrine, the right of privacy laws, the

7    protection afforded trade secrets or any other applicable privilege or protection from

8    disclosure.  To the extent that the Requests are intended to elicit such privileged or

9    protected information, Defendant objects thereto as to each Request and asserts the

10   applicable privilege or protection to the fullest extent permitted by law.

11         C.     To the extent that Defendant responds to these Requests, Defendant

12   does not concede the relevancy of those responses to this action, nor does he

13   concede that such responses may be used for any purpose in this action or any other

14   action or proceeding.  Defendant expressly reserves the right to object to further

15   discovery into the subject matter of any Request or any portion thereof.

16         D.     Defendant objects to each Request to the extent that it seeks

17   information equally available to Plaintiffs or information that is not within

18   Defendant's possession, custody, or control.

19         E.     Defendant objects to the Requests to the extent that they are intended to

20   be and are overly broad, unduly burdensome and oppressive.

21         F.     Defendant objects to each Request to the extent it seeks information

22   that is not relevant to the subject matter of this action, and is not reasonably

23   calculated to lead to the discovery of admissible evidence.

24         Without waiving any of the foregoing General Objections, each of which

25   applies to each and every one of the individual responses set forth below and is

26   incorporated by this reference therein (whether or not specifically stated in the

27   response), Defendant responds to the individual Requests as follows:

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

3

Case No. 2:23-cv- 01304-AB-AGR
DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All communications between You and **David Golden** related to the allegations or any defenses thereto that form the basis for the Second Amended Complaint for Damages, including but not limited to, discussions regarding David Golden's ability to participate in eXp's Revenue Share Program after September 18, 2020, payments made to David Golden after September 18, 2020, and the termination of David Golden's Independent Contractor Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant refers to and incorporates the General Objections stated hereinabove. The request imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden. A response to the request requires the gathering and compilation of large volumes of information from multiple sources. Defendant further objects to this demand on the ground that the Request may seek Electronically Stored Information ("ESI") without attempting to meet their burden to explain the ways in which the ESI they demand "bears on the issues as [Plaintiffs] understand them." Nor have Plaintiffs identified any specific ESI that is relevant to any of their claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendant's access to relevant information, and Defendant's resources. Defendant further objects to this demand on the ground that Plaintiffs are seeking ESI that is "not reasonably accessible because of undue burden or cost." (FRCP 26(b)(2)(B).) In addition, Defendant objects to the extent that the burden or expense of the producing the demanded documents outweighs the likely benefit of those documents to Plaintiffs. Defendant further objects that the request seeks documents that are neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Defendant further objects that the request seeks information protected by the

2    attorney-client privilege, the work product doctrine, or any other privileges,

3    protection or doctrines of similar effect.  In addition, Defendant objects to the

4    Request on the ground that it seeks production of documents containing financial

5    and commercially sensitive information in violation of the right of privacy of

6    Defendants and other third parties.  Defendant objects to this production request on

7    the basis that it is overbroad, vague, burdensome and harassing because it is not

8    reasonably limited as to time, date and/or subject matter of the documents

9    Defendant is required to produce.

10          Notwithstanding and without waiving said objections, Defendant answers as

11   follows: Defendant agrees to produce any nonprivileged responsive documents

12   within his possession, custody, or control. Discovery and investigation are ongoing

13   and Defendant reserves the right to amend or supplement this response.

14   **REQUEST FOR PRODUCTION NO. 2:**

15          All communications between You and **Michael Bjorkman** related to the

16   allegations or any defenses thereto that form the basis for the Second Amended

17   Complaint for Damages, including but not limited to discussions regarding Michael

18   Bjorkman's ability to participate in eXp's Revenue Share Program after September

19   18, 2020, payments made to Michael Bjorkman after September 18, 2020, and the

20   termination of Michael Bjorkman's Independent Contractor Agreement.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

22          Defendant refers to and incorporates the General Objections stated

23   hereinabove.  The request imposes a disproportionate burden on Defendant when

24   weighing the value of the information sought against that burden.  A response to the

25   request requires the gathering and compilation of large volumes of information from

26   multiple sources.  Defendant further objects to this demand on the ground that the

27   Request may seek Electronically Stored Information ("ESI") without attempting to

28   meet their burden to explain the ways in which the ESI they demand "bears on the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

issues as [Plaintiffs] understand them." Nor have Plaintiffs identified any specific ESI that is relevant to any of their claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendant's access to relevant information, and Defendant's resources. Defendant further objects to this demand on the ground that Plaintiffs are seeking ESI that is "not reasonably accessible because of undue burden or cost." (FRCP 26(b)(2)(B).) In addition, Defendant objects to the extent that the burden or expense of the producing the demanded documents outweighs the likely benefit of those documents to Plaintiffs. Defendant further objects that the request seeks documents that are neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings. Defendant further objects that the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privileges, protection or doctrines of similar effect. In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties. Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant agrees to produce any nonprivileged responsive documents within his possession, custody, or control. Discovery and investigation are ongoing and Defendant reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between You and **Brent Gove** related to the allegations or any defenses thereto that form the basis for the Second Amended Complaint for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 2:23-cv- 01304-AB-AGR
DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS

1  Damages, including but not limited to discussions regarding Michael Bjorkman's

2  and/or David Golden's ability to participate in eXp's Revenue Share Program after

3  September 18, 2020, payments made to Michael Bjorkman and/or David Golden

4  after September 18, 2020, the termination of Michael Bjorkman's and/or David

5  Golden's Independent Contractor Agreement, and any Releases entered into

6  between eXp Realty and Michael Bjorkman and/or David Golden.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

8       Defendant refers to and incorporates the General Objections stated

9  hereinabove.  The request imposes a disproportionate burden on Defendant when

10  weighing the value of the information sought against that burden.  A response to the

11  request requires the gathering and compilation of large volumes of information from

12  multiple sources.  Defendant further objects to this demand on the ground that the

13  Request may seek Electronically Stored Information ("ESI") without attempting to

14  meet their burden to explain the ways in which the ESI they demand "bears on the

15  issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific

16  ESI that is relevant to any of their claims and proportional to the needs of the case,

17  considering the importance of the issues at stake in the action, the amount in

18  controversy, Defendant's access to relevant information, and Defendant's resources.

19  Defendant further objects to this demand on the ground that Plaintiffs are seeking

20  ESI that is "not reasonably accessible because of undue burden or cost." (FRCP

21  26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense

22  of the producing the demanded documents outweighs the likely benefit of those

23  documents to Plaintiffs.  Defendant further objects that the request seeks documents

24  that are neither relevant to the subject matter of the action or reasonably calculated

25  to lead to the discovery of admissible evidence.  Defendant further objects that the

26  request uses terms and phrases that can have varying interpretation and meanings.

27  Defendant further objects that the request seeks information protected by the

28  attorney-client privilege, the work product doctrine, or any other privileges,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  protection or doctrines of similar effect.  In addition, Defendant objects to the

2  Request on the ground that it seeks production of documents containing financial

3  and commercially sensitive information in violation of the right of privacy of

4  Defendants and other third parties.  Defendant objects to this production request on

5  the basis that it is overbroad, vague, burdensome and harassing because it is not

6  reasonably limited as to time, date and/or subject matter of the documents

7  Defendant is required to produce.

8        Notwithstanding and without waiving said objections, Defendant answers as

9  follows: Defendant agrees to produce any nonprivileged responsive documents

10  within his possession, custody, or control. Discovery and investigation are ongoing

11  and Defendant reserves the right to amend or supplement this response.

12  **REQUEST FOR PRODUCTION NO. 4:**

13        All communications between You and Defendant **eXp Realty** (including but

14  limited to any of its employees, board members or agents) related to the allegations

15  or any defenses thereto that form the basis for the Second Amended Complaint for

16  Damages, including but not limited to discussions regarding Michael Bjorkman's

17  and/or David Golden's ability to participate in eXp's Revenue Share Program after

18  September 18, 2020, payments made to Michael Bjorkman and/or David Golden

19  after September 18, 2020, the termination of Michael Bjorkman's and/or David

20  Golden's Independent Contractor Agreement, and any Releases entered into

21  between eXp Realty and Michael Bjorkman and/or David Golden.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23        Defendant refers to and incorporates the General Objections stated

24  hereinabove.  The request imposes a disproportionate burden on Defendant when

25  weighing the value of the information sought against that burden.  A response to the

26  request requires the gathering and compilation of large volumes of information from

27  multiple sources.  Defendant further objects to this demand on the ground that the

28  Request may seek Electronically Stored Information ("ESI") without attempting to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

meet their burden to explain the ways in which the ESI they demand "bears on the issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific ESI that is relevant to any of their claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendant's access to relevant information, and Defendant's resources. Defendant further objects to this demand on the ground that Plaintiffs are seeking ESI that is "not reasonably accessible because of undue burden or cost." (FRCP 26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense of the producing the demanded documents outweighs the likely benefit of those documents to Plaintiffs.  Defendant further objects that the request seeks documents that are neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings. Defendant further objects that the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privileges, protection or doctrines of similar effect.  In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties.  Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant agrees to produce any nonprivileged responsive documents within his possession, custody, or control. Discovery and investigation are ongoing and Defendant reserves the right to amend or supplement this response.

/ / /

/ / /

DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **REQUEST FOR PRODUCTION NO. 5:**

2    All communications between You and **Gene Frederick** related to the

3    allegations or any defenses thereto that form the basis for the Second Amended

4    Complaint for Damages, including but not limited to discussions regarding Michael

5    Bjorkman's and/or David Golden's ability to participate in eXp's Revenue Share

6    Program after September 18, 2020, payments made to Michael Bjorkman and/or

7    David Golden after September 18, 2020, the termination of Michael Bjorkman's

8    and/or David Golden's Independent Contractor Agreement, and any Releases

9    entered into between eXp Realty and Michael Bjorkman and/or David Golden.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11   Defendant refers to and incorporates the General Objections stated

12   hereinabove.  The request imposes a disproportionate burden on Defendant when

13   weighing the value of the information sought against that burden.  A response to the

14   request requires the gathering and compilation of large volumes of information from

15   multiple sources.  Defendant further objects to this demand on the ground that the

16   Request may seek Electronically Stored Information ("ESI") without attempting to

17   meet their burden to explain the ways in which the ESI they demand "bears on the

18   issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific

19   ESI that is relevant to any of their claims and proportional to the needs of the case,

20   considering the importance of the issues at stake in the action, the amount in

21   controversy, Defendant's access to relevant information, and Defendant's resources.

22   Defendant further objects to this demand on the ground that Plaintiffs are seeking

23   ESI that is "not reasonably accessible because of undue burden or cost." (FRCP

24   26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense

25   of the producing the demanded documents outweighs the likely benefit of those

26   documents to Plaintiffs.  Defendant further objects that the request seeks documents

27   that are neither relevant to the subject matter of the action or reasonably calculated

28   to lead to the discovery of admissible evidence.  Defendant further objects that the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

10

1  request uses terms and phrases that can have varying interpretation and meanings.

2  Defendant further objects that the request seeks information protected by the

3  attorney-client privilege, the work product doctrine, or any other privileges,

4  protection or doctrines of similar effect.  In addition, Defendant objects to the

5  Request on the ground that it seeks production of documents containing financial

6  and commercially sensitive information in violation of the right of privacy of

7  Defendants and other third parties.  Defendant objects to this production request on

8  the basis that it is overbroad, vague, burdensome and harassing because it is not

9  reasonably limited as to time, date and/or subject matter of the documents

10  Defendant is required to produce.

11       Notwithstanding and without waiving said objections, Defendant answers as

12  follows: Defendant agrees to produce any nonprivileged responsive documents

13  within his possession, custody, or control. Discovery and investigation are ongoing

14  and Defendant reserves the right to amend or supplement this response.

15  **REQUEST FOR PRODUCTION NO. 6:**

16       All communications between You and **Jason Gesing** related to the allegations

17  or any defenses thereto that form the basis for the Second Amended Complaint for

18  Damages, including but not limited to discussions regarding Michael Bjorkman's

19  and/or David Golden's ability to participate in eXp's Revenue Share Program after

20  September 18, 2020, payments made to Michael Bjorkman and/or David Golden

21  after September 18, 2020, the termination of Michael Bjorkman's and/or David

22  Golden's Independent Contractor Agreement, and any Releases entered into

23  between eXp Realty and Michael Bjorkman and/or David Golden.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25       Defendant refers to and incorporates the General Objections stated

26  hereinabove.  The request imposes a disproportionate burden on Defendant when

27  weighing the value of the information sought against that burden.  A response to the

28  request requires the gathering and compilation of large volumes of information from


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

11

multiple sources.  Defendant further objects to this demand on the ground that the Request may seek Electronically Stored Information ("ESI") without attempting to meet their burden to explain the ways in which the ESI they demand "bears on the issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific ESI that is relevant to any of their claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendant's access to relevant information, and Defendant's resources.  Defendant further objects to this demand on the ground that Plaintiffs are seeking ESI that is "not reasonably accessible because of undue burden or cost." (FRCP 26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense of the producing the demanded documents outweighs the likely benefit of those documents to Plaintiffs.  Defendant further objects that the request seeks documents that are neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings.  Defendant further objects that the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privileges, protection or doctrines of similar effect.  In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties.  Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant agrees to produce any nonprivileged responsive documents within his possession, custody, or control. Discovery and investigation are ongoing and Defendant reserves the right to amend or supplement this response.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

12

Case No. 2:23-cv- 01304-AB-AGR
DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS

1  **REQUEST FOR PRODUCTION NO. 7:**

2      All communications between You and **David Conord** related to the

3  allegations or any defenses thereto that form the basis for the Second Amended

4  Complaint for Damages, , including but not limited to discussions regarding

5  Michael Bjorkman's and/or David Golden's ability to participate in eXp's Revenue

6  Share Program after September 18, 2020, payments made to Michael Bjorkman

7  and/or David Golden after September 18, 2020, the termination of Michael

8  Bjorkman's and/or David Golden's Independent Contractor Agreement, and any

9  Releases entered into between eXp Realty and Michael Bjorkman and/or David

10 Golden.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

12      Defendant refers to and incorporates the General Objections stated

13 hereinabove.  The request imposes a disproportionate burden on Defendant when

14 weighing the value of the information sought against that burden.  A response to the

15 request requires the gathering and compilation of large volumes of information from

16 multiple sources.  Defendant further objects to this demand on the ground that the

17 Request may seek Electronically Stored Information ("ESI") without attempting to

18 meet their burden to explain the ways in which the ESI they demand "bears on the

19 issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific

20 ESI that is relevant to any of their claims and proportional to the needs of the case,

21 considering the importance of the issues at stake in the action, the amount in

22 controversy, Defendant's access to relevant information, and Defendant's resources.

23 Defendant further objects to this demand on the ground that Plaintiffs are seeking

24 ESI that is "not reasonably accessible because of undue burden or cost." (FRCP

25 26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense

26 of the producing the demanded documents outweighs the likely benefit of those

27 documents to Plaintiffs.  Defendant further objects that the request seeks documents

28 that are neither relevant to the subject matter of the action or reasonably calculated

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

to lead to the discovery of admissible evidence.  Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings. Defendant further objects that the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privileges, protection or doctrines of similar effect.  In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties.  Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant agrees to produce any nonprivileged responsive documents within his possession, custody, or control. Discovery and investigation are ongoing and Defendant reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 8:**

All communications between You and **Kevin Cottrell** related to the allegations or any defenses thereto that form the basis for the Second Amended Complaint for Damages, including but not limited to discussions regarding Michael Bjorkman's and/or David Golden's ability to participate in eXp's Revenue Share Program after September 18, 2020, payments made to Michael Bjorkman and/or David Golden after September 18, 2020, the termination of Michael Bjorkman's and/or David Golden's Independent Contractor Agreement, and any Releases entered into between eXp Realty and Michael Bjorkman and/or David Golden.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant refers to and incorporates the General Objections stated hereinabove.  The request imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden.  A response to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

request requires the gathering and compilation of large volumes of information from multiple sources. Defendant further objects to this demand on the ground that the Request may seek Electronically Stored Information ("ESI") without attempting to meet their burden to explain the ways in which the ESI they demand "bears on the issues as [Plaintiffs] understand them." Nor have Plaintiffs identified any specific ESI that is relevant to any of their claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendant's access to relevant information, and Defendant's resources. Defendant further objects to this demand on the ground that Plaintiffs are seeking ESI that is "not reasonably accessible because of undue burden or cost." (FRCP 26(b)(2)(B).) In addition, Defendant objects to the extent that the burden or expense of the producing the demanded documents outweighs the likely benefit of those documents to Plaintiffs. Defendant further objects that the request seeks documents that are neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings. Defendant further objects that the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privileges, protection or doctrines of similar effect. In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties. Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant agrees to produce any nonprivileged responsive documents

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     within his possession, custody, or control. Discovery and investigation are ongoing

2     and Defendant reserves the right to amend or supplement this response.

3     **REQUEST FOR PRODUCTION NO. 9:**

4         All communications between You and **Rick Geha** related to the allegations or

5     any defenses thereto that form the basis for the Second Amended Complaint for

6     Damages, including but not limited to discussions regarding Michael Bjorkman's

7     and/or David Golden's ability to participate in eXp's Revenue Share Program after

8     September 18, 2020, payments made to Michael Bjorkman and/or David Golden

9     after September 18, 2020, the termination of Michael Bjorkman's and/or David

10    Golden's Independent Contractor Agreement, and any Releases entered into

11    between eXp Realty and Michael Bjorkman and/or David Golden.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

13        Defendant refers to and incorporates the General Objections stated

14    hereinabove.  The request imposes a disproportionate burden on Defendant when

15    weighing the value of the information sought against that burden.  A response to the

16    request requires the gathering and compilation of large volumes of information from

17    multiple sources.  Defendant further objects to this demand on the ground that the

18    Request may seek Electronically Stored Information ("ESI") without attempting to

19    meet their burden to explain the ways in which the ESI they demand "bears on the

20    issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific

21    ESI that is relevant to any of their claims and proportional to the needs of the case,

22    considering the importance of the issues at stake in the action, the amount in

23    controversy, Defendant's access to relevant information, and Defendant's resources.

24    Defendant further objects to this demand on the ground that Plaintiffs are seeking

25    ESI that is "not reasonably accessible because of undue burden or cost." (FRCP

26    26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense

27    of the producing the demanded documents outweighs the likely benefit of those

28    documents to Plaintiffs.  Defendant further objects that the request seeks documents

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   that are neither relevant to the subject matter of the action or reasonably calculated

2   to lead to the discovery of admissible evidence.  Defendant further objects that the

3   request uses terms and phrases that can have varying interpretation and meanings.

4   Defendant further objects that the request seeks information protected by the

5   attorney-client privilege, the work product doctrine, or any other privileges,

6   protection or doctrines of similar effect.  In addition, Defendant objects to the

7   Request on the ground that it seeks production of documents containing financial

8   and commercially sensitive information in violation of the right of privacy of

9   Defendants and other third parties.  Defendant objects to this production request on

10  the basis that it is overbroad, vague, burdensome and harassing because it is not

11  reasonably limited as to time, date and/or subject matter of the documents

12  Defendant is required to produce.

13          Notwithstanding and without waiving said objections, Defendant answers as

14  follows: Defendant agrees to produce any nonprivileged responsive documents

15  within his possession, custody, or control. Discovery and investigation are ongoing

16  and Defendant reserves the right to amend or supplement this response.

17  **REQUEST FOR PRODUCTION NO. 10:**

18          All communications between You and **Rob Flick** related to the allegations or

19  any defenses thereto that form the basis for the Second Amended Complaint for

20  Damages, including but not limited to discussions regarding Michael Bjorkman's

21  and/or David Golden's ability to participate in eXp's Revenue Share Program after

22  September 18, 2020, payments made to Michael Bjorkman and/or David Golden

23  after September 18, 2020, the termination of Michael Bjorkman's and/or David

24  Golden's Independent Contractor Agreement, and any Releases entered into

25  between eXp Realty and Michael Bjorkman and/or David Golden.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

27          Defendant refers to and incorporates the General Objections stated

28  hereinabove.  The request imposes a disproportionate burden on Defendant when

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

17

weighing the value of the information sought against that burden.  A response to the request requires the gathering and compilation of large volumes of information from multiple sources.  Defendant further objects to this demand on the ground that the Request may seek Electronically Stored Information ("ESI") without attempting to meet their burden to explain the ways in which the ESI they demand "bears on the issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific ESI that is relevant to any of their claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendant's access to relevant information, and Defendant's resources. Defendant further objects to this demand on the ground that Plaintiffs are seeking ESI that is "not reasonably accessible because of undue burden or cost." (FRCP 26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense of the producing the demanded documents outweighs the likely benefit of those documents to Plaintiffs.  Defendant further objects that the request seeks documents that are neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings. Defendant further objects that the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privileges, protection or doctrines of similar effect.  In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties.  Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant agrees to produce any nonprivileged responsive documents

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

18

Case No. 2:23-cv- 01304-AB-AGR
DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS

1   within his possession, custody, or control. Discovery and investigation are ongoing

2   and Defendant reserves the right to amend or supplement this response.

3   **REQUEST FOR PRODUCTION NO. 11:**

4        All communications between You and **Cory Haggard** related to the

5   allegations or any defenses thereto that form the basis for the Second Amended

6   Complaint for Damages, including but not limited to discussions regarding Michael

7   Bjorkman's and/or David Golden's ability to participate in eXp's Revenue Share

8   Program after September 18, 2020, payments made to Michael Bjorkman and/or

9   David Golden after September 18, 2020, the termination of Michael Bjorkman's

10  and/or David Golden's Independent Contractor Agreement, and any Releases

11  entered into between eXp Realty and Michael Bjorkman and/or David Golden.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13       Defendant refers to and incorporates the General Objections stated

14  hereinabove.  The request imposes a disproportionate burden on Defendant when

15  weighing the value of the information sought against that burden.  A response to the

16  request requires the gathering and compilation of large volumes of information from

17  multiple sources.  Defendant further objects to this demand on the ground that the

18  Request may seek Electronically Stored Information ("ESI") without attempting to

19  meet their burden to explain the ways in which the ESI they demand "bears on the

20  issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific

21  ESI that is relevant to any of their claims and proportional to the needs of the case,

22  considering the importance of the issues at stake in the action, the amount in

23  controversy, Defendant's access to relevant information, and Defendant's resources.

24  Defendant further objects to this demand on the ground that Plaintiffs are seeking

25  ESI that is "not reasonably accessible because of undue burden or cost." (FRCP

26  26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense

27  of the producing the demanded documents outweighs the likely benefit of those

28  documents to Plaintiffs.  Defendant further objects that the request seeks documents

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  that are neither relevant to the subject matter of the action or reasonably calculated

2  to lead to the discovery of admissible evidence.  Defendant further objects that the

3  request uses terms and phrases that can have varying interpretation and meanings.

4  Defendant further objects that the request seeks information protected by the

5  attorney-client privilege, the work product doctrine, or any other privileges,

6  protection or doctrines of similar effect.  In addition, Defendant objects to the

7  Request on the ground that it seeks production of documents containing financial

8  and commercially sensitive information in violation of the right of privacy of

9  Defendants and other third parties.  Defendant objects to this production request on

10  the basis that it is overbroad, vague, burdensome and harassing because it is not

11  reasonably limited as to time, date and/or subject matter of the documents

12  Defendant is required to produce.

13         Notwithstanding and without waiving said objections, Defendant answers as

14  follows: Defendant agrees to produce any nonprivileged responsive documents

15  within his possession, custody, or control. Discovery and investigation are ongoing

16  and Defendant reserves the right to amend or supplement this response.

17  **REQUEST FOR PRODUCTION NO. 12:**

18         All communications between You and **Fee Gentry** related to the allegations

19  or any defenses thereto that form the basis for the Second Amended Complaint for

20  Damages, including but not limited to discussions regarding Michael Bjorkman's

21  and/or David Golden's ability to participate in eXp's Revenue Share Program after

22  September 18, 2020, payments made to Michael Bjorkman and/or David Golden

23  after September 18, 2020, the termination of Michael Bjorkman's and/or David

24  Golden's Independent Contractor Agreement, and any Releases entered into

25  between eXp Realty and Michael Bjorkman and/or David Golden.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

27         Defendant refers to and incorporates the General Objections stated

28  hereinabove.  The request imposes a disproportionate burden on Defendant when

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

weighing the value of the information sought against that burden. A response to the request requires the gathering and compilation of large volumes of information from multiple sources. Defendant further objects to this demand on the ground that the Request may seek Electronically Stored Information ("ESI") without attempting to meet their burden to explain the ways in which the ESI they demand "bears on the issues as [Plaintiffs] understand them." Nor have Plaintiffs identified any specific ESI that is relevant to any of their claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendant's access to relevant information, and Defendant's resources. Defendant further objects to this demand on the ground that Plaintiffs are seeking ESI that is "not reasonably accessible because of undue burden or cost." (FRCP 26(b)(2)(B).) In addition, Defendant objects to the extent that the burden or expense of the producing the demanded documents outweighs the likely benefit of those documents to Plaintiffs. Defendant further objects that the request seeks documents that are neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that the request uses terms and phrases that can have varying interpretation and meanings. Defendant further objects that the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privileges, protection or doctrines of similar effect. In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties. Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant agrees to produce any nonprivileged responsive documents

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

21

Case No. 2:23-cv- 01304-AB-AGR
DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS

1 within his possession, custody, or control. Discovery and investigation are ongoing

2 and Defendant reserves the right to amend or supplement this response.

3 **REQUEST FOR PRODUCTION NO. 13:**

4      All Documents and Communications related to requests for Sponsor changes

5 or denials to requests for Sponsor changes related to Noelle Nielsen or any of the

6 Plaintiffs in this lawsuit.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8      Defendant refers to and incorporates the General Objections stated

9 hereinabove.  The request imposes a disproportionate burden on Defendant when

10 weighing the value of the information sought against that burden.  A response to the

11 request requires the gathering and compilation of large volumes of information from

12 multiple sources.  Defendant further objects to this demand on the ground that the

13 Request may seek Electronically Stored Information ("ESI") without attempting to

14 meet their burden to explain the ways in which the ESI they demand "bears on the

15 issues as [Plaintiffs] understand them."  Nor have Plaintiffs identified any specific

16 ESI that is relevant to any of their claims and proportional to the needs of the case,

17 considering the importance of the issues at stake in the action, the amount in

18 controversy, Defendant's access to relevant information, and Defendant's resources.

19 Defendant further objects to this demand on the ground that Plaintiffs are seeking

20 ESI that is "not reasonably accessible because of undue burden or cost." (FRCP

21 26(b)(2)(B).)  In addition, Defendant objects to the extent that the burden or expense

22 of the producing the demanded documents outweighs the likely benefit of those

23 documents to Plaintiffs.  Defendant further objects that the request seeks documents

24 that are neither relevant to the subject matter of the action or reasonably calculated

25 to lead to the discovery of admissible evidence.  Defendant further objects that the

26 request uses terms and phrases that can have varying interpretation and meanings.

27 Defendant further objects that the request seeks information protected by the

28 attorney-client privilege, the work product doctrine, or any other privileges,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

protection or doctrines of similar effect.  In addition, Defendant objects to the Request on the ground that it seeks production of documents containing financial and commercially sensitive information in violation of the right of privacy of Defendants and other third parties.  Defendant objects to this production request on the basis that it is overbroad, vague, burdensome and harassing because it is not reasonably limited as to time, date and/or subject matter of the documents Defendant is required to produce.

Notwithstanding and without waiving said objections, Defendant answers as follows: Defendant has already produced all responsive documents within his possession, custody, or control. Defendant agrees to produce any additional nonprivileged responsive documents within his possession, custody, or control. Discovery and investigation are ongoing and Defendant reserves the right to amend or supplement this response.

DATED:  May 28, 2024                LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
KYLE MALAND
Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

23

Case No. 2:23-cv- 01304-AB-AGR
DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS

1
2

# FEDERAL COURT PROOF OF SERVICE
Fabiola Acevedo, et al v. EXP Realty, LLC, et al
USDC – Central, Case No. 2:23-CV-01304-AB-AGR

3
STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

4
5
6
　　　At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

7
8
　　　On May 28, 2024, I served the following document(s):  **DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

9
　　　I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

10
## SEE ATTACHED SERVICE LIST

11
　　　The documents were served by the following means:

12
13
14
15
☒　　(BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address sondra.bradley@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16
17
　　　I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

18
　　　Executed on May 28, 2024, at San Diego, California.

19
20
_____
Sondra J. Bradley

21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2

**SERVICE LIST**
**Fabiola Acevedo, et al v. EXP Realty, LLC, et al**
**USDC – Central, Case No. 2:23-CV-01304-AB-AGR**

3
4
5
6

Jennifer A. Lenze, Esq.
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA  91765
T:  (310) 322-8800 / F:  (310) 322-8811
ilenze@lenzelawyers.com

Attorneys for Plaintiffs
FABIOLA ACEVEDO, JANE DOE 1,
JANE DOE 2, JANE DOE 3 and
JOHN DOE 1

7
8
9
10
11
12

Brooke F. Cohen, Esq.
(TX Bar #24007019)
Andrea Hirsch, Esq.
(GA Bar #666557)
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA  30341
T:  (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

(pending *Pro Hac Vice*)
(pending *Pro Hac Vice*)


Attorneys for Plaintiffs
FABIOLA ACEVEDO, JANE DOE 1,
JANE DOE 2, JANE DOE 3 and JOHN
DOE 1

13
14
15
16
17
18

Todd A. Angstadt, Esq.
Elisa R. Marcaletti, Esq.
George M. Morris, Esq.
**PHILLIPS, SPALLAS**
**& ANGSTADT LLP**
560 Mission St., Suite 1010
San Francisco, CA  94105
T:  (415) 278-9400 / F: (415) 278-9411
tangstadt@psalaw.net
emarcaletti@psalaw.net
gmorris@psalaw.net

Attorneys for Defendant
BRENT GOVE

19
20
21
22

Peter K. Levin, Esq.
**PETER K. LEVINE, APLC**
5455 Wilshire Boulevard, Suite 1250
Los Angeles, CA  90036
T:  (323) 934-1234 / F: (323) 934-1230
peter@peterlawfirm.com
cc:  Assistant, Roberto Segovia
roberto@peterlawfirm.com

Attorneys for Defendant
DAVID S. GOLDEN

23
24
25
26

Richard A. Schonfeld, Esq.
**CHESNOFF & SCHONFELD**
520 South 4th Street, Suite 200
Las Vegas, NV  89101-6593
T: (702) 384-5563 / F: (702) 598-1425
rschonfeld@cslawoffice.net

Attorneys for Defendant
MICHAEL L. BJORKMAN

27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138556922.1

Case No. 2:23-cv- 01304-AB-AGR
DEFENDANT GLENN SANFORD'S RESPONSES TO PLAINTIFFS' RULE 34 REQUESTS