Jennifer A. Lenze, Esq., CA Bar No. 246858
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com
Attorney for Plaintiff

Brooke F. Cohen, Esq., TX Bar No. 24007019
Andrea S. Hirsch, Esq., GA Bar No. 666557
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, TAMI SIMS, CHRISTIANA LUNDY, and JANE DOE 3,<br><br>    Plaintiffs,<br>      v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVIS S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br>    Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION** |

1

## I. INTRODUCTION

Defendant Sanford's Motion for a Protective Order not only mischaracterizes the facts surrounding the discovery at issue[1], including the lack of text messages between multiple individuals in the Requests—in what is a likely underproduction, but he also moves for a Protective Order without meeting his burden of demonstrating the discovery should be prohibited—instead erroneously placing the burden on the Plaintiffs and asserting irrelevant privacy concerns. First, there is a Protective Order [Dkt. 151] in place rendering, (as well as an ESI Order in place in this litigation, agreed upon by all counsel per the October discovery hearing and to be filed by Counsel for Defendants eXp and Sanford[2]). Second, more critically, Defendant Sanford improperly asserts Plaintiffs are requesting *their own* ESI vendors perform the imaging, when in actuality, Plaintiffs are merely requesting a proper search be conducted by Sanford's counsel (or his ESI vendors) in compliance with the ESI Order. This request is based on a record of evidence impeaching the integrity of Defendant Sanford's self-collection search methodology.

In short, Plaintiffs oppose the foregoing motion on the grounds that there is substantial evidence indicating that Defendant Glenn Sanford *did not* do an adequate self-collection of responsive information from the ESI source at issue—his cell phone; he regularly conducts business communications via text messages on his personal cell phone; discusses the issues relevant to this lawsuit via text message; and Plaintiffs have a right to request and receive discovery of information from this ESI source. Plaintiffs

---

[1] It bears mentioning that Defendant Sanford critically mischaracterizes the allegations against him. See Defendant's Motion for a Protective Order at Page 1. The claims against Defendant Sanford are for a violation of the TVPRA, 18 U.S.C. §1595: That Defendant "(1) knowingly benefited, financially or by receiving anything of value; (2) from participating in a venture, (3) that the "person knew or should have known has engaged in an act in violation of [the TVPRA], Negligent Hiring, Retention, and Supervision; and Intentional Infliction of Emotional Distress. See Plaintiffs' Second Amended Complaint [Dkt. 165].

[2] Counsel for eXp has failed to file the ESI protocol despite agreeing to do so after the last discovery conference with the Magistrate.

2

**PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION**

seek a court order requiring a cellphone collection with an ESI tool to review and to extract properly (per the ESI Order) responsive information from Defendant Sanford's phone. Defendant Sanford's phone, the ESI source in question, contains communications that are both relevant and responsive to Plaintiffs' requests, as they pertain to the allegations against all Defendants, proportional to the needs of the case, and there are no legitimate privacy concerns (Plaintiffs are not asking for a forensic image of Mr. Sanford's phone). *See*, footnote 1, *supra*.

## II.   BACKGROUND

eXp is a cloud-based multi-level marketing real estate company that is publicly traded on the NASDAQ. [Dkt. 165 at ¶18]. The allegations against Defendant Sanford sound in violations of the TVPRA, beneficiary liability, 18 U.S.C. §1595: That Defendant "(1) knowingly benefited, financially or by receiving anything of value; (2) from participating in a venture, (3) that the "person knew or should have known has engaged in an act in violation of [the TVPRA], Negligent Hiring, Retention, and Supervision; and Intentional Infliction of Emotional Distress. *See* Plaintiffs' Second Amended Complaint [Dkt. 165, Count III, Count X, and Count XII].

On March 27, 2024, Plaintiffs propounded their First Set of Requests for Production to Glenn Sanford. *See*, Defendant's Motion for Protective Order at Page 2. Plaintiffs sought communications between a number of individuals (including the company which is defined in the RFPs) and Defendant Sanford related to the allegations and defenses in the Second Amended Complaint. The requested communications which included, but were not limited to, discussions regarding Defendant Bjorkman and Defendant Golden's ability to participate in Revenue Share after September 18, 2020; payments made to the aforementioned; and the termination of the aforementioned; as well as all documents and communications related to requests for Sponsor changes or denials to requests for Sponsor changes related to Noelle Nielsen or any of the Plaintiffs in this lawsuit. *See*, Declaration of Jennifer A. Lenze, hereinafter "Lenze Dec." at Paragraph 1.

3

PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION

On June 13, 2024, counsel for Defendant Sanford produced thirty-two pages of text messages. *See* Lenze Dec at Paragraph 2. On November 1, 2024, Defendant Sanford was ordered to serve supplemental responses and file a Protective Order if Defendant was withholding documents. [Dkt. 196]. For months, at least since July of 2024, counsel for Plaintiffs and counsel for Defendant Sanford have been discussing ESI sources and the production of Defendant Sanford's custodial file. *See*, Lenze Dec at Paragraph 3.

As of last week, Plaintiffs' counsel confirmed that Defendant's Sanford's email files would be produced by the end of November, but Counsel for Defendant Sanford has yet to "pull" Defendant Sanford's Facebook Workplace chats despite the parties discussions surrounding that ESI source that have been ongoing since the commencement of discovery, more than seven (7) months ago. *Id.*

### III. ARGUMENT

#### A. Legal Authority

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> Any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) Relevant information "need not be admissible in evidence to be discoverable." *Id.*

Pursuant to Rule 26, courts may upon a showing of good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Generally, a party seeking a protective order has a 'heavy burden' to show why discovery should be denied ...."*Sequoia Prop. & Equip. Ltd. P'ship v. United States*, 203 F.R.D. 447, 451 (E.D. Cal. 2001).

PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION

A party responding to a discovery request must provide all responsive information in that party's "possession, custody, or control." Fed. R. Civ. P. 4(a)(1). "'Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery. Based on that inquiry, a party responding to a request for production 'is under an affirmative duty to seek that information reasonably available' to it and make an appropriate production of responsive documents.'" *Hartline v. Nat'l Univ.*, 2018 WL 1014611, at *3 (E.D. Cal. Feb. 22, 2018) (citations omitted); *see Kaur v. Alameida*, 2007 WL 1449723, *2 (E.D. Cal. May 15, 2007) (ordering defendants to conduct additional research for responsive documents and reminding defendants and counsel "of their duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents").

The responding party "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (internal quotation marks and citations omitted); *see Lopez v. Florez*, 2013 WL 1151948, * 2 (E.D. Cal. March 19, 2013) ("A responding party has an affirmative duty to reasonably seek information requested under Rule 34(a) from its agents or others under its control.") (*citing Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007)). "A party is deemed to have control over documents if he or she has a legal right to obtain them." *Giurbino*, 288 F.R.D. at 485 (citations omitted). The responding party must "make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id.* (citations and internal quotation marks omitted). Fed. R. Civ. P. 26(g), Advisory Committee Notes (1993) (citations omitted). Rule 26(g) requires counsel to be "proactive in ensuring that his clients are conducting thorough and appropriate document searches, especially in light of

obvious gaps and underproduction." *Logtale, Ltd. v. IKOR, Inc.*, 2013 WL 3967750, at *2 (N.D. Cal. 2013).

Under such circumstances, it is not enough for counsel to simply give instructions to his clients and count on them to fulfill their discovery obligations. The Federal Rules of Civil Procedure place an affirmative obligation on an attorney to ensure that a client's search for responsive documents and information is complete. As the Advisory Committee's Note to Rule 26(g) states, "[t]he duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Therefore, where ... counsel notices obvious "gaps in the production" of documents by his clients, he is obligated to make a reasonable inquiry as to the thoroughness of that search. *Id.* (citations omitted).

Defendant Sanford's text messages contain critical information about the allegations contained in the Second Amended Complaint and his defenses in this case. This request for a proper search of an ESI Source is grounded in the principles of relevance and proportionality under the Federal Rules of Civil Procedure, which allow for broad discovery of electronically stored information (ESI) when it is pertinent to the claims or defenses in a case. Fed.R.Civ.P. 34 and Fed.R.Civ.P. 26(b)(1).

**A. Discovery Sought is Relevant to the Party's Claims**

Plaintiffs have obtained evidence showing that Defendant Sanford has engaged in business communications via text messages with Defendant Bjorkman and Defendant Golden. *See,* Lenze Dec. at Paragraphs 2 and 3. Not only do the documents produced by Defendant Bjorkman show that Defendant Sanford utilized text messaging to conduct business, discuss issues related to the sexual assault charges, and discuss Defendant Bjorkman's payout of revenue shares, but it is clear from the productions of multiple Defendants that Defendant Sanford utilizes his phone to conduct business.

The information sought revolves not only around the accusations of sexual misconduct relating to eXp's Agents and Defendants', including Defendant Sanford's,

6

PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION

complicit actions in rewarding the accused with accelerated vesting and continued payment of revenue shares after offboarding an agent, but also includes Negligent Training, Hiring, Retention and Intentional Infliction of Emotional Distress which includes much broader allegations including the systematic treatment of ignoring sexual assault and related claims as asserted in the Second Amended Complaint. Plaintiffs thus seek Defendant Sanford's relevant cell phone data with all of the specified individuals. These "Communications" are defined in the RFP as "...*any oral, written, spoken or electronic transmission of information, including meetings, discussions, conversations, Workplace Chat, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between yourselves or between you and any other person or entity*." The Requests from these individuals who are critical witnesses in the case are directly relevant to the claims in this case.

Defendant Sanford engaged in text messaging with Defendants Golden, Bjorkman and others, to discuss issues related to the sexual assault charges at hand, as well as the payout of revenue shares to Defendants Bjorkman and Golden, giving his support, despite the allegations against them. See, Lenze Dec. at Paragraph 3. These communications are directly relevant to the Plaintiffs' claims, as they involve allegations of misconduct and the knowledge thereof by eXp and its executives.

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, and under that Rule, relevance is defined broadly. *See Snipes v. United States*, 334 F.R.D. 548, 550 (N.D. Cal. 2020); *Laub v. Horbaczewski*, 331 F.R.D. 516, 522 (C.D. Cal 2019) (courts consistently hold that discovery should be broad and inclusive, especially when it pertains to potentially crucial evidence).

7

PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION

## B. Proportionality and Privacy Concerns

Defendant Sanford's Proportionality argument is a nonstarter. First, this case involves the sexual assault of multiple women and claims under the TVPRA beneficiary statute. This is far from a small claim. Defendant eXp is a multi-million-dollar company that puts profits over the protection of its Agents and others. Defendant Sanford only asserts snippets of allegations against him and has shown no evidence of how Plaintiffs' simple request for a proper search of his phone is disproportionate to the needs of the case. *See*, Defendant's Motion at Page 7. Defendant has simply not met his burden. *See. Blankenship v. Hearst,* 519 F.2d 418, 429 (9th Cir. 1975) (A party seeking to limit discovery has a "heavy burden" of showing why discovery should be limited).

Further, Defendant Sanford's production of screen shots of text messages are insufficient because screen shots do not capture metadata, such as timestamps, sender and recipient information, or any deleted messages. Metadata is crucial for establishing the context and authenticity of communications—and agreed to by the parties in the form of production by the ESI Order (to be filed by counsel for Defendant Sanford). The insufficiency of screen shots necessitates the use of an ESI tool to facilitate the search of Defendant Sanford's cell phone to ensure that all relevant information is preserved and produced. *See*, Declaration of Chad Roberts at Paragraphs 1-7. Courts have recognized the importance of forensic imaging in cases where there is a reasonable basis to believe that relevant information may not have been fully disclosed. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 314 F. Supp. 3d 931, 939 (N.D. Ill. 2018) (court permitted forensic imaging to validate discovery compliance, particularly where the responding party controls the device in question).

Here, Plaintiffs are not seeking a forensic imaging of Defendant's phone, but instead a proper search of this ESI Source utilizing ESI search methodology. *See*, Declaration of Chad Roberts. While Defendants argue that a "forensic" examination of Mr. Sanford's cell phone is intrusive, courts have recognized that privacy concerns can

8

PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION

be balanced against the need for discovery. *See Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.ZD. Cal. 2012). Regarding the discovery of cell phone data, the Supreme Court has acknowledged that there are situations where relevant information can outweigh privacy concerns, essentially requiring a balancing test between privacy and the need for evidence. *See Riley v. California*, 573 U.S. 373 (2014); *Peck v. Cty. Of Orange*, 2020 U.S. Dist. LEXIS 138505, 2020 WL 4353687, at *2 (C.D. Cal. Apr. 24, 2020); *Carter v. Telecare Corp.*, 2019 U.S. Dist. LEXIS 215168, 2019 WL 6711688, at *3 (finding sufficient reason to demonstrate that the requested documents are relevant to the parties' claims or defenses). Given that Defendant Sanford has used his cell phone to conduct business and has communicated about this case in his personal text messages, the balance is in favor of Plaintiffs.

Moreover, in this case, a protective order is already in place, which ensures that any private or sensitive information obtained through forensic imaging will be protected and used solely for the purposes of this litigation. *See Stallworth,* 288 F.R.D. at 444. In addition, none of the privileged, private, irrelevant information will be known or discoverable by Plaintiffs. Courts have allowed such discovery when safeguards are in place ensuring that relevant evidence is available for litigation. *See Antioch Co. v. Scrapbook Borders, Inc.* 210 F.R.D. 645 (D.Minn.2002).

### C. Necessity of Forensic Imaging

"Forensic" examination as opposed to a complete imaging of Defendant Sanford's cell phone is crucial to ensure the integrity and completeness of the discovery process in this case. There appears to be incomplete and selective production of text messages by Defendant Sanford seen through seemingly partial production of conversations. This necessitates a comprehensive approach to electronic discovery. Given the serious allegations against Defendant Sanford who controls eXp, text messages regarding his decisions, intentions, and/or conclusions on the allegations set forth in Plaintiffs' Second Amended Complaint, as well as his knowledge of the assaults of eXp agents and the

9

PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION

supposed investigations made within eXp of such activities and assaults, are crucial to this case. Defendant Sanford's argument that his text messages have been produced through screen shots, fails to ensure that all relevant data has been disclosed. Courts routinely permit forensic imaging to validate discovery compliance, particularly where the responding party controls the device in question. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 314 F. Supp. 3d 931, 939 (N.D. Ill. 2018).

"Forensic" imaging is a well-established method in electronic discovery that allows for the preservation and examination of data in its entirety. This process ensures that metadata and other potentially relevant information, which might not be visible in standard document production, are preserved and available for review. The importance of preserving metadata and other potentially relevant information that might not be visible in standard document production is crucial in this case, especially when metadata can provide crucial context and authenticity to electronic communications. *See Playboy Enterprises, Inc. v. Welles.* 279 F.3d 796 (9th Cir. 2002); *Northwest Airlines, Inc. v. Local Int'l Brhd. of Teamsters*, 163 F.3d 901 (4th Cir. 1998); *Simon Prop. Grp., L.P., v. MySimon, Inc.,* 282 F.3d 986 (7th Cir. 2002); *Zubulake v. UBS Warburg, LLC,* 217 F.R.D. 309 (S.D.N.Y. 2003) (stating that forensic imaging is an essential step in cases where there is a reasonable basis to believe that relevant information may not have been fully disclosed). Courts have recognized the importance of even forensic imaging in cases where there is a reasonable basis to believe that relevant information may not have been fully disclosed. *See John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) (noting that skepticism about an opposing party's production can justify forensic imaging). Although extracting relevant data from cell phones is relatively new, Courts have approved similar measures in cases where the relevance of the information sought outweighs the privacy interests of the party resisting discovery, especially when protective measures are in place, such as a protective order. *See Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 WL 413242, at *3 (S.D. Ind. Jan. 31, 2017) (the court recognized the

10

PLAINTIFFS' OPPOSITION TO DEFENDANT SANFORD'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE PRODUCTION OF GLENN SANFORD'S CELL PHONE FOR FORENSIC EXAMINATION

necessity of forensic imaging when there is a reasonable basis to believe that relevant information may not have been produced.); *Henson v. Turn, Inc.,* No. 15-cv-01497-JSW, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) ( the court allowed forensic examination with protective measures to ensure privacy, highlighting the balance between discovery needs and privacy concerns).

Defendant's motion makes clear that undersigned counsel was not aware of all the specific efforts made by his client, and it is clear from meet and confers that counsel did not supervise those efforts. Federal Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rule 26 through 37. *See* Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 26(g). "A party's discovery obligations also include the duty to use reasonable efforts to locate and produce ESI responsive to the opposing party's requests and within the scope of discovery. To enforce these responsibilities, the attorney's signature on discovery response "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information…responsive to the discovery demand and has made 'reasonable inquiry into the factual basis of his response." The Sedona Conference Working Group on Electronic Document Production, The Sedona Principles: best Practices Recommendations & Principles for Addressing Electronic Document Production ("The Sedona Principles") p. 119 (3d. ed 2018). "Applicable case law informs that "self-collection by a layperson of information on electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted." *In re Abilify Prod. Liab. Litig.* No. 3:16-MD-2734, 2017 WL 9249652.

Given the incomplete production and the serious nature of the allegations, forensic examination is necessary. Forensic examination being defined by Mr. Roberts in support of this Opposition. *See,* Declaration of Chad Roberts. Plaintiffs assert more than mere skepticism about Defendant Sanford's failure to properly and to fully produce relevant data regarding the allegations in this case. Defendant Sanford in his motion to preclude

a forensic examination has unequivocally stated that he "does not regularly communicate substantively via text messages" which is clearly contradicted by the data produced by his own production and by other Defendants in this case. Plaintiffs' well-founded skepticism justifies the use of forensic imaging. *See Frazier v. Southeast Georgia Health System,* No. 2:21-CV-21, (S.D. Ga. Sept. 22, 2021) (ordering forensic examination when there was something beyond mere suspicion to suggest an examination would turn up relevant data).

### D. Use of a Third-Party Vendor

Further, Defendant Sanford's privacy concerns are not at issue as Plaintiffs' merely request a proper search by Defendant Sanford's own ESI vendor. This approach is designed to mitigate privacy concerns while ensuring that all relevant communications are identified and preserved. Courts have approved similar measures in cases where the relevance of the information sought outweighs the privacy interests of the party resisting discovery. *See Henson* at *5 (allowing forensic examination with protective measures to ensure privacy); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 652 (D. Minn. 2002) (granting forensic imaging where there was a showing that the data in question could be relevant to movant's claim and allowed a third-party vendor to conduct a limited forensic examination to ensure the integrity of the discovery process). Further. Defendant's argument fails because privacy is not an issue given the protective order already in place. *See Riley.*

### IV. CONCLUSION

Plaintiffs have not asked Defendant Sanford to handover his phone willy-nilly. Plaintiffs merely are asking Defendant Sanford to use his own already retained ESI vendor to search the text messages on his phone as well as his cloud storage for responsive communications, as Plaintiffs are doing through their ESI vendor. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Sanford's Motion

for Protective Order to Preclude the Production of Glenn Sanford's Cell Phone for Forensic Examination.

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019
Andrea S. Hirsch, GA 666557
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of email this 19th day of November 2024.

<u>/s/ Andrea S Hirsch</u>
Andrea S Hirsch