Jennifer A. Lenze, Esq., CA Bar No. 246858
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com
Attorney for Plaintiff

Brooke F. Cohen, Esq., TX Bar No. 24007019
Andrea S. Hirsch, Esq., GA Bar No. 666557
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, TAMI SIMS, CHRISTIANA LUNDY, and JANE DOE 3,<br><br>Plaintiffs,<br>v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVIS S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br>Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDUING ORDER** |

## I. INTRODUCTION

Plaintiffs, respectfully submit this *Ex Parte* Application ("Application") for an order modifying the scheduling orders in this action (Scheduling and Case Management Order, Dkt. 198, 197)[1]. The Parties submit this Application via the *ex parte* process because the fact discovery cut-off is February 5, 2025 and the Parties believe additional fact discovery is critical and necessary to prepare this complex case for trial.

As the Court is aware, this is a complex lawsuit involving four (4) Plaintiffs and six (6) Defendants. Significant to the instant application, eXp Realty, LLC is a cloud based company with multiple ESI sources of discovery. Further, a number of counsel involved must individually appear on behalf of their client which has impacted the ease in which depositions are scheduled amongst no less than seven (7) counsel plus witnesses.

The Parties have diligently pursued discovery, engaged in multiple meet and confer efforts regarding ongoing discovery disputes, and attended hearings before the Magistrate Judge related to multiple discovery disputes to date. Nevertheless, the Parties agree (*less* Defendant Golden, *see* footnote one(1)) that the scope and complexity of this case necessitates additional time to conduct additional fact and expert discovery, efficiently resolve future discovery disputes, mediate in front of an agreed upon mediator, and adequately prepare for this matter for trial. The Plaintiffs respectfully request that the Court modify the current Scheduling Order as set forth in the [Proposed] Order Modifying Scheduling Order filed herewith.

---

[1] As of the date of this filing, Plaintiffs understand that all Parties are in agreement with this ex parte Application to Modify the Scheduling Order with the exception of Defendant David Golden. *See*, Declaration of Jennifer A. Lenze at Paragraph 2, attached hereto.

## II. PROCEDURAL HISTORY

Plaintiffs filed their initial complaint on February 22, 2023 (Dkt. 1) and their First Amended Complaint on March 23, 2023 (Dkt. 28). Defendants Glenn Sanford, eXp Realty, LLC, and eXp World Holdings, Inc. filed their Motion to Dismiss on April 11, 2023 (Dkt. 41); Defendant Brent Gove filed his Motion to Dismiss on May 26, 2023 (Dkt. 63); Defendant Bjorkman filed his Motion to Dismiss on June 27, 2023 (Dkt. 77); and on July 11, 2023 by Defendant Golden July 11, 2023 (Dkt. 88). The Court ruled on the Motions to Dismiss on January 29, 2024 (Dkt. 163). Plaintiffs' filed their Second Amended Complaint on February 28, 2024 (Dkt. 165) and Defendants filed their Answers in March of 2024 (Dkt. 173, Dkt. 174, Dkt. 175, Dkt. 188).

The Court's initial Scheduling and Case Management Order was entered on November 14, 2023 (Dkt. 142) with a discovery cut-off of June 7, 2024. On March 4, 2024, the Parties filed a Joint Stipulation for an Order to Modify the Scheduling Order which was granted by the Court on March 7, 2024 moving the discovery cut-off to December 6, 2024 (Dkt, 168, 171). On October 16, 2024 the Parties filed a second stipulation to Modify Scheduling Order (Dkt. 197). The Order Modifying the Scheduling Order was entered on October 22, 2024 moving the discovery cut-off to February 5, 2025.

Pursuant to Local Rule 7-19.1 the Parties met and conferred about modifying the current Scheduling Order. All counsel were in agreement with the exception of counsel for Defendant Golden who could not consent based on an ongoing Declaratory Judgment action.

## III. LEGAL STANDARD

A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The most important factor in determining whether to modify a scheduling order is whether the party seeking the modification diligently worked to meet the initial

deadline. *See* Federal Rules of Civil Procedure Rule 16 Advisory Committee Notes (1983) amendment); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); see also *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson* and holding that while the court may take into account prejudice, the primary consideration is diligence). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citations omitted). As explained, *infra*, the Parties have diligently engaged in discovery (and attempted to diligently engage in discovery), but despite their best efforts, due in large part to the volume of discovery and counsel's trial schedules, they simply cannot properly prepare this complex matter for trial within the deadlines set forth in the Scheduling Order.

### IV.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Good cause exists for modification of the Scheduling Order. *E.g., Kuschner v. Nationwide Credit, Inc.,* 256, F.R.D. 684, 687 (E.D. Cal. 2009) (finding good cause when the moving party was unable to meet deadlines due to matters unforeseen at the time of the issuance of the scheduling order and when the party was diligent in seeking a modification once it became apparent that the party could not comply with the scheduling order). The current Scheduling Order was issued on October 22, 2024 (Dkt. 198). At the time of that Stipulation it was anticipated that the Parties would have ample time to finish fact discovery in this matter in the three months that followed. At the beginning of November in a meet and confer related to scheduling, the fact that a February deadline would not suffice crystalized and during the second full week of November it became clear that Defendant Golden would not agree to a stipulation to modify the Scheduling Order.

Following the issuance of the current deadlines and the negotiated

stipulation related to the same, the significant issues that have arisen to impede the current schedule are as follows:

First, Counsel for Defendant Bjorkman's and Defendant Golden's counsel had trials proceed creating difficulty in the scheduling of depositions for the months of November and December.[2] *See* Declaration of Jennifer A. Lenze, hereinafter "Lenze Dec." at paragraph 1, submitted herewith. As the disclosures of all Parties suggest, there are significant witnesses to be deposed in this action—both Party witnesses, including company witnesses, and third parties. The Parties have been diligent in working to schedule those depositions given the amount of counsel to coordinate with per the Deposition Protocol.

Thus far, five (5) depositions have been taken in this action. *See*, Lenze Dec. at Paragraph 3. This includes two (partial) 30(b)(6) depositions relating to complaint handling and corporate structure (to be concluded and is noticed for December 16th, 2024 which is the only available date of all counsel in December); one of a former Board member of eXp World Holdings, Inc.; and two (2) third party witnesses. *See*, Lenze Dec. at Paragraph 3. Plaintiff had noticed three (3) additional Party depositions (Defendant Gove, Defendant Sanford, and Defendant Golden) in November but delayed them due to the discovery of documents related to the same. *See*, Lenze Dec. at Paragraph 4. Defendant eXp has likewise (unilaterally) noticed additional depositions that have been moved due to scheduling conflicts.

The Parties are working diligently with regular meet and confers on both deposition scheduling and discovery issues. *See*, Lenze Dec. at 5. Counsel have exchanged dates for January and are working cooperatively to fill in all available dates. *Id*.

---

[2] Per the Discovery Protocol the Parties exchange available dates two months in advance.

Secondly, Defendant Golden produced the entirety of his cell phone which represents hundreds of thousands documents to review. *See*, Lenze Dec. at 6. This hard copy was produced by the Las Vegas Police Department who produced it via hard copy to Defendant Golden who in turn provided the hard drive to Plaintiff.

Critically, there is discovery in the form of production that remains in the form of custodial files in eXp's control including but not limited to email and Facebook Workplace chats. *See*, Lenze Dec. at 7. Counsel for eXp has confirmed only the emails of one deponent (Defendant Sanford) has been "pulled" for review and production of those emails will be at the end of November. *See*, Lenze Dec. at 7. Counsel for eXp and Sanford confirmed that they are working with their ESI vendors on the Facebook workplace chat production but it has not yet been pulled. Plaintiffs have requested multiple custodial files in advance of those depositions and are continuing to meet and confer on the remainder of the custodial files. *Id*.

Despite the Parties' best efforts, they simply cannot properly prepare this complex matter for trial within the deadlines set forth in the Court's scheduling orders. In light of the current state of discovery, the ongoing document productions, the likelihood that the Parties may need to file additional discovery motions, and complex issues concerning causation and damages, the parties believe that an approximately 90 day extension is necessary to properly prepare this case for trial. *See*, Lenze Dec. at 8. The amended schedule, attached hereto as Exhibit A extends all case deadlines by approximately ninety (90) days to allow time for necessary fact and expert discovery, including depositions and preparation of expert reports, and also to ensure that trial in this matter will not overlap with trials in other matters.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court

1 | modify the current Scheduling Order.

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019
Andrea S. Hirsch, GA 666557
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiffs

**PLAINTIFFS' EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of email this 22nd day of November 2024.

/s/ Jennifer Lenze
Jennifer Lenze