UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV-23-01304-AB (AGRx) | Date: January 3, 2025 |
| Title  Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al. | |

Present: The Honorable: Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers)  ORDER RE:  COURT'S *IN CAMERA* REVIEW OF COMPLIANCE MINUTES  (Dkt. Nos. 211, 213)**

At the discovery conference on December 3, 2024, Plaintiffs sought to compel the production of unredacted Compliance Committee Meeting Minutes produced by Defendant eXp Realty, LLC ("eXp").  (Dkt. No. 211.)

Pursuant to the Order dated December 3, 2024 (Dkt. No. 213), eXp submitted to the court on December 20, 2024 (1) a privilege log of redactions of Compliance Committee Meeting Minutes that it produced in discovery; and (2) redacted and unredacted versions of the 16 documents at issue for the court's *in camera* review.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-01304-AB (AGRx)                                         Date: January 3, 2025

Title   Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

When, as here, a lawsuit raises both federal and state claims, the federal common law applies. Fed. R. Evid. 501; *Agster v. Maricopa Cty.*, 422 F.3d 836, 839-40 (9th Cir. 2005). Although there is no federal common law privilege akin to the right of privacy, "[f]ederal courts ordinarily recognize a constitutionally based right of privacy that can be raised in response to discovery requests." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). "'Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted.'" *Keith H.*, 228 F.R.D. at 657 (citation omitted). Privacy issues can be addressed by redaction. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

The court has conducted an *in camera* review.

Plaintiffs' motion to compel production of Log Entries #1, #2, and #3 is DENIED. The subject matter of the redactions is different from the subject matter of the unredacted portion of the Compliance Committee Meeting Minutes. The redactions relate to third parties and to a subject matter that is different from, and not relevant to, any claim or defense in this action so far as the court is aware after numerous discovery conferences in this case. Fed. R. Civ. P. 26(b)(1). For this reason, the redacted material in Log Entries #1, #2, and #3 is also not proportional, i.e., not important or even relevant to resolution of the issues in this case. The court has considered that one of the redacted matters in Log Entry #2 involves an alleged threat from one agent to another; however, the court upholds the redaction because the threat stems from a money dispute between two agents unrelated to revenue share or other income as an agent. The court concludes that the redactions in Log Entry #2 are not proportional, i.e., not important or even relevant to resolution of the issues in this case.

The remaining Log Entries #4-#16 involve complaints of sexual harassment in whole or in part. The court makes the following rulings without prejudice to the right of any party to file a motion or ex parte application that addresses the balancing test applicable to privacy objections in response to discovery requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                        Date: January 3, 2025

Title     Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

Plaintiffs' motion to compel production of Log Entry #4 is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.  Log Entry #4 involves a complaint of sexual harassment.  eXp produced the substance of the complaint and investigation, but redacted the name of the complainant, the name of the accused, the name of a third party company, and the outcome.  Plaintiff's motion to compel is granted to the extent that eXp shall unredact the portion under "Meeting Minutes" (bates stamped 2eXp_003533) other than the name of the accused, which may remain redacted.  With the name of the accused redacted, Plaintiffs' need for information about the outcome of the complaint outweighs any privacy rights.  Otherwise, according to the minutes, the complainant expressly requested anonymity and the remainder of the discussion involves the accused's alleged conduct while working for a third party, not eXp.  Plaintiffs may file a motion or ex parte application to compel production of the redacted information in which they address the balancing test and explain their need for the identities of the complainant, the accused or the third party company, or how their need for this information outweighs the privacy rights of these individuals and third party entity.

Plaintiffs' motion to compel production of Log Entry #5 is DENIED WITHOUT PREJUDICE as to Item No. 1 and DENIED as to Item Nos. 2-5.  As with Log Entries #1-#3, the redactions of Item Nos. 2-5 on Log Entry #5 relate to third parties and to a subject matter that is different from, and not relevant to, any claim or defense in this action so far as the court is aware after numerous discovery conferences in this case.  Fed. R. Civ. P. 26(b)(1).  For this reason, the redacted material in Item Nos. 2-5 in Log Entry #5 is also not proportional, i.e., not important or even relevant to resolution of the issues in this case.  The redacted material in Item No. 1 in Log Entry #5 raises the same issues as Log Entry #4 and Plaintiffs' motion is denied without prejudice to Plaintiffs' ability to make the showing described above.

Plaintiffs' motion to compel production of Log Entries #6, #7, #8, and #11 is DENIED WITHOUT PREJUDICE for the same reasons and on the basis as Log Entry #4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                      Date: January 3, 2025

Title     Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

      Plaintiffs' motion to compel production of Log Entry #9 is GRANTED IN PART and DENIED WITHOUT PREJUDICE as to Item No. 3 and DENIED as to Item Nos. 1 and 2.  As with Log Entries #1-#3, the redactions of Item Nos. 1-2 on Log Entry #9 relate to third parties and to a subject matter that is different from, and not relevant to, any claim or defense in this action so far as the court is aware after numerous discovery conferences in this case.  Fed. R. Civ. P. 26(b)(1).  For this reason, the redacted material in Item Nos. 1-2 in Log Entry #9 is also not proportional, i.e., not important or even relevant to resolution of the issues in this case.  The redacted material in Item No. 3 in Log Entry #9 raises the same issues as Log Entry #4 and Plaintiffs' motion is denied without prejudice to Plaintiffs' ability to make the showing described above with the following exception:  eXp shall unredact the line "Meeting Minutes" on bates stamp number 2eXp_00392 and unredact Item No. 3 under "Meeting Minutes" on bates stamp number 2eXp_00393 except for the name of the accused (which may remain redacted).

      Plaintiffs' motion to compel production of Log Entry #10 is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.  eXp's redactions of Item No. 1 in Log Entry #10 appear to be in error.  eXp shall redact Item No. 1 along the same lines as it redacted Log Entry #6.  Once conformed in this manner, the redactions in Log Entry #10 will raise the same issue as Log Entry #4 and Plaintiffs' motion is denied without prejudice to Plaintiffs' ability to make the showing described above.

      Plaintiffs' motion to compel production of Log Entry #12 is DENIED WITHOUT PREJUDICE.  The redacted material raises the same issues as Log Entry #4 and Plaintiffs' motion is denied without prejudice to Plaintiffs' ability to make the showing described above.  In addition, the court notes that eXp has redacted lines regarding the difference between leadership of the team and revenue share position.  If Plaintiffs believe this issue is relevant to a claim or defense in this case, Plaintiffs may include that showing in any motion or ex parte application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                  Date: January 3, 2025

Title     Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

       Plaintiffs' motion to compel production of Log Entry #13 is DENIED WITHOUT PREJUDICE as to Item No. 1 and DENIED as to Item No. 2.  As with Log Entries #1-#3, the redactions of Item No. 2 on Log Entry #13 relate to third parties and to a subject matter that is different from, and not relevant to, any claim or defense in this action so far as the court is aware after numerous discovery conferences in this case.  Fed. R. Civ. P. 26(b)(1).  For this reason, the redacted material in Item No. 2 in Log Entry #13 is also not proportional, i.e., not important or even relevant to resolution of the issues in this case.  The redacted material in Item No. 1 in Log Entry #13 raises the same issues as Log Entry #4 and Plaintiffs' motion is denied without prejudice to Plaintiffs' ability to make the showing described above.

       Plaintiffs' motion to compel production of Log Entry #14 is DENIED WITHOUT PREJUDICE as to Item No. 1 and DENIED as to Item No. 2.  As with Log Entries #1-#3, the redactions of Item No. 2 on Log Entry #14 relate to third parties and to a subject matter that is different from, and not relevant to, any claim or defense in this action so far as the court is aware after numerous discovery conferences in this case.  Fed. R. Civ. P. 26(b)(1).  For this reason, the redacted material in Item No. 2 in Log Entry #14 is also not proportional, i.e., not important or even relevant to resolution of the issues in this case.  The redacted material in Item No. 1 in Log Entry #14 raises the same issues as Log Entry #4 and Plaintiffs' motion is denied without prejudice to Plaintiffs' ability to make the showing described above.

       Plaintiffs' motion to compel production of Log Entry #15 is DENIED.  As with Log Entries #1-#3, the redactions in Log Entry #15 relate to third parties and to a subject matter that is different from, and not relevant to, any claim or defense in this action so far as the court is aware after numerous discovery conferences in this case.  Fed. R. Civ. P. 26(b)(1).  For this reason, the redacted material in Log Entry #15 is also not proportional, i.e., not important or even relevant to resolution of the issues in this case.

       Plaintiffs' motion to compel production of Log Entry #16 is DENIED.  As with Log Entries #1-#3, the redactions in Log Entry #16 relate to third parties and to a subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                              Date: January 3, 2025

Title       Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

matter that is different from, and not relevant to, any claim or defense in this action so far as the court is aware after numerous discovery conferences in this case. Fed. R. Civ. P. 26(b)(1). For this reason, the redacted material in Log Entry #16 is also not proportional, i.e., not important or even relevant to resolution of the issues in this case.

     Accordingly, IT IS ORDERED that, by January 10, 2025 or another date mutually agreed by counsel, eXp shall produce the following:

1. Log Entry #4:  unredact the portion under "Meeting Minutes" (bates stamped 2eXp_003533) other than the name of the accused, which may remain redacted.

2. Log Entry #9:  For Item No. 3 in Log Entry #9, eXp shall unredact the line "Meeting Minutes" on bates stamp number 2eXp_00392 and unredact Item No. 3 under "Meeting Minutes" on bates stamp number 2eXp_00393 except for the name of the accused, which may remain redacted.

3. Log Entry #10:  eXp shall redact Item No. 1 along the same lines as it redacted Log Entry #6.

     IT IS FURTHER ORDERED that Plaintiffs' motion to compel is DENIED WITHOUT PREJUDICE as to Log Entry #4; Item No. 1 in Log Entry #5; Log Entry #6; Log Entry #7; Log Entry #8; Item No. 3 in Log Entry #9; Log Entry #10; Log Entry #11; Log Entry #12; Item No. 1 in Log Entry #13; and Item No. 1 in Log Entry #14. This order is without prejudice to Plaintiffs' ability to file a motion or ex parte application to compel production of the redacted information in which they address the balancing test and explain their need for the identities of the complainant, the accused or third party company (as applicable), or how their need for this information outweighs the privacy rights of these individuals and/or third party entity.

     IT IS FURTHER ORDERED that, in all other respects, Plaintiffs' motion to compel is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV-23-01304-AB (AGRx) | Date: January 3, 2025 |
| Title | Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al. | |

**Initials of Preparer**  kl