WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
  E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**THE eXp DEFENDANTS'** *EX PARTE* **APPLICATION TO MODIFY THE SCHEDULING ORDER**<br><br>Trial Date:      September 18, 2025 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants eXp Realty, LLC, eXp World Holdings, Inc. and Glenn Sanford (collectively "eXp") hereby apply, ex parte, pursuant to Local Rule 7-10 for an order to modify the Scheduling Order.  eXp submits this ex parte application on the grounds that fact discovery cut-off is May 6, 2025.  The parties continue to coordinate the completion of both party depositions and third-party depositions.  Further, the parties continue to produce documents after having already produced in excess of 24,000 pages of documents.  While the parties are diligently working to conclude discovery. the current pace of depositions and the production of documents warrants a sixty (60) continuance of the discovery deadlines and a modification of the Scheduling Order.

Moreover, as the parties pursue oral discovery and the production of documents, they have also attended a mediation on January 27, 2025 before the Honorable Gail Andler (Ret.) with JAMS.  Additional sessions for mediation are scheduled for April 14 & 15, 2025.  As this court is aware, this matter involves four (4) Plaintiffs and six (6) defendants.  Coordination amongst trial counsel has been challenging and has impacted the availability for depositions to go forward.  Nevertheless, the parties have met and conferred and scheduled depositions in March and April.  With this said, the parties will need additional time to complete fact discovery and prepare for expert discovery.

All parties agree, but for Defendant David Golden, that the complexity of the case, the number of parties involved, the production of documents and the number of third-party witnesses, necessitates additional time to conduct fact discovery and expert discovery.  eXp therefore respectively requests that the court modify the current Scheduling Order as set forth in this application.

/ / /

/ / /



eXp seeks ex parte relief pursuant to this application, the memorandum of points and authorities, the Declaration of William E. Pallares and all pleadings on file.

Respectfully submitted,

DATED: March 19, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

eXp seeks ex parte relief to modify the current Scheduling Order to allow the parties sufficient time to complete fact discovery and prepare for expert discovery. As set forth below, the parties have been diligent in their efforts to complete fact discovery. Notwithstanding, the parties have engaged in significant discovery to date which includes ten (10) depositions and the production of over 24,000 pages of documents. Because of the complexity of the discovery in this matter, the parties anticipate an additional twenty (20) deposition which involves individuals throughout the country. eXp also intends to conduct independent mental examinations of the Plaintiffs as each and everyone of the Plaintiffs seeks damages related to emotional distress. As set forth below, two Plaintiffs reside in Florida with the remaining two residing in Tennessee and California.

Given the complexity of the issues and the multiple parties involved, eXp seeks, via an ex parte application, the modification of the Scheduling Order to continue the deadlines by sixty (60) days.

## 2. SUMMARY OF FACTS IN SUPPORT OF eXp'S EX PARTE TO MODIFY THE SCHEDULING ORDER

### A. Summary Of Relevant Procedural History

On February 22, 2023, Plaintiffs Fabiola Acevedo, Tami Sims, Chrissy Lundy and Megan Farrell-Nelson ("Plaintiffs") filed their Complaint alleging various claims for sex trafficking, sexual battery, civil battery, intentional/negligent infliction of emotional distress, negligent hiring/retention/supervision, and loss of consortium (for John Doe 1). See Dkt. No. 1. On March 23, 2023, Plaintiffs filed their First Amended Complaint wherein they named additional individual defendants. See Dkt. No. 28.

On or around April 13, 2023, defendants began to file their motions to dismiss. See Dkt. No. 40. On November 20, 2023, the court issued its Scheduling

Order, setting a trial date for October 22, 2024 with a June 7, 2024 discovery cut-off.  See Dkt. No. 142.  On January 29, 2024, the Court issued an order granting in part and denying in part the various motions to dismiss that defendants had filed.  Plaintiffs, on February 28, 2024, then filed their Second Amended Complaint.  See Dkt. No. 165.

On March 4, 2024, the parties filed their First Stipulation to Modify the Scheduling Order.  See Dkt. No. 168.  Pursuant to the parties' stipulation, the court issued a modified Scheduling Order, on March 7, 2024, continuing the trial date to April 21, 2025 with a December 7, 2024 discovery cut-off.  See Dkt. No. 171.  On October 16, 2024, the parties filed their Second Stipulation to Modify the Scheduling Order.  See Dkt. No. 197.  On October 22, 2024, the court issued an Order Modifying the Scheduling Order and setting a trial date for June 20, 2025 with a February 5, 2025 discovery cut-off.  See Dkt. No. 198.

On November 25, 2024, Plaintiffs filed an ex parte application to modify the scheduling order.  Only Defendant David Golden opposed.  See Dkt. No. 205.  On December 2, 2024, the court issued an order modifying the Scheduling Order, setting trial for September 18, 2025 with a May 6, 2025 discovery cutoff.  See Dkt. No. 214.

### B. Summary Of Relevant Discovery History

The parties have been working together to coordinate and conduct oral discovery in this matter.  On August 22, 2024, the parties conducted the deposition of eXp Realty, LLC's 30b6, Holly Mabery, via zoom on the topic of Corporate Structure.  (See Declaration of William E. Pallares ("Pallares") Decl. at ¶ 2.)  On August 27, 2024, the parties then conducted the deposition of eXp Realty, LLC's 30b6, Cory Haggard, at Salt Lake City, Utah on the topic of Complaint Handling.  (Pallares Decl. at ¶ 3.)

On October 18, 2024, the parties conducted the deposition of Felicia Johnette Gentry, a third-party witness, at City of Frisco, Texas.  (*Id.* at ¶ 4.)  On November 4,

2024, eXp noticed the depositions of the Plaintiffs as follows:  Plaintiff Fabiola Acevedo for December 9, 2024; Plaintiff Chrissy Lundy for December 11, 2024; Plaintiff Tami Sims for December 12, 2024; and Plaintiff Megan Farrel-Nelson for December 16, 2024.  (*Id.* at ¶ 5.)  However, counsel for other defendants advised that they were not available the dates noticed for these deposition but for December 16, 2024.  (*Id.* at ¶ 6.)  With the understanding that Plaintiffs would seek to modify the scheduling order, eXp agreed to forgo Plaintiffs' depositions and allow the deposition of eXp's 30(b)(6) to proceed on December 16, 2024.  (*Id.* at ¶ 7.)

On November 21, 2024, the parties conducted the deposition of Noelle Nielsen, a third-party witness, at Minneapolis, Minnesota.  (*Id.*. at ¶ 8.)  On November 22, 2024, the parties conducted the deposition of Seth Nielsen, a third-party witness, at Minneapolis, Minnesota.  (*Id.* at ¶ 9.)  On December 16, 2024, the parties conducted the continued deposition of eXp Realty, LLC's 30(b)(6), Cory Haggard, at Salt Lake City, Utah on the topic of Complaint Handling.  (*Id.* at ¶ 10.)

For the month of January, the parties were able to conduct the following depositions:  on January 6, 2025, the parties conducted the deposition of Stacey Onnen, a third-party witness, at Denver, Colorado; on January 10, 2025, the parties conducted the first session of Courtney Keating's deposition, a third-party witness, at Costa Mesa, California; and on January 23, 2025, the parties conducted the first session of Plaintiff's Megan Farrell-Nelson's deposition, at Los Angeles, California.  (*Id.* at ¶¶ 11, 12, & 13.)  The parties have yet to schedule Ms. Farrell-Nelson's second session.  (*Id.* at ¶ 13.)

As to the month of February 2025, other defense counsel were not available for depositions because of conflicts.  (*Id.* at ¶ 14.)  Notwithstanding, on February 4, 2025, eXp noticed the amended deposition of Plaintiffs as follows:  Plaintiff Fabiola Acevedo for March 4, 2025; Plaintiff Tami Sims for March 5, 2025; and Plaintiff Chrissy Lundy for March 7, 2025.  (*Id.* at ¶ 15.)  Nevertheless, other defense advised that they were unavailable for depositions but for March 4, 2025.  (*Id.* at ¶

16.)

Counsel for Plaintiffs and eXp then agreed to set Plaintiff Tami Sims' deposition for March 4, 2025. The parties were unable to complete Ms. Sims' deposition and are meeting and conferring on dates to conclude her deposition. (*Id.* at ¶ 17.) Counsel for the other defendants have advised that they are available for a few days in March to take depositions and limited dates for the month of April. (*Id.* at ¶ 18.)

The parties need additional time to conduct and complete discovery in this matter.

## 3. THIS COURT HAS THE DISCRETION TO MODIFY THE SCHEDULING ORDER

### A. This Court Has The Discretion To Grant *Ex Parte* Relief.

As a general matter, it is widely understood that ex parte relief is only justified where both of the following elements are present: (1) irreparable harm will result if the matter is not heard in the regular manner—namely a noticed motion on the usual briefing schedule—and (2) the party seeking ex parte relief did not create the state of affairs that necessitates ex parte relief. See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."); see, e.g., *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for ex parte relief). Local Rule 7-10 allows a party to proceed with ex parte relief.

Given the fact discovery cut-off and the date for expert disclosures, eXp seeks ex parte relief as the parties will need additional time to complete discovery in this

matter. Their ability to prepare the parties respective cases for trial will be irreparably harmed without immediate relief as the parties continue to meet and confer to schedule necessary depositions and work towards the production of documents.

### B. Good Cause Exists To Modify The Scheduling Order

A district court has the inherent power to modify deadlines on its docket. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power is "incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; see *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). This discretion is in keeping with the district courts' mandate to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action." *Fed. R. Civ. P.* 1

A court exercises significant discretion when modifying a scheduling order. See *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). Modifying a scheduling order requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry "primarily considers the diligence of the party seeking the amendment." *Branch Banking and Trust Co. v. D.M.S.I.*, LLC, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). A party demonstrates good cause by showing that, even with the exercise of due diligence, they were unable to meet the timetable set forth in the order. See *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

#### 1. The matter is complex involving multiple parties and witnesses throughout the nation.

Plaintiffs Second Amended Complaint centers on allegations that Defendants Michael Bjorkman ("Bjorkman") and David Golden ("Golden") violated the Trafficking Victims Protection Reauthorization Act ("TVPRA") by engaging in a

scheme to lure Plaintiffs to various real estate networking events in order to drug and sexually assault the female Plaintiffs. See Dkt. 165 at ¶ 2 . Plaintiffs contend that these assaults were part of Bjorkman and Golden's recruitment practices that were designed to lure new and existing agents into working for them at eXp. See Dkt. 165 at ¶¶ 101, 196. Plaintiffs additionally allege that eXp financially benefitted from these sexual assaults. Dkt. at ¶102.

The Plaintiffs in this matter are Fabiola Acevedo, Tami Sims, Christiana Lundy and Megan Farrell-Nelson. Ms. Acevedo and Ms. Farrell-Nelson reside in the State of Florida. See Dkt. No. 165 at ¶¶7 & 10. Ms. Sims resides in the State of Tennessee and Ms. Lundy resides in the State of California. *Id.* at ¶¶8 & 9.

As to the defendants, the eXp defendants reside in the State of Washington. Notwithstanding, their employees work remotely and reside throughout the country. Further, defendant Brent Gove resides in Puerto Rico and Defendant Davide Golden resides in the State of Nevada. Lastly, Defendant Michael Bjorkman resides in the State of California. Moreover, the third-party witnesses reside throughout the country. Coordinating their schedules with the schedule of counsel for deposition has been a significant challenge.

### 2. **Summary of meet and confer efforts to schedule depositions.**

While the parties have set and conducted ten (10) depositions, they still need to take the depositions of the five (5) individually named parties. Moreover, they are approximately ten (10) additional third-party witnesses to be deposed. Also, Plaintiffs have requested numerous depositions of eXp's employees. (*Id.* at ¶ 19.)

On March 11, 2025, the parties met and conferred via video conference to discuss the scheduling of party depositions and to ascertain other depositions the parties intend to take. (*Id.* at ¶ 20.) the parties met and conferred on March 11, 2025 regarding the scheduling of deposition. As a result of the meet and confer, the parties have scheduled the following depositions:

| Deposition Date | Deponent |
|---|---|
| March 21, 2025 | Defendant Glenn Sanford |
| March 28, 2025 | eXp's 30(b)(6), Defendant Michael Bjorkman or Defendant David Golden |
| April 4, 2025 | Defendant Brent Gove |
| April 7, 2025 | Plaintiff Tami Sims |
| April 9, 2025 | Plaintiff Fabiola Acevedo |
| April 18, 2025 | Plaintiff Christy Lundy |
| April 25, 2025 | Third-party Patrick Wannis, Phd. |

(*Id.* at ¶ 21.)

The parties continue to meet and confer regarding the availability of Defendant David Golden and Michael Bjorkman as to dates for their depositions. There are also a number of third-party depositions which need to be scheduled. Nevertheless, with the pace of deposition to date and the availability of counsel, the parties will need to modify the Scheduling Order to allow for additional time to complete the number of anticipated depositions. (*Id.* at ¶ 22.)

### 3. Summary of document production

With respect to the production of documents in this matter, the parties continue to produce documents in compliance with their ESI protocol. (*Id.* at ¶ 23.) To date, the parties have exchanged in excess of 24,000 pages of documents. (*Id.* at ¶ 24.)

Further, Plaintiffs have identified twenty (20) custodians for whom Plaintiffs have requested ESI discovery from eXp. To date, eXp has produced documents from three (3) custodians and is preparing a production for an additional two (2), which should occur within a week from the date of this ex parte application. (*Id.* at

¶ 25.)  Moreover, Plaintiffs recently produced thousands of pages of documents prior to the deposition of Plaintiff Tami Sims.  (*Id.* at ¶ 26.)  While the parties have taken the first session of Ms. Sims' deposition, the parties reserved their rights to additional questioning upon processing her document production.  (*Ibid.*)

### 4. Summary of meet and confer for Plaintiffs' Independent Mental Examinations

Pursuant to Rule 35, eXp has advised Plaintiffs' counsel that it intends to conduct independent mental examinations of Plaintiffs.  (Pallares Decl. at ¶ 27.)  As such, eXp has identified Marc A. Coehn, M.D., M.S. as its forensic consultant in psychiatry and behavioral sciences.  Dr. Cohen will conduct the psychiatric evaluation of each Plaintiff.  (*Id.* at ¶ 28.)  Further, eXp has advised Plaintiffs' counsel that Dr. Cohen is available to conduct the evaluations on the following dates:  April 29, 2025; April 30, 20; May 2, 2025; May 8, 2025; May 9, 2025; and May 14, 2025.  (*Id.* at ¶ 29.)

eXp and Plaintiffs need to meet and confer as to Plaintiffs' availability and the scope of the evaluations.  (*Id.* at ¶ 30.)

### 5. Status of settlement discussions

Pursuant to the Court's scheduling order, the parties selected private mediation before the Honorable Gail Andler (Ret.) with JAMS.  (*Id.* at ¶ 31.)  The first session of mediation occurred on January 27, 2025.  (*Id.* at ¶ 32.)  The parties have scheduled additional sessions to take place on April 14 & 15, 2025.  (*Id.* at ¶ 32.)

### C.   eXp And Plaintiffs Propose To Modify The Scheduling Order And Continue The Dates By Sixty (60) Days.

Counsel for eXp and Plaintiffs have met and conferred with other defense counsel regarding a modification of the scheduling order.  All parties, but for David Golden, agree to a modification of the scheduling order for a period of sixty (60) days.  (*Id.* at ¶ 33.)

| Trial and Final Pretrial Conference Date | Court Ordered | New Modified Dates |
|---|---|---|
| Trial | September 18, 2025 | November 17, 2025 |
| Final Pretrial Conference | September 1, 2025 | October 31, 2025 |
| Last Day to Amend Pleadings and add parties | N/A | N/A |
| Non-Expert Discovery Cut-Off | May 6, 2025 | July 7, 2025 |
| Expert Disclosures (Initial) | May 6, 2025 | July 7, 2025 |
| Expert Disclosures (Rebuttal) | May 19, 2025 | July 18, 2025 |
| Expert Discovery Cut-Off | June 9, 2025 | August 8, 2025 |
| Last Day to Hear Motions (Friday) Rule 56 | June 9, 2025 | August 8,2025 |
| Deadline to Complete Settlement Conference | June 23, 2025 | August 22, 2025 |
| Trial Filing (First Round) | August 11, 2025 | October 10, 2025 |
| Trial Filing (Second Round) | August 2025 | October 17, 2025 |

The proposed continued deadlines will allow the parties to complete fact discovery and prepare for expert discovery.

/ / /

/ / /

/ / /

/ / /

## 4. CONCLUSION

Based on the foregoing, eXp respectfully requests that this Court modify the Scheduling Order and continue the deadline dates by sixty (60) days.

Respectfully submitted,

DATED: March 19, 2025    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2025, I electronically filed the foregoing EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system.

/s/ William E. Pallares
William E. Pallares