PETER K. LEVINE, ESQ.  SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230

Attorney for Defendant David S. Golden

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, A California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC., EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; And DOES 10,<br><br>Defendants. | CASE NO. 2:23-CV-01304-AB-AGR<br><br>**DEFENDANT DAVID S. GOLDEN'S OPPOSITION TO DEFENDANT eXp's *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER.**<br><br>**Judge:**      Andre Birotte, Jr.<br>**Trial Date:**   June 20, 2024<br><br>**REQUEST FOR ORAL ARGUMENT** |

///

///

///

DEFENDANT GOLDEN'S OPPOSITION TO EX PARTE APPLICATION TO DELAY TRIAL

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Preliminary Statement

Defendant Golden respectfully opposes Defendant eXp's *Ex Parte* Application to delay the September 2025 trial another sixty (60) days. This case has been pending since February 2023. Another delay would result in substantial prejudice to Mr. Golden, as it creates a significant risk of irreparable harm stemming from the declaratory judgment action filed by his insurer, GEICO, in the United States District Court, District of Nevada, Case No. 2:24-cv-00602-CDS-MDC. A motion for stay in that case is pending and has not yet been decided. That case is not yet at issue.

## 2. GEICO's Declaratory Judgment Action Threatens Mr. Golden's Insurance Defense

GEICO is currently providing Mr. Golden with a defense under a reservation of rights. However, the declaratory judgment action filed in March 2024 (in Nevada Federal District Court) seeks to determine that no coverage exists for his defense or indemnity in this matter. If GEICO succeeds in its declaratory judgment action before the resolution of this case, Mr. Golden risks losing his insurance-funded defense and indemnity entirely. This would leave him unable to bear the substantial costs of litigation, irreparably harming his ability to defend himself.

## 3. A Delayed Trial Date Risks Allowing the Declaratory Judgment Action to Resolve First

The Defendant's request to move the trial sixty (60) days increases the likelihood that the GEICO declaratory judgment action, filed March 27, 2024, will be heard before this case proceeds to trial, which is irreparably prejudicial to Mr. Golden. It also increases the risk of inconsistent factual determinations regarding the facts which demonstrate coverage under GEICO's policy.

In *Montrose Chemical Corp. v. Superior Court*, (1993) 6 Cal.4th 287, 301, 861 P.2d 1153, 1162, the California Supreme Court held that the risk of inconsistent factual determinations could prejudice the insured. Modifying the scheduling order enhances the likelihood GEICO's

DEFENDANT GOLDEN'S OPPOSITION TO EX PARTE APPLICATION TO DELAY TRIAL

declaratory judgment action would proceed to develop facts that could be used against the insured (Golden) in this case, at precisely the time when, under the insurance policy he purchased, GEICO should be coming to the insured's defense. Delaying trial in this case would permit the insurer (GEICO) to possibly go to trial first, further prejudicing Mr. Golden.

### 4. Delaying Trial in This Lawsuit Prejudices Mr. Golden:

If GEICO's declaratory judgment action is resolved first and coverage denied, Mr. Golden would be deprived of both a funded defense and the resources needed to litigate this case effectively.

### 5. Trial Delay Harms Mr. Golden's Right to a Fair Defense

Mr. Golden's ability to mount a fair defense is directly tied to his access to the resources provided under the insurance policy. A delay creates undue uncertainty, increasing his financial and procedural vulnerability. Further, the delay undermines judicial efficiency by potentially forcing Mr. Golden to pursue additional legal remedies if GEICO's coverage determination adversely impacts his ability to litigate this matter.

### 6. The Application Should Be Filed By Noticed Motion

Plaintiffs *Ex Parte* Application fails to make any showing that they will be irreparably prejudiced if their request is heard on regular noticed motion procedures. The Application does not meet Plaintiff's burden to specify what exigent circumstances exist and irreparable harm will occur. In fact, Plaintiffs fail to mention the standard for *ex parte* relief altogether.

### 7. Defendant Golden is Not Responsible for the Delay in Finishing Discovery

Defendant Golden denies delaying discovery or causing any need to modify the scheduling order.

///

///

DEFENDANT GOLDEN'S OPPOSITION TO EX PARTE APPLICATION TO DELAY TRIAL

3

**8. Conclusion**

For the foregoing reasons, the Application should be denied.

Dated: March 19, 2025                    /s/ Peter K. Levine
                                         Peter K. Levine, Esq.
                                         Attorney for Defendant Golden

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 19th day of March 2025.

                                         /s/ Roberto Segovia
                                         Paralegal

DEFENDANT GOLDEN'S OPPOSITION TO EX PARTE APPLICATION TO DELAY TRIAL

4

# DECLARATION OF PETER K. LEVINE

I, Peter K. Levine, declare as follows that:

1. I am counsel for Defendant Golden and fully familiar with the facts herein. If called to testify I can state as follows:

2. This case has been pending since February 2023. A delay would result in substantial prejudice to Mr. Golden, as it creates a significant risk of irreparable harm stemming from the declaratory judgment action filed by his insurer, GEICO, in the United States District Court, District of Nevada, Case No. 2:24-cv-00602-CDS-MDC.

3. GEICO is currently providing Mr. Golden with a defense under a reservation of rights. However, the declaratory judgment action it filed seeks to determine that no coverage exists for his defense or indemnity in this matter. If GEICO succeeds in its declaratory judgment action before the resolution of this case, Mr. Golden risks losing his insurance-funded defense and indemnity entirely. This would leave him unable to bear the substantial costs of litigation, irreparably harming his ability to defend himself.

4. Mr. Golden filed a motion to stay GEICO's declaratory judgment action; there has been no ruling on that application as of this date.

5. The request to move the September 2025 trial another sixty (60) days increases the likelihood that the GEICO declaratory judgment action, filed March 27, 2024, will likely be resolved before this case proceeds to trial.

6. If GEICO's declaratory judgment action is resolved first and coverage is denied, Mr. Golden would be deprived of both a funded defense and the resources needed to litigate this case effectively.

7. Mr. Golden's ability to mount a fair defense is directly tied to his access to the resources provided under the insurance policy. A delay creates undue uncertainty, increasing his financial and procedural vulnerability. Further, the delay undermines judicial efficiency by potentially forcing Mr. Golden to pursue additional legal remedies if GEICO's coverage determination adversely impacts his ability to litigate this matter.

OPPOSITION TO EX PARTE APPLICATION

1

8. Defendant Golden denies delaying discovery or causing any need to modify the scheduling order.

I declare under the laws of the United States that the foregoing is true and correct. Executed on March 19, 2025 at Los Angeles, Calif.

Dated: March 19, 2025                     /s/ Peter K. Levine
                                          Peter K. Levine, Esq.
                                          Attorney for Defendant Golden

g:\new\1993-golden\ex parte\oppose 60 day continuance\opposition to ex parte.docx

OPPOSITION TO EX PARTE APPLICATION

2