PETER K. LEVINE, ESQ.  SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230
peter@peterlawfirm.com

DAVID A. POULL, ESQ. SBN: 288458
**CANNON & NELMS, PC**
160 SOUTH OLD SPRINGS ROAD
SUITE 200
ANAHEIM, CALIF. 92808
TELEPHONE:  (714) 637-4400
FACSIMILE:  (714) 637-4444

Attorneys for Defendant David S. Golden

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, TAMI SIMS, CHRISTIANA LUNDY, AND JANE DOE 3, <br><br> Plaintiffs, <br><br> vs. <br><br> EXP REALTY, LLC., EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; And DOES 10, <br><br> Defendants. | **CASE NO. 2:23-CV-01304-AB-AGR** <br><br> **Hon. Alicia G. Rosenberg** <br><br> **JOINT AGENDA** <br><br> **HEARING DATE:  APRIL 9, 2025** <br> **TIME:**               **12:00 P.M. (PST)** |

///
///
///

155421810.1
1

**Defendant Golden's Discussion Points**:

      a.     Deposition dates for eXp employees, Leo Pareja, Jason Gesing, James Bramble, and Boyd Bastion.

      b.     Dates for session two of the Brent Gove deposition.

**Defendant Brent Gove's Discussion Points**:

      a.     Mr. Gove's deposition was noticed for April 4, 2025 by Plaintiffs' counsel, which proceeded with all parties in attendance for approximately seven (7) hours.

      b.     However, the deposition was not completed, and counsel for Defendant eXp Realty, LLC, World Holdings, Inc., Defendant Golden, and Defendant Bjorkman wished to examine deponent.

      c.     Mr. Gove and his counsel met and conferred on the record of Mr. Gove's deposition to offer April 30th, May 1st, May 2nd, May 23rd, and any date between April 5th and April 13th, for a total of thirteen (13) dates of availability.

      d.     Any discovery dispute about a date of "session two" for the Deposition of Brent Gove is therefore between other counsel and concerns their scheduling.  There is no discovery dispute concerning Mr. Gove.

**Defendants eXp Realty, LLC and eXp World Holding, Inc.'s Discussion Point**

      a.     Protective Order regarding the deposition of Leo Pareja;

      b.     Protective Order regarding the deposition of James Bramble.

**Plaintiffs' Discussions Points:**

      a.     The complete production of eXp's retention policies;

      b.     eXp's objections to Plaintiffs' 30(b)(6) notice to eXp regarding spoliation (Objections attached as Exhibit A; exemplars attached as Exhibit B.

///

///

155421810.1

2

JOINT AGENDA - April 9, 2025

PETER K. LEVINE, APLC

Dated:  April 8, 2025                    By:_____/s/ Peter K. Levine_____
                                         Peter K. Levine, Esq.
                                         *Attorney for Defendant Golden*


PHILLIPS, SPALLAS, ANGSTADT LLP

Dated:  April 8, 2025        By:     ____/s/ George M. Morris_____
                                     TODD A. ANGSTADT
                                     ELISA R. MARCALETTI
                                     GEORGE M. MORRIS
                                     *Attorneys for Defendant*
                                     *BRENT GOVE*


LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated:  April 8, 2025        By:_____/s/ William Pallares_____
                                     William Pallares, Esq.
                                     Kyle R. Maland, Esq.
                                     *Attorneys for Defendants eXp World*
                                     *Holdings, Inc, eXp Realty, LLC and Glenn*
                                     *Sanford*


CHESNOFF & SCHONFELD

Dated:  April 8, 2025                 _____/s/ Richard A. Schonfeld_____
                                     Richard A. Schonfeld, Esq.
                                     *Attorney for Defendant Michael Bjorkman*

155421810.1
3

JOINT AGENDA - April 9, 2025

1

2    LENZE LAWYERS, PLC

3    Dated:  April 8, 2025                    By:  _____/s/ Jennifer A Lenze_____

4                                                  JENNIFER A. LENZE
                                                   Attorneys for Plaintiffs FABIOLA ACEVEDO,
5                                                  TAMI SIMS, CHRISTIANA LUNDY, JANE
                                                   DOE 3 and JOHN DOE 1
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

WILLIAM E. PALLARES, SB# 187740
    E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
    E-Mail: Kyle.Maland@lewisbrisbois.com
ERIN E. MULLEN, SB# 356383
    E-Mail: Erin.Mullen@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, <br><br> Plaintiffs, <br><br> vs. <br><br> EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10, <br><br> Defendants. | Case No. 2:23-cv- 01304-AB-AGR <br><br> **OBJECTION TO PLAINTIFFS' CROSS NOTICE OF 30(b)(6) RE: WORKPLACE AND REQUEST FOR PRODUCTION OF DOCUMENTS** <br><br> Trial Date:    November 17, 2025 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD ("Defendants") hereby object to Plaintiffs' Notice of 30(b)(6) re: Workplace Chats and Request for Production of Documents, set for April 11, 2025, at 9:30 a.m.

## OBJECTIONS TO CATEGORIES OF EXAMINATION

## CATEGORY OF EXAMINATION NO. 1:

Policies and procedures regarding document retention of Workplace Chat communications, including but not limited to, litigation holds, deletion of employees upon termination; deletion of agents upon termination, SEC regulations regarding preservation of communications.

## RESPONSE TO CATEGORY OF EXAMINATION NO. 1:

Objection. This category is vague and ambiguous. The category is overly broad regarding "policies and procedures regarding document retention." The category lacks reasonable particularity regarding the matters for examination as to the specifics for document retention. The category as to "litigation holds" and "SEC regulations regarding preservation of communications" involves legal issues that require the assistance of an attorney. As such, the category is overly broad or unfocused. The category also potentially violates the attorney client and/or attorney work product privileges.

## CATEGORY OF EXAMINATION NO. 2:

The identity of every Workplace Chat group, the date of creation, date of deletion, members of the chat group, including but not limited to groups consisting of Founders, Alphas, Betas, Builders, Compliance Committee and Board of Directors.

## RESPONSE TO CATEGORY OF EXAMINATION NO. 2:

Objection. This category lacks reasonable particularity regarding the matters for examination. Further, the category is overly broad and not reasonably available

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

155093613.1    2    Case No. 2:23-cv- 01304-AB-AGR
eXp'S OBJECTION TO PLAINTIFFS' NOTICE OF 30(b)(6) RE: WORKPLACE CHATS

1    to the organization.  eXp lacks the ability to identity of "every Workplace Chat

2    group, the date of creation, date of deletion, members of the chat group."  Further,

3    the information sought is more properly within the purview of expert testimony.

4    This category is also not relevant and disproportionate to the needs of this case.

5    **CATEGORY OF EXAMINATION NO. 3:**

6            The identity of any group in which Defendant Sanford is a member, wherein

7    any of the Plaintiffs or individual Defendants, sexual misconduct, acceleration of

8    vesting were discussed.

9    **RESPONSE TO CATEGORY OF EXAMINATION NO. 3:**

10           Objection.  This category lacks reasonable particularity regarding the matters

11   for examination.  Further, the category is overly broad and not reasonably available

12   to the organization.  eXp lacks the ability to identity of "any group in which

13   Defendant Sanford is a member."  Further, the information sought is more properly

14   within the purview of expert testimony.  This category is also not relevant and

15   disproportionate to the needs of this case.

16   **CATEGORY OF EXAMINATION NO. 4:**

17           The identity of individuals designated as System Administrators for eXp's

18   Workplace Chat account, their admin role and dates of usage.

19   **RESPONSE TO CATEGORY OF EXAMINATION NO. 4:**

20           Objection.  This category lacks reasonable particularity regarding the matters

21   for examination regarding "their admin role."  Further, the category is overly broad

22   and not reasonably available to the organization.  eXp lacks the ability to determine

23   the "dates of usage."  This category is also not relevant and disproportionate to the

24   needs of this case.

25   **CATEGORY OF EXAMINATION NO. 5:**

26           The deletion of Stacey Onnen's Workplace account.

27   **RESPONSE TO CATEGORY OF EXAMINATION NO. 5:**

28           Objection.  This category lacks reasonable particularity regarding the matters

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

155093613.1                                 3                      Case No. 2:23-cv- 01304-AB-AGR
                    eXp'S OBJECTION TO PLAINTIFFS' NOTICE OF 30(b)(6) RE: WORKPLACE CHATS

1  for examination as to "deletion." Further, the category is overly broad and not

2  reasonably available to the organization. eXp lacks the ability to access past

3  records.

4  **CATEGORY OF EXAMINATION NO. 6:**

5      The deletion of Workplace Chats from the Alpha Chat.

6  **RESPONSE TO CATEGORY OF EXAMINATION NO. 6:**

7      Objection. This category lacks reasonable particularity regarding the matters

8  for examination. Further, the category is overly broad and not reasonably available

9  to the organization. eXp lacks the ability to determine the "deletion of Workplace

10  Chats from the Alpha Chat." Further, the information sought is more properly

11  within the purview of expert testimony. This category is also not relevant and

12  disproportionate to the needs of this case.

13  **CATEGORY OF EXAMINATION NO. 7:**

14      The deletion of Workplace Chats between Glenn Sanford and Brent Gove.

15  **RESPONSE TO CATEGORY OF EXAMINATION NO. 7:**

16      Objection. This category lacks reasonable particularity regarding the matters

17  for examination. Further, the category is overly broad and not reasonably available

18  to the organization. eXp lacks the ability to determine the "deletion of Workplace

19  Chats between Glenn Sanford and Brent Gove." Further, the information sought is

20  more properly within the purview of expert testimony. This category is also not

21  relevant and disproportionate to the needs of this case.

22  **CATEGORY OF EXAMINATION NO. 8:**

23      The deletion of any former Alpha Agent, Board Member, C-Suite, president

24  or director's Workplace Chat accounts.

25  **RESPONSE TO CATEGORY OF EXAMINATION NO. 8:**

26      Objection. This category lacks reasonable particularity regarding the matters

27  for examination. Further, the category is overly broad and not reasonably available

28  to the organization. eXp lacks the ability to determine the "deletion of any former

1    Alpha Agent, Board Member, C-Suite, president or director's Workplace Chat

2    accounts." Further, the information sought is more properly within the purview of

3    expert testimony. This category is also not relevant and disproportionate to the

4    needs of this case.

5    **CATEGORY OF EXAMINATION NO. 9:**

6    The storage, maintenance of Workplace Chats and related ability to

7    download, save, produce Workplace Chats.

8    **RESPONSE TO CATEGORY OF EXAMINATION NO. 9:**

9    Objection. This category lacks reasonable particularity regarding the matters

10   for examination. Further, the category is overly broad and not reasonably available

11   to the organization. eXp lacks the ability to determine the "ability to download,

12   save, produce Workplace Chats." This category is better suited for an expert versed

13   in ESI.

14   **CATEGORY OF EXAMINATION NO. 10:**

15   Communications with Meta (formerly Facebook) regarding the deletion of

16   any Workplace Chats and/or Workplace accounts.

17   **RESPONSE TO CATEGORY OF EXAMINATION NO. 10:**

18   Objection. This category lacks reasonable particularity regarding the matters

19   for examination regarding the "the deletion of any Workplace Chats and/or

20   Workplace accounts." As such, the category is overly broad or unfocused. This

21   category is also not relevant and disproportionate to the needs of this case.

22   **RESPONSES TO REQUEST FOR PRODUCTION**

23   **REQUEST FOR PRODUCTION NO. 11:**

24   All documents which the deponent has utilized or may need to refresh his or

25   her recollection as to any of the topics referenced in Exhibit A above.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

27   Objection. This request potentially violates the attorney client and/or attorney

28   work product privileges.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

155093613.1                    5                    Case No. 2:23-cv- 01304-AB-AGR
eXp'S OBJECTION TO PLAINTIFFS' NOTICE OF 30(b)(6) RE: WORKPLACE CHATS

1 **REQUEST FOR PRODUCTION NO. 12:**

2      All documents which the deponent plans to consult or rely upon in

3 preparation for the deposition.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

5      Objection.  This request potentially violates the attorney client and/or attorney

6 work product privileges.  Further, request is not specific.

7 **REQUEST FOR PRODUCTION NO. 13:**

8      All documents the deponent created (or are created on his/her behalf) to

9 address any of the topics referenced in Exhibit A.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11      Objection.  This request potentially violates the attorney client and/or attorney

12 work product privileges.

13 **REQUEST FOR PRODUCTION NO. 14:**

14      To the extent not produced in response to a previous request, all policies,

15 processes and procedures and training related to complaint handling for eXp.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17      Objection.  This request is wholly unrelated to the categories listed in Exhibit

18 A and beyond the scope of this 30(b)(6) notice.

19 **REQUEST FOR PRODUCTION NO. 15:**

20      To the extent not otherwise produced herein, all documents that refer or relate

21 to any of the topics referenced in Exhibit A.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

23      Objection.  This request potentially violates the attorney client and/or attorney

24 work product privileges.

25 **REQUEST FOR PRODUCTION NO. 16:**

26      The most current CV and/or resume for each of the person(s) being deposed

27 pursuant to this notice.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

155093613.1                                           6                    Case No. 2:23-cv- 01304-AB-AGR
eXp'S OBJECTION TO PLAINTIFFS' NOTICE OF 30(b)(6) RE: WORKPLACE CHATS

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2 |      Objection.  This request is burdensome and does not seek relevant

3 | information.

4 | DATED:  April 3, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

5 |

6 |

7 |      By: _____

8 |           WILLIAM E. PALLARES

9 |           Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE
Fabiola Acevedo, et al v. EXP Realty, LLC, et al
USDC – Central, Case No. 2:23-CV-01304-AB-AGR

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 3, 2025, I served the following document(s):  OBJECTION TO PLAINTIFFS'  CROSS NOTICE OF 30(B)(6) RE: WORKPLACE AND REQUEST FOR PRODUCTION OF DOCUMENTS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 3, 2025, at Los Angeles, California.

_____
Debbie Wilhelm



1

**SERVICE LIST**
**Fabiola Acevedo, et al v. EXP Realty, LLC, et al**
2
**USDC – Central, Case No. 2:23-CV-01304-AB-AGR**

3

4   Jennifer A. Lenze, Esq.                          Attorneys for Plaintiffs,
    **LENZE LAWYERS, PLC**                           FABIOLA ACEVEDO, JANE DOE 1,
5   999 Corporate Drive, Suite 100                   JANE DOE 2, JANE DOE 3 and
    Ladera Ranch, CA  91765                          JOHN DOE 1
    T:  (310) 322-8800 / F:  (310) 322-8811
6   ilenze@lenzelawyers.com:

7   Brooke F. Cohen, Esq.                            *(admitted Pro Hac Vice)*
    (TX Bar #24007019)                               *(admitted Pro Hac Vice)*
8   Andrea Hirsch, Esq.
    (GA Bar #666557)                                 Attorneys for Plaintiffs,
9   **COHEN HIRSCH, LP**                             FABIOLA ACEVEDO, JANE DOE 1,
    5256 Peachtree Road, Suite 195-E                 JANE DOE 2, JANE DOE 3 and
10  Atlanta, GA  30341                               JOHN DOE 1
    T:  (678) 268-4683
11  brooke@cohenhirsch.com;
    andrea@cohenhirsch.com;
12  lwest@cohenhirsch.com:

13  Todd A. Angstadt, Esq.                           Attorneys for Defendant,
    Elisa R. Marcaletti, Esq.                        BRENT GOVE
14  George M. Morris, Esq.
    **PHILLIPS, SPALLAS**
15  **& ANGSTADT LLP**
    560 Mission St., Suite 1010
16  San Francisco, CA  94105
    T:  (415) 278-9400 / F: (415) 278-9411
17  tangstadt@psalaw.net;
    emarcaletti@psalaw.net;
18  gmorris@psalaw.net:

19  Peter K. Levin, Esq.                             Attorneys for Defendant,
    **PETER K. LEVINE, APLC**                        DAVID S. GOLDEN
20  5455 Wilshire Boulevard, Suite 1250
    Los Angeles, CA  90036
21  T:  (323) 934-1234 / F: (323) 934-1230
    peter@peterlawfirm.com;
22  cc:  Assistant, Roberto Segovia
    roberto@peterlawfirm.com;
23

24  David A. Poull, Esq.                             Attorneys for Defendant,
    **CANNON & NELMS, PC**                           DAVID S. GOLDEN
25  160 South Old Springs Rd., Suite 200
    Anaheim, CA  92808
26  T:  (714) 637-4400 / F: (714) 637-4444
    DPoull@CannonNelms.com:
27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

155093613.1                            2              Case No. 2:23-cv- 01304-AB-AGR
                eXp'S OBJECTION TO PLAINTIFFS' NOTICE OF 30(b)(6) RE: WORKPLACE CHATS

1  Richard A. Schonfeld, Esq.
   Robert Z. DeMarco, Esq.                    *(pending Pro Hac Vice)*
2  (Nevada Bar # 12359)
   **CHESNOFF & SCHONFELD**
3  520 South 4th Street, Suite 200            Attorneys for Defendant,
   Las Vegas, NV  89101-6593                  MICHAEL L. BJORKMAN
4  T:  (702) 384-5563 / F: (702) 598-1425
   rschonfeld@cslawoffice.net;
5  rdemarco@cslawoffice.net;
    rreves@cslawoffice.net:
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

Nov 18, 2020 00:00:00 AM - Nov 19, 2020 00:00:00 AM

SMS Messages: **20,** People: **6,** Attachments: **1,** Threads: **0**



**Jason Gesing 04:36:31 PM**

GEHA,RICHARD, Rick Geha
7:30 PM, Nov 18

(No subject)

'My upline is racist, my upline said something that was sexually harassing, my upline is a Republican that is too vocal on social media, my upline is cheating on her husband and can't be trusted.....therefore I need to move sponsoring lines because I don't want anything to do with that organization.'

Where do we draw the line? This is not clear and is a HUGE concern that nobody has addressed. Rosie talked to Cory - he deflected and just said it is a "special situation" but no clarity.

This is a problem, Jason...one with much larger implications than you may realize.

In the absence of clarity and an answer to this issue, it basically means that if corporate decides that it's a "special situation" anybody can change sponsors if they make enough noise.

This erodes integrity. No integrity = no trust. No trust means the viability of the eXp opportunity is broken.

Please direct me to a person that has the influence to prevent something like this from ever happening again.

Copy text          Share

125879858_183207020017225_2530849574823554319_n_183207016683892.jpg
120.7 KB



**Cory Haggard 04:38:17 PM**
Yes, Dave, I agree. I take responsibility on this one.
We didn't strategize appropriately and with eXpcon
this was not executed how we intended.



**Workplace user 04:40:44 PM**



EXHIBIT ___7___
WIT: _Sanford_
DATE: _3/21/25_
Judy Bonicelli, RPR, CCR 2322

CONFIDENTIAL

2eXp_005066

 **Jim Bramble 04:40:45 PM**
Sorry Jason Gesing I suggest you let him know
gently that he is wrong and the allegations that he is
making are baseless. And to speak with me and
Cory. We speak to him at 8:30 ET and at that time I
will explain how he contributed to a toxic situation
that made people feel unsafe and the decision was
the right thing to do. It certainly is a false equivalency
to say it was a simple as my upline is republican. If
the facts were public other agents would agree it was
the right thing. We will let him know this.

 **Workplace user 04:41:22 PM**

 **Workplace user 04:42:11 PM**

 **Cory Haggard 04:43:10 PM**
Thanks, Stacey, I didn't deflect Rosie's questions.
She was asking where we draw the lines on these
decision. I told her we would need to look at any
situation brought forward. However, I told her that
due to the severity of what occurred, we made an
exception.

 **Workplace user 04:53:02 PM**

 **Dave Conord 04:56:11 PM**
Yep - for David and Rosie especially it should be a
very hard stance and stern warning. The harm that
they have caused to so many and the time wasted of

CONFIDENTIAL                        2eXp_005067

the Leadership team to sort this out… It would be
better for them to apologize and promise to do better
moving forward. Much better.

 **Workplace user 04:57:34 PM**

 **Jim Nuth 04:58:39 PM**
Whether it's said or not, we all think it...

 **Dave Conord 04:58:40 PM**
It's actually you're a decent human being side that
expects people to be better and do better. High
standards are never a negative personality trait!

 **Workplace user 05:10:41 PM**

 **Dave Conord 05:12:42 PM**
Sorry - it'll never happen again! 😂

 **Dave Conord 05:12:54 PM**
I know you have a reputation to upkeep!

 **Cory Haggard 07:25:29 PM**
We just got off the call with Rick, his wife Casey, and
Brent Gove. The call started out very tense and
combative. Casey openly questioned eXp's decision
and wanted hard policies that governed our decision
making. Jim did a great job explaining that due to the
fact they are leaders and under a confidentiality

CONFIDENTIAL

agreement, he was going to be very blunt with them.
Jim explained that due to the alleged conduct of
several leaders in the organization Noelle and
Megan felt unsafe. Furthermore, due to the severity
of the situation the committee decided to allow an
exception. Rick did very little talking, everything was
through his Casey. We let Rick know that several
people complained about his actions, including
touching women's knees under a table. Rick
acknowledged this happened and that he addressed
it when it happened and that the touch was not
intended to be anything offensive. Rick said he tried
to distance himself from any parties or after hour
events because he's learned from past life
experience and has changed. Eventually the mood of
the call changed and became more constructive. Jim
and I apologies for not consulting them before the
change was made and committed to be more
transparent in the future. Casey and Rick gave
suggestions on how eXp could handle these types of
situations in the future. Overall, Brent didn't really
back eXp's decision, but he didn't outright say he
disagreed either. Brent said its water under the
bridge at this point, but he also expressed this is
difficult to accept because all the efforts of Rick and
Casey are gone. Toward the end of the call Brent
was asking how he should respond to Mike
Bjorkman. He said Mike has been asking him what
he should do. He can't join another company
because he'll lose his exponential share. Brent
proposed that we lock Mike in at 25 FLQA's
indefinitely until he is found guilty in a court of law,
even if he joins a competitor. Both Brent and Casey
expressed concern about their downline being taken
away without a clear policy. Jim reassured them
sponsorship changes rarely happen, but this
situation met the qualification to warrant an
exception. In the end Brent, Rick, and Casey thanked

CONFIDENTIAL

us and seemed to be in a better place. I don't think
Casey and Rick are happy, but I think they've
accepted the situation for what it is.

**Jim Nuth 07:32:22 PM**
Thank You both, Cory and Jim, I know it was not
easy, your compassion and professionalism was is
very appreciated.

**Jason Gesing 07:35:30 PM**
Thank you both very much

**Dave Conord 07:59:00 PM**
Thank you, guys. Brent asked about this today and
expressed his concern that his position improves
with this group going from about 5 levels down to 3
levels down and he didn't want Rick to think he had
anything to do with it or encouraged it. That may be
why he was not overly pro-exp-side during this
conversation.  Just a thought.

**Cory Haggard 07:59:45 PM**
Brent was in a tough spot too. I see why his response
was the way it was.

CONFIDENTIAL                2eXp_005070

7:36  • 95%

‹   **GEHA,RICHARD, Rick Geha**          ⋮

7:30 PM, Nov 18

**(No subject)**

'My upline is racist, my upline said something that was sexually harassing, my upline is a Republican that is too vocal on social media, my upline is cheating on her husband and can't be trusted......therefore I need to move sponsoring lines because I don't want anything to do with that organization.'

Where do we draw the line?  This is not clear and is a HUGE concern that nobody has addressed.  Rosie talked to Cory - he deflected and just said it is a "special situation" but no clarity.

This is a problem, Jason...one with much larger implications than you may realize.

In the absence of clarity and an answer to this issue, it basically means that if corporate decides that it's a "special situation" anybody can change sponsors if they make enough noise.

This erodes integrity.  No integrity = no trust.  No trust means the viability of the eXp opportunity is broken.

Please direct me to a person that has the influence to prevent something like this from ever happening again.


Copy text


Share

CONFIDENTIAL


2eXp_005071

Jan 13, 2021 00:00:00 AM - Jan 14, 2021 00:00:00 AM

SMS Messages: **16,** People: **7,** Attachments: **1,** Threads: **0**

 **Cory Haggard 10:29:34 AM**

Committee, it was reported by an outside source,
that one of our agents, Pat LaMonica ID#742, posted
that "it's time for a noose for fancy Nancy." I believe
this crosses our no promotion of violence stance.
What does the group think?

**Cory Haggard 10:29:37 AM**



138823210_2604849866472971_1603165293100240031_n_2604849859806305.jpg

151.1 KB

**Jim Nuth 10:35:09 AM**

Definitely inappropriate...

CONFIDENTIAL

2eXp_005062



**Jim Bramble 10:35:25 AM**

I will support the decision of brokerage ops. Either termination or give her the chance to immediately remove it or be terminated.



**Cory Haggard 10:35:59 AM**

This agent has a substantial rev share group. She's clearly been there for a bit. I think a good approach is to give her the option to remove it.



**John Tobison 10:43:43 AM**

Give her option to remove and inform her this is her one-strike. What the hell is wrong with people???



**Cory Haggard 10:46:32 AM**

I agree, John.



**Jim Nuth 10:46:49 AM**

I agree on the second chance and request for removal... She is not someone who is habitually on the radar.



**Cory Haggard 12:44:10 PM**

I haven't heard from the rest of the group, so I am going to call the agent and ask her to remove the post.



**Dave Conord 12:49:23 PM**

Agreed



**Jason Gesing 01:13:37 PM**

agree as well. disappointing and surprising coming from Pat.

CONFIDENTIAL

 **Cory Haggard 03:21:40 PM**

Committee, I spoke to Tami Edwards last night. I let
her know about the committee's decision to not
approve her request to move without a statement
saying she's submitted a police report. I also let her
know, the request for the four agent's in Mike's
downline to change sponsors, with her, was denied.
She said she understood the reason for eXp
requesting a statement, but she was not happy about
the denial of the request to change other agent's
sponsors. She told me she now has no other option
than to go for the "whole thing". What she meant was
possibly sue eXp to take Michael's spot in the rev
share tree. I asked if she meant getting an attorney
involved and she said it seems like her only option.
So, I guess at this point we wait to see what her next
move is. I just wanted to keep everyone updated.

 **Cory Haggard 03:22:02 PM**

I know that text seems dramatic, she was very calm,
but she is clearly upset by the decision.

 **Jim Bramble 03:22:58 PM**

Thanks for having the difficult conversations Cory.
Very grateful for you. Good luck to her on trying to
get free revenue share. She is going to need it as
she has no case.

 **Workplace user 03:35:10 PM**

 **Cory Haggard 03:40:35 PM**

Thanks, Stacey and Jim. We all make a pretty great
team.

CONFIDENTIAL                    2eXp_005064

1

**CERTIFICATE OF SERVICE**

2

3

The undersigned hereby certifies that the foregoing was filed and served on all counsel of

4

record by way of email this 8th day of April

5

                                        /s/ Roberto Segovia

6                                      Roberto Segovia

7

8

9    golden\discovery\joint agenda\2025 april 9 hearing\2025 april 9 joint agenda.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

155421810.1
5

JOINT AGENDA - April 9, 2025