PETER K. LEVINE, ESQ. SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230
peter@peterlawfirm.com

DAVID A. POULL, ESQ. SBN: 288458
**CANNON & NELMS, PC**
160 SOUTH OLD SPRINGS ROAD
SUITE 200
ANAHEIM, CALIF. 92808
TELEPHONE: (714) 637-4400
FACSIMILE: (714) 637-4444

Attorneys for Defendant David S. Golden

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, TAMI SIMS, CHRISTIANA LUNDY, AND JANE DOE 3, <br><br> Plaintiffs, <br><br> vs. <br><br> EXP REALTY, LLC., EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; And DOES 10, <br><br> Defendants. | CASE NO. 2:23-CV-01304-AB-AGR <br><br> Hon. Alicia G. Rosenberg <br><br> **JOINT AGENDA** <br><br> HEARING DATE: APRIL 9, 2025 <br> TIME: 12:00 P.M. (PST) |

///

///

///

155421810.1
1

JOINT AGENDA

**Defendant Golden's Discussion Points**:

    a.    Deposition dates for eXp employees, Leo Pareja, Jason Gesing, James Bramble, and Boyd Bastion.

    b.    Dates for session two of the Brent Gove deposition.

**Defendant Brent Gove's Discussion Points:**

    a.    Mr. Gove's deposition was noticed for April 4, 2025 by Plaintiffs' counsel, which proceeded with all parties in attendance for approximately seven (7) hours.

    b.    However, the deposition was not completed, and counsel for Defendant eXp Realty, LLC, World Holdings, Inc., Defendant Golden, and Defendant Bjorkman wished to examine deponent.

    c.    Mr. Gove and his counsel met and conferred on the record of Mr. Gove's deposition to offer April 30th, May 1st, May 2nd, May 23rd, and any date between April 5th and April 13th, for a total of thirteen (13) dates of availability.

    d.    Any discovery dispute about a date of "session two" for the Deposition of Brent Gove is therefore between other counsel and concerns their scheduling. There is no discovery dispute concerning Mr. Gove.

**Defendants eXp Realty, LLC and eXp World Holding, Inc.'s Discussion Point**

    a.    Protective Order regarding the deposition of Leo Pareja;

    b.    Protective Order regarding the deposition of James Bramble.

**Plaintiffs' Discussions Points:**

    a.    The complete production of eXp's retention policies;

    b.    eXp's objections to Plaintiffs' 30(b)(6) notice to eXp regarding spoliation (Objections attached as Exhibit A; exemplars attached as Exhibit B.

///

///

155421810.1

2

JOINT AGENDA - April 9, 2025

PETER K. LEVINE, APLC

Dated: April 8, 2025

By: /s/ Peter K. Levine
Peter K. Levine, Esq.
*Attorney for Defendant Golden*

PHILLIPS, SPALLAS, ANGSTADT LLP

Dated: April 8, 2025

By: /s/ George M. Morris
TODD A. ANGSTADT
ELISA R. MARCALETTI
GEORGE M. MORRIS
*Attorneys for Defendant*
*BRENT GOVE*

LEWIS BRISBOIS BISGAARD & SMITH LLP

Dated: April 8, 2025

By: /s/ William Pallares
William Pallares, Esq.
Kyle R. Maland, Esq.
*Attorneys for Defendants eXp World*
*Holdings, Inc, eXp Realty, LLC and Glenn*
*Sanford*

CHESNOFF & SCHONFELD

Dated: April 8, 2025

/s/ Richard A. Schonfeld
Richard A. Schonfeld, Esq.
*Attorney for Defendant Michael Bjorkman*

155421810.1
3

JOINT AGENDA - April 9, 2025

LENZE LAWYERS, PLC

Dated: April 8, 2025        By: _____/s/ Jennifer A Lenze_____
JENNIFER A. LENZE
Attorneys for Plaintiffs FABIOLA ACEVEDO, TAMI SIMS, CHRISTIANA LUNDY, JANE DOE 3 and JOHN DOE 1

155421810.1
4

JOINT AGENDA - April 9, 2025

**EXHIBIT "A"**

WILLIAM E. PALLARES, SB# 187740
 E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
 E-Mail: Kyle.Maland@lewisbrisbois.com
ERIN E. MULLEN, SB# 356383
 E-Mail: Erin.Mullen@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**OBJECTION TO PLAINTIFFS' CROSS NOTICE OF 30(b)(6) RE: WORKPLACE AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Trial Date:   November 17, 2025 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD ("Defendants") hereby object to Plaintiffs' Notice of 30(b)(6) re: Workplace Chats and Request for Production of Documents, set for April 11, 2025, at 9:30 a.m.

**OBJECTIONS TO CATEGORIES OF EXAMINATION**

**CATEGORY OF EXAMINATION NO. 1:**

Policies and procedures regarding document retention of Workplace Chat communications, including but not limited to, litigation holds, deletion of employees upon termination; deletion of agents upon termination, SEC regulations regarding preservation of communications.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 1:**

Objection. This category is vague and ambiguous. The category is overly broad regarding "policies and procedures regarding document retention." The category lacks reasonable particularity regarding the matters for examination as to the specifics for document retention. The category as to "litigation holds" and "SEC regulations regarding preservation of communications" involves legal issues that require the assistance of an attorney. As such, the category is overly broad or unfocused. The category also potentially violates the attorney client and/or attorney work product privileges.

**CATEGORY OF EXAMINATION NO. 2:**

The identity of every Workplace Chat group, the date of creation, date of deletion, members of the chat group, including but not limited to groups consisting of Founders, Alphas, Betas, Builders, Compliance Committee and Board of Directors.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 2:**

Objection. This category lacks reasonable particularity regarding the matters for examination. Further, the category is overly broad and not reasonably available

to the organization.  eXp lacks the ability to identity of "every Workplace Chat group, the date of creation, date of deletion, members of the chat group."  Further, the information sought is more properly within the purview of expert testimony.  This category is also not relevant and disproportionate to the needs of this case.

**CATEGORY OF EXAMINATION NO. 3:**

The identity of any group in which Defendant Sanford is a member, wherein any of the Plaintiffs or individual Defendants, sexual misconduct, acceleration of vesting were discussed.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 3:**

Objection.  This category lacks reasonable particularity regarding the matters for examination.  Further, the category is overly broad and not reasonably available to the organization.  eXp lacks the ability to identity of "any group in which Defendant Sanford is a member."  Further, the information sought is more properly within the purview of expert testimony.  This category is also not relevant and disproportionate to the needs of this case.

**CATEGORY OF EXAMINATION NO. 4:**

The identity of individuals designated as System Administrators for eXp's Workplace Chat account, their admin role and dates of usage.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 4:**

Objection.  This category lacks reasonable particularity regarding the matters for examination regarding "their admin role."  Further, the category is overly broad and not reasonably available to the organization.  eXp lacks the ability to determine the "dates of usage."  This category is also not relevant and disproportionate to the needs of this case.

**CATEGORY OF EXAMINATION NO. 5:**

The deletion of Stacey Onnen's Workplace account.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 5:**

Objection.  This category lacks reasonable particularity regarding the matters

for examination as to "deletion." Further, the category is overly broad and not reasonably available to the organization. eXp lacks the ability to access past records.

**CATEGORY OF EXAMINATION NO. 6:**

The deletion of Workplace Chats from the Alpha Chat.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 6:**

Objection. This category lacks reasonable particularity regarding the matters for examination. Further, the category is overly broad and not reasonably available to the organization. eXp lacks the ability to determine the "deletion of Workplace Chats from the Alpha Chat." Further, the information sought is more properly within the purview of expert testimony. This category is also not relevant and disproportionate to the needs of this case.

**CATEGORY OF EXAMINATION NO. 7:**

The deletion of Workplace Chats between Glenn Sanford and Brent Gove.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 7:**

Objection. This category lacks reasonable particularity regarding the matters for examination. Further, the category is overly broad and not reasonably available to the organization. eXp lacks the ability to determine the "deletion of Workplace Chats between Glenn Sanford and Brent Gove." Further, the information sought is more properly within the purview of expert testimony. This category is also not relevant and disproportionate to the needs of this case.

**CATEGORY OF EXAMINATION NO. 8:**

The deletion of any former Alpha Agent, Board Member, C-Suite, president or director's Workplace Chat accounts.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 8:**

Objection. This category lacks reasonable particularity regarding the matters for examination. Further, the category is overly broad and not reasonably available to the organization. eXp lacks the ability to determine the "deletion of any former

Alpha Agent, Board Member, C-Suite, president or director's Workplace Chat accounts." Further, the information sought is more properly within the purview of expert testimony. This category is also not relevant and disproportionate to the needs of this case.

**CATEGORY OF EXAMINATION NO. 9:**

The storage, maintenance of Workplace Chats and related ability to download, save, produce Workplace Chats.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 9:**

Objection. This category lacks reasonable particularity regarding the matters for examination. Further, the category is overly broad and not reasonably available to the organization. eXp lacks the ability to determine the "ability to download, save, produce Workplace Chats." This category is better suited for an expert versed in ESI.

**CATEGORY OF EXAMINATION NO. 10:**

Communications with Meta (formerly Facebook) regarding the deletion of any Workplace Chats and/or Workplace accounts.

**RESPONSE TO CATEGORY OF EXAMINATION NO. 10:**

Objection. This category lacks reasonable particularity regarding the matters for examination regarding the "the deletion of any Workplace Chats and/or Workplace accounts." As such, the category is overly broad or unfocused. This category is also not relevant and disproportionate to the needs of this case.

**RESPONSES TO REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 11:**

All documents which the deponent has utilized or may need to refresh his or her recollection as to any of the topics referenced in Exhibit A above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This request potentially violates the attorney client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION NO. 12:**

All documents which the deponent plans to consult or rely upon in preparation for the deposition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This request potentially violates the attorney client and/or attorney work product privileges. Further, request is not specific.

**REQUEST FOR PRODUCTION NO. 13:**

All documents the deponent created (or are created on his/her behalf) to address any of the topics referenced in Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This request potentially violates the attorney client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION NO. 14:**

To the extent not produced in response to a previous request, all policies, processes and procedures and training related to complaint handling for eXp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. This request is wholly unrelated to the categories listed in Exhibit A and beyond the scope of this 30(b)(6) notice.

**REQUEST FOR PRODUCTION NO. 15:**

To the extent not otherwise produced herein, all documents that refer or relate to any of the topics referenced in Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. This request potentially violates the attorney client and/or attorney work product privileges.

**REQUEST FOR PRODUCTION NO. 16:**

The most current CV and/or resume for each of the person(s) being deposed pursuant to this notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. This request is burdensome and does not seek relevant information.

DATED: April 3, 2025                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD



**FEDERAL COURT PROOF OF SERVICE**
Fabiola Acevedo, et al v. EXP Realty, LLC, et al
USDC – Central, Case No. 2:23-CV-01304-AB-AGR

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 3, 2025, I served the following document(s): OBJECTION TO PLAINTIFFS' CROSS NOTICE OF 30(B)(6) RE: WORKPLACE AND REQUEST FOR PRODUCTION OF DOCUMENTS

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 3, 2025, at Los Angeles, California.

_____
Debbie Wilhelm

155093613.1

1

Case No. 2:23-cv- 01304-AB-AGR
eXp'S OBJECTION TO PLAINTIFFS' NOTICE OF 30(b)(6) RE: WORKPLACE CHATS

# SERVICE LIST
### Fabiola Acevedo, et al v. EXP Realty, LLC, et al
### USDC – Central, Case No. 2:23-CV-01304-AB-AGR

| | |
|---|---|
| Jennifer A. Lenze, Esq.<br>**LENZE LAWYERS, PLC**<br>999 Corporate Drive, Suite 100<br>Ladera Ranch, CA 91765<br>T: (310) 322-8800 / F: (310) 322-8811<br>jlenze@lenzelawyers.com; | Attorneys for Plaintiffs,<br>FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3 and JOHN DOE 1 |
| Brooke F. Cohen, Esq.<br>(TX Bar #24007019)<br>Andrea Hirsch, Esq.<br>(GA Bar #666557)<br>**COHEN HIRSCH, LP**<br>5256 Peachtree Road, Suite 195-E<br>Atlanta, GA 30341<br>T: (678) 268-4683<br>brooke@cohenhirsch.com;<br>andrea@cohenhirsch.com;<br>lwest@cohenhirsch.com; | *(admitted Pro Hac Vice)*<br>*(admitted Pro Hac Vice)*<br><br>Attorneys for Plaintiffs,<br>FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3 and JOHN DOE 1 |
| Todd A. Angstadt, Esq.<br>Elisa R. Marcaletti, Esq.<br>George M. Morris, Esq.<br>**PHILLIPS, SPALLAS & ANGSTADT LLP**<br>560 Mission St., Suite 1010<br>San Francisco, CA 94105<br>T: (415) 278-9400 / F: (415) 278-9411<br>tangstadt@psalaw.net;<br>emarcaletti@psalaw.net;<br>gmorris@psalaw.net; | Attorneys for Defendant,<br>BRENT GOVE |
| Peter K. Levin, Esq.<br>**PETER K. LEVINE, APLC**<br>5455 Wilshire Boulevard, Suite 1250<br>Los Angeles, CA 90036<br>T: (323) 934-1234 / F: (323) 934-1230<br>peter@peterlawfirm.com;<br>cc: Assistant, Roberto Segovia<br>roberto@peterlawfirm.com; | Attorneys for Defendant,<br>DAVID S. GOLDEN |
| David A. Poull, Esq.<br>**CANNON & NELMS, PC**<br>160 South Old Springs Rd., Suite 200<br>Anaheim, CA 92808<br>T: (714) 637-4400 / F: (714) 637-4444<br>DPoull@CannonNelms.com; | Attorneys for Defendant,<br>DAVID S. GOLDEN |

| | | |
|---|---|---|
| 1 | Richard A. Schonfeld, Esq. | |
| | Robert Z. DeMarco, Esq. | *(pending Pro Hac Vice)* |
| 2 | (Nevada Bar # 12359) | |
| | **CHESNOFF & SCHONFELD** | |
| 3 | 520 South 4th Street, Suite 200 | Attorneys for Defendant, |
| | Las Vegas, NV 89101-6593 | MICHAEL L. BJORKMAN |
| 4 | T: (702) 384-5563 / F: (702) 598-1425 | |
| | rschonfeld@cslawoffice.net; | |
| 5 | rdemarco@cslawoffice.net; | |
| | rreves@cslawoffice.net; | |

# EXHIBIT B

# FILED

# UNDER

# SEAL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of email this 8th day of April

                                    /s/ Roberto Segovia
                                    Roberto Segovia

golden\discovery\joint agenda\2025 april 9 hearing\2025 april 9 joint agenda.docx

155421810.1

5

JOINT AGENDA - April 9, 2025