WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
  E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants
EXP REALTY, LLC, EXP WORLD HOLDINGS, INC. and GLENN SANFORD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiff,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; and DOES 1-100,,<br><br>Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL RULE 35 EXAM OF PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF WILLIAM E. PALLARES; AND DECLARATION OF MARC COHEN, M.D. IN SUPPORT THEREOF**<br><br>Trial Date:    November 17, 2025 |

1  **PLEASE TAKE NOTICE** that on May 20, 2025 at 10:00 a.m. or as soon
2  thereafter as the matter may be heard in the courtroom of the Honorable Alicia G
3  Rosenberg, Roybal Federal Building and United States Courthouse, 255 E. Temple
4  St., Los Angeles, CA, 90012, Courtroom 550, 5th Floor, Defendants eXp Realty,
5  LLC, Glenn Sanford and eXp World Holdings, Inc. (collectively "eXp") will and
6  hereby do move the Court for an order to compel a Rule 35 exam of Plaintiffs,
7  Fabiola Acevedo, Tami Sims, Christy Lundy and Megan Farrell-Nelson without the
8  presence of a third-party, including but not limited to Plaintiffs' counsel.  eXp
9  moves for an order to compel a Rule 35 exam of Plaintiffs, without the presence of a
10 third-party, including but not limited to Plaintiffs' counsel, on the grounds that a
11 forensic psychiatric examination should be conducted one-on-one, with only the
12 forensic psychiatrist and the examinee present in the room.
13         Specifically, eXp seeks an order as to the following:  (1) that the Rule 35
14 exams of Plaintiffs shall proceed without the presence of a third-party, including but
15 not limited to Plaintiffs' counsel; and (2) that the court enter an order for the Rule 35
16 exams pursuant to the [Proposed] Order submitted along with this Motion.
17         This motion is made following the conference of counsel pursuant to L.R. 7-3
18 which took place on or before April 2, 2025.  Plaintiffs' counsel has repeatedly
19 represented that they intend to be present at any Rule 35 exam of their clients.  The
20 parties were unable to resolve their dispute.
21
22
23
24
25 / / /
26 / / /
27 / / /
28 / / /

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of William E. Pallares and the Declaration of Marc Cohen, M.D., all of the pleadings, files, and records in this proceeding, all other matters of which this Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to the hearing.

Respectfully submitted,

DATED: April 21, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

eXp brings this motion for an order to compel Plaintiffs' Rule 35 exam without the presence of third-parties, including but not limited to Plaintiffs' counsel. Plaintiffs' have put their mental condition in controversy, which Plaintiffs' counsel do not contest. In fact, Plaintiff contend they suffer from Post Traumatic Stress Disorder. Their primary element of damages centers on severe emotional distress. Good cause exists to allow eXp to conduct a mental evaluation of Plaintiffs. The dispute here lies in Plaintiffs' counsel's insistence to be present for the examinations. However, as this Court knows, courts generally prohibit the attendance of attorneys at Rule 35 exams. The presence of an attorney is a distraction, adds an adversary character to a clinical exam, and potentially makes the attending attorney a witness.

Accordingly, eXp respectfully requests that this Court grant its Motion to Compel Plaintiffs' Rule 35 exam without the presence of a third-party, including but not limited to Plaintiffs' counsel.

## 2. FACTUAL SUMMARY

### A. Plaintiffs Have Put Their Mental Condition In Controversy As To Their Claims Against Defendants.

Plaintiffs Second Amended Complaint centers on allegations that Defendants Michael Bjorkman ("Bjorkman") and David Golden ("Golden") violated the Trafficking Victims Protection Reauthorization Act ("TVPRA) by engaging in a scheme to lure Plaintiffs to various real estate networking events in order to drug and sexually assault the female Plaintiffs. *See* Dkt. 165 at ¶ 2. Plaintiffs have alleged a total of twelve counts as follows: (1) Violation of 18 U.S.C. section 1591 as to Defendant Bjorkman; (2) Violation of 18 U.S.C. section 1591 as to Defendant Golden; (3) Violation of 18 U.S.C. section 1595 as to Defendant Golden, Defendant Golden and eXp; (4) Sexual Battery as to Defendant Bjorkman; (5) Civil Battery as

to Defendant Bjorkman; (6) Civil Battery as to Defendant Golden; (7) Intentional Infliction of Emotional Distress as to Defendant Bjorkman; (8) Intentional Infliction of Emotional Distress as to Defendant Golden; (9) Intentional Infliction of Emotional Distress as to Defendant Gove; (10) Intentional Infliction of Emotional Distress as to Defendant Glenn Sanford; (11) Negligence as to all defendants; and (12) Negligent Hiring as to eXp. Throughout the SAC, Plaintiffs have alleged that defendants' conduct has caused Plaintiffs to suffer "legally compensable emotional distress." (see SAC at ¶¶248, 254, 261, 266, 271, 278, 284 & 289.) In fact, Plaintiffs further allege that the defendants' "conduct was a substantial factor in causing Plaintiffs' severe emotional distress." (See SAC at ¶¶267, 272, 279, 285 & 290.)

During depositions, Plaintiffs have alleged that the suffer from Post Traumatic Stress Disorder ("PTSD"). (See Declaration of William E. Pallares ("Pallares Decl.") at ¶2.)

### B. Plaintiffs' Counsel Intend To Be Present And Insert Themselves Into The Rule 35 Exam.

Throughout this litigation, eXp has always maintained that it intends to take Plaintiffs' mental evaluations pursuant to Federal Rule of Civil Procedure Rule 35. (Pallares Decl. at ¶ 3.) On March 17, 2025, counsel for eXp reminded Plaintiffs' counsel that eXp intended to take the psychiatric evaluations of Plaintiffs, pursuant to Rule 35, while attaching the curriculum vitae for Marc Cohen, M.D., and requested Plaintiffs' availability for late April and early May. (Pallares Decl. at ¶ 4.) On March 19, 2025, Plaintiffs' counsel inquired on whether the exams would be remote. (Pallares Decl. at ¶ 5.) Counsel for eXp advised that the exams were to be in person. (Pallares Decl. at ¶ 6.)

On March 31, 2025, the parties met and conferred on various topics including eXp's Rule 35 exams wherein Plaintiffs' counsel advised that they intend to be present at any Rule 35 exam. (Pallares Decl. at ¶ 7.) eXp's counsel advised that he

1  intended to bring this issue before the Magistrate Judge and then requested a
2  conference with the Magistrate to compel "the mental evaluations of Plaintiffs,
3  pursuant to Rule 35, without the presence of counsel at the evaluations. (See
4  Exhibit A, attached to the Pallares Decl. at ¶ 8.) The parties met and conferred
5  again on April 2, 2025. (Pallares Decl. at ¶ 9.) Prior to the meet and confer, eXp's
6  counsel requested a status from the Deputy Clerk regarding eXp's request for a
7  conference. (See Exhibit A.) eXp further sent Plaintiffs' counsel a proposed order
8  for the examination. (See Exhibit B to the Pallares Decl. at ¶ 10.) At the conclusion
9  of the meet and confer, counsel for Plaintiffs requested authority to support eXp's
10 position that counsel are not allowed to be present at a Rule 35 exam, wherein eXp's
11 counsel forwarded case law to Plaintiffs. (See Exhibit C to the Pallares Decl. at ¶
12 11.)

Notwithstanding the case law regarding the presence of third-parties at Rule
35 exams, Plaintiffs' counsel insist to be present and have provided no authority to
support their position. (Pallares Decl. at ¶ 12.)

Accordingly, eXp brings this motion to compel Plaintiffs' Rule 35 exam
without the presence of third-parties, including but not limited to Plaintiffs' counsel.

### 3. THIS COURT HAS AUTHORITY TO COMPEL A DEFENSE MENTAL EVALUATION PURSUANT TO RULE 35 WHERE A PLAINTIFF'S MENTAL CONDITION IS AT ISSUE

Under Federal Rule of Civil Procedure 35, the court "where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." *Fed. R. Civ. P.* 35(a)(1). To justify a mental examination under Rule 35, a defendant must demonstrate (a) that Plaintiff has placed his mental condition "in controversy," and (b) "good cause" for that examination. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). "[C]ourts will order plaintiffs to undergo mental examinations where the cases, involve, in addition to a claim of emotional distress,

one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 3) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)." *Turner v. Imperia Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).  Here, Plaintiffs have clearly put their mental condition in controversy, alleging intentional infliction of emotional distress against eXp and other defendants.  Further, Plaintiffs' counsel do not contest that Plaintiffs' mental condition is an issue in this matter.

Moreover, the court is to "construe Rule 35 liberally in favor of granting discovery . . . [and] a purpose of Rule 35 is to level the playing field between the parties in cases in which a party's physical or mental condition is in issue." *Silva v. Mercado Food Enter. Inc.*, 2012 U.S. Dist. LEXIS 6463, at *17 (E.D. Cal. Jan. 20, 2012) (internal citations omitted).  Accordingly, good cause exist to allow eXp to conduct the mental evaluations of Plaintiffs as each asserts that the conduct of defendants has cause "severe emotional distress" and they have testified they suffer from PTSD.  *Shapiro v. Win-Sum Ski Corp.* (WD NY 1982) 95 F.R.D. 38.  Nevertheless, Plaintiffs' counsel insist upon attending Plaintiffs' Rule 35 exam.

### A. Federal Courts Generally Prohibit Third Parties, Particularly Attorneys, From Attending Rule 35 Exams.

Federal courts generally prohibit plaintiff's attorney from being present at a psychiatric or physical examination of plaintiff by defendant's doctor pursuant to Rule 35, Federal Rules of Civil Procedure. See *Swift v. Swift*, 64 F.R.D. 440 (E.D.N.Y. 1974);  *Brandenberg v. El Al Israel Airlines*, 79 F.R.D. 543 (S.D.N.Y. 1978); *Cline v. Firestone Tire & Rubber Company*, 118 F.R.D. 588 (S.D. W.Va. 1988); *McDaniel ¶18.)  v. Toledo, Peoria and Western Railroad Co.*, 97 F.R.D. 525 (C.D. Ill. 1983); *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D. Md.

1960); *Neumerski v. Califano*, 513 F. Supp. 1011 (E.D. Pa. 1981); *Warrick v. Brode*, 46 F.R.D. 427 (D. Del. 1969). The presence of attorneys at psychiatric examinations has been denied in the federal courts because of the special nature of such an examination "which relies . . . upon unimpeded one-on-one communication between doctor and patient." *Brandenberg, supra*, 79 F.R.D. at 546.

### B. The Presence Of Third Parties At Mental Evaluations Is A Distraction.

As Marc Cohen, M.D. noted, these examinations are a full day of eight (8) hours.  (Declaration of Marc Cohen, M.D. ("Cohen Decl.") at ¶¶4 – 10.)  Further, these examinations should be conducted on-on-one because the presence of a third party impedes the examiner's ability to establish a rapport with the patient/plaintiff. (Cohen Decl. at ¶17.  In fact, the presence of a third party is a distraction.  (Cohen Decl. at ¶¶18 – 21.)  Third parties are viewed as distractions in the clinical setting. See *Shirsat*, 169 F.R.D. at 70 (denying request to have independent observer present because "[t]his Court finds that an observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the process"); *Barsamian v. City of Kingsburg*, 2008 U.S. Dist. LEXIS 44778, 2008 WL 2168982, at *6 (E.D. Cal. May 22, 2008) (explaining that "the clinical setting is compromised by the presence of a third party").

### C. Courts Routinely Refuse To Allow Independent Observers And Attorneys To Attend Rule 35 Mental Evaluations.

Again, courts generally prohibit third parties, particularly counsel, from attending IMEs.  See e.g. *Newman v. San Joaquin Delta Cmnty College Distr.*, 272 F.R.D. 505, 514 (E.D. Cal. 2011) (refusing to allow presence of "support person" during mental examination); *Mandujano*, 2011 U.S. Dist. LEXIS 27986, 2011 WL 825728 at *6 (prohibiting third parties, including plaintiff's attorney, from attending mental exam); *Barsamian,* 2008 U.S. Dist. LEXIS 44778, 2008 WL 2168982, at *6 (denying plaintiff's request to have her counsel present during psychiatric exam).  In

fact, courts go so far as to refuse an independent observer from attending a Rule 35 exam. *Romano v. II Morrow, Inc.*, 173 F.R.D. 271, 273-75 (D. Or. 1997) (denying request to have non-attorney hand specialist observe physical exam); *Shirsat v. Mutual Pharm. Co., Inc.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996) (denying request to have independent observer present where plaintiff had difficulty with English).

### D. The Presence Of Counsel Inject An Adversarial Character Into A Clinical Setting.

Counsel, in particular, inject an adversarial component to examinations that "should be divested as far as possible of any adversary character." *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12, 13-14 (E.D. N.Y. 1989) (noting also that "courts are wary of the ethical problems posed under Canon 5, DR5-102, when an attorney for a party makes himself a potential witness in the action"). Plaintiffs' counsel stated during the meet and confer that her presence was necessary to ensure proper questioning. (Pallares Decl. at ¶ 13.) Clearly, Plaintiffs' counsel intends to advocate for her clients and challenge the questions presented to Plaintiffs. In doing so, Plaintiffs' counsel will inevitably make herself a witness. By refusing Plaintiffs' counsel's attendance and allowing Dr. Cohen to video record the sessions, the examinations can proceed unfettered and allow a proper means for counsel to challenge any part of the examination without becoming a witness. (Cohen Decl. at ¶¶11 – 16.)

### E. The Proposed Scope For These Exams Is Reasonable.

Dr. Cohen has proposed, as part of the scope of the exams, a battery of non-intrusive tests that are routinely administered in such examinations. (Cohen Decl. at ¶¶22 – 45.) The methodology and tests along with a face to face interview of Plaintiffs will ensure a fair and accurate assessment of Plaintiffs' claimed damages and harm suffered. To date, Plaintiffs have not objected to the scope of the Rule 35 exam. They have only insisted upon being present.

## 4. CONCLUSION

For the foregoing reasons, eXp respectfully requests that this Court grant its Motion to Compel Plaintiffs' Rule 35 exam, without the presence of third-parties, including but not limited to Plaintiffs' counsel, and issue an order to proceed consistent with the Proposed Order.

Respectfully submitted,

DATED:  April 21, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /s/ William E. Pallares
    WILLIAM E. PALLARES
    Attorneys for Defendants
    eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System.

        /s/ William E. Pallares
WILLIAM E. PALLARES