WILLIAM E. PALLARES, SB# 187740
E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT EXP REALTY, LLC'S MOTION TO COMPEL PLAINTIFFS' RULE 35 EXAMINATION**<br><br>Trial Date:   November 18, 2025 |

The Court has considered Defendant eXp Realty, LLC's Motion To Compel Independent Forensic Psychiatric Evaluation of Plaintiffs, pursuant to Federal Rule of Civil Procedure, Rule 35.

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. This Court grants Defendant eXp Realty, LLC's Motion for an order pursuant to Fed. R. Civ. P. 35(a).

**Manner:**

2. Plaintiff Christy Lundy must appear for the Independent Forensic Psychiatric Evaluation by Marc A. Cohen, M.D at 468 N. Camden Drive, Second Floor, Beverly Hills, CA 90210. The evaluation will begin no early than 9:00 a.m., and is expected to last until at least 5:30 p.m. that same day. The examination will take place on Friday, May 23, 2025.

**Scope:**

3. The examination will take place over eight hours excluding any breaks, which can be taken as needed. The exam will begin at 10:00 A.M. The psychiatric examination will be video and audio recorded in its entirety and both the Plaintiff and Dr. Cohen will be video recorded. The examination will consist of a psychiatric interview and the administration of one or more psychological tests. The examination will involve a detailed inquiry into many different pertinent topics which include, but not limited to, Plaintiff's claimed emotional damages, the onset and course of current symptoms as well as several other clinical domains, such as psychiatric and mental health treatment history, social history, substance use, criminal history, medical history and current medications, family history, relationship histories, employment history and educational history, as well as other subject matters. The examination may also include, but is not limited to, the administration of one or more of the following psychological tests or assessments: Minnesota Multiphasic Personality Inventory-3 (MMPI-3); Millon Clinical Multiaxial Inventory (MCMI-IV); Personality Assessment Inventory (PAI);

Structured Interview of Reported Symptoms (SIRS-2); Montreal Cognitive Assessment (MOCA); 15 Item Test; Trauma Symptom Inventory-2 (TSI-2); and/or Test of Memory Malingering (TOMM).  Plaintiff, however, is not to be questioned on the names of treating physicians of third parties other than Plaintiff, so as not to impinge on third parties' right to privacy as the rights of privacy of third parties are in issue.  Defendant will inquire into the foregoing with the following limitations:

**Conditions:**

a. Plaintiff is not to be questioned concerning her conversations with her counsel, or any person affiliated with her counsel or her counsel's office.

b. Plaintiff is not to be questioned concerning any confidential communications with a spouse with the understanding that questions on whether a spouse witnessed any of the alleged mental distress and symptoms is not covered by any privilege or exempted from the examination .

c. Plaintiff is not to be questioned concerning her counsels' evaluation of her claims against any of the Defendants, nor is Plaintiff to be questioned about any discussions Plaintiff has had with her counsel regarding such evaluations, as that is invasive of the attorney-client and attorney work product privileges; this includes, without limitation, legal evaluations of claims by any expert or potential experts retained by Plaintiff and/or her counsel in preparation for trial in the matter.

d. Plaintiff may not be accompanied at the examination by a third party, including plaintiff's counsel or Defense counsel, during the examination.  Only Dr. Cohen shall be present during the examination.

e. The psychiatric examination of Plaintiff may not involve any tests or procedures that are painful, protracted or intrusive.

f. Plaintiff shall not be required to fill out any patient information forms of any type whatsoever, including, but not limited to "new patient" forms, insurance forms, identification forms, authorizations for records, arbitration forms, waivers and releases and will not be asked to do so by the medical professional or his staff.

     g.     The medical professional's office will not take any photographs, finger prints or other identification information from the Plaintiff, including, but not limited to driver's license, Social Security number and home address.

     h.     The psychiatric examination of Plaintiff does not involve any tests or procedures that are painful, protracted or intrusive.

     i.     Plaintiff will fully participate in the mental exam to the best of his abilities. In the event Dr. Cohen believes in reasonable good faith that Plaintiff is not participating and/or obstructing the examination, Dr. Cohen will notify counsel for Defendant in order to attempt to resolve the matter at that time. If the parties are unable to resolve the issue, Defendant has the right to terminate the examination and file a Motion to Compel with the Court and seek monetary sanctions.

     j.     Plaintiff shall be entitled to take reasonable breaks during the examination process, including, but not limited to taking a lunch break, rest breaks and bathroom breaks. If at any time during the proceedings, Plaintiff feels in reasonable good faith that the proceeding has become abusive, she will immediately notify her counsel or other designated representative in order to try to resolve the matter at that time.

     k.     Copies of all recordings will be provided to all counsel within twenty (20) business days of the examination, upon request. Any recordings produced are subject to the protective order entered in the matter and parties shall have the right to utilize any designation in said order for any portions of the recordings.

**IT IS SO ORDERED**.

DATED:_____

                                                          Honorable Alicia Rosenberg
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System.

                                    /s/ William E. Pallares
                              WILLIAM E. PALLARES

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System.

                                                    /s/ William E. Pallares
                                       WILLIAM E. PALLARES