WILLIAM E. PALLARES, SB# 187740
E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
E-Mail: Kyle.Maland@lewisbrisbois.com
ERIN E. MULLEN, SB# 356383
E-Mail: Erin.Mullen@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiff,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; and DOES 1-100,,<br><br>Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL RULE 35 EXAM OF PLAINTIFFS; AND SUPPLEMENTAL DECLARATION OF MARC COHEN, M.D. IN SUPPORT THEREOF**<br><br>Trial Date:       November 17, 2025 |

## 1. INTRODUCTION

eXp hereby submits its reply brief in support of its motion to compel Plaintiffs' Rule 35 exam without the presence of third-parties, including but not limited to Plaintiffs' counsel. In their opposition, Plaintiffs have attempted to introduce new restrictions and limitations without meeting and conferring. Plaintiffs now object to Dr. Cohen's gender asserting that he is not qualified simply because he is male. Moreover, Plaintiffs insists on the presence of a third-party while providing no evidence to demonstrate good cause to allow a third-party observer. Instead, Plaintiffs present declarations of their therapists who provide nothing but conjecture and speculations, attempting to impugn Dr. Cohen's credentials and interfere with the process. It is clear that Plaintiffs' therapists are not forensic psychiatrists who specialize in forensic examinations of trauma victims, including those of sexual assault. eXp respectfully requests that this Court deny Plaintiffs' requests for a third-party observer and allow the Rule 35 exams to proceed as proposed and unfettered.

As demonstrated in their opposition, Plaintiffs concede that good cause exists to allow eXp to conduct a Rule 35.

## 2. PLAINTIFFS' CONCEDE THAT THEY HAVE PUT THEIR MENTAL CONDITION IN CONTROVERSY AND THAT eXp IS ENTITLED TO CONDUCT A RULE 35 EXAM

Plaintiffs state in their opposition that they "do not oppose submitting to psychological examination by Dr. Marc Cohen." See Dkt. 249 at lns. 2-3. Thus, under Federal Rule of Civil Procedure 35, the court "*where the action is pending* may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." *Fed. R. Civ. P.* 35(a)(1). (Emphasis added.) Moreover, Plaintiffs concede that "good cause" exists to conduct a mental evaluation. Notwithstanding however, Plaintiffs want to control the examination and impose conditions to the

exam process demanding the presence of a third-party and to control the duration of the exam.

### 3. PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN TO IMPOSE CONDITIONS AND RESTRICTIONS ON eXp RULE 35 EXAM

As set forth in their opposition, Plaintiffs seek the option to request an observer at their Rule 35 exams. When addressing the issue of allowing an observer, "[t]he majority rule adopted by the federal courts is that the court may, and ***often should exclude third-party observers,*** including counsel, from medical or psychiatric evaluations." *Smolko v. Unimark Lowboy Trans., LLC,* 327 F.R.D. 59, 61 (M.D. Penn. 2018) (Emphasis added.); see also *Holland v. United States, 182 F.R.D. 493, 495 (D. S.C. 1998))* ("The weight of federal authority . . . favors the exclusion of the plaintiff's attorney from a Rule 35 examination absent a compelling reason."); *Tomlin v. Holecek*, 150 F.R.D. 628, 631 (D. Minn. 1993) (the "greater weight of authority favors exclusion" of third parties.) "[T]he party seeking the presence of a third party . . . must carry the burden of convincing the court." *Galieti v. State Fram Mut. Automobile Ins. Co.*, 154 F.R.D. 262, 265 (D Colo. 1994); see also *Tarte*, 249 F.R.D. at 859 ("[F]ederal courts have found that the party seeking to have the observer present bears the burden demonstrating "good cause' for the request . . . "); *Smolko*, 327 F.R.D. at 62. Here, Plaintiffs have failed to meet their burden. Plaintiffs declarations of Kimberly Devine, D.S.W., L.C.S.W., L.M.F.T and Amanda Elkin, L.P.C. are insufficient and based on conclusion that the courts routinely reject. The thrust of Plaintiffs' position is to impose restrictions on the Rule 35 exam because Dr. Cohen is male. This is not good cause for this Court to fly against the majority of federal authority which excludes the presence of third-party observers at Rule 35 exams.

/ / /

/ / /

### A. Plaintiffs Have Failed To Make A Valid Objection To Dr. Cohen As The Physician To Conduct Their Rule 35 Exam, As Courts Routinely Allow Parties To Select An Examiner Of Their Choice.

In general, courts will appoint the physician of the moving party's choice unless the opposing party raises a valid objection to the physician. 8B Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice & Procedure* § 2234.2 (3rd ed. 2010). As one court reasoned:

> The "valid objection" requirement provides defendants with the same opportunity as plaintiffs in choosing an expert witness. Defendants have absolutely no say in determining which physician a plaintiff chooses as a treating physician or an expert witness; likewise, a plaintiff should be limited in his [or her] ability to object to the selection of the defendant's expert witnesses.

*Powell v. United States*, 149 F.R.D. 122, 124 (E.D. Va. 1993); see also *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995). In this instance, Plaintiffs have chosen therapists who lack expertise in forensic psychiatry to provide unfounded and speculative assertions that Plaintiffs may suffer harm if unaccompanied in their Rule 35 exam. This is simply an invalid objection.

Courts have found valid objections to a proposed examiner where the examiner had a personal bias in the case as evidenced by a business or attorney-client relationship with the attorney representing the defendant. See e.g., *Adkins v. Eitel*, 2 Ohio App. 2d 46, 206 N.E.2d 573 (Ohio Ct. App. 1965) and *Main v. Tony L. Sheston-Luxor Cab Co.*, 249 Iowa 973, 89 N.W.2d 865 (Iowa 1958). In contrast, Courts have overruled objections to proposed examiners where there were not valid or serious objections, such as in cases where the plaintiff had argued that the examiner was biased because (1) the examiner was abusive and defense oriented, *Greenhorn v. Marriott Intern., Inc.*, 216 F.R.D. 649, 652-3 (D. Kan. 2003); (2) only the examiner had already received information from the defendant regarding the case, *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202-3 (N.D. Tex. 1995); (3) the examiner was regularly employed by insurance companies and

1 defendants to perform medical examinations, *Powell*, 149 F.R.D. at 124; and (4) the
2 examiner may have received grants or was associated with an institution who may
3 have received grants from a defendant manufacturer, *Duncan v. Upjohn Co.*, 155
4 F.R.D. 23, 26 (D. Conn. 1994). Plaintiffs have not made any such objections to Dr.
5 Cohen on these grounds. Instead, Plaintiffs challenge a male psychiatrist's ability to
6 proceed professionally and conduct a Rule 35 exam. This is absurd and strains
7 credulity.

**B. Citing To Dr. Cohen's Gender Is An Improper And Invalid Objection And Demonstrates That Plaintiffs Cannot Meet Their Burden To Show Good Cause For The Presence Of A Third-Party Observer.**

The authorities suggest that a party's unsupported objections to a particular doctor conducting the examination should be given little weight. (Louisell & Wally, Modern Cal. Discovery (2d ed. 1972) *Physical and Mental Examinations*, § 7.09, p. 493; *Gale v. National Transp.* Co. (S.D.N.Y. 1946) 7 F.R.D. 237, 238.) (overruling objection to examiner because he was a male and plaintiff was female).

Nevertheless, Plaintiffs and their treating therapist blatantly attempt to impugn Dr. Cohen's credentials as a board certified psychiatrist, suggesting without citation to any literature or studies that his gender alone may traumatize Plaintiffs.

Specifically, Dr. Devine contends:



See Declaration of Marc Cohen, M.D. ("Cohen Decl.") at ¶4. Here, Plaintiffs have failed to present any evidence that they will suffer harm. Dr. Devine uses words such as ████████████ and ████████ to suggest a potential harm. Notably, Dr. Devine fails to state that it is within a "reasonable medical probability" that Ms. Sims will suffer any adverse consequence if left unaccompanied with Dr. Cohen during the Rule 35 exam. She fails to state as such because she cannot draw such an opinion as she readily admits that such conclusions are based purely on speculation. Dr. Devine is an advocate for her patient. Based on what we know about her, she has zero experience conducting psychiatric forensic examinations pursuant to Rule 35.

In response to these unsubstantiated accusations, Dr. Cohen has declared that he is "unaware of any scientific or medical evidence demonstrating that the gender of the evaluator is a reliable indicator affecting the outcome of an examination or assessment." See Cohen Decl. at ¶5. The focus is not on a person's gender but the examiner's demeanor. Cohen Decl. at ¶5. As such and as a professional, Dr. Cohen conducts and holds himself to the highest standard, going to great lengths to ensure the examinee is treated with kindness, respect, and understanding. Cohen Decl. at ¶5. Moreover, he video records the exam to allow for full transparency as to how he conducted the exam.

Further, Dr. Devine's characterization of the exam as an interrogation demonstrates her complete lack of understanding as to a forensic examination. Simply put Dr. Devine is out of her league. Dr. Cohen explained the difference between Dr. Devine's clinical therapy sessions and a forensic examination as follows:

> "[W]hile a clinical examination relies primarily on the use of close-ended questions, a forensic evaluation relies primarily on the use of non-leading, open-ended questions in order to obtain an accurate and complete account of information from the examinee. Moreover, in contrast to a clinical examination, which is often performed under significant time constraints, a forensic examination should not be conducted under time pressure. In the setting of a forensic



examination, the examinee is given the ability to respond completely to questions without being pressured or interrupted as much as possible. Cohen Decl. at ¶6.

Similar to Dr. Devine, Amanda Elkin, L.P.C. is also misinformed as she stated:



See Cohen Decl. at ¶7. As did Dr. Devine, Ms. Elkin takes us down the path of conjecture and speculation, describing events as ▓▓▓▓▓ ▓▓▓▓▓ and ▓▓▓▓▓ She admits that she has approached the Rule 35 exam from ▓ ▓▓▓▓▓▓▓▓ She has, based upon what we know about her, no experience with psychiatric forensic examinations. While she purports to make her recommendations to uphold the integrity and reliability of Dr. Cohen's Rule 35 exam, her recommendation of a third-party distracts from the purpose of the exam and flies in the face of majority federal authorities excluding the presence of a third-party observer.

The presence of a third party . . . may be warranted in exceptional cases where there is: "(1) fear that the examiner, as a person retained by an opponent, will improperly conduct the examination to obtain admissions or other damaging concessions from the examinee; (2) fear that the examiner will utilize improper, unconventional, or harmful examination techniques; and (3) a need for emotional support or comfort during the examination." *Hertenstein v. Kimberly Home Health Care*, 189 F.R.D. 620 628 (D. Kan. 1999). There has been no showing that any of these concerns exists here. Dr. Cohen has declared that the examinations will be conducted with the highest standard along with kindness, respect and understanding

1 towards Plaintiffs.  Plaintiffs have presented no evidence that the tests and
2 interview process are improper, unconventional, or harmful examination techniques.
3 Instead, both Dr. Devine and Ms. Elkin simply provide conjecture and speculation,
4 using words such as may or likely.  This is not sufficient as Plaintiffs have failed to
5 provide evidence.  Accordingly, Plaintiffs have failed to meet their burden to make
6 any request for the presence of a third-party.

**C. Plaintiffs Have Failed To Meet Their Burden To Impose Limitations On The Duration Of The Exams.**

In conjunction with a third-party observer, Plaintiffs seek to break up the duration of the Rule 35 exam, providing an option to have the exam broken into four (4) hour intervals.  In short, Plaintiffs are attempting to limit Dr. Cohen's access to them as unfettered.  There is simply no evidence that an eight (8) hour single session presents any harm to Plaintiffs.  The courts have long recognized that the Rule 35 exam is the defendants' limited opportunity to examine plaintiff and should be given discretion to do so.  *Ragge*, 165 F.R.D. at 609 ("[b]ecause the mental examination provides one of the few opportunities for a defendant to have access to a plaintiff, and the only opportunity for a defendant to have plaintiff examined by defendant's expert, some preference should be given to allowing the examiner to exercise discretion in the manner and mean by which the examination is conducted, provided it is not an improper examination."  It should be noted that Dr. Devine has requested that the assessment be reduced to two (2) hours.  In fact, Dr. Devine then shows her true intent in her recommendation for "[a] trained. neutral, female victim's advocate . . . to provide . . . and ensure trauma-informed process."  In other words, Dr. Devine wants a third-party observer present to intervene and direct the process, eviscerating and invalidating any objectivity and integrity to the Rule 35 exam.  Both Dr. Devine and Ms. Elkin should not be allowed to direct and interfere with eXp's right to conduct a fair examination.

/ / /

156746901.1    8    Case No. 2:23-CV-01304
REPLY BRIEF ISO MOTION TO COMPEL RULE 35 EXAMINATION

      Moreover, Plaintiffs offer no authority to limit the durations of the Rule 35 exams to two (2) four (4) intervals. In fact, courts have ruled to allow eight (8) hour sessions. *Simonelli v. University of California-Berkeley,* No. C 02-1107 JL, 2007 U.S. Dist. LEXIS 44373, 2007 WL 1655821, at * 1-3 (N.D. Cal. 2007) (unpublished) (denying plaintiff's request to limit a mental examination to three hours, because "the interests of both parties in the examiner's arriving at an accurate diagnosis militates against setting an artificially short time limit on Plaintiff's examination," and ordering the exam to last the requested eight hours given that the plaintiff was not a child, and defendants were not seeing an unlimited time for the exam.); see also *Halliday v. Spjute*, 2015 U.S. Dist. LEXIS 85211, 2015 WL 3988903, at *3 (E.D. Cal. June 30, 2015) (citing *Nicholas v. Wyndham Int'l, Inc.*, 218 F.R.D. 122, 123 (D.V.I. 2003) (approving a five-hour examination limit of the plaintiff-examinee, who was a minor child and allegations involved inappropriate sexual conduct by defendant)). Plaintiffs have made no showing for good cause why the Rule 35 exams should not begin and conclude on the same day. Instead, Plaintiffs seek to break up the exam process for purely subjective reasons in an attempt to create uncertainty and undermine the overall process. This is gamesmanship.

      Accordingly, eXp respectfully requests that this Court deny Plaintiffs' request to insert an option to have the exams conducted in two (2) four (4) hour intervals.

**4. <u>THROUGHOUT THIS DISPUTE, PLAINTIFFS NEVER MET AND CONFERRED ON ANY ISSUES OTHER THAN THE PRESENCE OF COUNSEL AT THE RULE 35 EXAMS</u>**

      As set forth in the moving papers, eXp always maintained that it intended to conduct a Rule 35 exam of Plaintiffs. On March 17, 2025, eXp identified Marc Cohen, M.D. providing them with his curriculum vitae. When Plaintiffs' counsel inquired on whether the exams would be remote, eXp advised that the exams were to be in person. At no time did Plaintiffs object to the gender of Dr. Cohen. Instead,

1  on March 31, 2025, the parties met and conferred on various topics including eXp's
2  Rule 35 exams wherein Plaintiffs' counsel advised that they intended to be present
3  at any Rule 35 exam. (Pallares Decl. at ¶ 7.) eXp's counsel advised that he
4  intended to bring this issue before the Magistrate Judge and then requested a
5  conference with the Magistrate to compel "the mental evaluations of Plaintiffs,
6  pursuant to Rule 35, without the presence of counsel at the evaluations. (See
7  Exhibit A, attached to the Pallares Decl. at ¶ 8.) The parties met and conferred
8  again on April 2, 2025. (Pallares Decl. at ¶ 9.) Prior to the meet and confer, eXp's
9  counsel requested a status from the Deputy Clerk regarding eXp's request for a
10 conference. (See Exhibit A.) eXp further sent Plaintiffs' counsel a proposed order
11 for the examination. (See Exhibit B to the Pallares Decl. at ¶ 10.) Plaintiffs never
12 met and conferred as to the format of the exam.
13     Instead, Plaintiffs' counsel only requested authority precluding the presence
14 of a third-party observer. (See Exhibit C to the Pallares Decl. at ¶ 11.) Upon review
15 of eXp's authority, counsel for Plaintiffs informed defense counsel that they
16 intended to be present, forcing this motion. After the filing of the motion, Plaintiffs
17 then attempted to meet and confer as to the timing and duration and suggested a
18 third-party observer and not the presence of counsel. However, at that point, the
19 meet and confer had ended. Plaintiffs should not be allowed to challenge the
20 process of the Rule 35 exams when they failed to do so during the meet and confer
21 process.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## 5. CONCLUSION

For the foregoing reasons, eXp respectfully requests that this Court grant its Motion to Compel Plaintiffs' Rule 35 exam, without the presence of third-parties, including but not limited to Plaintiffs' counsel, and issue an order to proceed consistent with the Proposed Order.

Respectfully submitted,

DATED: May 6, 2025    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System.

        /s/ Jennifer Marigmen
JENNIFER MARIGMEN