WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
  E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**eXp DEFENDANTS' *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER**<br><br>Trial Date:     November 17, 2025 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT Defendants eXp Realty, LLC, eXp World Holdings, Inc. and Glenn Sanford (collectively "eXp") hereby apply, ex parte, pursuant to Local Rule 7-10 for an order to modify the Scheduling Order for an additional time.  eXp submits this ex parte application on the grounds that fact discovery cut-off is July 7, 2025 which remains insufficient time for the parties to complete the necessary factual discovery to prepare for a to complete expert discovery.  While the parties have worked together to coordinate and to complete the necessary depositions, there is simply not enough time to complete the deposition schedule, to complete the production of documents and to complete the Rule 35 exams of Plaintiffs.  Accordingly, the parties seek a ninety (90) day continuance of the discovery deadlines and a modification of the Scheduling Order.

As this court is aware, this matter involves four (4) Plaintiffs and six (6) defendants.  While the coordination amongst trial counsel has continued to be a challenge, the parties have set a schedule to compete the bulk of the depositions within the filing of this ex parte application to the discovery cut-off of July 7, 2025.  However, additional time is needed to complete discovery and to prepare for expert discovery.

Lastly, all parties agree to the continuance, but for Defendant David Golden, to a ninety (90) day continuance to allow for an orderly completion of fact discovery.  Simply put, the complexity of the case, the number of parties involved, the production of documents and the number of third-party witnesses, necessitates additional time.  eXp therefore respectively requests that the court modify the current Scheduling Order as set forth in this application.

Moreover, the parties seek to coordinate discovery with the matter of *Anya Roberts v. eXp Realty, LLC, et al.* Case No. 2:23-CV-10492-AB-AGR, pursuant to Federal Rules of Civil Procedure Rule 42, relative to depositions.  This will allow for efficiencies and reduce costs by allowing the parties to introduce deposition

1  testimony in this matter with the *Roberts* matter.

2      eXp seeks ex parte relief pursuant to this application, the memorandum of
3  points and authorities, the Declaration of William E. Pallares and all pleadings on
4  file.

5                                    Respectfully submitted,

6  DATED: May 20, 2025         LEWIS BRISBOIS BISGAARD & SMITH LLP

7                              By:  /s/ William E. Pallares
8                                   WILLIAM E. PALLARES
                                    Attorneys for Defendants eXp REALTY,
9                                   LLC, eXp WORLD HOLDINGS, INC. and
10                                  GLENN SANFORD

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

eXp seeks ex parte relief to modify the current Scheduling Order to allow the parties sufficient time to complete fact discovery and prepare for expert discovery. As set forth below, the parties have been diligent in their efforts to complete fact discovery. Notwithstanding, the parties have engaged in significant discovery to date which includes eighteen (18) depositions and the production of over 24,000 pages of documents. Because of the complexity of the discovery in this matter, the parties anticipate approximately an additional fifteen (15) deposition which involves individuals throughout the country. The Magistrate also recently granted eXp's motion to compel Plaintiffs' Rule 35 exams. (See Dkt. No. 261.)

The parties further seek, for discovery purposes as to depositions, to coordinate this matter with the matter of *Anya Roberts v. eXp Realty, LLC, et al.* Case No. 2:23-CV-10492-AB-AGR. For purposes of efficiency, coordination will allow the parties to take depositions in this matter an not have to repeat the deposition for the *Roberts* matter.

Given the complexity of the issues and the multiple parties involved, eXp seeks, via an ex parte application, the modification of the Scheduling Order to continue the deadlines by ninety (90) days.

## 2. SUMMARY OF FACTS IN SUPPORT OF eXp'S EX PARTE TO MODIFY THE SCHEDULING ORDER

### A. Summary Of Relevant Procedural History

On February 22, 2023, Plaintiffs Fabiola Acevedo, Tami Sims, Chrissy Lundy and Megan Farrell-Nelson ("Plaintiffs") filed their Complaint alleging various claims for sex trafficking, sexual battery, civil battery, intentional/negligent infliction of emotional distress, negligent hiring/retention/supervision, and loss of consortium (for John Doe 1). See Dkt. No. 1. On March 23, 2023, Plaintiffs filed their First Amended Complaint wherein they named additional individual

defendants. See Dkt. No. 28.

On or around April 13, 2023, defendants began to file their motions to dismiss. See Dkt. No. 40. On November 20, 2023, the court issued its Scheduling Order, setting a trial date for October 22, 2024 with a June 7, 2024 discovery cut-off. See Dkt. No. 142. On January 29, 2024, the Court issued an order granting in part and denying in part the various motions to dismiss that defendants had filed. Plaintiffs, on February 28, 2024, then filed their Second Amended Complaint. See Dkt. No. 165.

On March 4, 2024, the parties filed their First Stipulation to Modify the Scheduling Order. See Dkt. No. 168. Pursuant to the parties' stipulation, the court issued a modified Scheduling Order, on March 7, 2024, continuing the trial date to April 21, 2025 with a December 7, 2024 discovery cut-off. See Dkt. No. 171. On October 16, 2024, the parties filed their Second Stipulation to Modify the Scheduling Order. See Dkt. No. 197. On October 22, 2024, the court issued an Order Modifying the Scheduling Order and setting a trial date for June 20, 2025 with a February 5, 2025 discovery cut-off. See Dkt. No. 198.

On November 25, 2024, Plaintiffs filed an ex parte application to modify the scheduling order. Only Defendant David Golden opposed. See Dkt. No. 205. On December 2, 2024, the court issued an order modifying the Scheduling Order, setting trial for September 18, 2025 with a May 6, 2025 discovery cutoff. See Dkt. No. 214. On March 21, 2025, the court issued an order modifying the Scheduling Order, setting trial for November 17, 2025 with a July 7, 2025 discovery cutoff. See Dkt. No. 238.

B. **Summary Of Relevant Discovery History**

The parties have been working together to coordinate and conduct oral discovery in this matter. Below is a table summary of depositions to date including the dates the parties attended mediation:

| Deposition Date | Location | Deponent |
|---|---|---|
| August 22, 2024 | Remote | eXp's 30(b)(6) corporate structure |
| August 27, 2024 | Salt Lake City, UT | eXp's 30(b)(6) Complaint Handling Vol. I |
| October 18, 2024 | City of Frisco, TX | Third-Party witness – Felicia Gentry |
| November 21, 2024 | Minneapolis, MN | Third-Party witness – Noelle Nielsen |
| November 22, 2024 | Minneapolis, MN | Third-Party witness – Seth Nielsen |
| December 16, 2024 | Salt Lake City, UT | eXp's 30(b)(6) Complaint Handling Vol. II |
| January 6, 2025 | Denver, CO | former eXp employee – Stacey Onnen |
| January 10, 2025 | Costa Mesa, CA | former eXp employee – Courtney Keating |
| January 23, 2025 | Los Angeles, CA | Plaintiff Megan Farrell-Nelson Vol. I |
| January 27, 2025 | JAMS - Los Angeles, CA | Mediation with the Hon. Gail Andler (Ret.) |
| March 4, 202 | Los Angeles, CA | Plaintiff Tami Sims Vol. I |
| March 21, 2025 | Seattle, WA | Defendant Glenn |

| | | Sanford |
|---|---|---|
| April 4, 2025 | Remote | Defendant Brent Gove |
| April 7, 2025 | Los Angeles, CA | Plaintiff Tami Sims |
| April 9, 2025 | Miami, FA | Plaintiff Fabiola Acevedo |
| April 11, 2025 | Atlanta, GA | eXp's 30(b)(6) – Document retention |
| April 14 & 15, 2025 | JAMS - Irvine, CA | Mediation with the Hon. Gail Andler (Ret.) |
| April 16, 2025 | Costa Mesa, CA | Plaintiff Tami Sims Vol. II |
| April 18, 2025 | Los Angeles, CA | Plaintiff Christy Lundy Vol. I |
| April 25, 2025 | Miami, FA | Third-party Patrick Wannis, Phd. |
| May 2. 2025 | Salt Lake City, UT | eXp Employee Cory Haggard |
| May 13, 2025 | Houston, TX | Third-Party Witness |
| May 16, 2025 | Costa Mesa, CA | Plaintiff Christy Lundy Vol. II |

(See Declaration of William E. Pallares ("Pallares Decl.") at ¶¶ 2 thru 23.)

The parties have conducted the depositions of approximately eighteen (18) witnesses up to the date of filing this ex parte application. (Pallares Decl. at ¶24.) On May 8, 2025, the parties met and conferred regarding the scheduling of deposition in this matter up to the discovery cut-off date of July 7, 2025. The parties have scheduled an additional fifteen (15) deposition. (Pallares Decl. at ¶25.)

Further, the parties still need to schedule the second session of eXp's employee Cory Haggard, an additional 30(b)(6) deposition of eXp and additional employee of eXp. (Pallares Decl. at ¶41.) Further, the parties still need to schedule and take approximately six (6) depositions of Plaintiffs' medical providers regarding Plaintiffs' damages related to emotional distress. (Pallares at ¶42.) The parties also need to schedule and take approximately seven (7) depositions of third-party witnesses. As such, the scheduling of the remaining deposition will require at least sixteen (16) days for these depositions. (Pallares Decl. at ¶43.)

As of the filing of this ex parte, there remain seven (7) days to conduct depositions in the month of May. Currently, one (1) of these days involves traveling and the remaining six (6) days are scheduled for depositions. All available days are taken. (Pallares Decl. at ¶44.) As of the filing of this ex parte, there are approximately twenty-one (21) days to conduct depositions in the month of June. Currently, five (5) of these days involve traveling for me. Further, ten (10) of these days are scheduled for depositions in this matter. As to the remaining days in June, there are scheduling conflicts. (Pallares Decl. at ¶45.) The parties are looking at June 30, 2025 and July 3, 2025 to conduct deposition. Nonetheless, there are not sufficient number of days remaining to conduct the depositions that the parties currently contemplate to prepare their case for trial. (Pallares Decl. at ¶46.)

The parties still need to schedule and take the deposition of Plaintiff Anya Roberts in the matter of *Anya Roberts v. eXp Realty, LLC, et al.* Case No. 2:23-CV-10492-AB-AGR. (Pallares Decl. at ¶47.)

Despite the aggressive deposition schedule, the parties need additional time to conduct and complete discovery in this matter.

### 3. THIS COURT HAS THE DISCRETION TO MODIFY THE SCHEDULING ORDER

#### A. This Court Has The Discretion To Grant *Ex Parte* Relief.

As a general matter, it is widely understood that ex parte relief is only

justified where both of the following elements are present: (1) irreparable harm will result if the matter is not heard in the regular manner—namely a noticed motion on the usual briefing schedule—and (2) the party seeking ex parte relief did not create the state of affairs that necessitates ex parte relief.  See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("What showing is necessary to justify ex parte relief?  First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."); see, e.g., *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for ex parte relief).  Local Rule 7-10 allows a party to proceed with ex parte relief.

Given the fact discovery cut-off and the date for expert disclosures, eXp seeks ex parte relief as the parties will need additional time to complete discovery in this matter.  Their ability to prepare the parties respective cases for trial will be irreparably harmed without immediate relief as the parties continue to meet and confer to schedule necessary depositions and work towards the production of documents.

### B.    Good Cause Exists To Modify The Scheduling Order

A district court has the inherent power to modify deadlines on its docket. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power is "incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; see *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). This discretion is in keeping with the district courts' mandate to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1

A court exercises significant discretion when modifying a scheduling order. See *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). Modifying a scheduling order requires a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry "primarily considers the diligence of the party seeking the amendment." *Branch Banking and Trust Co. v. D.M.S.I.*, LLC, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). A party demonstrates good cause by showing that, even with the exercise of due diligence, they were unable to meet the timetable set forth in the order. See *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

### 1. The matter is complex involving multiple parties and witnesses throughout the nation.

Plaintiffs Second Amended Complaint centers on allegations that Defendants Michael Bjorkman ("Bjorkman") and David Golden ("Golden") violated the Trafficking Victims Protection Reauthorization Act ("TVPRA) by engaging in a scheme to lure Plaintiffs to various real estate networking events in order to drug and sexually assault the female Plaintiffs. See Dkt. 165 at ¶ 2. Plaintiffs contend that these assaults were part of Bjorkman and Golden's recruitment practices that were designed to lure new and existing agents into working for them at eXp. See Dkt. 165 at ¶¶ 101, 196. Plaintiffs additionally allege that eXp financially benefitted from these sexual assaults. Dkt. at ¶102.

The Plaintiffs in this matter are Fabiola Acevedo, Tami Sims, Christiana Lundy and Megan Farrell-Nelson. Ms. Acevedo and Ms. Farrell-Nelson reside in the State of Florida. See Dkt. No. 165 at ¶¶7 & 10. Ms. Sims resides in the State of Tennessee and Ms. Lundy resides in the State of California. *Id.* at ¶¶8 & 9.

As to the defendants, the eXp defendants reside in the State of Washington. Notwithstanding, their employees work remotely and reside throughout the country. Further, defendant Brent Gove resides in Puerto Rico and Defendant Davide Golden

resides in the State of Nevada.  Lastly, Defendant Michael Bjorkman resides in the State of California.  Moreover, the third-party witnesses reside throughout the country.  The coordination of depositions has been a significant challenge.

### 2. Summary of meet and confer efforts to schedule depositions.

The parties have diligently met and conferred to schedule deposition from the date of the filing of this ex parte application up to the current discovery cut-off of July 7, 2025.

Below is the table summary of upcoming depositions for the remainder of May and throughout June:

| Deposition Date | Location | Deponent |
|---|---|---|
| May 19, 2025 | Remote | Third-Party Witness |
| May 20, 2025 | Remote | Plaintiff Megan Farrell-Nelson |
| May 22, 2025 | Miami, FA | Plaintiff Fabiola Acevedo |
| May 27 & 28 | Las Vegas, NV | Defendant David Golden |
| May 29, 2025 | Indian Wells, CA | eXp Employee Debbie Penny |
| May 30, 2025 | Seattle, WA | Third-Party Witness |
| June 3, 2025 | Boston, MA | former eXp Employee - Jason Gesing |
| June 4, 2025 | Mobile, AL | for eXp employee – Shanni Payne |
| June 5, 2025 | Salt Lake City, UT | eXp Employee Boyd Bastian |
| June 10, 2025 | Los Angeles, CA | Third-Party Witness |

| | | |
|---|---|---|
| June 12, 2025 | Phoenix, AZ | former eXp Employee Jim Nuth |
| June, 13, 2025 | Phoenix, AZ | Defendant Brent Gove Vol. II |
| June 17, 2025 | San Diego, CA | Third-Party Witnesses |
| June 18, 2025 | Washington, DC | former eXp employee – David Conord |
| June 20, 2025 | Salt Lake City, UT | eXp employee James Bramble |
| June 24 & 25, 2025 | Los Angeles, CA | Defendant Michael Bjorkman |
| June 26, 2025 | Phoenix, AZ | Third-Party Witness |

(Pallares at ¶¶26 thru 40.)

Notwithstanding the above aggressive deposition schedule throughout the United States, the parties need to schedule and take approximately an additional fifteen (15) depositions in this matter and the deposition of Anya Roberts in the matter of *Anya Roberts v. eXp Realty, LLC, et al.* Case No. 2:23-CV-10492-AB-AGR. As set forth above, there is simply not a sufficient number of days to conduct the current deposition schedule and schedule an additional sixteen (16) deposition before July 7, 2025.

Given the time limitation and the number of scheduled and contemplated depositions, the parties will need to modify the Scheduling Order to allow for additional time to complete the number of anticipated depositions. (Pallares Decl. at ¶48.)

### 3. Summary of document production

To date, the parties have exchanged in excess of 24,000 pages of documents. (Pallares Decl. at ¶50.) Plaintiffs have identified twenty (20) custodians for whom Plaintiffs have requested ESI discovery from eXp. To date, eXp has produced

documents from six (6) custodians. (Pallares Decl. at ¶51.) Currently, there are three (3) specific custodians from whom Plaintiffs have requested emails which total to approximately 35,855 documents to review. The parties are currently meeting and conferring regarding the volume of documents necessary for review and production. (Pallares Decl. at ¶52.)

### 4. Summary of efforts to conduct Plaintiffs' Independent Mental Examinations

The parties are currently scheduling the Rule 35 exam of Plaintiff Christy Lundy for May 23, 2025. As to the remaining Plaintiffs, Fabiola Acevedo, Megan Farrell-Nelson, and Tami Sims, the parties are working to schedule the remaining Plaintiffs' Rule 35 exam, pursuant to the Magistrate's Order. (See Dkt. No. 261 & 262.) The parties anticipate scheduling their exam in the month of June. (Pallares Decl. ¶53.)

### 5. Status of settlement discussions

Pursuant to the Court's scheduling order, the parties selected private mediation before the Honorable Gail Andler (Ret.) with JAMS and conducted mediation sessions on January 27, 2025 and April 14 & 15, 2025. (Pallares Decl. at ¶54.)

### C. eXp And Plaintiffs Propose To Modify The Scheduling Order And Continue The Dates By Ninety (90) Days.

Counsel for eXp and Plaintiffs have met and conferred with other defense counsel regarding a modification of the scheduling order. All parties, but for David Golden, agree to a modification of the scheduling order for a period of ninety (90) days. (Pallares Decl. at ¶55.)

/ / /

/ / /

| Trial and Final Pretrial Conference Date | Court Ordered | New Modified Dates |
|---|---|---|
| Trial | November 17, 2025 | February 17, 2026 |
| Final Pretrial Conference | October 31, 2025 | January 30, 2026 |
| Last Day to Amend Pleadings and add parties | N/A | N/A |
| Non-Expert Discovery Cut-Off | July 7, 2025 | October 3, 2026 |
| Expert Disclosures (Initial) | July 7, 2025 | October 3, 2026 |
| Expert Disclosures (Rebuttal) | July 18, 2025 | October 17, 2026 |
| Expert Discovery Cut-Off | August 8, 2025 | November 7, 2026 |
| Last Day to Hear Motions (Friday) Rule 56 | August 8,2025 | November 7, 2026 |
| Deadline to Complete Settlement Conference | August 22, 2025 | November 20, 2026 |
| Trial Filing (First Round) | October 10, 2025 | January 27, 2026 |
| Trial Filing (Second Round) | October 17, 2025 | February 3, 2026 |

The proposed continued deadlines will allow the parties to complete fact discovery and prepare for expert discovery.

**4.   THE PARTIES FURTHER REQUEST THAT THE COORDINATE THIS MATTER, FOR PURPOSES OF FACTUAL DISCOVERY, THE MATTER OF *ANYA ROBERTS V. eXp Realty, LLC, ET AL.* CASE NO.**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising its discretion, the court "weighs the saving of time and effort

1 consolidation would produce against any inconvenience, delay, or expense that it
2 would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).
3     In this instance, the parties wish to coordinate discovery relative to deposition
4 so that depositions taken in this matter may be introduce in evidence in the matter of
5 *Anya Roberts v. eXp Realty, LLC, et al.* Case No. 2:23-CV-10492-AB-AGR.  Both
6 questions have common issue of fact and overlap relative to witnesses.
7 Nevertheless. the parties are <u>not requesting</u> that the two matters be consolidated for
8 trial.  This is simply a request to coordinate the matters for purposes of deposition.
9 Good cause exist for this coordination as a matter of efficiency and costs.

**5.   CONCLUSION**

    Based on the foregoing, eXp respectfully requests that this Court modify the Scheduling Order and continue the deadline dates by ninety (90) days.

Respectfully submitted,

DATED:  May 20, 2025         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ William E. Palares
WILLIAM E. PALLARES
Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2025, I electronically filed the foregoing EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system.

           /s/ *Debbie Wilhelm*
           Debbie Wilhelm