PETER K. LEVINE, ESQ.  SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230

Attorney for Defendant David S. Golden

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, A California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC., EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; And DOES 10,<br><br>Defendants. | CASE NO. 2:23-CV-01304-AB-AGR<br><br>**DEFENDANT DAVID S. GOLDEN'S OPPOSITION TO DEFENDANT eXp's *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER PURSUANT.**<br><br>**Judge:** Andre Birotte, Jr.<br>**Trial Date:** NOVEMBER 17, 2025<br><br>**REQUEST FOR ORAL ARGUMENT** |

///

///

///

DEFENDANT GOLDEN'S OPPOSITION TO eXp's EX PARTE APPLICATION

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Preliminary Statement

Defendant Golden respectfully opposes Defendant eXp's *Ex Parte* Application to delay the trial until February 2026. As the Court is well aware, this case has been pending since February 2023. A delay would result in substantial prejudice to Mr. Golden, as it creates a significant risk of irreparable harm stemming from the declaratory judgment action filed by his insurer, GEICO, in the United States District Court, District of Nevada, Case No. 2:24-cv-00602-CDS-MDC.

## 2. GEICO's Declaratory Judgment Action Threatens Mr. Golden's Insurance Defense

GEICO is currently providing Mr. Golden with a defense under a reservation of rights. However, the declaratory judgment action GEICO filed in March 2024 seeks to determine that no coverage exists for his defense or indemnity in this matter. If GEICO succeeds in its declaratory judgment action before the resolution of this case, Mr. Golden risks losing his insurance-funded defense and indemnity entirely. This would leave him unable to bear the substantial costs of litigation, irreparably harming his ability to defend himself.

## 3. A Delayed Trial Date Risks Allowing the Declaratory Judgment Action to Resolve First

The request to move the trial to February 20206 increases the likelihood that the GEICO declaratory judgment action, filed March 27, 2024, will likely be resolved before this case proceeds to trial, which is irreparably prejudicial to Mr. Golden. It also increases the risk of inconsistent factual determinations regarding the facts which demonstrate coverage under GEICO's policy.

In *Montrose Chemical Corp. v. Superior Court*, (1993) 6 Cal.4th 287, 301, 861 P.2d 1153, 1162, the California Supreme Court held that the risk of inconsistent factual determinations could prejudice the insured. Modifying the scheduling order enhances the likelihood GEICO's

declaratory judgment action would proceed to develop facts that could be used against the insured (Golden) in this case, at precisely the time when, under the insurance policy he purchased, GEICO should be coming to the insured's defense. Delaying trial in this case would permit the insurer (GEICO) to possibly go to trial first, further prejudicing Mr. Golden.

### 4. Delaying Trial in This Lawsuit Prejudices Mr. Golden:

If GEICO's declaratory judgment action is resolved first and coverage is denied, Mr. Golden would be deprived of both a funded defense and the resources needed to litigate this case effectively.

### 5. Trial Delay Harms Mr. Golden's Right to a Fair Defense

Mr. Golden's ability to mount a fair defense is directly tied to his access to the resources provided under the insurance policy. A delay creates undue uncertainty, increasing his financial and procedural vulnerability. Further, the delay undermines judicial efficiency by potentially forcing Mr. Golden to pursue additional legal remedies if GEICO's coverage determination adversely impacts his ability to litigate this matter.

### 6. Defendant Golden is Not Responsible for the Delay in Finishing Discovery

After the *ex parte* application was filed, Mr. Golden reluctantly objected to the May 27, 2025 and May 28, 2025 deposition dates proposed for his own deposition — dates he had previously agreed to — due to 5th Amendment legal issues. He believes the issues will be resolved and, in a good faith effort, has since offered multiple alternative dates in June to ensure his deposition is completed before the current July 7, 2025 discovery cut-off.

Mr. Golden remains committed to cooperating in discovery. The current case schedule, while demanding, remains achievable. A 90-day continuance of deadlines is not necessary and would unfairly prejudice Mr. Golden by prolonging this already protracted litigation.

///

///

DEFENDANT GOLDEN'S OPPOSITION TO eXp's EX PARTE APPLICATION

3

**7. Conclusion**

For the foregoing reasons, the Application should be denied.

Dated: May 23, 2025 /s/ Peter K. Levine
Peter K. Levine, Esq.
Attorney for Defendant Golden

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the forgoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 23rd day of May 2025.

/s/ Roberto Segovia
Paralegal

**DECLARATION OF PETER K. LEVINE**

I, Peter K. Levine, declare as follows, that:

1. I am counsel for Defendant Golden and fully familiar with the facts herein. If called to testify I can state as follows:

2. This case has been pending since February 2023. A delay would result in substantial prejudice to Mr. Golden, as it creates a significant risk of irreparable harm stemming from the declaratory judgment action filed by his insurer, GEICO, in the United States District Court, District of Nevada, Case No. 2:24-cv-00602-CDS-MDC.

3. GEICO is currently providing Mr. Golden a defense under a reservation of rights. However, the declaratory judgment action it filed seeks to determine that no coverage exists for his defense or indemnity in this matter. If GEICO succeeds in its declaratory judgment action before the resolution of this case, Mr. Golden risks losing his insurance-funded defense and indemnity entirely. This would leave him unable to bear the substantial costs of litigation, irreparably harming his ability to defend himself.

4. The request to move the trial to February 2026 increases the likelihood that the GEICO declaratory judgment action, filed March 27, 2024, will likely be resolved before this case proceeds to trial.

6. If GEICO's declaratory judgment action is resolved first and coverage is denied, Mr. Golden would be deprived of both a funded defense and the resources needed to litigate this case effectively.

7. Mr. Golden's ability to mount a fair defense is directly tied to his access to the resources provided under the insurance policy. A delay creates undue uncertainty, increasing his financial and procedural vulnerability. Further, the delay undermines judicial efficiency by potentially forcing Mr. Golden to pursue additional legal remedies if GEICO's coverage determination adversely impacts his ability to litigate this matter.

8. Defendant Golden denies delaying discovery or causing any need to modify the scheduling order.

9. After the *ex parte* application was filed, Mr. Golden reluctantly objected to the May 27 and 28, 2025, deposition dates proposed for his own deposition — dates he had previously agreed to — due to 5th Amendment legal issues. He believes the issues will be resolved and, in a good faith effort, has since offered multiple alternative dates in June to ensure his deposition is completed before the current July 7, 2025 discovery cut-off.

I declare under the laws of the United States that the foregoing is true and correct. Executed on May 23, 2025 at Los Angeles, Calif.

Dated: May 23, 2025

/s/ Peter K. Levine  
Peter K. Levine, Esq.  
Attorney for Defendant Golden

g:\new\1993-golden\ex parte\oppose nov 2025 modification\opposition to ex parte.docx

<u>OPPOSITION TO EX PARTE APPLICATION</u>

2