Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 91765
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV Admitted
Andrea Hirsch, Esq. GA Bar No. 666557 PHV Admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXP REALTY, LLC, et al., <br><br> Defendants. | Case No. 2:23-CV-01304-AB-AGR <br><br> **JOINT AGENDA REGARDING DISCOVERY DISPUTE** <br><br> Trial Date: February 16, 2026 |

## JOINT AGENDA

Counsel for plaintiffs Fabiola Acevedo, Tami Sims, Christiana Lundy, and Megan Farrell-Nelson (together "the Plaintiffs") and defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (collectively "eXp Defendants"), defendant David Golden ("Golden"), defendant Michael Bjorkman ("Bjorkman") (collectively referred to as

160938667.1

the "Parties") hereby submit their Joint Agenda as to their discovery dispute:

    A.    **Plaintiffs' Discussion Points:**

        1.    Subpoena to Joya Communications, Inc., DBA Marco Polo ("Joya") for production of Marco Polo videos and the parties it relates to; and

        2.    Use of photographs depicting third parties from Defendant Golden's phone with third party witnesses for authentication.

    B.    **Defendant Bjorkman's Discussion Point:**

**Defendant Bjorkman's Subpoena to Joya Communications Inc., DBA Marco Polo ("Joya").**

Defendant Bjorkman previously issued a Seven Day Notice of Intent to Serve a Subpoena on Joya Communications Inc., DBA Marco Polo ("Joya") and received no objection. Marco Polo is a video chat application designed for asynchronous video conversations. Videos do not disappear and can be revisited like a text conversation. After issuing a Seven Day Notice, Defendant then served a subpoena duces tecum on Joya or about May 22, 2025.

The initial subpoena requested:

        1.    All Marco Polo videos, messages and any other communication stored on the accounts of Fabiola Acevedo (NUMBER REDACTED), Christy Lundy (NUMBER REDACTED), Megan Ferrell-Nelson (NUMBER REDACTED), Anya Roberts (NUMBER REDACTED), and Tami Sims (NUMBER REDACTED) for the time period of January 1, 2018 through Aprill, 2021.

2. All records of account access by Fabiola Acevedo, Christy Lundy, Megan Ferrell-Nelson, Anya Roberts, and Tami Sims for the time period of January 1, 2023 to the present.

3. All records of video deletion by Fabiola Acevedo, Christy Lundy, Megan Ferrell-Nelson, Anya Roberts, and Tami Sims for the time period of January 1, 2023 to the present.

4. All records of account deletion/termination by Fabiola Acevedo, Christy Lundy, Megan Ferrell-Nelson, Anya Roberts, and Tami Sims for the time period of January 1, 2023 to the present.

Counsel for Bjorkman received a response from Joya on or about June 24, 2025, wherein Joya did not produce records, but provided guidance on grounds for certain records to be produced. Two examples are: 1) a Court Order directing the production; and 2) consent by the Plaintiff(s). That letter was provided to Plaintiff's counsel by Mr. Schonfeld. Specifically, Mr. Schonfeld sent an email on June 26, 2025, requesting a meet and confer and provided said letter.

On July 11, 2025, Mr. DeMarco followed up further and requested a meet and confer. Counsel conducted a meet and confer teleconference on July 15, 2025. Plaintiffs' counsel advised that their clients would not sign a consent or a stipulation to a Court Order for production of the records outlined in the subpoena. Plaintiffs' counsel indicated that they would provide a proposal by the next day.

On July 16, 2025, counsel for Plaintiffs sent a proposal regarding a modification to the subpoena.

On July 21, 2025 counsel for Bjorkman responded indicating that the subpoena could be narrowed as follows:

**1.   All Marco Polo videos, messages and any other communication stored on the accounts of Fabiola Acevedo (NUMBER REDACTED), Christy Lundy (NUMBER REDACTED), Megan Ferrell-Nelson (NUMBER REDACTED), Anya Roberts (NUMBER REDACTED), and Tami Sims (NUMBER REDACTED) for the time period of January 1, 2018 through April, 2021 between each other;**

These records/videos are relevant because Plaintiffs are the ones claiming alleged damages, emotional distress, sexual assault. The Marco Polos may show conduct that is inconsistent with someone that claims to have been assaulted.  Moreover, this time frame is dated for after the first alleged claim of sexual misconduct and therefore is a narrow request for communication.  Defendant Bjorkman is further willing to limit this request to communication between the Plaintiffs and Defendants Bjorkman and Golden, as well as communications between the Plaintiffs, who based upon the evidence in the case, had no significant relationship until the claims were lodged.  That way there are no third party rights at issue with the request and it is narrowly tailored to information relevant to the Plaintiffs' claims in this litigation.

**2.   All records of account access by Fabiola Acevedo, Christy Lundy, Megan Ferrell-Nelson, Anya Roberts, and Tami Sims for the time period of January 1, 2023 to the present.**

These records/videos and time frame are relevant because it relates to the filing of Plaintiffs' complaint and could discredit the Plaintiffs' testimony that they did not access

their Marco Polo accounts. Moreover, there is nothing confidential about account access. Defendant Bjorkman believes that some of the Plaintiffs deleted their Marco Polo messages and/or accounts after commencing this litigation.

    **3.    All records of video deletion by Fabiola Acevedo, Christy Lundy, Megan Ferrell-Nelson, Anya Roberts, and Tami Sims for the time period of January 1, 2023 to the present.**

- These records/videos and time frame are relevant because it relates to the filing of Plaintiffs' complaint and could discredit the Plaintiffs' testimony that they did not access their Marco Polo accounts and did not delete their records. Moreover, there is nothing confidential about account access and/or deletion.

    **4.    All records of account deletion/termination by Fabiola Acevedo, Christy Lundy, Megan Ferrell-Nelson, Anya Roberts, and Tami Sims for the time period of January 1, 2023 to the present.**

These records/videos and time frame are relevant because it relates to the filing of Plaintiffs' complaint and could discredit the Plaintiffs' testimony that they did not access their Marco Polo accounts and did not delete their records. Moreover, there is nothing confidential about account access and/or deletion.

The requests in 2-4 are also for spoliation of evidence purposes as we believe that Plaintiffs deleted videos.

Accordingly, after conferring with counsel, a resolution has not been reached.

    **C.    <u>Defendant eXp's Discussion Point:</u>**

The eXp Defendants object to the scope of Plaintiffs' subpoena to Joya to the extent any such Marco Polos contain images of third parties and/or reflect communications with third parties. The grounds for the objection center on relevance and right to privacy.

### D. Defendant Golden's Discussion Point:

Mr. Golden respectfully objects to the production of Marco Polo videos on the basis of privacy and confidentiality concerns for himself and third parties. He intends to seek a protective order.

Date: August 1, 2025

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze, Esq.
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694

Brooke F. Cohen, Esq.
Andrea S. Hirsch, Esq.
COHEN HIRSCH LP
5256 Peachtree Road, Suite 195 E
Atlanta, GA 30341

*Attorneys for Plaintiffs*

By: /s/ William Pallares
William Pallares, Esq.
Kyle R. Maland, Esq.
LEWIS BRISBOIS BISGAARD AND SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
*Attorneys for Defendants eXp World Holdings, Inc, eXp Realty, LLC and Glenn Sanford*

By: /s/ George Morris
George Morris, Esq.
Elisa Marcaletti, Esq.
PHILLIPS SPALLAS & ANGSTADT
560 Mission Street, Suite 1010
San Francisco, CA 94105
*Attorneys for Defendant Brent Gove*

By: /s/ Richard A. Schonfeld
Richard A. Schonfeld, Esq.
Robert Z. DeMarco, Esq.
CHESNOFF AND SCHONFELD
520 South 4th Street

160938667.1

Las Vegas, NV 89101

*Attorneys for Defendant Michael Bjorkman*

By: /s/ Peter Levine
    Peter Levine, Esq.
    PETER K. LEVINE, APLC
    5455 Wilshire Blvd., Suite 1250
    Los Angeles, CA 90036

*Attorney for Defendant David Golden*

160938667.1

JOINT AGENDA REGARDING DISCOVERY DISPUTE