WILLIAM E. PALLARES, SB# 187740
    E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

KYLE MALAND, SB# 292210
    E-Mail: Kyle.Maland@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for Defendants  eXp REALTY, LLC, eXp
WORLD HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, | Case No. 2:23-cv- 01304-AB-AGR |
| Plaintiffs, | **eXp DEFENDANTS' *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER** |
| vs. | |
| EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10, | Trial Date:        February 17, 2026 |
| Defendants. | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT Defendants eXp Realty, LLC, eXp World

3    Holdings, Inc. and Glenn Sanford (collectively "eXp") hereby apply, ex parte,

4    pursuant to Local Rule 7-10 for an order to modify the Scheduling Order for an

5    additional time.  eXp submits this ex parte application on the grounds that fact

6    discovery cut-off is October 3, 2025 which remains insufficient time for the parties

7    to complete the necessary factual discovery to prepare for a to complete expert

8    discovery.  While the parties have worked together to coordinate and to complete

9    the necessary depositions, there is simply not enough time to complete the

10    deposition schedule, which includes Plaintiffs' medical providers and third-party

11    witnesses and to complete the production of documents amongst the parties and that

12    or third-parties.  The latter is necessary to proceed with certain party depositions.

13    Further, the parties wish to modify the scheduling order to allow for the

14    completion of fact discovery not to coincide with initial expert disclosures.  The

15    newly proposed dates for expert disclosure are set to occur several weeks after the

16    close of fact discovery.  This allows fact and expert discovery to close before the

17    filing of dispositive motions which are anticipated to be cross-motions.  The new

18    proposed dates will allow for the parties to litigate this matter in an orderly and

19    efficient manner to present their respective positions before the court through

20    dispositive motions in an effort to streamline the before trial.

21    As this court is aware, this matter involves four (4) Plaintiffs and six (6)

22    defendants.  While trial counsel have coordinated to complete a substantial amount

23    of fact discovery, there is additional fact discovery to complete that warrants an

24    extension of the fact discovery cut-off date.  Further, the modification of the

25    scheduling order relative to expert discovery and dispositive motions will allow for

26    this matter to proceed more efficiently.

27    Lastly, all parties agree to the proposed modification of the scheduling order,

28    but for Defendant David Golden.  Notwithstanding, the proposed modification will

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

161735675.1                                    2                    Case No. 2:23-cv- 01304-AB-AGR
*EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

assist all parties to litigate this matter efficiently and to prepare their respective cases for trial.  eXp therefore respectively requests that the court modify the current Scheduling Order as set forth in this application.

eXp seeks ex parte relief pursuant to this application, the memorandum of points and authorities, the Declaration of William E. Pallares and all pleadings on file.

Respectfully submitted,

DATED:   August 22, 2025       LEWIS BRISBOIS BISGAARD & SMITH LLP

By:       /s/ William E. Pallares
WILLIAM E. PALLARES
Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**1.    INTRODUCTION**

eXp seeks ex parte relief to modify the current Scheduling Order to allow the parties sufficient time to complete fact discovery and prepare expert discovery in an efficient and orderly manner.  To date the parties have conducted and completed approximately twenty-nine (29) depositions which includes in total thirty-nine (39) sessions of deposition testimony as some of the deposition have had multiple sessions. Further, the parties have completed all of Plaintiffs' Rule 35 exams and exchanged over 24,000 pages of documents.  Because of the complexity of the discovery in this matter, the parties anticipate approximately an additional eleven (11) deposition, which include the completion of party depositions.

Given the complexity of the issues and the multiple parties involved, eXp seeks, via an ex parte application, the modification of the Scheduling Order to continue the fact discovery cut-off deadline by sixty (60) days and the trial date by approximately one hundred fifty (150) days.  This will allow the parties to complete fact discovery and expert discovery in an orderly and efficient manner to prepare for dispositive motions and trial.

**2.    <u>SUMMARY OF FACTS IN SUPPORT OF eXp'S EX PARTE TO MODIFY THE SCHEDULING ORDER</u>**

**A.    <u>Summary Of Relevant Procedural History</u>**

On February 22, 2023, Plaintiffs Fabiola Acevedo, Tami Sims, Chrissy Lundy and Megan Farrell-Nelson ("Plaintiffs") filed their Complaint alleging various claims for sex trafficking, sexual battery, civil battery, intentional/negligent infliction of emotional distress, negligent hiring/retention/supervision, and loss of consortium (for John Doe 1).  See Dkt. No. 1.  On March 23, 2023, Plaintiffs filed their First Amended Complaint wherein they named additional individual defendants.  See Dkt. No. 28.

On or around April 13, 2023, defendants began to file their motions to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

161735675.1

4

Case No. 2:23-cv- 01304-AB-AGR
*EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

dismiss.  See Dkt. No. 40.   On November 20, 2023, the court issued its Scheduling Order, setting a trial date for October 22, 2024 with a June 7, 2024 discovery cut-off.  See Dkt. No. 142.  On January 29, 2024, the Court issued an order granting in part and denying in part the various motions to dismiss that defendants had filed. Plaintiffs, on February 28, 2024, then filed their Second Amended Complaint.  See Dkt. No. 165.

On March 4, 2024, the parties filed their First Stipulation to Modify the Scheduling Order.  See Dkt. No. 168.  Pursuant to the parties' stipulation, the court issued a modified Scheduling Order, on March 7, 2024, continuing the trial date to April 21, 2025 with a December 7, 2024 discovery cut-off.  See Dkt. No. 171.  On October 16, 2024, the parties filed their Second Stipulation to Modify the Scheduling Order.  See Dkt. No. 197.  On October 22, 2024, the court issued an Order Modifying the Scheduling Order and setting a trial date for June 20, 2025 with a February 5, 2025 discovery cut-off.  See Dkt. No. 198.

On November 25, 2024, Plaintiffs filed an ex parte application to modify the scheduling order.  Only Defendant David Golden opposed.  See Dkt. No. 205.  On December 2, 2024, the court issued an order modifying the Scheduling Order, setting trial for September 18, 2025 with a May 6, 2025 discovery cutoff.  See Dkt. No. 214.  On March 21, 2025, the court issued an order modifying the Scheduling Order, setting trial for November 17, 2025 with a July 7, 2025 discovery cutoff.  See Dkt. No. 238.  On May 20, 2025, eXp filed an ex parte application to modify the scheduling order.  See Dtk. No. 263.  On June 2, 2025, the court issued an order modifying the Scheduling Order, setting trial for February 17, 2026 with October 3, 2025 discovery cutoff.  See Dkt. No. 267.

**B.**  **Summary Of Relevant Discovery History**

The parties have been working together to coordinate and conduct oral discovery in this matter.  Below is a table summary of depositions to date including the dates the parties attended mediation and the dates for Plaintiffs' Rule 35 exams:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Deposition Date | Location | Deponent |
|---|---|---|
| August 22, 2024 | Remote | eXp's 30(b)(6) corporate structure |
| August 27, 2024 | Salt Lake City, UT | eXp's 30(b)(6) Complaint Handling Vol. I |
| October 18, 2024 | City of Frisco, TX | Third-Party witness – Felicia Gentry |
| November 21, 2024 | Minneapolis, MN | Third-Party witness – Noelle Nielsen |
| November 22, 2024 | Minneapolis, MN | Third-Party witness – Seth Nielsen |
| December 16, 2024 | Salt Lake City, UT | eXp's 30(b)(6) Complaint Handling Vol. II |
| January 6, 2025 | Denver, CO | former eXp employee – Stacey Onnen |
| January 10, 2025 | Costa Mesa, CA | former eXp employee – Courtney Keating |
| January 23, 2025 | Los Angeles, CA | Plaintiff Megan Farrell-Nelson Vol. I |
| January 27, 2025 | JAMS - Los Angeles, CA | Mediation with the Hon. Gail Andler (Ret.) |
| March 4, 202 | Los Angeles, CA | Plaintiff Tami Sims Vol. I |
| March 21, 2025 | Seattle, WA | Defendant Glenn |

*EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

|  |  | Sanford |
|---|---|---|
| April 4, 2025 | Remote | Defendant Brent Gove |
| April 7, 2025 | Los Angeles, CA | Plaintiff Tami Sims |
| April 9, 2025 | Miami, FA | Plaintiff Fabiola Acevedo, Vol. I |
| April 11, 2025 | Atlanta, GA | eXp's 30(b)(6) – Document retention |
| April 14 & 15, 2025 | JAMS - Irvine, CA | Mediation with the Hon. Gail Andler (Ret.) |
| April 16, 2025 | Costa Mesa, CA | Plaintiff Tami Sims Vol. II |
| April 18, 2025 | Los Angeles, CA | Plaintiff Christy Lundy Vol. I |
| April 25, 2025 | Miami, FA | Third-party Patrick Wannis, Phd. |
| May 2. 2025 | Salt Lake City, UT | eXp Employee Cory Haggard, Vol. I |
| May 13, 2025 | Houston, TX | Third-Party Witness |
| May 16, 2025 | Costa Mesa, CA | Plaintiff Christy Lundy Vol. II |
| May 19, 2025 | Remote | Non-party, Brady Nelson |
| May 20, 2025 | Remote | Plaintiff Megan Farrell-Nelson, Vol. II |
| May 22, 2025 | Miami, FA | Plaintiff Fabiola Acevedo, Vol. II |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| May 22, 2025 | Encinitas, CA | Rule 35 exam of Plaintiff Christy Lundy |
| June 3, 2025 |  |  |

| Date | Location | Description |
|---|---|---|
| May 22, 2025 | Encinitas, CA | Rule 35 exam of Plaintiff Christy Lundy |
| May 29, 2025 | Indian Wells, CA | eXp Employee Debbie Penny, Vol. I |
| May 30, 2025 | Seattle, WA | former eXp employee – Mollie Strong |
| June 3, 2025 | Boston, MA | former eXp employee – Jason Gesing |
| June 13, 2025 | Phoenix, AZ | Defendant Brent Gove, Vol. II |
| June 18, 2025 | Washington, D.C. | former eXp employee – Dave Conord |
| June 20, 2025 | Salt Lake City, UT | eXp employee James Bramble |
| June 23, 2025 | Anaheim, CA | Defendant David Golden, Vol. 1 |
| June 26, 2025 | Phoenix, AZ | Third-Party Witness |
| June 30, 2025 | Anaheim, CA | Defendant David Golden, Vol. II |
| July 2, 2025 | San Bernardino, CA | Third-Party Witness |
| July 23, 2025 | Los Angeles, CA | Third-Party Witness |
| July 25, 2025 | Costa Mesa, CA | Third-Party Witness |
| July 29, 2025 | Indian Wells, CA | eXp Employee Debbie Penny, Vol. II |
| August 4, 2025 | Daytona, FA | Rule 35 exam of Plaintiff Megan Farrell-Nelson |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

161735675.1

8

Case No. 2:23-cv- 01304-AB-AGR

*EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

| August 6, 2025 | Las Vegas, NV | Defendant Michael Bjorkman |
| August 6, 2025 | Fort Lauderdale, FA | Rule 35 exam of Plaintiff Fabiola Acevedo |
| August 8, 2025 | Nashville, TN | Rule 35 exam of Plaintiff Tami Sims |
| August 14, 2025 | Los Angeles, CA | Plaintiff Tami Sims' Medical Provider |
| August 20, 2025 | Salt Lake City, UT | eXp Employee Cory Haggard, Vol. II |

(See Declaration of William E. Pallares ("Pallares Decl.") at ¶¶ 2 thru 47.)

The parties have conducted the depositions of approximately twenty-nine (29) witnesses up to the date of filing this ex parte application.  (Pallares Decl. at ¶48.) On August 14, 2025, the parties met and conferred regarding additional discovery needed and to modify the scheduling order as to expert disclosures, expert discovery cutoff and the scheduling of dispositive motions.  The parties anticipate at least eleven (11) additional depositions.  (Pallares Decl. at ¶49.)

While there remains over a month to conduct depositions, counsel for eXp will be engaged in trial beginning on August 25, 2025 for approximately two (2) weeks.  The matter is *Harry Edwin Sapp, et al. v. James Amonette, et al.* Case No. 37-2021-00051332-CU-BC-CTL, Superior Court County of San Diego.  (Pallares Decl. at ¶50.)

Despite the aggressive deposition schedule, the parties need additional time to conduct and complete discovery in this matter.

### 3. <u>THIS COURT HAS THE DISCRETION TO MODIFY THE SCHEDULING ORDER</u>

#### A. <u>This Court Has The Discretion To Grant *Ex Parte* Relief.</u>

As a general matter, it is widely understood that ex parte relief is only justified where both of the following elements are present: (1) irreparable harm will result if the matter is not heard in the regular manner—namely a noticed motion on the usual briefing schedule—and (2) the party seeking ex parte relief did not create the state of affairs that necessitates ex parte relief. See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."); see, e.g., *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for ex parte relief). Local Rule 7-10 allows a party to proceed with ex parte relief.

Given the fact discovery cut-off and the date for expert disclosures, eXp seeks ex parte relief as the parties will need additional time to complete discovery in this matter. Their ability to prepare the parties respective cases for trial will be irreparably harmed without immediate relief as the parties continue to meet and confer to schedule necessary depositions and work towards the production of documents.

#### B. <u>Good Cause Exists To Modify The Scheduling Order</u>

A district court has the inherent power to modify deadlines on its docket. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power is "incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    U.S. at 254; see *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d

2    1059, 1066 (9th Cir. 2007). This discretion is in keeping with the district courts'

3    mandate to construe and apply the Federal Rules of Civil Procedure to "secure the

4    just, speedy, and inexpensive determination of every action." *Fed. R. Civ. P.* 1

5        A court exercises significant discretion when modifying a scheduling order.

6    See *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th

7    Cir. 2011). Modifying a scheduling order requires a showing of "good cause." Fed.

8    R. Civ. P. 16(b)(4). The good-cause inquiry "primarily considers the diligence of

9    the party seeking the amendment." *Branch Banking and Trust Co. v. D.M.S.I.*, LLC,

10   871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*,

11   975 F.2d 604, 609 (9th Cir. 1992)). A party demonstrates good cause by showing

12   that, even with the exercise of due diligence, they were unable to meet the timetable

13   set forth in the order. See *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th

14   Cir. 2002).

### 1.    The matter is complex involving multiple parties and witnesses throughout the nation.

17       Plaintiffs Second Amended Complaint centers on allegations that Defendants

18   Michael Bjorkman  ("Bjorkman") and David Golden ("Golden") violated the

19   Trafficking Victims Protection Reauthorization Act ("TVPRA") by engaging in a

20   scheme to lure Plaintiffs to various real estate networking events in order to drug

21   and sexually assault the female Plaintiffs. See Dkt. 165 at ¶ 2 . Plaintiffs contend

22   that these assaults were part of Bjorkman and Golden's recruitment practices that

23   were designed to lure new and existing agents into working for them at eXp. See

24   Dkt. 165 at ¶¶ 101, 196. Plaintiffs additionally allege that eXp financially benefitted

25   from these sexual assaults. Dkt. at ¶102.

26       The Plaintiffs in this matter are Fabiola Acevedo, Tami Sims, Christiana

27   Lundy and Megan Farrell-Nelson. Ms. Acevedo and Ms. Farrell-Nelson reside in

28   the State of Florida. See Dkt. No. 165 at ¶¶7 & 10. Ms. Sims resides in the State of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

161735675.1                    11            Case No. 2:23-cv- 01304-AB-AGR
                                             *EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

Tennessee and Ms. Lundy resides in the State of California. *Id.* at ¶¶8 & 9.

As to the defendants, the eXp defendants reside in the State of Washington. Notwithstanding, their employees work remotely and reside throughout the country. Further, defendant Brent Gove resides in Puerto Rico and Defendant Davide Golden resides in the State of Nevada. Lastly, Defendant Michael Bjorkman resides in the State of California.

Moreover, the third-party witnesses reside throughout the country. Plaintiffs' medical providers are located in the State of Colorado and Tennessee. The final sessions of certain deposition will need to take place in: Boston, MA; Miami, FA; Daytona, FA; Salt Lake City, UT, and Las Vegas, NV. (Pallares Decl. at ¶51.) The coordination and scheduling of these depositions has been challenging. The parties also anticipate numerous experts and the scheduling of their depositions.

### 2.    <u>Summary of anticipated depositions.</u>

Below is the table summary of an unexhaustive list of depositions:

| Deposition Date | Location | Deponent |
|---|---|---|
| September 2, 2025 at 10:00 a.m. | Nashville, TN | Plaintiff Megan Farrell-Nelson' Medical Provider |
| September 2, 2025 at 2:00 p.m. | Nashville, TN | Plaintiff Megan Farrell-Nelson' Medical Provider |
| September 3, 2025 at 9:00 a.m. | Glenwood Springs, CO | Plaintiff Megan Farrell-Nelson' Medical Provider |
| September 3, 2025 at 2:00 p.m. | Glenwood Springs, CO | Plaintiff Megan Farrell-Nelson' Medical Provider |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| September 4, 2025 | Glenwood Springs, CA | Plaintiff Megan Farrell-Nelson' Medical Provider |
|---|---|---|
| TBD | Nashville, TN | Plaintiff Tami Sims' Medical Provider |
| TBD | Miami, FA | Plaintiff Fabiola Acevedo, Vol. III |
| TBD | Daytona, FA | Plaintiff Megan Farrell-Nelson, Vol. III |
| TBD | Boston, MA | former eXp Employee - Jason Gesing, Vol. I |
| TBD | TBD | for eXp employee – Courtney Keating, Vol. II |
| TBD | TBD | Defendant Michael Bjorkman, Vol. II |
| TBD | TBD | Defendant David Golden, Vol. III |
| TBD | Phoenix, AZ | former eXp Employee Jim Nuth |
| TBD | San Diego, CA | Third-Party Witnesses |
| TBD | Washington, DC | former eXp employee – David Conord (possible) |
| TBD | Salt Lake City, UT | eXp employee James Bramble, Vol. II |

Given the time limitation and the number of scheduled and contemplated

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

161735675.1

13

Case No. 2:23-cv- 01304-AB-AGR
*EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

depositions, the parties will need to modify the Scheduling Order to allow for additional time to complete the number of anticipated depositions.

### 3.   Summary of document production

To date, the parties have exchanged in excess of 24,000 pages of documents. (Pallares Decl. at ¶53.)  Plaintiffs have identified twenty (20) custodians for whom Plaintiffs have requested ESI discovery from eXp.  To date, eXp has produced documents from ( ) custodians.  (Pallares Decl. at ¶54.)  The parties continue to meet and confer regarding the volume of documents necessary for review and production.

### 4.   Summary of Rule 35 exams

The parties have completed the Rule 35 exams of Plaintiff Christy Lundy, Plaintiff Fabiola Acevedo, Plaintiff Megan Farrell-Nelson, and Plaintiff Tami Sims. (Pallares Decl. ¶55.)

### 5.   Status of settlement discussions

Pursuant to the Court's scheduling order, the parties selected private mediation before the Honorable Gail Andler (Ret.) with JAMS and conducted mediation sessions on January 27, 2025 and April 14 & 15, 2025.  (Pallares Decl. at ¶56.)

### 6.   Anticipated Site Inspection

The parties anticipate at least on site inspection will be conducted at the Encore Resort in Las Vegas, Nevada, on a date that has yet to be determined. The parties are conferring to select an inspection date in September.

### C.   eXp And Plaintiffs Propose To Modify The Scheduling Order And Continue Discovery Cutoff By Sixty (60) Days And Trial By One Hundred Fifty (150) Days.

Counsel for eXp and Plaintiffs have met and conferred with other defense counsel regarding a modification of the scheduling order.  All parties, but for David Golden, agree to a modification of the scheduling order.  (Pallares Decl. at ¶57.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

161735675.1

14

Case No. 2:23-cv- 01304-AB-AGR
*EX PARTE* APPLICATION TO MODIFY THE SCHEDULING ORDER

| Trial and Final Pretrial Conference Date | Court Ordered | New Modified Dates |
|---|---|---|
| Trial | February 17, 2026 | July 13, 2026 |
| Final Pretrial Conference | January 30, 2026 | June 26, 2026 |
| Last Day to Amend Pleadings and add parties | N/A | See footnote below[1] |
| Non-Expert Discovery Cut-Off | October 3, 2026 | December 1, 2025 |
| Expert Disclosures (Initial) | October 3, 2026 | December 22, 2025 |
| Expert Disclosures (Rebuttal) | October 17, 2026 | January 12, 2026 |
| Expert Discovery Cut-Off | November 7, 2026 | February 13, 2026 |
| Last Day to Hear Motions (Friday) Rule 56 | November 7, 2026 | April 3, 2026 |
| Deadline to Complete Settlement Conference | November 20, 2026 | April 17, 2026 |
| Trial Filing (First Round) | January 27, 2026 | June 5, 2026 |
| Trial Filing (Second Round) | February 3, 2026 | June 12, 2026 |

The proposed continued deadlines will allow the parties to complete fact discovery and prepare for expert discovery.

---

[1] Plaintiffs intend to file a Motion for Leave to Amend the complaint on or before August 29, 2025, to bring two additional new claims against the eXp Defendants. Counsel have met and conferred regarding bringing this motion. Defendants will be opposing this motion.

**4.    CONCLUSION**

Based on the foregoing, eXp respectfully requests that this Court modify the Scheduling Order.

Respectfully submitted,

DATED:    August 22, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:        /s/ William E. Palares
WILLIAM E. PALLARES
Attorneys for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2025, I electronically filed the foregoing  EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system.

/s/ *Debbie Wilhelm*
Debbie Wilhelm

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW