PETER K. LEVINE, ESQ.  SBN: 113672
**PETER K. LEVINE, A PROFESSIONAL LAW CORP.**
5455 WILSHIRE BLVD., SUITE 1250
LOS ANGELES, CA 90036
TELEPHONE: (323) 934-1234
FACSIMILE: (323) 934-1230

Attorney for Defendant David S. Golden

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1, A California limited liability company,<br><br>       Plaintiffs,<br><br>  vs.<br><br>EXP REALTY, LLC., EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; And DOES 10,<br><br>       Defendants. | CASE NO. 2:23-CV-01304-AB-AGR<br><br>**DEFENDANT DAVID S. GOLDEN'S OPPOSITION TO DEFENDANT eXp's *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER.**<br><br>**Judge:**      **Andre Birotte, Jr.**<br>**Trial Date:**  **FEBRUARY 17, 2026**<br><br>      **REQUEST FOR ORAL ARGUMENT** |

///

///

///

DEFENDANT GOLDEN'S OPPOSITION TO eXp's EX PARTE APPLICATION

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Preliminary Statement

Defendants (except Defendant Golden) and Plaintiffs ask this Court, for the **sixth time**, to continue the trial date and extend discovery deadlines. As of today, **five continuances** have been granted in less than two years. Each time, eXp and Plaintiffs assured the Court that additional time would allow them to complete discovery and prepare for trial. Each time, the Court accommodated the request. Yet, discover remains incomplete – not because of extraordinary circumstances, but because of delays and failure to diligently pursue discovery within the ample time already granted.

The time for continuances has passed. Justice delayed is justice denied. Mr. Golden wants his day in court without further delay to prove his innocence. Mr. Golden oppose the continuance. If the August 22, 2025 *ex parte* application is granted, it would be the ***sixth*** continuance of trial. At some point, justice requires that this case move forward to resolution. That point has long since arrived.

### 2. PROCEDURAL HISTORY: FIVE PRIOR CONTINUANCES

On **November 20, 2023** (Dkt. 142), the Court issued its original Scheduling Order, setting trial for **October 22, 2024**, with discovery cutoff on **June 7, 2024**.

On **March 7, 2024** (Dkt. 171), the Court granted the parties' first stipulation to continue trial to **April 21, 2025** (discovery cutoff **December 7, 2024**).

On **October 22, 2024** (Dkt. 198), the Court granted a second stipulation, continuing trial to **June 20, 2025** (discovery cutoff **February 5, 2025**).

On **December 2, 2024** (Dkt. 214), the Court granted Plaintiffs' ex parte application and reset trial for **September 18, 2025** (discovery cutoff **May 6, 2025**).

On **March 21, 2025** (Dkt. 238), the Court again modified the schedule, setting trial for **November 17, 2025** (discovery cutoff **July 7, 2025**).

DEFENDANT GOLDEN'S OPPOSITION TO eXp's EX PARTE APPLICATION

On **June 2, 2025** (Dkt. 267), the Court granted eXp's fifth application to modify the schedule, moving trial to **February 17, 2026** with discovery cutoff **October 3, 2025**.

On **August 22, 2025** (Dkt. 295), eXp filed this **sixth request**, seeking to push trial out another **150 days to July 13, 2026** (discovery cutoff to **December 1, 2025**).

The record is clear that Mr. Golden does not agree to the continuances. The Court has already extended the trial five time, granting the parties over 16 additional months beyond the original October 2024 trial date. Yet, eXp and Plaintiffs claim discovery remains incomplete and seek even more time. This is not diligence – it is delay.

### 3. **GEICO's Declaratory Judgment Action Threatens Mr. Golden's Insurance Defense**

As described in the attached declaration of Peter K. Levine, GEICO is currently providing Mr. Golden with a defense under a reservation of rights. However, the declaratory judgment action GEICO filed in March 2024 seeks to determine that no coverage exists for his defense or indemnity in this matter. If GEICO succeeds in its declaratory judgment action before the resolution of this case, Mr. Golden risks losing his insurance-funded defense and indemnity entirely. This would leave him unable to bear the substantial costs of litigation, irreparably harming his ability to defend himself. A summary judgment motion is under submission in that GEICO declaratory judgment action, as well as a motion for reconsideration of a motion to stay action pending conclusion of this lawsuit.

### 4. **Defendant Golden is Not Responsible for the Delay in Finishing Discovery**

Mr. Golden remains committed to cooperating in discovery. The current case schedule, while demanding, remains achievable. The fact that defense counsel has a two-week trial in another matter beginning August 25, 2025 is not "irreparable harm" given the number of other attorneys in his firm. Defense counsel's law firm has multiple associates already familiar with the case. The taking and defending of remaining depositions can readily be handled by these attorneys. Court routinely expect large firms to manage multiple matters simultaneously through

DEFENDANT GOLDEN'S OPPOSITION TO eXp's EX PARTE APPLICATION

appropriate staffing and delegation.  The temporary unavailability of a single attorney cannot

justify further delay given defense counsel's deep bench of qualified attorneys.


**5.  <u>Conclusion</u>**

At some point, justice requires that this case move forward to resolution.  That point has

long since arrived.


Dated:  August 25, 2025                                      <u>/s/ Peter K. Levine</u>
                                                            Peter K. Levine, Esq.
                                                            Attorney for Defendant Golden


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing was filed and served on all counsel of

record by way of the Court's CM/ECF filing system this 25th day of August 2025.



<u>/s/ Roberto Segovia</u>
Paralegal


<u>DEFENDANT GOLDEN'S OPPOSITION TO eXp's EX PARTE APPLICATION</u>

## DECLARATION OF PETER K. LEVINE

I, Peter K. Levine, declare as follows, that:

1.      I am counsel for Defendant Golden and fully familiar with the facts herein.  If called to testify I can state as follows:

2.      This case has been pending since February 2023.  A delay would result in substantial prejudice to Mr. Golden, as it creates a significant risk of irreparable harm stemming from the declaratory judgment action filed by his insurer, GEICO, in the United States District Court, District of Nevada, Case No. 2:24-cv-00602-CDS-MDC.

3.      GEICO is currently providing Mr. Golden a defense under a reservation of rights.  However, the declaratory judgment action it filed seeks to determine that no coverage exists for his defense or indemnity in this matter.  If GEICO succeeds in its declaratory judgment action before the resolution of this case, Mr. Golden risks losing his insurance-funded defense and indemnity entirely.  This would leave him unable to bear the substantial costs of litigation, irreparably harming his ability to defend himself.

4.      If GEICO's declaratory judgment action is resolved first and coverage is denied, Mr. Golden would be deprived of both a funded defense and the resources needed to litigate this case effectively.  There is presently a summary judgment filed by GEICO, under submission as well as a motion to stay filed by Mr. Golden (denied) under reconsideration.

5.      Mr. Golden's ability to mount a fair defense is directly tied to his access to the resources provided under the insurance policy.  A delay creates undue uncertainty, increasing his financial and procedural vulnerability.  Further, the delay undermines judicial efficiency by potentially forcing Mr. Golden to pursue additional legal remedies if GEICO's coverage determination adversely impacts his ability to litigate this matter.

6.      Defendant Golden denies delaying discovery or causing any need to modify the scheduling order.

///

///

OPPOSITION TO EX PARTE APPLICATION

1

I declare under the laws of the United States that the foregoing is true and correct. Executed on August 25, 2025 at Los Angeles, Calif.


Dated:  August 25, 2025                              /s/ Peter K. Levine
                                                                Peter K. Levine, Esq.
                                                                Attorney for Defendant Golden


c:\users\peter\dropbox\new\1993-golden\ex parte\oppose aug 22 2025 continuance request\opposition to ex parte.docx

OPPOSITION TO EX PARTE APPLICATION

2