UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV-23-01304-AB (AGRx)            Date: August 29, 2025

Title  Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

---

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings: (In Chambers)  ORDER AFTER *IN CAMERA* REVIEW REGARDING PLAINTIFFS' MOTION TO COMPEL COMPLAINT AND/OR COMPLAINT FILES AGAINST FORMER EMPLOYEE  (Dkt. No. 268)**

     Plaintiffs filed a motion to compel complaint and/or complaint files as to an ex-employee of Defendant eXp World Holdings, Inc. ("eXp").  (Dkt. No. 268-269.)  Defendant filed an opposition.  (Dkt. No. 271-274.)  Plaintiffs filed a reply.  (Dkt. No. 277-278.)  The matter came on for hearing on June 27, 2025.  Defendant eXp made two *in camera* submissions to the court, the first submission on July 11, 2025 and the second submission on August 5, 2025.  The court has completed its *in camera* review.

     Plaintiffs' motion seeks production of a complaint and/or complaint file about an ex-employee, Mr. Conord.  The court ordered an *in camera* review because it was not clear from the record whether the alleged complaint about Mr. Conord was sufficiently similar to the Plaintiffs' allegations such that it fell within the scope of Fed. R. Civ. P. 26(b)(1).

### *In Camera Review*

     At the time of the first submission, no complaint file against Mr. Conord had been located.  eXp submitted for *in camera* review non-privileged communications between eXp and the attorney eXp retained to perform an investigation, bearing bates stamp

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                    Date: August 29, 2025

Title      Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

numbers In Camera Review Conord 113-17 and 118-19.[1] These documents did not describe the substance of a complaint, and reflected efforts by the attorney to set up interviews.

eXp's second submission consists of screenshots of six text message threads between or among Mr. Conord, [redacted], and/or [redacted], that were produced by the law firm retained by eXp to investigate. The six threads bear bates stamp numbers In Camera Review Conord 120-26, 127, 128-48, 149-54, 155-56, and 157-60. Again, these documents did not describe the substance of a complaint against Mr. Conord.

*Analysis*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Rule 26(b)(1) includes within its scope "information that could be used to impeach a likely witness." Advisory Comm. Notes, 2015 Amendment. "[I]t is entirely proper to obtain information for other purposes such as cross-examination of adverse witnesses." *Kerr v. United States*, 511 F.2d 192, 197 (9th Cir. 1975).

As Plaintiffs note, a threshold issue of discoverability is whether the complaint against Mr. Conord involves "similar sexual misconduct." (Reply at 6.) As noted above, a complaint file has not been located and the documents submitted for *in camera* review do not describe a complaint made against Mr. Conord. The court is left to glean what complaint could conceivably be based on the substance of the text messages among Mr. Conord, [redacted], and [redacted]. This task is complex because, for example, some text messages are not work related (e.g., two people attempting to get into shape through

---

[1] eXp also submitted to the court Mr. Conord's employment documents with eXp. The court's *in camera* review focused on the complaint-related documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                                     Date: August 29, 2025

Title      Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

workouts and sharing photos[2] of themselves over time or their "goal" look) and, as another example, some text messages with colorful language may be initiated by another person, [redacted].  Thus, it is difficult to discern the nature of a complaint, and whether it would be about both Mr. Conord and [redacted].

By contrast, Plaintiffs' allegations in this case are markedly different in nature and severity.  "This case concerns allegations of a large real estate corporation's 'longstanding culture' of allowing its most influential male agents to sexually assault female agents and then 'silenc[e] those whose accounts of sexual harassment and assault would impact profit."  *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 755 (C.D. Cal. 2024).  Individual defendants induced female agents to come to recruitment events as part of a scheme "to use illicit drugs to cause the women to engage in a sex act."  *Id.*  One plaintiff alleged she had "a single cocktail with Bjorkman and others at the hotel bar."  "She remembers nothing until the next morning when she woke up disoriented and naked in Bjorkman's hotel room."  "Bjorkman and another woman were naked in the other bed and a clothed man was on the floor."  Plaintiff "ran to the bathroom and Bjorkman followed her, exposing himself and attempting to engage her in sexual contact."  *Id.* at 757.  A different plaintiff alleges that, at an event, "Bjorkman handed her a drink and she quickly 'blacked out.'"  "She woke up the next day naked in her hotel room, which was in disarray."  She felt sick, had a 'spotty memory,' and experienced pain."  "She went to the bathroom and saw blood from her vagina."  *Id.* at 758 (citations omitted).  Although this description is not complete, it is sufficient to show the marked difference in the nature and severity of Plaintiff's sexual assault allegations.  *See* Fed. R. Evid. 413(d).

Absent any similarity between a complaint against Mr. Conord and Plaintiff's allegations in this case, the complaint file is not relevant to Plaintiff's attempt to prove a pattern and practice of "allowing its most influential male agents to sexually assault female agents and then 'silenc[e] those whose accounts of sexual harassment and assault would impact profit."  *Acevedo*, 713 F. Supp. 3d at 755.  Defendants point out that Mr. Conord was an employee.  Putting that issue aside, and even assuming some marginal relevance, Plaintiff's requested discovery about Mr. Conord is not proportional to the needs of the case considering the unimportance of the discovery in resolving the issues, the privacy interests of third parties, and the burden or expense of the proposed

---

[2]  To be clear, the photos are not pornographic.  Moreover, it is unknown whether the text messages are sent via personal phones or work phone numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV-23-01304-AB (AGRx)                                              Date: August 29, 2025

Title   Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

discovery. Fed. R. Civ. P. 26(b)(1). Plaintiff has ample opportunity to obtain discovery of similar complaints against eXp agents. Fed. R. Civ. P. 26(b)(2).

    Plaintiffs argue that the documents nevertheless may be relevant to impeach Defendant Sanford's testimony about his lack of knowledge of allegations against Mr. Conord other than rumors. None of the documents submitted for *in camera* review were sent from or to Mr. Sanford, and none appear useful for impeachment.

    IT IS ORDERED that Plaintiff's motion to compel the production of a complaint and complaint file against Mr. Conord is DENIED.

**Initials of Preparer**   kl