WILLIAM E. PALLARES, SB# 187740
E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

MAKENZIE L. KRAUSE, (*admitted pro hac* MN SB# 0401841)
E-Mail: Makenzie.Krause@lewisbrisbois.com
AMANDA G. SPEROW, (*admitted pro hac* MN SB# 0403200)
E-Mail: Amanda.Sperow@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612.428.5000
Facsimile: 612.428.5001
*Admitted Pro Hac Vice*

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, *et al*, <br><br> Plaintiffs, <br><br> vs. <br><br> EXP REALTY, LLC, *et al*, <br><br> Defendants. | Case No. 2:23-cv- 01304-AB-AGR <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Trial Date:    July 13, 2026 |

# TABLE OF CONTENTS

Page

1. INTRODUCTION ................................................................................................ 1
2. FACTUAL SUMMARY ...................................................................................... 2
   A. Relevant Procedural History. .................................................................... 2
   B. Relevant Factual Background. .................................................................. 3
3. LEGAL STANDARD .......................................................................................... 4
4. ARGUMENT ....................................................................................................... 6
   A. Good Cause Does Not Exist to Amend the Scheduling Order. ............... 6
   B. Even if Good Cause Existed to Amend the Scheduling Order, Plaintiffs Cannot Satisfy the Requirements of Rule 15. ........................... 9
      1. Plaintiffs' Proposed New Claims Cannot Succeed and Their Proposed Amendment is Therefore Futile. ................................................................. 10
      2. Plaintiffs' Proposed New Claims Would Cause Undue Delay. ............................. 12
5. CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Acri v. Int'l Ass'n of Machinists*,
  781 F.2d 1393 (9th Cir.), *cert. denied,* 479 U.S. 816 (1986) .............................. 12

*Allen v. Cty. of Los Angeles*,
  Case No. CV 22-9475, 2024 WL 1135159 (C.D. Cal. Feb. 9, 2024) .............. 5, 9

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
  465 F.3d 946 (9th Cir. 2006) ................................................................... 10, 12

*Baldwin Park Unified Sch. Dist. v. Genesis Mgmt. and Ins. Servs. Corp.*,
  CV 16-9349, 2017 WL 5635018 (C.D. Cal. July 10, 2017) .............................. 11

*Banerji v. Leggett & Platt, Inc.*,
  Case No. EDCV 15-01653, 2016 WL 11746409 (C.D. Cal. June 21, 2016) ............................................................................................................. 7

*Banks v. Allison*,
  140 F.4th 1181 (9th Cir. 2025) ........................................................................ 5

*Brown v. AT&T*,
  Case No. CV 09-1262, 2010 WL 11515358 (C.D. Cal. Jan. 4, 2010) ................. 9

*In re Circuit Breaker Litig.*,
  175 F.R.D. 547 (C. D. Cal. 1997) ............................................................. 12, 13

*Cornish v. Odyssey HealthCare, Inc.*,
  CV 09-00014, 2009 WL 10671024 (C.D. Cal. Sept. 22, 2009) ......................... 9

*DRK Photo v. McGraw-Hill Global Ed. Holdings, LLC*,
  870 F.3d 978 (9th Cir. 2017) ............................................................................ 5

*Elliot v. Solis*,
  Case No. 1:17-cv-01214, 2017 WL 4811747 (E.D. Cal. Oct. 24, 2017) ........................................................................................................... 11

*Fabritex, Inc. v. Target Corp.*,
  Case No. CV 15-08231, 2016 WL 7443229 (C.D. Cal. July 19, 2016) ........................................................................................................... 5

*Grant v. Target Corp.*,
    126 F. Supp. 3d 183 (D. Mass. 2015) .................................................................. 11

*Hoffman v. Blattner Energy, Inc.*,
    315 F.R.D. 324 (C.D. Cal. 2016) ........................................................................... 8

*James Stewart Entm't, LLC v. L&M Racing, LLC*,
    Case No. EDCV 12-0049, 2014 WL 12742611 (C.D. Cal. Jan. 6,
    2014) ..................................................................................................................... 7

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ............................................................................ 4, 5

*M.H. v. Omegle.com, LLC*,
    Case No. 8:21-cv-814, 2022 WL 93575 (M.D. Fla. Jan. 10, 2022) .................... 12

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*,
    627 F. Supp. 2d 1187 (E.D. Cal. 2009) ............................................................... 11

*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*,
    Case No. CV 05-02200, 2007 WL 10132360 (C.D. Cal. Dec. 10,
    2007) ..................................................................................................................... 9

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ............................................................................. 12

*Mosqueda v. Am. Honda Motor Co., Inc.*,
    443 F. Supp. 3d 1115 (C.D. Cal. 2020) ............................................................... 10

*Novak v. United States*,
    795 F.3d 1012 (9th Cir. 2015) ............................................................................. 10

*Pastor v. Bank of Am., N.A.*,
    664 F. Supp. 3d 1365 (S.D. Fla. 2023) ................................................................ 10

*Taylor v. Casitas Mun. Water Dist.*,
    CV 16-07864, 2018 WL 6267817 (C.D. Cal. July 10, 2018) ............................... 7

*Tremino v. Crowley Maritime Corp.*,
    649 F. Supp. 3d 1223 (M.D. Fla. 2023) ............................................................... 11

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ....................................................................... 5, 6, 10

*Wong v. Regents of Univ. of California*,
410 F.3d 1052 (9th Cir. 2005) .......... 5

*Woodall v. Walt Disney Co.*,
Case No.: CV 20-3772, 2024 WL 3444629 (C.D. Cal. July 5, 2024) .......... 6

**Other State Cases**

*Jennifer Van Burkleo v. eXp Realty LLC*,
King County Superior Court, Case No. 23-2-08879-4 SEA (2023) .......... 3

**Federal Statutes**

29 U.S.C.
§§ 26012654 .......... 3

**Other State Statutes**

RCW 49.44.211 .......... 3

RCW 50A *et seq.* .......... 3

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) .......... 10

Federal Rule of Civil Procedure 15(a) .......... 1, 12

Federal Rule of Civil Procedure 16(b)(4) .......... 1, 4, 5, 8

Federal Rule of Civil Procedure 30(b)(6) .......... 4

Good Cause Existed to Amend the Scheduling Order, Plaintiffs Cannot Satisfy the Requirements of Rule 15 .......... 9

May 2024. *Third* .......... 1

Rule 15 .......... *passim*

Rule 15's .......... 9, 10

Rule 16 .......... 6, 9

Rule 16(b) .......... 9

Rule 16(b)(4)'s .......... 5

BEGAARD & SMITH LLP
ATTORNEYS AT LAW

Rule 16's ................................................................................................................... 6

## 1. **INTRODUCTION**

By their Motion, Plaintiffs seek to amend their Second Amended Complaint to add a claim for fraudulent misrepresentation as Count XIII (the "Fraudulent Misrepresentation Claim") and a claim for ratification as Count XIV (the "Ratification Claim"). But Plaintiffs cannot show that good cause exists to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4). *First*, Plaintiffs knew the alleged facts underlying their proposed amended claims since essentially the inception of this lawsuit, or roughly 15 months before the deadline for the parties to move to amend the pleadings. *Second*, even if Plaintiffs were not aware of these alleged facts since the inception of this lawsuit, they certainly were aware of them before the deadline for the parties to amend the pleadings expired in May 2024. *Third*, even if Plaintiffs' claim that they were not aware of these alleged facts until sometime between April 2025 and July 2, 2025 is correct—and to be clear, this claim is demonstrably false—they still waited somewhere between two and four months after learning of these alleged facts to file their Motion. Plaintiffs cannot establish that they acted diligently to amend the scheduling order, and as such, they cannot show good cause exists to do so. The Court should end its analysis there and deny Plaintiffs' Motion under Rule 16(b)(4).

However, even if Plaintiffs have established good cause—and they have not— they cannot meet the requirements of Federal Rule of Civil Procedure 15(a). *First*, Plaintiffs' proposed amendment is futile: the Fraudulent Misrepresentation Claim is barred by the economic loss rule/independent tort doctrine, and the Ratification Claim is not a "claim" at all in that ratification is a theory of vicarious liability and not a standalone cause of action. *Second*, Plaintiffs' proposed amendment would result in undue delay. For these reasons, and as explained in more detail below, Defendants respectfully request the Court deny Plaintiffs' Motion.



## 2. FACTUAL SUMMARY

### A. Relevant Procedural History.

Plaintiffs filed this lawsuit on February 22, 2023. (ECF No. 1.) On March 23, 2023, Plaintiffs filed their First Amended Complaint naming additional individual defendants. (ECF No. 30.) In the First Amended Complaint, Plaintiffs alleged "[r]ather than conducting a legitimate investigation into the Plaintiffs' complaints regarding DEFENDANT BJORKMAN and DEFENDANT GOLDEN, DEFENDANT eXp REALTY, DEFENDANT GOVE, AND DEFENDANT SANFORD did a cost benefit analysis and decided it made economic sense to continue to pay DEFENDANT GOLDEN AND DEFENDANT BJORKMAN." (*Id.*, ¶ 78). This allegation did not appear in Plaintiffs' initial Complaint. (*See* ECF No. 1.)

Plaintiffs filed their Second Amended Complaint on February 28, 2024. (ECF No. 165.) In their Second Amended Complaint, Plaintiffs again alleged eXp failed to conduct a legitimate investigation into their complaints and, instead, decided to continue paying Michael Bjorkman ("Bjorkman") and David Golden ("Golden"). (*Id.*, ¶ 114.)

On November 13, 2023, the Court entered the first scheduling order in this case, which set a deadline of January 26, 2024 for motions to amend the pleadings. (ECF No. 142 at 3.) Pursuant to the parties' stipulation, the Court issued a second scheduling order on March 7, 2024, which extended the deadline for motions to amend the pleadings until May 17, 2024 (the "Amended Pleadings Deadline"). (ECF No. 171 at 2.) Between October 22, 2024 and September 2, 2025, the Court issued four more modified scheduling orders. (ECF No. 198; ECF No. 214; ECF No. 238; ECF No. 307.) None of those scheduling orders altered or revived the Amended Pleadings Deadline.

Plaintiffs filed their Motion on August 29, 2025. (ECF No. 303.) By that Motion, Plaintiffs seek to add the Fraudulent Misrepresentation Claim based on eXp's alleged failure to abide by the Company's Policies and Procedures regarding

complaint investigations. (*Id.*, ¶¶ 311-357.) Additionally, Plaintiffs seek to add the Ratification Claim based on eXp allegedly knowing of Bjorkman's and Golden's purported misconduct but nevertheless supporting or otherwise condoning that conduct (by, among other things, accelerating the vesting of Bjorkman's revenue share and continuing to pay him revenue share payments after his separation from eXp). (*Id.*, ¶¶ 358-372.)

### B. Relevant Factual Background.

On April 13, 2023, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 41.) On April 21, 2023, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss (the "Opposition"). (ECF No. 48.) In their Opposition, Plaintiffs claimed Defendants had actual knowledge of the alleged assaults against Plaintiffs "yet continued their support of [Bjorkman, Golden, and Brent Gove]." (*Id.* at 19). On numerous other occasions since filing their Opposition, Plaintiffs have claimed that Defendants knew of Bjorkman's and Golden's alleged misconduct but nevertheless supported or otherwise condoned that conduct. (*See* ECF No. 165, ¶¶ 114, 140, 141, 205, and 206; ECF No. 268-1 at 7.)

On July 2, 2023, Plaintiffs served a subpoena on non-party Jennifer Van Burkleo[1] for documents "related to the misconduct of any eXp Realty agent or employee." (Pallares Decl. ¶ 5, Ex. D). In response to that subpoena, on December 14, 2023, Ms. Van Burkleo produced a six-minute and fifty-five second audiovisual recording, in which she stated it would be a "joke" to claim eXp properly handled Plaintiff Acevedo's internal complaint against Bjorkman for sexual assault. (Pallares

---

[1] Ms. Van Burkleo is a former eXp Realty, LLC employee and worked as its Social Media Manager beginning in 2017. Ms. Burkleo filed a lawsuit against eXp in 2023 asserting claims of wrongful termination and violation of under RCW 50A *et seq.* and 29 U.S.C. §§ 26012654, and violation of RCW 49.44.211. (*See*, *Jennifer Van Burkleo v. eXp Realty LLC,* King County Superior Court, Case No. 23-2-08879-4 SEA (2023); 2:23-CV-00915-JLR (removed to federal court).)

Decl. ¶ 6, Ex. E at 00:40 – 00:53). On July 24, 2024, eXp produced various documents in response to Plaintiffs' discovery requests; this production included eXp Realty, LLC Compliance Committee meeting minutes from June 29, 2021 through April 23, 2023 (the "Meeting Minutes"). (Pallares Decl. ¶ 4, Ex. C at 2eXp_000001; 000007; 000016-000017). The Meeting Minutes reflect eXp's consideration of and decision to accelerate Bjorkman's revenue share vesting. (*Id.*).

On April 4, 2025, Defendants produced custodial documents, specifically workplace chats, from eXp employee Cory Haggard. (Pallares Decl. ¶ 2, Ex. A). Included in this production was a chat from Mr. Haggard to Jim Bramble dated <u>March 8, 2021,</u> time stamped 3:39:31 PM. (*Id.*) (emphasis added). In this message, Mr. Haggard states that Plaintiff Sims is aware that Defendant Bjorkman is still receiving revenue share payments from eXp, and that she complained about this fact to Mr. Haggard. (*Id.*)

Plaintiffs deposed eXp corporate representative Cory Haggard for the first time pursuant to Federal Rule of Civil Procedure 30(b)(6) on August 27, 2024. (Pallares Decl. ¶, Ex. A.) During his August 27, 2024, deposition, Mr. Haggard testified regarding eXp's policies, procedures, and practices regarding the Company's investigation of agent complaints, including complaints of sexual assault. (*Id.*)[2]

### 3. LEGAL STANDARD

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks omitted).) It may only be modified for good cause and with the judge's consent. (Fed. R. Civ. P. 16(b)(4).) A court's insistence that the parties comply with the terms of a scheduling

---

[2] *See, e.g.,* Pallares Decl. ¶ 2, Ex. A at 62:3-23; 71:2-21; 78:8-19; 101:4-16; 102:13-25; 116:12-117:19; 127:6-13; 128:23-129:23; 148:15-23; 156:8-157:23; 166:14-25; 187:25-188:14; 207:1-21.

order "does not simply exalt procedural technicalities over the merits of [a plaintiff's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." (*Johnson*, 975 F.2d at 610.) Moreover, defendants are entitled to rely on a court's scheduling order to litigate an action filed against them in an orderly manner. (*Fabritex, Inc. v. Target Corp.*, Case No. CV 15-08231, 2016 WL 7443229, at *2 (C.D. Cal. July 19, 2016) (relying on, *inter alia*, *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).)

Where a party seeks leave to amend a complaint after the deadline for doing so in the scheduling order has passed, the party's request is governed by Federal Rule of Civil Procedure 16(b)(4) and not by the more liberal standard of Rule 15. (*DRK Photo v. McGraw-Hill Global Ed. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).) Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party requesting the amendment. (*Johnson*, 975 F.2d at at 609.) A party is diligent in this context if: (a) it was unable to comply with the deadlines in the scheduling order due to issues not reasonably foreseeable at the time the scheduling order issued; *and* (b) it was diligent in seeking an amendment once the party reasonably knew it could not comply with the scheduling order. (*Allen v. Cty. of Los Angeles*, Case No. CV 22-9475, 2024 WL 1135159, at *1 (C.D. Cal. Feb. 9, 2024) (citing *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009)).) If the party seeking the amendment was not diligent, the inquiry should end and the party's motion should be denied. (*Fabritex*, 2016 WL 7443229, at *2 (citing *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).) A party's failure to seek leave to amend a complaint before the scheduling order's deadline to do so—despite the knowledge and need to do so—weighs against a finding of good cause. (*Banks v. Allison*, 140 F.4th 1181, 1189 (9th Cir. 2025) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000)).)

The party seeking to modify a court's scheduling order under Rule 16 has the burden of showing good cause exists. (*Woodall v. Walt Disney Co.*, Case No.: CV 20-3772, 2024 WL 3444629, at *1 (C.D. Cal. July 5, 2024) (citing *Zivkovic*, 302 F.3d at 1088).)

## 4. ARGUMENT

### A. Good Cause Does Not Exist to Amend the Scheduling Order.

Plaintiffs did not diligently seek to amend the scheduling order and, therefore, cannot establish good cause under Rule 16. *First*, Plaintiffs' contention that they were unaware of evidence supporting their proposed new claims until "April-July 2025"[3] is false; they have been aware of the alleged facts underlying their Fraudulent Misrepresentation Claim essentially since the inception of this lawsuit. The Fraudulent Misrepresentation Claim is premised on eXp's supposed failure to conduct an adequate investigation of Plaintiffs' internal complaints regarding Bjorkman and Golden,[4] but Plaintiffs alleged in their First Amended Complaint on March 23, 2023—one month after filing their initial Complaint—that Defendants failed to conduct a legitimate investigation into those complaints. (ECF No. 30, ¶ 78.) As to the Ratification Claim, Plaintiffs claimed in their Opposition on April 21, 2023—less than two months after filing their initial Complaint—that the Company continued its support of Bjorkman and Goldman despite being aware of Plaintiffs' complaints against them. (ECF No. 48 at 19.) Additionally, Plaintiff Sims was aware Bjorkman was still receiving revenue share payments as of March 8, 2021 – two years before this lawsuit was filed. (Pallares Decl. ¶ 3, Ex. B at eXp_HAG_001486-001487.) Rule 16's "good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." (*In re W. States*, 715 F.3d

---

[3]  ECF No. 303-4 at 7.

[4]  ECF No. 303-5 ¶¶ 311-357.

at 737-38.) (*See also Banerji v. Leggett & Platt, Inc.*, Case No. EDCV 15-01653, 2016 WL 11746409, at *1-2 (C.D. Cal. June 21, 2016) (rejecting plaintiff's argument that good cause existed to modify scheduling order where he claimed new facts had recently come to light through depositions but where those facts had been known to plaintiff since the outset of his case).)

*Second*, even if Plaintiffs were not aware of alleged facts concerning the Fraudulent Misrepresentation Claim and Ratification Claim from the outset of this lawsuit, they certainly were aware of those alleged facts before the expiration of the Amended Pleadings Deadline on May 17, 2024. As to the Fraudulent Misrepresentation Claim, Plaintiffs received Ms. Van Burkleo's audio recording on December 14, 2023—prior to filing the Second Amended Complaint—in which she claimed eXp's investigation of Plaintiff Acevedo's complaints concerning Bjorkman's alleged misconduct was a "joke." (Pallares Decl. ¶ 6, Ex. E at 00:40 – 00:53). Indeed, in their Second Amended Complaint on February 28, 2024, Plaintiffs (again) alleged Defendants failed to conduct a legitimate investigation into Plaintiffs' complaints to eXp about Bjorkman and Goldman. (ECF No. 165, ¶ 114.) And as to the Ratification Claim, on February 28, 2024 Plaintiffs repeatedly alleged in their Second Amended Complaint that Defendants continued to support Bjorkman and Golden in the wake of Plaintiffs' complaints to eXp about their purported misconduct. (ECF No. 165, ¶¶ 114, 140, 141, 205, and 206.) Discovering purportedly "new" facts after the deadline to amend pleadings expires does not constitute good cause when the plaintiff already knew of those facts prior to the expiration of that deadline. (*See Taylor v. Casitas Mun. Water Dist.*, CV 16-07864, 2018 WL 6267817, at *1 (C.D. Cal. July 10, 2018); *James Stewart Entm't, LLC v. L&M Racing, LLC*, Case No. EDCV 12-0049, 2014 WL 12742611, at *2 (C.D. Cal. Jan. 6, 2014) (supposed "new facts" that came to light during deposition testimony after deadline to amend pleadings expired did not constitute good cause where that deposition testimony essentially restated allegations in plaintiffs' operative complaint and plaintiffs waited

two months after deposition to seek leave to amend scheduling order).)

*Third*, even if Plaintiffs were not aware of alleged facts underlying their proposed amended claims since the beginning of this lawsuit (they were), and even if Plaintiffs did not learn of these alleged facts prior to the expiration of the Amended Pleadings Deadline (they did), they unquestionably learned of these alleged facts long before they sought to amend the scheduling order or leave to amend the Second Amended Complaint. As to the Fraudulent Misrepresentation Claim, Mr. Haggard testified in detail on August 27, 2024 regarding eXp's policies, procedures, and practices regarding the Company's investigation of complaints of sexual assault. (Pallares Decl. ¶ 2, Ex. A.)[5] And as to the Ratification Claim, eXp produced Compliance Committee Meeting Minutes on July 24, 2024 reflecting the Company's consideration of and decisions regarding Bjorkman's revenue share vesting. (Pallares Decl. ¶ 3, Ex. B at 2eXp_000001; 000007; 000016-000017.) Waiting until August 29, 2025 to file their Motion under these circumstances does not constitute "diligence" for purposes of Rule 16(b)(4). (*See Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 336 (C.D. Cal. 2016) (party did not act diligently where he waited "nearly one year" after expiration of deadline to amend pleadings to seek leave to file an amended complaint).)

Even assuming that Plaintiffs were not aware of the alleged facts underlying their proposed new claims until the latest date on which they claim they learned of these facts—*i.e.*, July 2, 2025[6]—they *still* did not act diligently. For one thing, Plaintiffs claimed in a filing with the Court on June 6, 2025 that Defendants knew of Bjorkman's and Golden's alleged misconduct but condoned it anyway. (ECF No.

---

[5] *See, e.g.,* Pallares Decl. ¶ 2, Ex. A at 62:3-23; 71:2-21; 78:8-19; 101:4-16; 102:13-25; 116:12-117:19; 127:6-13; 128:23-129:23; 148:15-23; 156:8-157:23; 166:14-25; 187:25-188:14; 207:1-21.

[6] ECF No. 303-4 at 7.

268-1 at 7.) They then waited almost three months to file their Motion. And for another thing, while Plaintiffs correctly point out they met and conferred with Defendants' counsel regarding the Motion on June 24, 2025, Plaintiffs still waited over two months after that meet and confer to file their Motion. Delays of even this length preclude a finding of good cause. (*Brown v. AT&T*, Case No. CV 09-1262, 2010 WL 11515358, at *2 (C.D. Cal. Jan. 4, 2010) (party did not act diligently where he waited over two months from the date he emailed a draft amended complaint to defendant before filing his motion for leave to amend); *Cornish v. Odyssey HealthCare, Inc.*, CV 09-00014, 2009 WL 10671024, at *2 (C.D. Cal. Sept. 22, 2009) (plaintiff, who deposed a witness who revealed new facts that served as the impetus for plaintiffs' motion for leave to amend her complaint, was not diligent under Rule 16 where she waited over two months after that deposition to file her motion for leave to amend).) Because Plaintiffs cannot show good cause exists to modify the scheduling order, the Court should deny their Motion.

### B.     Even if Good Cause Existed to Amend the Scheduling Order, Plaintiffs Cannot Satisfy the Requirements of Rule 15.

Because Plaintiffs did not act diligently to amend the scheduling order, the Court should end its analysis there and deny Plaintiffs' Motion. (*Allen*, 2024 WL 1135159, at *3) (a finding that the moving party did not act diligently ends the analysis).) However, even if Plaintiffs had acted diligently, and good cause therefore existed to amend the scheduling order, they would still need to satisfy the requirements of Rule 15. (*Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, Case No. CV 05-02200, 2007 WL 10132360, at *3 n.12 (C.D. Cal. Dec. 10, 2007) (citing *Johnson*, 975 F.2d at 607) (where a party shows good cause under Rule 16(b), and a responsive pleading has already been filed, the party's amendment must still meet Rule 15's requirements). They cannot do so.

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course, and thereafter only with the opposing party's consent or the

court's leave (which should be freely given where justice so requires). (Fed. R. Civ. P. 15(a)(2).) But Rule 15's mandate that leave to amend shall be freely given does not mean such leave is automatically granted. (*In re W. States*, 715 F.3d at 738.) A court may properly deny a motion to amend under Rule 15 where the proposed amendment, *inter alia*, is futile or would produce undue delay. (*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).)

### 1. Plaintiffs' Proposed New Claims Cannot Succeed and Their Proposed Amendment is Therefore Futile.

Plaintiffs' proposed Fraudulent Misrepresentation Claim and Ratification Claim cannot succeed, and allowing Plaintiffs to amend the Second Amended Complaint to assert those claims would therefore be futile.[7] *First*, the Fraudulent Misrepresentation Claim is barred by the economic loss rule/independent tort doctrine, which prohibits a plaintiff from repackaging a breach of contract claim as an independent tort claim (*e.g.*, a claim for fraud). (*Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F. Supp. 3d 1115, 1133 (C.D. Cal. 2020) (California's economic loss rule bars tort claims that merely restate contractual obligations, and prevents tort law and contract law from dissolving into one another); *Pastor v. Bank of Am., N.A.*, 664 F. Supp. 3d 1365, 1367 (S.D. Fla. 2023) (to state a claim in tort between two parties in contractual privity the plaintiff must allege action beyond and independent of breach of contract that amounts to an independent tort).) Plaintiffs' proposed Fraudulent Misrepresentation Claim is premised on alleged material misrepresentations in the Policies and Procedures. Specifically, Plaintiffs assert that the Policies and Procedures required Defendants to "thoroughly investigate" all complaints, and that "all complaints will be taken seriously and followed through to resolution." (ECF No. 303-5, ¶ 313.) Plaintiffs allege this policy created a "quasi-

---

[7] "Futility alone can justify a court's refusal to grant leave to amend." (*Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).)

fiduciary" duty for Defendants. (ECF No. 303-5, ¶ 314.) Plaintiffs further allege that Defendants made verbal representations that eXp was, or would, investigate their respective complaints. (ECF No. 303-5, ¶¶ 316-322.) Plaintiffs go on to assert that Defendants failed to follow their Policies and Procedures to conduct a "thorough" investigation, and further, that Defendants allegedly concealed "material facts" that an investigation had not occurred. (ECF No. 303-5, ¶¶ 348-354.) These allegations simply attempt to re-cast a breach of contract claim as a fraud claim, which the economic loss rule/independent tort doctrine forbids.[8]

*Second*, "ratification" is not an independent cause of action; rather, it is a theory of vicarious liability. (*Elliot v. Solis*, Case No. 1:17-cv-01214, 2017 WL 4811747, at *7 (E.D. Cal. Oct. 24, 2017) (citing, *inter alia*, *Stargaze Mgmt., LLC v. George Smith Partners, Inc.*, No. CV 15-2755, 2015 WL 4127838, at *3 (C.D. Cal. July 6, 2015)), report and recommendation adopted, 2017 WL 5292624 (E.D. Cal. Nov. 13, 2017) (noting respondeat superior is not a standalone cause of action but is instead a theory of liability, and dismissing plaintiff's claim with prejudice on that basis); *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1203 (E.D. Cal. 2009)

---

[8] Even if the economic loss/independent tort doctrine did not apply, Plaintiffs' Fraudulent Misrepresentation Claim still cannot succeed and allowing their proposed amendment would be futile in any event. As described above, Plaintiffs allege that Defendants are liable for fraudulent misrepresentation because they failed to follow their Policies and Procedures which include a statement that "All reported or suspected occurrences of harassment will be promptly and thoroughly investigated," and that "All complaints . . . will be taken seriously and followed through to resolution. (ECF No. 303-5 ¶ 313.) However, forward-looking statements are not actionable misrepresentations of material fact for purposes of claims sounding in fraud. *Baldwin Park Unified Sch. Dist. v. Genesis Mgmt. and Ins. Servs. Corp.*, CV 16-9349, 2017 WL 5635018, at *4 (C.D. Cal. July 10, 2017); *Tremino v. Crowley Maritime Corp.*, 649 F. Supp. 3d 1223, 1239-40 (M.D. Fla. 2023).) (*See also Grant v. Target Corp.*, 126 F. Supp. 3d 183, 191 (D. Mass. 2015) (statements in an employer's policy and procedure documents are promissory in nature and cannot form the basis of a claim sounding in fraud).)

1 (citing *C.R. v. Tenet Healthcare Corp.*, 169 Cal. App. 4th 1094, 1110 (2009)) (ratification is an alternate theory of vicarious liability to respondeat superior); *M.H. v. Omegle.com, LLC*, Case No. 8:21-cv-814, 2022 WL 93575, at *5 n.2 (M.D. Fla. Jan. 10, 2022) (citing *Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009)) (dismissing plaintiff's "ratification" claim with prejudice and noting, because ratification is a theory of vicarious liability and not an independent cause of action, plaintiff's claim "fails as a matter of law on this ground alone").) The Ratification Claim is therefore not a "claim" at all, and it would be futile to allow Plaintiffs to amend their Second Amended Complaint to assert such a non-existent claim. Therefore, even if Plaintiffs have shown good cause for modifying the scheduling order (and they have not), the Court should nevertheless deny their Motion under Rule 15(a).

### 2.  Plaintiffs' Proposed New Claims Would Cause Undue Delay.

Even if Plaintiffs could show good cause existed to modify the scheduling order, and even if they could show their proposed amendments were not futile, Plaintiffs' proposed amendments would cause undue delay and the Court should still deny their Motion under Rule 15(a). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theories have been known to the party seeking amendment since the inception of the cause of action." (*Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir.), *cert. denied,* 479 U.S. 816 (1986).) In assessing the "undue delay" factor under Rule 15(a), a court should first evaluate the time that has passed between the original pleading and the proposed amendment. (*In re Circuit Breaker Litig.*, 175 F.R.D. 547, 550-51 (C. D. Cal. 1997) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir.1991)).) (*See also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (holding an "inordinate" two year delay for amending a complaint was, in part, a basis for denying a Rule 15 motion to amend a pleading); *AmerisourceBergen Corp.*, 465 F.3d at 953 (finding plaintiffs caused prejudice and undue delay in waiting 15 months after first discovering basis

to assert a new litigation theory which would have unfairly imported potentially high, additional litigation costs).) As described above, Plaintiffs have known of alleged facts underlying their proposed Fraudulent Misrepresentation Claim and Ratification Claim since essentially the beginning of this lawsuit (and, if not that early, then certainly before May 2024).

Additionally, "[a]lthough not listed as one of the four factors that courts always consider when deciding whether to deny leave to amend [under Rule 15], a reviewing court will also take into consideration whether the district court afforded the moving party prior opportunities to amend." (*In re Circuit Breaker Litig.*, 175 F.R.D. at 551.) "A district court has broad discretion to grant or deny leave to amend, particularly where the court has already given [the party] one or more opportunities to amend." (*Id.* (citing *Mir v. Fosburg,* 646 F.2d 342, 347 (9th Cir.1980)).) Plaintiffs have already amended their initial Complaint twice and could have included their proposed Fraudulent Misrepresentation Claim or Ratification Claim in 2023 or 2024. They chose not to. Plaintiffs' attempt to obtain a fourth "bite at the apple" under these circumstances should not be countenanced.

## 5. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend Complaint in its entirety and issue an order to consistent with Defendants' Proposed Order.

Respectfully submitted,

DATED: September 5, 2025        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___*/s/ William E. Pallares*___
WILLIAM E. PALLARES
Attorneys for Defendants
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System.

*/s/ Debbie Wilhelm*
Debbie Wilhelm