# Exhibit "A"

# EXHIBIT "A"

WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

MAKENZIE L. KRAUSE, (admitted pro hac MN SB# 0401841)
  E-Mail: Makenzie.Krause@lewisbrisbois.com
AMANDA G. SPEROW, (admitted pro hac MN SB# 0403200)
  E-Mail: Amanda.Sperow@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612.428.5000
Facsimile: 612.428.5001
*Admitted Pro Hac Vice*

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**DEFENDANT EXP REALTY, LLC'S RESPONSE TO DEFENDANT DAVID GOLDEN'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Trial Date:   July 13, 2026 |

1  sought against that burden.  The request is not proportionate to the needs of this case
2  which centers on allegations of sexual assault and drug use by defendants Michael
3  Bjorkman and David Golden.  Further, defendant Golden has not asserted cross-
4  claims against Defendant relative to the suspension of revenue share.  Nor is the
5  issue of vesting proportionate to defendant David Golden's defense against claims
6  of drug use or complicity in sexual assault.  The request further potentially violates
7  the attorney client and/or attorney work product privileges.

8      Without waiving these objections, Defendant responds as follows:  Defendant
9  will produce documents in its possession, custody or control and identifies bates
10 labels:  eXp_HAG_000723-000735; eXp_KEA_000376-000391;
11 eXp_KEA_000392-000394; 2eXp_005530-005531; 2eXp_005536-005545;
12 eXp_GES_000282-000284; eXp_000247-000255; eXp_HAG_001202-001207;
13 eXp_HAG_001735-001736; eXp_KEA_000265-000272; 2eXp_005144-005145;
14 eXp_CON_003242-003250; eXp_HAG_001238-001245; eXp_HAG_001842;
15 eXp_HAG_001564-001567; eXp_KEA_000150-000162; eXp_KEA_000120-
16 000127; eXp_KEA_000274-000282; eXp_000316-000323; eXp_CON_002878-
17 002988; eXp_KEA_000165-000171; eXp_KEA_000458-000462;
18 eXp_CON_003667-003671; eXp_HAG_001376-001379; eXp_CON_003672-
19 003676; 2eXp_004245-004246; 2eXp-004308; eXp_HAG_001052-001055;
20 2eXp_000011-000012; 2eXp_005006-005008; eXp_KEA_000226; 2eXp_004313;
21 2eXp_0000013-0000015; 2eXp_004302; eXp_CON_003450 – 003453;
22 eXp_CON_003454-003455; eXp_KEA-000419-000426; eXp_HAG_001216-
23 001222; 2eXp_000007-000010; eXp_HAG_001424-001428; and 2eXp_000001-
24 000006.

25      Discovery continues.
26 **REQUEST NO. 4:**
27      All DOCUMENTS, WRITINGS and COMMUNICATIONS that refer or
28 relate to the eXp management team's "Alpha" call on or about February 24, 2023 in

which Michael Bjorkman and/or David Golden were discussed, including any preparation for, attendance at, or follow-up to that call. This request expressly includes—without limitation—emails, journal entries, chats, text/SMS/iMessage, or direct messages and threads, meeting invites, participation reports, transcripts, recordings, and associated metadata.

**RESPONSE TO REQUEST NO. 4:**

Objection.  This request seeks information that is neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence.  As such, Defendant objects to the extent that the burden or expense of the producing the demanded information outweighs the likely benefit of the information to defendant David Golden.  The request further imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden.  The request is not proportionate to the needs of this case which centers on allegations of sexual assault and drug use by defendants Michael Bjorkman and David Golden.  Further, defendant Golden has not asserted cross-claims against Defendant relative to the suspension of revenue share.  Nor is the issue of vesting proportionate to defendant David Golden's defense against claims of drug use or complicity in sexual assault.  The request further potentially violates the attorney client and/or attorney work product privileges.

**REQUEST NO. 5:**

All Documents, Writings and COMMUNICATIONS referring to, related to and/or discussing termination of David Golden from eXp. This request expressly includes—without limitation— journal entries, emails, chats, text/SMS/iMessage, or direct messages and threads, meeting invites, participation reports, transcripts, recordings, and associated metadata.

**RESPONSE TO REQUEST NO. 5:**

Objection.  This request seeks information that is neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of

admissible evidence.  As such, Defendant objects to the extent that the burden or expense of the producing the demanded information outweighs the likely benefit of the information to defendant David Golden.  The request further imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden.  The request is not proportionate to the needs of this case which centers on allegations of sexual assault and drug use by defendants Michael Bjorkman and David Golden.  Further, defendant Golden has not asserted cross-claims against Defendant relative to the suspension of revenue share.  Nor is the issue of vesting proportionate to defendant David Golden's defense against claims of drug use or complicity in sexual assault.  The request further potentially violates the attorney client and/or attorney work product privileges.

   Without waiving these objections, Defendant responds as follows:  Defendant will produce documents in its possession, custody or control and identifies bates labels:  2eXp_003112-003113; 2eXp_003114-3125; 2eXp_004357-004383l eXp_HAG_000723-000735; eXp_KEA_000376-000391; eXp_KEA_000392-000394; 2eXp_005530-005531; 2eXp_005536-005545; eXp_GES_000282-000284; eXp_000247-000255; eXp_HAG_001202-001207; eXp_HAG_001735-001736; eXp_KEA_000265-000272; 2eXp_005144-005145; eXp_CON_003242-003250; eXp_HAG_001238-001245; eXp_HAG_001842; eXp_HAG_001564-001567; eXp_KEA_000150-000162; eXp_KEA_000120-000127; eXp_KEA_000274-000282; eXp_000316-000323; eXp_CON_002878-002988; eXp_KEA_000165-000171; eXp_KEA_000458-000462; eXp_CON_003667-003671; eXp_HAG_001376-001379; eXp_CON_003672-003676; 2eXp_004245-004246; 2eXp-004308; eXp_HAG_001052-001055; 2eXp_000011-000012; 2eXp_005006-005008; eXp_KEA_000226; 2eXp_004313; 2eXp_0000013-0000015; 2eXp_004302; eXp_CON_003450 – 003453; eXp_CON_003454-003455; eXp_KEA-000419-000426; eXp_HAG_001216-001222; 2eXp_000007-000010; eXp_HAG_001424-001428; and 2eXp_000001-000006.

Discovery continues.

**REQUEST NO. 6:**

All DOCUMENTS, WRITINGS and COMMUNICATIONS between eXp and its designated Nevada Broker(s) that refer or related to the suspension, termination or separation of David Golden. This request expressly includes — without limitation— journal entries, calendars, emails, chats, text/SMS/iMessage, or direct messages and threads, meeting invites, participation reports, transcripts, recordings, and associated metadata.

**RESPONSE TO REQUEST NO. 6:**

Objection. This request seeks information that is neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. As such, Defendant objects to the extent that the burden or expense of the producing the demanded information outweighs the likely benefit of the information to defendant David Golden. The request further imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden. The request is not proportionate to the needs of this case which centers on allegations of sexual assault and drug use by defendants Michael Bjorkman and David Golden. Further, defendant Golden has not asserted cross-claims against Defendant relative to the suspension of revenue share. Nor is the issue of vesting proportionate to defendant David Golden's defense against claims of drug use or complicity in sexual assault. The request further potentially violates the attorney client and/or attorney work product privileges.

Without waiving these objections, Defendant responds as follows: Defendant will produce documents in its possession, custody or control and identifies bates labels: 2eXp_005746-005753.

Discovery continues.

**REQUEST NO. 7:**

All DOCUMENTS, WRITINGS and COMMUNICATIONS that refer or

relate to any investigation undertaken by eXp concerning the allegations presented in the lawsuit referenced in the "Call Summary" produced by eXp. at Bates No. 2eXp_004364, a true and correction copy of which is attached as Exhibit "A."

**RESPONSE TO REQUEST NO. 7:**

Objection. This request seeks information that is neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. As such, Defendant objects to the extent that the burden or expense of the producing the demanded information outweighs the likely benefit of the information to defendant David Golden. The request further imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden. The request is not proportionate to the needs of this case which centers on allegations of sexual assault and drug use by defendants Michael Bjorkman and David Golden. Further, defendant Golden has not asserted cross-claims against Defendant relative to the suspension of revenue share. Nor is the issue of vesting proportionate to defendant David Golden's defense against claims of drug use or complicity in sexual assault. The request further potentially violates the attorney client and/or attorney work product privileges.

**REQUEST NO. 8:**

All DOCUMENTS, WRITINGS and COMMUNICATIONS that refer or relate to the meetings and decision of the eXp management team on or about February 23, 2023 to place David Golden on suspension, as referenced in the "Call Summary" produced by eXp. at Bates No. 2eXp_004364, a true and correction copy of which is attached as Exhibit "A." This request expressly includes — without limitation — journal entries, calendars, emails, chats, text/SMS/iMessage, or direct messages and threads, meeting invites, participation reports, transcripts, recordings, and associated metadata.

**RESPONSE TO REQUEST NO. 8:**

Objection. This request seeks information that is neither relevant to the

subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence.  As such, Defendant objects to the extent that the burden or expense of the producing the demanded information outweighs the likely benefit of the information to defendant David Golden.  The request further imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden.  The request is not proportionate to the needs of this case which centers on allegations of sexual assault and drug use by defendants Michael Bjorkman and David Golden.  Further, defendant Golden has not asserted cross-claims against Defendant relative to the suspension of revenue share.  Nor is the issue of vesting proportionate to defendant David Golden's defense against claims of drug use or complicity in sexual assault.  The request further potentially violates the attorney client and/or attorney work product privileges.

**REQUEST NO. 9:**

All DOCUMENTS, WRITINGS and COMMUNICATIONS with David Golden that refer or relate to his initial onboarding with eXp, including but not limited to applications, onboarding forms, and welcome emails.

**RESPONSE TO REQUEST NO. 9:**

Objection.  This request seeks information that is neither relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence.  As such, Defendant objects to the extent that the burden or expense of the producing the demanded information outweighs the likely benefit of the information to defendant David Golden.  The request further imposes a disproportionate burden on Defendant when weighing the value of the information sought against that burden.  The request is not proportionate to the needs of this case which centers on allegations of sexual assault and drug use by defendants Michael Bjorkman and David Golden.  Further, defendant Golden has not asserted cross-claims against Defendant relative to the suspension of revenue share.  Nor is the issue of vesting proportionate to defendant David Golden's defense against claims

1  of drug use or complicity in sexual assault.  The request further potentially violates
2  the attorney client and/or attorney work product privileges.
3      Without waiving these objections, Defendant responds as follows:  Defendant
4  will produce documents in its possession, custody or control and identifies bates
5  labels:  2eXp_005685-005765.
6      Discovery continues.
7  **REQUEST NO. 10:**
8      The written summary that Cory Haggard sent to David Golden, as referenced
9  in the "Call Summary" produced by eXp. at Bates No. 2eXp_004364, a true and
10 correction copy of which is attached as Exhibit "A."
11 **RESPONSE TO REQUEST NO. 10:**
12     Objection.  This request seeks information that is neither relevant to the
13 subject matter of the action or reasonably calculated to lead to the discovery of
14 admissible evidence.  As such, Defendant objects to the extent that the burden or
15 expense of the producing the demanded information outweighs the likely benefit of
16 the information to defendant David Golden.  The request further imposes a
17 disproportionate burden on Defendant when weighing the value of the information
18 sought against that burden.  The request is not proportionate to the needs of this case
19 which centers on allegations of sexual assault and drug use by defendants Michael
20 Bjorkman and David Golden.  Further, defendant Golden has not asserted cross-
21 claims against Defendant relative to the suspension of revenue share.  Nor is the
22 issue of vesting proportionate to defendant David Golden's defense against claims
23 of drug use or complicity in sexual assault.  The request further potentially violates
24 the attorney client and/or attorney work product privileges.
25 **REQUEST NO. 11:**
26     All PERSONNEL FILES for David Golden, As used herein, the term
27 PERSONNEL FILES includes those files regardless of name given that are
28 regularly maintained by eXp as part of its business records and that are subject to

disproportionate burden on Defendant when weighing the value of the information sought against that burden. The request is not proportionate to the needs of this case which centers on allegations of sexual assault and drug use by defendants Michael Bjorkman and David Golden. Further, defendant Golden has not asserted cross-claims against Defendant relative to the suspension of revenue share. Nor is the issue of vesting proportionate to defendant David Golden's defense against claims of drug use or complicity in sexual assault. The request further potentially violates the attorney client and/or attorney work product privileges.

Without waiving these objections, Defendant responds as follows: Defendant will produce documents in its possession, custody or control and identifies bates labels: 2eXp_005685-005765.

Discovery continues.

DATED: October 7, 2025	LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
WILLIAM E. PALLARES
Attorneys for Defendants, eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

# EXHIBIT "A"

# Call Summary

> Privileged and Confidential
> Prepared at the request of Counsel.

**To:** Jim Bramble
**From:** Cory Haggard
**Date of Interview:** 02/23/23
**Time of Interview:** 9:45 am MST
**Person Interviewed:** David Golden ID# 11087

---

I called David Golden on his cell phone number, listed on his Enterprise account. I introduced myself and let David know I was calling due to the lawsuit and the allegations against him. I told David that due to the serious nature of the allegations the eXp management team made the decision to place David on a suspension, while eXp investigates the allegations presented in a lawsuit. I explained to David that while on a suspended status he is to no longer represent himself, recruit, or speak on behalf of eXp in any manner. David asked about his FLQA numbers and stated that he has been trying to reach 25 FLQA's to unlock the next tier in the revenue share program. David asked if he hit 25 FLQA's if eXp would lock his FLQA's at 25. I told David I did not have the answer to his question and that I would follow up with him. I let David know that no decisions had been made regarding his position at eXp, but we needed David to provide a statement to the allegations against him. I asked David to send me his statement via email as soon as possible. David said he would do so. I reiterated that David was on a suspended status and that he would lose access to Enterprise and Skyslope. David said that was okay because he didn't need access to those systems anyway. I told David I would send him a written summary of our conversation. David asked me follow up and let him know about the FLQA question he had, because depending on his future earnings, he would or would not be able to retain an attorney. I told him I would follow up.

2eXp_004364