Jennifer A. Lenze, Esq., CA Bar No. 246858
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, CA 91765
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV admitted
Andrea Hirsch, Esq. GA Bar No. 666557 PHV admitted
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

*Attorneys for PLAINTIFFS*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FABIOLA ACEVEDO, et al.,** | CASE NO. 2:23-cv-01304-AB-AGR |
| Plaintiffs, | **PLAINTIFFS' COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS** |
| v. | |
| **EXP REALTY, LLC, et al.,** | |
| Defendants. | |

PLAINTIFFS' COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

# PLAINTIFFS' COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

Pursuant to the Court's directive at the October 17, 2025 discovery hearing before Magistrate Judge Rosenberg, Plaintiffs submit this brief addressing the deposition dispute concerning financial-condition testimony at the deposition of Defendant Michael Bjorkman.

## I.     Procedural Posture

At the October 13, 2025, deposition of Defendant Bjorkman ("Defendant"), Plaintiffs asked narrowly tailored questions concerning Defendant's present financial condition for the purpose of establishing his ability to pay a punitive damages award — a purpose that federal courts, including in this District, have repeatedly recognized as proper grounds for financial discovery. Defendant's counsel instructed Defendant not to answer those questions on the ground of "improper financial discovery," notwithstanding that: (1) claims for punitive damages are pled; (2) a protective order governing confidential information is already in place; and (3) relevance or privacy are not valid grounds to prevent testimony at deposition under the Federal Rules.

## II. The Record

The instructions not to answer are shown verbatim below:

> Q. Do you own that home?
>
> MR. SCHONFELD: Objection. Improper financial discovery. Instruct him not to answer.
>
> THE WITNESS: [No answer given.]

Bjorkman Vol. II, 10/13/25, 322:9–13.

> Q. What do you do for income?
>
> MR. SCHONFELD: I'm going to object to improper financial discovery. Instruct him not to answer.
>
> THE WITNESS: [No answer given.]

*Id*. at 322:22–25.[1]

---

[1] Due to the time constraints and the fact that it was obvious Defendant's counsel would not permit any questions related to Defendant Bjorkman's current finances, Plaintiffs' counsel moved on to a new topic, however, Plaintiffs' counsel had many more questions to ask Defendant Bjorkman related to their claim for punitive damages and seek to ask those questions at his next scheduled deposition. Furthermore, Plaintiffs served Requests for Production of Documents related to Defendant Bjorkman's current finances and will promptly seek a motion to compel should Defendant Bjorkman refuse to respond to those questions based on an improper objection.

PLAINTIFFS' COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

### III.  ARGUMENT

#### A. Federal Law Governs Discovery Procedure and Permits This Discovery

Federal, not state, procedural rules govern discovery even where supplemental jurisdiction applies. See *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 285–86 (C.D. Cal. 1998) (California Civil Code §3295 is procedural and inapplicable in federal court); *Cyr v. Reliance Std. Life Ins. Co.*, 2024 U.S. Dist. LEXIS 221498, at *7 (C.D. Cal. Dec. 5, 2024)* ("discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure") (citing *Oakes*). Punitive damages are sought under both federal and state causes of action, and financial-condition discovery is therefore relevant under Rule 26(b)(1).[2]

#### B. Existing Protective Order Eliminates Any Privacy Justification

A protective order is already in place. Once financial discovery is subject to a protective order, "privacy" cannot justify an instruction not to answer. See *Oakes*, 179 F.R.D. at 285–86 (protective order, not prohibition, is the proper

---

[2] Likewise, instructions not to answer questions based on relevance are also improper. *Dominguez v. City of L.A.*, No. CV 17-4557-DMG (PLAx), 2018 U.S. Dist. LEXIS 228425, at *14 (C.D. Cal. May 24, 2018).

PLAINTIFFS' COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

mechanism). Defense counsel's objection thus lacked any permissible basis under the federal rules.

## IV. Requested Determinations and Relief

Consistent with the Court's directive, Plaintiffs respectfully request that the Court issue an order:

1. Finding that the prior instructions not to answer current financial-condition questions violated Rule 30(c)(2); and

2. Ordering that at the continued deposition currently set for October 29, 2025, Defendant Bjorkman must answer all current financial-condition questions, and that counsel may not instruct the witness not to answer such questions on relevance, privacy, or California-law grounds.

## V. CONCLUSION

The questions at issue are permissible under federal law, directly relevant to punitive damages, and already protected by an operative protective order. Plaintiffs request the above relief.

By: /s/ Jennifer A. Lenze

Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com
Brooke F. Cohen TX 24007019 PHV Adm
Andrea S. Hirsch, GA 666557 PHV Adm
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of California using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 21, 2025

/s/ Andrea S. Hirsch
Andrea S. Hirsch

PLAINTIFFS' COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS