UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:23-CV-01304-AB (AGR) | Date: | October 23, 2025 |
|---|---|---|---|

| Title: | *Fabiola Acevedo, et. al., v. eXp Realty, LLC, et. al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[IN CHAMBERS] ORDER <u>GRANTING</u> PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [303]**

Before the Court is Plaintiffs' Fabiola Acevedo, Jane Doe 3, Tami Sims, and Christiana Lundy (collectively, "Plaintiffs") Motion for Leave to File Third Amended Complaint ("TAC") ("Mot.," Dkt. No. 303). Defendants eXp Realty, LLC, eXp World Holdings, Inc., Glenn Sanford, Brent Gove, Michael L. Bjorkman, David S. Golden, and Does 1-10 (collectively, "Defendants") filed an Opposition to Plaintiffs' Motion ("Opp'n," Dkt. No. 312). Plaintiffs filed a Reply in Support of the Motion ("Reply," Dkt. No. 313).

Finding this matter appropriate for resolution without oral argument, the Court **VACATED** the hearing set for September 26, 2025. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** the Motion.

I. **BACKGROUND**

This case concerns allegations of a large real estate corporation's "long standing culture" of allowing its most influential male agents to sexually assault female agents and then "silenc[e] those whose accounts of sexual harassment and assault would impact profit," in violation of the Trafficking Victims Protection Reauthorization Act. (Second Amended Compl., Dkt. No. 165, ¶ 1).

Plaintiffs filed their First Amended Complaint on March 23, 2023 and their Second Amended Complaint on February 28, 2024. On November 14, 2023, this Court issued its first scheduling order, setting the deadline for motions to amend the pleadings on January 26, 2024. (Order Re: Jury/Court Trial, Dkt. No. 142). This deadline was extended to May 17, 2024 by the Court via a scheduling order. (Order to Modify the Scheduling Order, Dkt. No. 171). The Court has since issued several scheduling orders, with the most recent scheduling order stating that the court will not issue any more amendments to the scheduling order absent exceptional circumstances. (Order to Modify the Scheduling Order Pursuant to Ex Parte Application, Dkt. No. 307).

Plaintiffs filed the present Motion on August 29, 2025. Plaintiffs argue the Court should grant leave to file a TAC and add a claim for fraudulent misrepresentation, as they only became aware of the relevant information following April 2025. (Mot., Ex. 4 at 1). While Plaintiffs initially requested leave to add a second cause of action, or ratification, Plaintiffs amended the request in the Reply and asked the Court to deem the initially proposed ratification cause of action as moot, without prejudice to raise it at summary judgement or trial. (Reply at 2). For the reasons below, Plaintiffs' Motion is **<u>GRANTED</u>**.

II.  **LEGAL STANDARDS**

To determine whether a proposed amendment to pleading should be allowed after the scheduling order deadline for amending pleadings has expired, there are typically two steps: (1) the party seeking amendment must show good cause to allow modification of the scheduling order under Rule 16, and (2) the court must determine whether amendment is proper under Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1232–33 (E.D. Cal. 1996).

**A. Good Cause for Modification of Scheduling Order under Rule 16(b)(4)**

"The pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial." *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (citing *Johnson*, 975 F.2d at 610–11). Once the scheduling order deadline for the amendment of pleadings has passed, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. In determining whether a party was diligent, the Ninth Circuit instructs that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted). Such diligence may be demonstrated by a showing that (1) noncompliance with the scheduling order resulted from circumstances not reasonably anticipated at the time of the scheduling conference, or the parties' submission of the proposed schedule, and (2) a prompt request for modification was made once it became clear that compliance was not possible. *Hood*, 567 F. Supp. 2d at 1224.

### B. Leave to Amend under Rule 15(a)(2)

"Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper." *Id*. (citations omitted). Rule 15(a)(2) instructs the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

"This policy is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted). Even so, "[l]eave to amend is not automatic[.]" *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV 11-03397 JGB (RZx), 2013 WL 11237203, at *2 (C.D. Cal. May 6, 2013). In the Ninth Circuit, courts consider five factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)).

The party opposing amendment bears the burden of showing prejudice, which is the "touchstone of the inquiry under [R]ule 15(a)." *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (internal quotation marks omitted) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001));

*see also Johnson*, 975 F.2d at 609 ("Rule 15(a)'s liberal amendment policy . . . focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party"). "Undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Ultimately, the decision to grant leave to amend is committed to the sound discretion of the district court. *See Rich v. Shrader*, 23 F.3d 1205, 1208 (9th Cir. 2016).

III. **DISCUSSION**

**A. Good cause exists to modify the Scheduling Order under Rule 16(b)(4).**

Here, the Court finds that Plaintiffs were diligent in seeking amendment to their complaint. A party seeking to modify a scheduling order is diligent "when it 'obtains new evidence through the discovery process and promptly moves to amend the pleadings.'" *American Career College v. Medina*, 2022 WL 1939096 at *2 (C.D. Cal. 2022) (citing *Woodward v. Cnty. Of San Diego*, 2020 WL 1820265 at *3 (S.D. Cal. Apr. 10, 2020)). The Court agrees with Plaintiffs that new evidence provides good cause to amend the Scheduling Order and add the new cause of action.

Plaintiffs allege new evidence obtained during discovery reveals Defendants conducted *no* investigation into the internal complaints, despite representations to the contrary. (Mot., Ex. 4 at 2-8). The original complaint alleged no adequate investigation had been conducted. (Second Amended Compl. ¶114). Between April 2025 and August 2025, Plaintiffs received several pieces of evidence, including deposition testimony and workplace chat logs, which conflict with previously provided evidence and suggest no investigation took place. (Mot., Ex. 4 at 5-7). Upon discovering facts suggesting no investigation took place, Plaintiffs conducted a timely meet-and-confer with Defendants in June to discuss the possible amendment and add the newly identified claims. (*Id.* at 7). Plaintiffs subsequently filed the present motion and reply, requesting leave to amend the Complaint and add an additional cause of action. As the evidence underlying Plaintiffs' new claims were not available until after the deadline to amend the pleadings, the Court finds that Plaintiffs have established good cause to add a new cause of action to the Complaint. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting the district court's order) ("The good cause standard

typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").

The Court additionally finds that the two-month delay between the original meet-and-confer and date of the present Motion is reasonable, given the volume of discovery that Plaintiffs reviewed. *See, e.g, Imprimis, LLC v. OSRX, Inc.*, 2022 WL 15524584 at *2 (S.D. Cal. Oct. 27, 2022).

Accordingly, Plaintiffs have acted with sufficient diligence. The Court finds good cause exists to modify the Scheduling Order under Rule 16(b)(4) and permit Plaintiffs to file the TAC.

### B. Justice requires that the Court grant leave to amend under the Rule 15 factors.

The Court finds no bad faith, undue delay, prejudice to the opposing party, or futility of amendment, and concludes that justice requires granting Plaintiffs leave to amend. All four factors are not accorded equal weight. *Eminence Capital, LLC v, Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice is the "touchstone of the inquiry under Rule 15(a). Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citations omitted).

Defendants argued two of the four factors should weigh against amendment: futility of amendment and undue delay. (Opp'n at 9-13). First, with respect to futility of amendment, Defendants argue the fraudulent misrepresentation claim is barred by the economic loss rule. (*Id.* at 9-12) Under California law, "economic loss" consists of "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits – without any claim of personal injury or damages to other property." *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F.Supp.3d 838, 847 (C.D. Cal. 2020). The rule "bar[s] a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damage)." *Id.* (citing *N. Am. Chem. Co. v. Superior Ct.*, 69 Cal.Rptr.2d 446, 474 (Cal. Ct. App. 1997). In this case, the economic loss rule would not render amendment futile, as the Plaintiffs have argued that they have suffered emotional distress and PTSD as a result of Defendants actions.

Second, Defendants argue that the new claims would cause undue delay since the Plaintiffs allegedly knew the facts underlying the new cause of action at the outset of the action. (Opp'n at 12-13). As an initial matter, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles*, 198 F.3d at 758. With this, the Court does not find that amendment would cause undue delay. Furthermore, as noted in the previous section, Plaintiffs only obtained the relevant information underlying the amendment in April 2025. Accordingly, the Court finds in favor of the liberal policy of Rule 15 and grants the Plaintiffs leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File a Third Amended Complaint for good cause pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). Plaintiffs are permitted to amend their complaint to add the claim for fraudulent misrepresentation. The initially proposed ratification cause of action is moot, without prejudice to raise it at summary judgement or trial.

The Court **ORDERS** that Plaintiffs re-file their TAC as a separate docket entry within **7 days** of the issuance of this Order.

**IT IS SO ORDERED**.