CHESNOFF & SCHONFELD
RICHARD A. SCHONFELD, ESQ. (SBN 202182)
Email: rschonfeld@cslawoffice.net
ROBERT Z. DEMARCO, ESQ. (admitted *pro hac vice*)
Email: rdemarco@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorneys for Defendant
Michael Bjorkman

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, *et al.*, | Case No. 2:23-CV-01304-AB-AGR |
| Plaintiffs, | **DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL CONDITION DEPOSITION QUESTIONS (ECF 324)** |
| v. | |
| EXP REALTY, LLC, *et al.*, | |
| Defendants. | |

**TO:  PLAINTIFFS AND THEIR COUNSEL OF RECORD;**

**TO:  DEFENDANTS AND THEIR COUNSEL OF RECORD;**

**TO:  ANY OTHER INTERESTED PARTY**

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

COMES NOW, Defendant Michael Bjorkman, by and through his undersigned counsel and hereby submits this Response in Opposition to Plaintiff's Court Ordered Brief Regarding Financial-Condition Deposition Questions (ECF 324).

This Opposition is made and based upon the following Memorandum of Points and Authorities, and any oral argument or evidence presented at any hearing on this matter.

Dated this 29th day of October, 2025

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ Richard A. Schonfeld
RICHARD A. SCHONFELD, ESQ.
(SBN 202182)
Email: rschonfeld@cslawoffice.net
ROBERT Z. DEMARCO, ESQ.
(admitted *pro hac vice*)
Email: rdemarco@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorneys for Defendant
Michael Bjorkman

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

# **TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................1

II.    PLAINTIFF'S OVERBROAD WRITTEN REQUESTS FOR PRODUCTION ........................................................................................2

III.   ARGUMENT..........................................................................................5

    A. PLAINTIFFS SHOULD NOT BE PERMITTED TO ASK QUESTIONS OR SEEK DOCUMENTS REGARDING DEFENDANT BJORKMAN'S FINANCES.  AT A MINIMUM, THE FINANCIAL DISCOVERY SHOULD BE BIFURCATED UNTIL LIABILITY IS ESTABLISHED AT TRIAL ........................5

    B. IN THE EVENT THE COURT DOES NOT SUMMARILY DENY THE PLAINTIFF'S REQUEST, THE COURT SHOULD BIFURCATE FINANCIAL DISCOVERY ........................................11

    C. THE COURT SHOULD LIMIT THE REQUESTED DISCOVERY EVEN IF IT IS BIFURCATED ............................................14

IV.    CONCLUSION ......................................................................................17

CERTIFICATE OF SERVICE...........................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES

*Adami v. Cardo Windows, Inc.*,
12-cv-2804, 2013 WL 12180797 at *2 (D.N.J. 2013) ...........................................13

*Bassil v. Webster*,
No. 2:20-CV-05099-SB-PDX, 2021 WL 1235258, at *2 (C.D. Cal. Jan. 15, 2021)
...................................................................................................................................13

*Cobb v. Super. Court*,
160 Cal. Rptr. 561, 566-67 (Cal. Ct. App. 1979) ............................................. 15-16

*Crawford-El v. Britton*,
523 U.S. 574, 599 (1998) .......................................................................................11

*Denius v. Dunlap*,
209 F.3d 944, 957-58 (7th Cir. 2000) ......................................................................9

*EEOC v. Cal. Psychiatric Transitions, Inc.*,
258 F.R.D. 391, 395 (E.D.Cal.2009) ...................................................................7, 8

*Ellingson Timber Co.v. Great N. Ry. Co.*,
424 F.2d 497, 499 (9th Cir. 1970) .........................................................................12

*Erie R.R. v. Tompkins*,
304 U.S. 64 (1938) ...................................................................................................7

*FTC v. Turner*,
609 F.2d 743, 745 (5th Cir. 1980) .........................................................................12

*Garcia v. City of Imperial*,
270 F.R.D. 566, 572–73 (S.D. Cal. 2010) ...............................................7, 8, 13, 14

*Hangarter v. Provident Life & Acc. Ins. Co.*,
373 F.3d 998,1021 (9th Cir. 2004) ........................................................................12

iv
DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

*Hazeldine v. Beverage Media, Ltd.*,
No. 94 CIV. 3466 (CSH), 1997 WL 362229, at *4 (S.D.N.Y. Jun. 27, 1997) .......15

*Holman v. Burgess*,
404 S.E.2d 144, 147 (Ga. Ct. App. 1991) ...............................................16

*In re McVane*,
44 F.3d 1127, 1138-39 & n.4 (2d Cir. 1995) ...........................................9

*Jabro v. Superior Court* (2002)
95 Cal.App.4th 754 ...................................................................6

*Johnson v. Prince George's Cnty.*,
DKC–10–0582, 2011 WL 3267893 (D. Md. July 28, 2011) ..................................14

*Kerner v. Superior Court* (2012) 206
Cal.App.4th 84, 120, 141 Cal.Rptr.3d 504 .........................................5, 6

*Leidholt v. Dist. Court*,
619 P.2d 768, 770-72 (Colo. 1980)  .............................................14, 15

*Little v. City of Seattle*,
863 F.2d 681, 685 (9th Cir. 1988)  .................................................11

*Mangum v. Action Collection Serv., Inc.*,
575 F.3d 935, 942 (9th Cir. 2009) ...................................................9

*Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc.*,
75 F.R.D. 3, 5 (S.D. Ohio 1977) ....................................................12

*Scientific–Atlanta, Inc. v. Gen. Instrument Corp.*,
HAR–92–99, 1993 WL 56790 (D. Md. Feb. 2, 1993) ....................................14

*Skinner v. Aetna Life Ins. Co.*,
38 Fed. R. Serv. 2d 1194 (D.D.C. 1984)  ............................................15

v

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

*State ex rel. Wohl v. Sprague,*
711 S.W.2d 583, 586 (Mo. Ct. App. 1986) ................................................16

*State Farm Mut. Auto. Ins. Co. v. Campbell,*
538 U.S. 408, 427 (2003) .........................................................................16

*United States v. Autumn Ridge Condo. Ass'n, Inc.,*
265 F.R.D. 323, 329 (N.D. Ind. 2009) .....................................................15

*U.S. v. Matusoff Rental Co.,*
204 F.R.D. 396, 399 (S.D.Ohio, 2001) ......................................................7

*Ziemkiewicz v. R±L Carriers, Inc.,*
No. CIV.A. RDB-13- 00438, 2013 WL 2299722, at *3 (D. Md. May 24, 2013) ..13

**RULES**

Fed. R. Civ. P. 26(b)(1) .......................................................................9, 14

Fed. R. Civ. P. 26(c)(1) .........................................................................11

Fed. R. Civ. P. 26(d) ...........................................................................11

Fed. R. Civ. P. 42(b) ...........................................................................11

Rule 30(c)(2) ....................................................................................2, 9

Rule 30(d)(3) ......................................................................................9

Rule 37(a)(2)(B)(i) .............................................................................10

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs seek unfettered access to Defendant Michael Bjorkman's personal finances through deposition testimony (and written discovery) despite the fact that punitive damages have not yet been adjudicated as viable, and no prima facie showing of entitlement has been made. Plaintiffs' request ignores well-established principles of California law, disregards Rule 26's proportionality limits, and threatens to intrude upon highly sensitive personal financial information without adequate safeguards.   A protective order does not obviate these concerns. Additionally, it is respectfully submitted Court should not issue a blanket order that Defendant Bjorkman has to answer all financial discovery.

Here, at the October 13, 2025, deposition of Defendant Bjorkman ("Defendant"), Plaintiffs asked overly broad questions concerning Defendant's present financial condition for the alleged purpose of establishing his ability to pay a punitive damages award.   The deposition transcript speaks volumes. Plaintiffs' counsel did not pose focused, narrowly tailored questions tied to punitive damages. Rather, they lobbed blunt, harassing inquiries like "Do you own that home?" and "What do you do for income?"   This is not careful discovery; it is tabloid-style

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

examination. Counsel knew exactly what they were doing: creating a dispute for briefing in hopes of coercing Defendant into disclosing his personal finances prematurely. That is litigation by ambush, not by rule of law.

In addition, in their Fourth Set of Requests for Production of Documents served on October 15, 2025, Plaintiffs have set forth extremely broad requests for Plaintiff's financial information.

In its court ordered brief, Plaintiffs seek:

1.     A finding that the prior instructions not to answer current financial-condition questions violated Rule 30(c)(2); and

2.     Ordering that at the continued deposition currently set for October 29, 2025, Defendant Bjorkman must answer all current financial-condition questions, and that counsel may not instruct the witness not to answer such questions on relevance, privacy, or California-law grounds.

As stated herein, both of these requests should be denied.  At most, the Court should bifurcate discovery on finances until after liability has been established.

## II.     PLAINTIFF'S OVERBROAD WRITTEN REQUESTS FOR PRODUCTION

Here, in addition to the overly broad questions at the deposition, on October 15, 2025, Plaintiffs served a Fourth Set of Requests for Production of Documents on

2

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

Defendant Bjorkman. The requests are an overbroad fishing expedition that should also be precluded. While this issue is not yet ripe, as Defendant Bjorkman's responses are not yet due, this information is provided for illustrative purposes. Plaintiff's requests included in part:

8. All Documents sufficient to show Your gross income, net income, or profit for each of the past three (3) calendar years, including but not limited to profit-and-loss statements, K-1s, W-2s, or comparable records reflecting annual earnings from all sources.

9. All bank, brokerage, or investment account statements (including cryptocurrency wallets or equivalent accounts) for the past twelve (12) months, sufficient to show account balances and transactions reflecting Your available cash or liquid assets. Plaintiff does not seek transaction-level detail beyond what is necessary to determine balance and liquidity.

10. All Documents identifying any real property, vehicles, or other tangible assets with an individual value exceeding $10,000 that You own, co-own, or control, including deeds, titles, or appraisals.

11. All Documents identifying any business entities, partnerships, or trusts in which You have held any ownership interest during the past three (3) years, and documents sufficient to show the value of those interests.

12. All Documents evidencing any loans, lines of credit, or other obligations with a balance exceeding $25,000 that are currently outstanding.

13. All Documents evidencing any compensation, distributions, dividends, bonuses, or draws You received from any entity during the past three (3) years.

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

14. All documents sufficient to show any insurance coverage or indemnification agreements that could satisfy, reimburse, or defray payment of a judgment entered against You in this action.

15. All financial statements, balance sheets, or income statements prepared for You or any entity You control that were provided to any lender, investor, or financial institution during the past three (3) years.

16. All documents reflecting any transfers of assets exceeding $25,000 in value that You made to any family member, associate, trust, or business entity from September 18, 2020 to present.

17. All documents identifying any businesses, partnerships, corporations, or limited-liability companies in which You or any member of Your immediate family (including spouse or children) has held an ownership interest, officer position, or managerial role from January 1, 2021 to the present, including but not limited California Living Medical Weight Loss.

18. All documents evidencing any payments, salaries, commissions, bonuses, or distributions made by any such family-controlled business (including California Living Medical Weight Loss) to You, Your spouse, or Your children during the past three (3) years.

19. All documents reflecting any transfer, loan, or conveyance of money or property exceeding $10,000 from You (or an entity You control) to Your spouse, children, or any business owned by them from September 18, 2020 to present, including wire records, checks, or promissory notes.

20. All documents evidencing any ownership interest, consulting arrangement, or financial relationship You have or have had with California Living Medical Weight Loss or any related company, including compensation, loans, or the provision of goods or services.

4

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

21. All documents sufficient to show any trust, holding company, or other structure created by You or on Your behalf for the purpose of holding personal or business assets.

These overly broad discovery requests are illustrative of the Plaintiffs' fishing expedition discovery requests, and although not yet asked at Mr. Bjorkman's deposition, it is clear the Plaintiffs are requesting a blanket Court Order to permit them to do the same at deposition.

## III.    ARGUMENT

## A.    PLAINTIFFS SHOULD NOT BE PERMITTED TO ASK QUESTIONS OR SEEK DOCUMENTS REGARDING DEFENDANT BJORKMAN'S FINANCES.  AT A MINIMUM, THE FINANCIAL DISCOVERY SHOULD BE BIFURCATED UNTIL LIABILITY IS ESTABLISHED AT TRIAL.

Under California Civil Code Section 3295, a plaintiff cannot discover a defendant's financial condition (net worth, income, assets, etc.) in support of punitive damages unless the court first finds a "substantial probability" that the plaintiff will prevail on the punitive damages claim.  "In this context, a 'substantial probability' of prevailing on a claim for punitive damages means that it is 'very likely' that the plaintiff will prevail on such a claim or there is a 'strong likelihood' that the plaintiff will prevail on such a claim." *Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 120, 141 Cal.Rptr.3d 504 (*Kerner*).

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

The "substantial probability" requirement was clarified in *Jabro v. Superior Court* (2002) 95 Cal.App.4th 754 (Jabro). As discussed in *Jabro*, the "court must (1) weigh the **evidence presented** by both sides, and (2) make a finding that it is very likely the plaintiff will prevail on his claim for punitive damages." *Id.* at 755 (emphasis added). This "weighing is not the traditional factfinding process and shall not be considered to be a determination on the merits of the claim or any defense thereto." *Id.* at 758.

In *Kerner*, the Court of Appeal determined that the trial court erred in granting the motion for pretrial discovery regarding financial information because the plaintiff did not have a substantial probability of prevailing on his claim for punitive damages.  Further, Section 3295(d) states:

> "The court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for the plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294."

This language is mandatory under state law.  Once a defendant applies, the Court must bifurcate proceedings and bar any financial evidence until liability and malice are first established.  Although federal discovery procedure is governed by Rule 26, it is respectfully submitted that the Court may look to state law for

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

persuasive guidance on proportionality and substantive policy. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) (state substantive law applies in diversity and pendent claims). California's statutory framework reinforces the principle that financial condition evidence should be deferred, limited, and strictly conditioned on a threshold showing.

In *Garcia v. City of Imperial*, 270 F.R.D. 566, 572–73 (S.D. Cal. 2010), *objections sustained in part on other grounds*, (S.D. Cal. Sept. 17, 2010) the court stated in part:

> Lastly, Plaintiff claims the Court in *EEOC v. Cal. Psychiatric Transitions, Inc*., 258 F.R.D. 391, 395 (E.D.Cal.2009), permitted discovery of Defendant's financial condition because Plaintiff requested punitive damages in the complaint. (Doc. No. 79–1 at 14.) However, the Court in EEOC actually ordered disclosure on the basis that punitive damages would be allowed "if the complaining party demonstrates that the respondent engaged in a discriminatory practice ... with malice or with reckless indifference to the federally protected rights of an aggrieved individual" under the prevailing statute and Plaintiff had made a showing that there was sufficient evidence obtained through discovery that Defendant may be subjected to punitive damages. Although "a [party] seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages," *U.S. v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D.Ohio, 2001), Plaintiff must at least make some showing of entitlement to such damages before the Court considered ordering disclosure of such private information. Plaintiff has not submitted any evidence that tends to show that either of the

7
DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

individual Officers "acted maliciously and with wanton and willful disregard of the Constitutional rights of Garcia."

The Court determines Plaintiff's stated need for the Defendant Officers' financial information does not outweigh Defendants' privacy rights in this instance. Accordingly, the Court DENIES Plaintiff's request for production of documents as to Defendant Heredia's and Valenzuela's income, assets and liabilities.

*Id.*

In *EEOC v. Cal. Psychiatric Transitions, Inc.*, 258 F.R.D. 391, 394-395 (E.D.Cal.2009), the court recognized that "[t]he Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged. Two approaches have emerged regarding this issue. The approach employed by the majority of federal courts is that 'a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages.'" The court noted the countervailing approach is that "plaintiff must first allege specific facts sufficient to support a claim for punitive damages."

Accordingly, Plaintiffs' assertion that they are categorically entitled to intrusive pre-trial financial discovery is overstated. Here, in line with considering the federal approaches and California's state substantive law, Plaintiff's requests

8

should be denied. Here, allegations alone, however specific, are not sufficient to allow discovery of the requested materials which are private financial information. *See also Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 942 (9th Cir. 2009) (recognizing a constitutional right of privacy encompassing personal financial information); *Denius v. Dunlap*, 209 F.3d 944, 957-58 (7th Cir. 2000) (same); *In re McVane*, 44 F.3d 1127, 1138-39 & n.4 (2d Cir. 1995) (same).

The Plaintiffs have done nothing in an effort to demonstrate to the Court that they have a likelihood, let alone a substantial probability, of being permitted to pursue punitive damages at trial.  A simple allegation in the Complaint, does not suffice to meet this burden.  Plaintiffs have also not cited to any specific deposition testimony (other than the brief quotation related to their request for financial discovery) or any other exhibits.  As such, Plaintiffs' bare request must be denied.

Furthermore, Plaintiffs misapply Rule 30(c)(2). The Rule allows objections to be "noted on the record" and testimony to proceed, except when necessary to protect a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Here, defense counsel's instructions not to answer were directed at protecting the Defendant from premature and invasive financial discovery that is not yet proportional to the needs of the case under Rule 26(b)(1).

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

Additionally, Rule 30(d)(3) expressly authorizes a party to move to terminate or limit a deposition when it is conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses." Given Plaintiffs' conclusory financial probing without prima facie support, counsel had a good-faith basis to instruct the witness not to answer pending court guidance. In addition, Defendant Bjorkman and undersigned proceeded with the examination. Far from violating Rule 30(c)(2), counsel acted to preserve Defendant's rights and avoid irreparable harm from premature disclosure. Moreover, under Rule 30(c)(2) and Rule 37(a)(2)(B)(i) of the Federal Rules of Civil Procedure, a motion to compel discovery responses following a deposition may be made when a deponent "fails to answer a question asked under Rule 30." Until questions are actually asked and answered (or refused), the motion/request is not ripe because the court lacks a factual record on which to rule.[1]

---

[1] Plaintiffs concede that:

> Due to the time constraints and the fact that it was obvious Defendant's counsel would not permit any questions related to Defendant Bjorkman's current finances, Plaintiffs' counsel moved on to a new topic, however, Plaintiffs' counsel had many more questions to ask Defendant Bjorkman related to their claim for punitive damages and seek to ask those questions at his next scheduled deposition. Furthermore, Plaintiffs served Requests for Production of Documents related to Defendant Bjorkman's current finances and will promptly

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

**B.    IN THE EVENT THE COURT DOES NOT SUMMARILY DENY THE PLAINTIFF'S REQUEST, THE COURT SHOULD BIFURCATE FINANCIAL DISCOVERY**

At a minimum, the Plaintiff's requests for financial discovery should be bifurcated.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying [the] time and place ... for ... discovery."  Fed. R. Civ. P. 26(c)(1). The court has broad discretion to dictate the sequence of discovery. Fed. R. Civ. P. 26(d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) (Rule 26 vests a district court with broad discretion to dictate the sequence of discovery); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("district court has wide discretion in controlling discovery").

A court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under Rule 42(b), courts have "power to limit discovery to the segregated

---

seek a motion to compel should Defendant Bjorkman refuse to respond to those questions based on an improper objection.
ECF 324, at p. 3, n. 1.  The fact that Plaintiffs have prematurely sought relief (and that their requests are not ripe) precludes sanctions or an order to compel.

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Id.*  The decision whether to bifurcate proceedings is within a court's sound discretion. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

In most cases, financial discovery is not appropriate until after judgment. *FTC v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980); *see also Ellingson Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (for the general principle that "[a] trial court has discretion to bifurcate issues to avoid unnecessary discovery 'pending resolution of potentially dispositive preliminary issues.'").

Furthermore, pre-judgment financial discovery, even when punitive damages are alleged, is generally disfavored or, at least, limited. *See Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) in which the court stated, "[o]rdinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence. However, having recovered judgment, [a plaintiff] may execute on its judgment. The

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

judgment creditor is permitted discovery [under Rule 69] in order that he may find out what assets exist or have been fraudulently transferred."

Similarly, the court in *Adami v. Cardo Windows, Inc.*, 12-cv-2804, 2013 WL 12180797 at *2 (D.N.J. 2013) stated, "[i]t is no surprise that in some cases courts stay financial/punitive damage discovery until other issues in the case are sorted out. Punitive damage discovery is often costly, time-consuming, and intrusive, and could lead to numerous disputes."

Accordingly, this Honorable Court has discretion to make an individualized determination under the facts of the case. *See Ziemkiewicz v. R±L Carriers, Inc.*, No. CIV.A. RDB-13- 00438, 2013 WL 2299722, at *3 (D. Md. May 24, 2013) (bifurcating discovery with respect to the issues of liability and possible punitive damages with punitive damages discovery to be conducted after the court's ruling on dispositive motions); *Bassil v. Webster*, No. 2:20-CV-05099-SB-PDX, 2021 WL 1235258, at *2 (C.D. Cal. Jan. 15, 2021) (bifurcating discovery on issues of liability and damages with damages discovery to take place after adjudication of dispositive motions); *Garcia v. City of Imperial*, 270 F.R.D. 566, 573 (S.D. Cal. 2010) (delaying disclosure of defendants' personal financial information until plaintiffs made a showing of entitlement to punitive damages), objections sustained in part on another

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

point, No. 08-CV-2357 BTM PCL, 2010 WL 3719081 (S.D. Cal. Sept. 17, 2010);

*see also e.g.*, *Johnson v. Prince George's Cnty.*, DKC–10–0582, 2011 WL 3267893

(D. Md. July 28, 2011); *Scientific–Atlanta, Inc. v. Gen. Instrument Corp.*, HAR–92–

99, 1993 WL 56790 (D. Md. Feb. 2, 1993).   Accordingly, at a minimum, this

Honorable Court should bifurcate discovery related to alleged punitive damages

until after dispositive motions are ruled on.

## C.    THE COURT SHOULD LIMIT THE REQUESTED DISCOVERY EVEN IF IT IS BIFURCATED

Even assuming *arguendo* that financial condition is relevant, Plaintiffs'

requests for between 3-5 years of financial records in some instances, including,

but not limited to, bank and brokerage records, corporate ownership interests, and a

full net-worth statement are disproportionate to the needs of the case. *See supra*.

Discovery must be "proportional to the needs of the case," considering the issues at

stake, amount in controversy, importance of the discovery, and burden on the

producing party. Fed. R. Civ. P. 26(b)(1).

In *Leidholt v. Dist. Court*, 619 P.2d 768, 770-72 (Colo. 1980), as explained

by the Colorado Supreme Court:

> Because [Rule 26(b)(1)] . . . permits broad discovery, it has often been
> interpreted to mean that more is better. However, disproportionate discovery
> may increase the cost of litigation, harass the opponent, and tend to delay a

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

fair and just determination of the legal issues. We have utilized a balancing test to resolve other discovery issues, and believe that such a test is appropriate in this case. The need for discovery must be balanced by weighing the defendant's right to privacy and protection from harassment by an intrusion into his financial affairs, against the plaintiff's right to discover information which is relevant to a claim for punitive damages. . . .

. . . Specific questions requesting detailed information regarding the defendant's financial status may constitute unnecessary harassment. Consequently, the permissible scope of discovery should include only material evidence of the defendant's financial worth, and should be framed in such a manner that the questions proposed are not unduly burdensome.

*Leidholt*, 619 P.2d at 770-72; *accord Hazeldine v. Beverage Media, Ltd.*, No. 94 CIV. 3466 (CSH), 1997 WL 362229, at *4 (S.D.N.Y. Jun. 27, 1997) (since defendant's wealth is only a guide for suitable punishment, "there is no need for a plaintiff to explore the details of a defendant's assets and liabilities"); *Skinner v. Aetna Life Ins. Co.*, 38 Fed. R. Serv. 2d 1194 (D.D.C. 1984) ("even where a claim for punitive damages has some factual support in the discovery record, discovery directed to this discreet issue should be limited to net worth, and production of an annual or other periodic balance sheet, distributed to stockholders in the regular course of business, or other financial statement or balance sheet subject to audit or independent CPA verification of accuracy should suffice"); *Cobb v. Super. Court*, 160 Cal. Rptr. 561, 566-67 (Cal. Ct. App. 1979) (sufficient discovery of financial information in connection with punitive damages claim frequently "can be

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

accomplished by a simple request for a stipulation, or the furnishing of an already

prepared financial statement"); *Holman v. Burgess*, 404 S.E.2d 144, 147 (Ga. Ct.

App. 1991) ("it has been held almost uniformly that where pre-trial discovery of the

defendant's financial resources is authorized, the scope of such should be restricted

to the extent necessary to prevent an unreasonable intrusion into the defendant's

privacy").

For this reason, when discovery of financial information is permitted, cases

recognize that discovery should be limited to only that which is needed to show a

defendant's current net worth. *See e.g., State ex rel. Wohl v. Sprague*, 711 S.W.2d

583, 586 (Mo. Ct. App. 1986); *see also United States v. Autumn Ridge Condo. Ass'n,
Inc.*, 265 F.R.D. 323, 329 (N.D. Ind. 2009) (request for financial records over

previous two years was permissible, but three years was overly broad); *cf. State
Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427 (2003) (states enjoy

considerable discretion in deducing when punitive damages are warranted, but each

award must comport with well-established constraints on punitive damages).

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

## IV.   CONCLUSION

In light of the foregoing, Plaintiffs' request for financial discovery should be denied. In the event that it is not denied, then the discovery should be strictly limited to Defendant Bjorkman's current net worth.

Dated this 29th day of October, 2025

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ Richard A. Schonfeld
RICHARD A. SCHONFELD, ESQ.
(SBN 202182)
Email: rschonfeld@cslawoffice.net
ROBERT Z. DEMARCO, ESQ.
(admitted *pro hac vice*)
Email: rdemarco@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorneys for Defendant
Michael Bjorkman

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION DEPOSITION QUESTIONS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am an employee of CHESNOFF & SCHONFELD that

on the 29th day of October 2025, I served a true and correct copy of the foregoing,

electronically via email to the following:

Andrea Hirsch
andrea@cohenhirsch.com

Jennifer Lenze
jlenze@lenzelawyers.com

Brooke Cohen
brooke@cohenhirsch.com

William Pallares
William.Pallares@lewisbrisbois.com

Peter Levine
peter@peterlawfirm.com

David A. Poull
dpoull@cannonnelms.com

George Morris
gmorris@psalaw.net

Hannah Cannom
hcannom@wscllp.com

///

DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
CONDITION DEPOSITION QUESTIONS

1  Amanda Sperow
2  Amanda.Sperow@lewisbrisbois.com

3  Mack Reed
4  Mack.Reed@lewisbrisbois.com

5  Debbie Wilhelm
6  Debbie.Wilhelm@lewisbrisbois.com

7  Lee West
8  lwest@cohenhirsch.com

9  Roberto Segovia
10  roberto@peterlawfirm.com

11  Ivy Wang
12  Ivy.Wang@gtlaw.com

13

14                    /s/ Richard A. Schonfeld
                      Employee of Chesnoff & Schonfeld
15

16

17

18

19

20

21

22

23

24

25

26

27                              19
   DEFENDANT MICHAEL BJORKMAN'S RESPONSE IN OPPOSITION TO
28  PLAINTIFF'S COURT-ORDERED BRIEF REGARDING FINANCIAL-
                CONDITION DEPOSITION QUESTIONS