Ivy A. Wang (SBN CA 224899)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com

Shauna E. Imanaka (SBN CA 315742)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
imanakas@gtlaw.com

Joseph M. Dietrich (SBN CA 328296)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
Joe.Dietrich@gtlaw.com

Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041
wadleyd@gtlaw.com

Attorneys for Defendants eXp Realty, LLC; eXp World Holdings, Inc.; and Glenn Sanford

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; AND GLENN SANFORD; and DOES 1–10 inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-01304-AB-AGR<br><br>**EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT**<br><br>**Response Date: November 10, 2025**<br>**New Response Date: November 24, 2025**<br><br>Action Filed: February 22, 2023<br>FAC Filed: March 23, 2023<br>SAC Filed: February 28, 2024<br>TAC Filed: October 27, 2025 |

**TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (collectively, "Defendants") hereby move *ex parte* to extend the time to respond to the Third Amended Complaint ("TAC") by 14 days: from November 10, 2025 to November 24, 2025.

**Counsel for the Plaintiffs Oppose Defendants' Request for Additional Time**

**NOTICE OF APPLICATION TO COUNSEL (L.R. 7-19.1):** This *ex parte* application is brought pursuant to Local Rule 7-19 after having satisfied the requirements outlined therein.

Prior to bringing this *ex parte* application, the parties met and conferred via email and by phone on November 3, 2025. On the morning of November 3, 2025, counsel for Defendants requested an extension of Defendants' deadline to respond to the TAC due to the ongoing exhaustive deposition and discovery schedule in the case. [Declaration of Daniel Wadley ("Wadley Decl."), ¶ 1.] Although Plaintiffs' counsel initially agreed to the extension, Plaintiffs' counsel subsequently followed up requesting confirmation that Defendants only intended to Answer the TAC. [*Id*. ¶¶ 2,3.] Defendants' counsel informed Plaintiffs that the manner of responsive pleading was still being evaluated, but that they could not commit to filing an Answer. [*Id*. ¶ 4.] Plaintiffs counsel then revoked their stipulation to the extension they previously agreed to. [*Id*. ¶ 5, Ex. A.] During a telephonic meet and confer later that day, Plaintiffs' counsel reiterated their opposition to Defendants' request for an extension. [*Id*. ¶ 7.] On November 4, 2025, Defendants' counsel notified counsel for all parties that they intended to seek *ex parte* relief and notified the parties they would have 48 hours to oppose the application. The remaining party defendants do not oppose the application for additional time. [*Id*. ¶ 8, Ex. B.]

This *ex parte* application is based on this notice of *ex parte* application, the accompanying memorandum of points and authorities, the pleadings, the record and other papers on file in this action, and upon such further evidence or argument as may be presented to the Court.

Dated: November 4, 2025               GREENBERG TRAURIG, LLP


                                      By /s/ *Joseph M. Dietrich*
                                          Ivy A. Wang
                                          Daniel J. Wadley
                                          Shauna E Imanaka
                                          Joseph M. Dietrich

                                          Attorneys for Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Plaintiffs filed this lawsuit on February 22, 2023. (ECF No. 1.) On March 23, 2023, Plaintiffs filed their First Amended Complaint naming additional individual defendants. (Dkt. 30.) Plaintiffs filed their Second Amended Complaint on February 28, 2024. (Dkt. 165.)

On November 13, 2023, the Court entered the first scheduling order in this case, which set a deadline of January 26, 2024 for motions to amend the pleadings. (Dkt. 142 at 3.) Pursuant to the parties' stipulation, the Court issued a second scheduling order on March 7, 2024, which extended the deadline for motions to amend the pleadings until May 17, 2024 (the "Amended Pleadings Deadline"). (Dkt. 171 at 2.) Between October 22, 2024 and September 2, 2025, the Court issued four more modified scheduling orders. (Dkt. 198; Dkt. 214; Dkt. 238; Dkt. 307.)

On August 29, 2025, Plaintiffs sought leave to file the Third Amended Complaint ("TAC"). (Dkt. 303.) On September 5, 2025, Defendants opposed the motion due to, among other things, undue delay by the Plaintiffs and the fact that discovery was set to close on December 1, 2025. (Dkt. 312.) On October 23, 2025, the Court granted Plaintiffs request for leave to file the TAC and instructed Plaintiffs to do so within seven days of the order. (Dkt. 326.) Plaintiffs filed the TAC on October 27, 2025. (Dkt. 327.) The TAC included a newly asserted claim for "fraudulent misrepresentation" and over 50 paragraphs of new allegations against Defendants. (*Id*.)

From the date the TAC was filed on October 27, 2025 to date, the parties have conducted a deposition on each day (excluding weekends) with the depositions taking place across the country. [Wadley Decl., ¶ 1.] The parties similarly have scheduled depositions on an additional two days and have a hearing before Magistrate Judge Rosenberg, all prior to Defendants' current responsive pleading deadline on November 10, 2025.

Due to the frantic pace at which the parties are conducting discovery in advance of

the close of fact discovery on December 1, 2025, Defendants contacted Plaintiffs' counsel to request a brief extension on Defendants' deadline to respond to the TAC. [*Id.* ¶ 1.] Plaintiffs' counsel initially agreed to the extension. [*Id.* ¶ 2.] Plaintiffs' counsel subsequently followed up informing Defendants that the extension was predicated on Defendants only filing an Answer to the TAC.[1] [*Id.* ¶ 3.] Defendants' counsel informed Plaintiffs that the manner of responsive pleading was still being evaluated, but that they could not commit to filing an Answer. [*Id.* ¶ 4.] Plaintiffs' counsel then revoked the extension they previously agreed to. [*Id.* ¶ 5.] During a telephonic meet and confer later that day, Defendants explained that the extension was not meant to delay, and that the parties' deposition schedule would be unaffected. [*Id.* ¶ 6.] Nevertheless, Plaintiffs' counsel still refused to stipulate to Defendants' request for an extension. [*Id.* ¶ 7.]

On November 4, 2025, Defendants notified counsel for all parties that they would seek *ex parte* relief to extend the deadline to respond to the TAC. [*Id.* ¶ 8, Ex. B.] Plaintiffs' counsel did not respond. [*Id.* ¶ 9.]

## II. ARGUMENT

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), a court may extend the time for any act for "good cause" if the request is made "before the original time or its extension expires." "[R]equests for extension of time made before the applicable deadline has passed should 'normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). Courts "generally will find good cause and grant the

---

[1] Plaintiffs' counsel's refusal to agree to a reasonable extension unless Defendants forego its substantive right violates their obligations under the Central District of California's Civility Guidelines, which reads in relevant part: "We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize or for receiving reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint." *See* Central District of California Civility Guidelines.

extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused prior extensions." *Godinez v. Law Offices of Clark Garen*, Case No. SACV 16-00828-CJC (DFMx), 2016 WL 4527512, at *1 (C.D. Cal. Aug. 30, 2016) (Carney, J.) (*citing* Moore's Federal Practice, § 6.06[2] (2015)). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259.

Good cause exists to grant the requested two-week extension of Defendants' deadline to respond to the Third Amended Complaint. Since the filing of the TAC on October 27, 2025, the parties have conducted depositions on each business day, with the witnesses located throughout the country. [Wadley Decl., ¶ 1.] Additional depositions are scheduled on two more days before the current November 10, 2025 response deadline, and the parties also have a discovery hearing before Magistrate Judge Rosenberg during that period. Furthermore, depositions continue in the subsequent weeks, nearly daily up until the close of fact discovery on December 1, 2025.

Given the pace of discovery in advance of the December 1, 2025, fact discovery cutoff, Defendants sought a brief extension to prepare their responsive pleading. [*Id*. ¶ 1.] Plaintiffs' counsel initially agreed but later withdrew consent when Defendants declined to commit to filing an Answer rather than another permissible responsive pleading. [*Id*. ¶ 5.] Defendants explained that the extension request was not for delay and would not impact the deposition schedule, yet Plaintiffs refused to stipulate. [*Id*. ¶ 6, 7.]

Under these circumstances, and consistent with Rule 6(b) and the Central District's Civility and Professionalism Guidelines—which strongly discourage attaching conditions that preclude a party's substantive rights, such as the right to move against a complaint—good cause plainly exists for a short extension to allow Defendants adequate time to respond to the TAC. *See Ahanchian*, 624 F.3d at 1263 (rejecting unreasonable refusals of reasonable extensions: "Defense counsel steadfastly refused to stipulate to an extension of time, and when Ahanchian's counsel sought relief from the court, defense counsel filed fierce oppositions, even accusing Ahanchian's counsel of unethical conduct. Such

uncompromising behavior is not only inconsistent with general principles of professional conduct, but also undermines the truth-seeking function of our adversarial system."); *see also Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir.1995) ("We do not approve of the 'hardball' tactics unfortunately used by some law firms today. The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice."). The request for an additional 14 days to respond to an entirely new cause of action with substantial newly-pled allegations is reasonable under the circumstances of this case. The extension was requested in good faith, will not delay the ongoing discovery schedule, and will not prejudice the Plaintiffs in any way. Accordingly, the request for additional time should be granted.

### III. CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Court grant *ex parte* relief in the form filed herewith, extending Defendants' time to respond to the TAC by 14 days.

Dated: November 4, 2025                    GREENBERG TRAURIG, LLP

By /s/ *Joseph M. Dietrich*
Ivy A. Wang
Daniel J. Wadley
Shauna E Imanaka
Joseph M. Dietrich
Attorneys for Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford