Ivy A. Wang (SBN CA 224899)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com

Shauna E. Imanaka (SBN CA 315742)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
imanakas@gtlaw.com

Joseph M. Dietrich (SBN CA 328296)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
Joe.Dietrich@gtlaw.com

Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041
wadleyd@gtlaw.com

Attorneys for Defendants eXp Realty, LLC; eXp World
Holdings, Inc.; and Glenn Sanford

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br><br>    Plaintiffs,<br><br>v.<br><br>eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; AND GLENN SANFORD; and DOES 1–10 inclusive,<br><br>    Defendants. | CASE NO.  2:23-cv-01304-AB-AGR<br><br>**NOTICE OF ERRATA**<br><br>Action Filed:  February 22, 2023<br>FAC Filed: March 23, 2023<br>SAC Filed: February 28, 2024<br>TAC Filed: October 27, 2025 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants eXp Realty, LLC; eXp World Holdings, Inc.; and Glenn Sanford (collectively "Defendants") hereby respectfully submit this Notice of Errata regarding the Ex Parte Application to Extend Time to Respond to Third Amended Complaint ("Ex Parte Application") and the Declaration of Daniel Wadley ("Declaration") in support.

With apologies for any inconvenience to the Court, a corrected Ex Parte Application and Declaration is attached hereto as **Exhibit A** and **Exhibit B**.

Dated: November 4, 2025                    GREENBERG TRAURIG, LLP


By /s/ *Joseph M. Dietrich*
Ivy A. Wang
Daniel J. Wadley
Shauna E Imanaka
Joseph M. Dietrich

Attorneys for Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford

# EXHIBIT A

Ivy A. Wang (SBN CA 224899)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com

Shauna E. Imanaka (SBN CA 315742)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
imanakas@gtlaw.com

Joseph M. Dietrich (SBN CA 328296)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
Joe.Dietrich@gtlaw.com

Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041
wadleyd@gtlaw.com

Attorneys for Defendants eXp Realty, LLC; eXp World
Holdings, Inc.; and Glenn Sanford

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br><br>        Plaintiffs,<br><br>v.<br><br>eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; AND GLENN SANFORD; and DOES 1–10 inclusive,<br><br>        Defendants. | CASE NO.  2:23-cv-01304-AB-AGR<br><br>**EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT**<br><br>**Response Date: November 10, 2025**<br>**New Response Date: November 24, 2025**<br><br>Action Filed:  February 22, 2023<br>FAC Filed: March 23, 2023<br>SAC Filed: February 28, 2024<br>TAC Filed: October 27, 2025 |

**TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (collectively, "Defendants") hereby move *ex parte* to extend the time to respond to the Third Amended Complaint ("TAC") by 14 days: from November 10, 2025 to November 24, 2025.

**Counsel for the Plaintiffs Oppose Defendants' Request for Additional Time**

**NOTICE OF APPLICATION TO COUNSEL (L.R. 7-19.1):** This *ex parte* application is brought pursuant to Local Rule 7-19 after having satisfied the requirements outlined therein.

Prior to bringing this *ex parte* application, the parties met and conferred via email and by phone on November 3, 2025. On the morning of November 3, 2025, counsel for Defendants requested an extension of Defendants' deadline to respond to the TAC due to the ongoing exhaustive deposition and discovery schedule in the case. [Declaration of Daniel Wadley ("Wadley Decl."), ¶ 1.] Although Plaintiffs' counsel initially agreed to the extension, Plaintiffs' counsel subsequently followed up requesting confirmation that Defendants only intended to Answer the TAC. [*Id*. ¶¶ 2,3.] Defendants' counsel informed Plaintiffs that the manner of responsive pleading was still being evaluated, but that they could not commit to filing an Answer. [*Id*. ¶ 4.] Plaintiffs counsel then revoked their stipulation to the extension they previously agreed to. [*Id*. ¶ 5, Ex. A.] During a telephonic meet and confer later that day, Plaintiffs' counsel reiterated their opposition to Defendants' request for an extension. [*Id*. ¶ 7.] On November 4, 2025, Defendants' counsel notified counsel for all parties that they intended to seek *ex parte* relief and notified the parties they would have 48 hours to oppose the application. The remaining party defendants do not oppose the application for additional time. [*Id*. ¶ 8, Ex. B.]

This *ex parte* application is based on this notice of *ex parte* application, the accompanying memorandum of points and authorities, the pleadings, the record and other papers on file in this action, and upon such further evidence or argument as may be presented to the Court.

1    Dated:  November 4, 2025                GREENBERG TRAURIG, LLP

2

3                                           By /s/ *Joseph M. Dietrich*
                                            Ivy A. Wang
4                                           Daniel J. Wadley
                                            Shauna E Imanaka
5                                           Joseph M. Dietrich

6
                                            Attorneys for Defendants eXp Realty, LLC, eXp
7                                           World Holdings, Inc., and Glenn Sanford

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

Plaintiffs filed this lawsuit on February 22, 2023. (ECF No. 1.) On March 23, 2023, Plaintiffs filed their First Amended Complaint naming additional individual defendants. (Dkt. 30.) Plaintiffs filed their Second Amended Complaint on February 28, 2024. (Dkt. 165.)

On November 13, 2023, the Court entered the first scheduling order in this case, which set a deadline of January 26, 2024 for motions to amend the pleadings. (Dkt. 142 at 3.) Pursuant to the parties' stipulation, the Court issued a second scheduling order on March 7, 2024, which extended the deadline for motions to amend the pleadings until May 17, 2024 (the "Amended Pleadings Deadline"). (Dkt. 171 at 2.) Between October 22, 2024 and September 2, 2025, the Court issued four more modified scheduling orders. (Dkt. 198; Dkt. 214; Dkt. 238; Dkt. 307.)

On August 29, 2025, Plaintiffs sought leave to file the Third Amended Complaint ("TAC"). (Dkt. 303.) On September 5, 2025, Defendants opposed the motion due to, among other things, undue delay by the Plaintiffs and the fact that discovery was set to close on December 1, 2025. (Dkt. 312.) On October 23, 2025, the Court granted Plaintiffs request for leave to file the TAC and instructed Plaintiffs to do so within seven days of the order. (Dkt. 326.) Plaintiffs filed the TAC on October 27, 2025. (Dkt. 327.) The TAC included a newly asserted claim for "fraudulent misrepresentation" and over 50 paragraphs of new allegations against Defendants. (*Id*.)

From the date the TAC was filed on October 27, 2025 to date, the parties have conducted a deposition on each day (excluding weekends) with the depositions taking place across the country. [Wadley Decl., ¶ 1.] The parties similarly have scheduled depositions on an additional two days and have a hearing before Magistrate Judge Rosenberg, all prior to Defendants' current responsive pleading deadline on November 10, 2025.

Due to the frantic pace at which the parties are conducting discovery in advance of

the close of fact discovery on December 1, 2025, Defendants contacted Plaintiffs' counsel to request a brief extension on Defendants' deadline to respond to the TAC. [*Id*. ¶ 1.] Plaintiffs' counsel initially agreed to the extension. [*Id*. ¶ 2.] Plaintiffs' counsel subsequently followed up informing Defendants that the extension was predicated on Defendants only filing an Answer to the TAC.[1] [*Id*. ¶ 3.] Defendants' counsel informed Plaintiffs that the manner of responsive pleading was still being evaluated, but that they could not commit to filing an Answer. [*Id*. ¶ 4.] Plaintiffs' counsel then revoked the extension they previously agreed to. [*Id*. ¶ 5.] During a telephonic meet and confer later that day, Defendants explained that the extension was not meant to delay, and that the parties' deposition schedule would be unaffected. [*Id*. ¶ 6.] Nevertheless, Plaintiffs' counsel still refused to stipulate to Defendants' request for an extension. [*Id*. ¶ 7.]

On November 4, 2025, Defendants notified counsel for all parties that they would seek *ex parte* relief to extend the deadline to respond to the TAC. [*Id*. ¶ 8, Ex. B.]

## II.   **ARGUMENT**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), a court may extend the time for any act for "good cause" if the request is made "before the original time or its extension expires." "[R]equests for extension of time made before the applicable deadline has passed should 'normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). Courts "generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith,

[1] Plaintiffs' counsel's refusal to agree to a reasonable extension unless Defendants forego its substantive right violates their obligations under the Central District of California's Civility Guidelines, which reads in relevant part: "We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize or for receiving reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint." *See* Central District of California Civility Guidelines.

1    or abused prior extensions." *Godinez v. Law Offices of Clark Garen*, Case No. SACV 16-

2    00828-CJC (DFMx), 2016 WL 4527512, at *1 (C.D. Cal. Aug. 30, 2016) (Carney, J.)

3    (*citing* Moore's Federal Practice, § 6.06[2] (2015)). "'Good cause' is a non-rigorous

4    standard that has been construed broadly across procedural and statutory contexts."

5    *Ahanchian*, 624 F.3d at 1259.

6        Good cause exists to grant the requested two-week extension of Defendants'

7    deadline to respond to the Third Amended Complaint. Since the filing of the TAC on

8    October 27, 2025, the parties have conducted depositions on each business day, with the

9    witnesses located throughout the country. [Wadley Decl., ¶ 1.] Additional depositions are

10   scheduled on two more days before the current November 10, 2025 response deadline, and

11   the parties also have a discovery hearing before Magistrate Judge Rosenberg during that

12   period. Furthermore, depositions continue in the subsequent weeks, nearly daily up until

13   the close of fact discovery on December 1, 2025.

14       Given the pace of discovery in advance of the December 1, 2025, fact discovery

15   cutoff, Defendants sought a brief extension to prepare their responsive pleading. [*Id*. ¶ 1.]

16   Plaintiffs' counsel initially agreed but later withdrew consent when Defendants declined

17   to commit to filing an Answer rather than another permissible responsive pleading. [*Id*. ¶

18   5.] Defendants explained that the extension request was not for delay and would not

19   impact the deposition schedule, yet Plaintiffs refused to stipulate. [*Id*. ¶ 6, 7.]

20       Under these circumstances, and consistent with Rule 6(b) and the Central District's

21   Civility and Professionalism Guidelines—which strongly discourage attaching conditions

22   that preclude a party's substantive rights, such as the right to move against a complaint—

23   good cause plainly exists for a short extension to allow Defendants adequate time to

24   respond to the TAC. *See Ahanchian*, 624 F.3d at 1263 (rejecting unreasonable refusals of

25   reasonable extensions: "Defense counsel steadfastly refused to stipulate to an extension of

26   time, and when Ahanchian's counsel sought relief from the court, defense counsel filed

27   fierce oppositions, even accusing Ahanchian's counsel of unethical conduct. Such

28   uncompromising behavior is not only inconsistent with general principles of professional

conduct, but also undermines the truth-seeking function of our adversarial system."); *see also Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir.1995) ("We do not approve of the 'hardball' tactics unfortunately used by some law firms today. The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice.").  The request for an additional 14 days to respond to an entirely new cause of action with substantial newly-pled allegations is reasonable under the circumstances of this case.  The extension was requested in good faith, will not delay the ongoing discovery schedule, and will not prejudice the Plaintiffs in any way.  Accordingly, the request for additional time should be granted.

### III.    CONCLUSION

    For the reasons stated herein, Defendants respectfully request that this Court grant *ex parte* relief in the form filed herewith, extending Defendants' time to respond to the TAC by 14 days.


Dated:  November 4, 2025              GREENBERG TRAURIG, LLP


                                     By /s/ *Joseph M. Dietrich*
                                        Ivy A. Wang
                                        Daniel J. Wadley
                                        Shauna E Imanaka
                                        Joseph M. Dietrich
                                        Attorneys for Defendants eXp Realty, LLC, eXp
                                        World Holdings, Inc., and Glenn Sanford

# EXHIBIT B

Ivy Ann Wang (SBN CA 224899)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com

Shauna E Imanaka (SBN CA 315742)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
imanakas@gtlaw.com

Joseph M. Dietrich (SBN CA 328296)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
Joe.Dietrich@gtlaw.com

Daniel Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041
wadleyd@gtlaw.com

Attorneys for Defendants eXp Realty, LLC; eXp World
Holdings, Inc.; and Glenn Sanford

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON, <br><br> Plaintiffs, <br><br> v. <br><br> eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; AND GLENN SANFORD; and DOES 1–10 inclusive, <br><br> Defendants. | CASE NO.  2:23-cv-01304-AB-AGR <br><br> **DECLARATION OF DANIEL WADLEY IN SUPPORT OF EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT** <br><br> **Response Date: November 10, 2025** <br> **New Response Date: November 24, 2025** <br> Action Filed:  February 22, 2023 <br> FAC Filed: March 23, 2023 <br> SAC Filed: February 28, 2024 <br> TAC Filed: October 27, 2025 |

1

## DECLARATION OF DANIEL WADLEY

2      I, DANIEL WADLEY declare as follows:

3      I am an attorney of law duly licensed to practice before all the courts of the State of

4  Utah and admitted *pro hac vice* in this matter, and am a Shareholder with the law firm of

5  Greenberg Traurig, LLP, attorneys for Defendants eXp Realty, LLC, eXp World

6  Holdings, Inc., and Glenn Sanford (collectively, "Defendants").  I have personal

7  knowledge of the facts surrounding the present action and all facts stated herein.  If called

8  upon to testify, I could and would competently do so under oath as to the truth of the

9  matters stated herein.

10      1.      On the morning of November 3, 2025, I sent an email to Plaintiffs' counsel

11  requesting an extension of Defendants' deadline to respond to the Third Amended

12  Complaint ("TAC") due to the ongoing exhaustive deposition and discovery schedule,

13  with depositions taking place almost daily, with witnesses across the country.

14      2.      Plaintiffs' counsel, Jennifer Lenze, initially agreed to the extension, stating

15  "Yes of course."

16      3.      Ms. Lenze subsequently emailed me and asked me to confirm that

17  Defendants intended only to answer the TAC, rather than filing a motion to dismiss.

18      4.      I informed Ms. Lenze that Defendants' manner of responsive pleading was

19  still being evaluated, but that they could not commit to filing an answer and waiving their

20  right to file a motion to dismiss.

21      5.       Ms. Lenze then stated that they would only be willing to provide an

22  extension if Defendants were filing an answer, and that they would not agree to an

23  extension otherwise. A true and correct copy of our email correspondence is attached

24  hereto as **Exhibit A**.

25      6.      During a telephonic meet and confer later that day, I informed Plaintiffs'

26  counsel, including Andrea Hirsch, and Brooke Cohen, that Defendants were the extension

27  not for the purposes of delay, but due to the extensive deposition and discovery schedule

28  prior to the fact discovery cutoff on December 1, 2025.

7.      Plaintiffs' counsel reiterated their opposition to Defendants' request for an extension.

8.      On November 4, 2025, I notified counsel for all parties via email that Defendants intended to seek *ex parte* relief and notified the parties they would have 48 hours to oppose the application. A true and correct copy of our email correspondence is attached hereto as **Exhibit B**. The remaining parties do not oppose the application for additional time.

9.      Counsel for Plaintiffs confirmed their opposition to the extension. Counsel for Mr. Golden and Mr. Bjorkman stated they will not oppose the extension request.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this fourth day of November, at Salt Lake City, Utah.


_____*/s/ Daniel J.  Wadley*_____
Daniel Wadley

# EXHIBIT A

**Wadley, Daniel (Shld-SLC-LT)**

| | |
|---|---|
| **From:** | Andrea Hirsch <andrea@cohenhirsch.com> |
| **Sent:** | Monday, November 3, 2025 1:49 PM |
| **To:** | Jennifer Lenze |
| **Cc:** | Wadley, Daniel (Shld-SLC-LT); Brooke Cohen; Wang, Ivy A. (Shld-LA-LT); william.pallares@lewisbrisbois.com |
| **Subject:** | Re: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint |

I'm available the rest of the day. I'm driving but can talk on the phone.


Andrea S Hirsch
Cohen Hirsch
Cell: 678-362-4444


> On Nov 3, 2025, at 3:38 PM, Jennifer Lenze <jlenze@lenzelawyers.com> wrote:


I am unavailable but will defer to Andrea and Brooke.

Get Outlook for iOS

---

**From:** wadleyd@gtlaw.com <wadleyd@gtlaw.com>
**Sent:** Monday, November 3, 2025 12:36:23 PM
**To:** Jennifer Lenze <jlenze@lenzelawyers.com>; brooke@cohenhirsch.com <brooke@cohenhirsch.com>; andrea@cohenhirsch.com <andrea@cohenhirsch.com>
**Cc:** Ivy.Wang@gtlaw.com <Ivy.Wang@gtlaw.com>; william.pallares@lewisbrisbois.com <william.pallares@lewisbrisbois.com>
**Subject:** RE: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint

If you are unwilling to agree to an extra week for our response, which is a bit disappointing given the reasonableness of the request under the circumstances, we should set up a meet and confer as quickly as possible.  Let us know what your schedule looks like this afternoon.

Thanks,
Dan

---

**From:** Jennifer Lenze <jlenze@lenzelawyers.com>
**Sent:** Monday, November 3, 2025 1:25 PM
**To:** Wadley, Daniel (Shld-SLC-LT) <wadleyd@gtlaw.com>; brooke@cohenhirsch.com; andrea@cohenhirsch.com
**Cc:** Wang, Ivy A. (Shld-LA-LT) <Ivy.Wang@gtlaw.com>; william.pallares@lewisbrisbois.com
**Subject:** Re: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint

I think the issue is the dates we are working with currently in the scheduling order. In other words, we would agree to an extension on an answer but if you intend to file a motion to dismiss we could not agree to an extension and don't believe it is in our client's best interest to have motion practice delayed when we do not believe there would be a legitimate basis for a Motion to Dismiss.  Please let us know asap if you would like to meet and confer on a motion. My apologies for the confusion. I read your email during the deposition.

Get Outlook for iOS

---

**From:** wadleyd@gtlaw.com <wadleyd@gtlaw.com>
**Sent:** Monday, November 3, 2025 12:19 PM
**To:** Jennifer Lenze <jlenze@lenzelawyers.com>; brooke@cohenhirsch.com <brooke@cohenhirsch.com>; andrea@cohenhirsch.com <andrea@cohenhirsch.com>
**Cc:** Ivy.Wang@gtlaw.com <Ivy.Wang@gtlaw.com>; william.pallares@lewisbrisbois.com <william.pallares@lewisbrisbois.com>
**Subject:** RE: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint

Thanks Jennifer.  We are evaluating that issue right now and haven't made a decision yet.  We don't want to spend time on a MTD if we don't think it would be worthwhile.  Under the time constraints, we were hoping that one additional week would be acceptable and not onerous.

---

**From:** Jennifer Lenze <jlenze@lenzelawyers.com>
**Sent:** Monday, November 3, 2025 1:11 PM
**To:** Wadley, Daniel (Shld-SLC-LT) <wadleyd@gtlaw.com>; brooke@cohenhirsch.com; andrea@cohenhirsch.com
**Cc:** Wang, Ivy A. (Shld-LA-LT) <Ivy.Wang@gtlaw.com>; william.pallares@lewisbrisbois.com
**Subject:** Re: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint

Understood but does your client intend to Answer or file a Motion in response? I was thinking you meant Answer but on rereview of your email saw you said Response.

Get Outlook for iOS

---

**From:** wadleyd@gtlaw.com <wadleyd@gtlaw.com>
**Sent:** Monday, November 3, 2025 12:09:25 PM
**To:** Jennifer Lenze <jlenze@lenzelawyers.com>; brooke@cohenhirsch.com <brooke@cohenhirsch.com>; andrea@cohenhirsch.com <andrea@cohenhirsch.com>
**Cc:** Ivy.Wang@gtlaw.com <Ivy.Wang@gtlaw.com>; william.pallares@lewisbrisbois.com <william.pallares@lewisbrisbois.com>
**Subject:** RE: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint

Our clients' response to the Third Amended Complaint.

---

**From:** Jennifer Lenze <jlenze@lenzelawyers.com>
**Sent:** Monday, November 3, 2025 1:02 PM
**To:** Wadley, Daniel (Shld-SLC-LT) <wadleyd@gtlaw.com>; brooke@cohenhirsch.com; andrea@cohenhirsch.com

2

**Cc:** Wang, Ivy A. (Shld-LA-LT) <Ivy.Wang@gtlaw.com>; william.pallares@lewisbrisbois.com
**Subject:** Re: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint


**\*EXTERNAL TO GT\***

Sorry, just to confirm you are speaking about your clients' answer right?

Get Outlook for iOS

---

**From:** Jennifer Lenze <jlenze@lenzelawyers.com>
**Sent:** Monday, November 3, 2025 9:15:07 AM
**To:** wadleyd@gtlaw.com <wadleyd@gtlaw.com>;
brooke@cohenhirsch.com <brooke@cohenhirsch.com>;
andrea@cohenhirsch.com <andrea@cohenhirsch.com>
**Cc:** Ivy.Wang@gtlaw.com <Ivy.Wang@gtlaw.com>;
william.pallares@lewisbrisbois.com <william.pallares@lewisbrisbois.com>
**Subject:** Re: Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint

Yes of course.

Get Outlook for iOS

---

**From:** wadleyd@gtlaw.com <wadleyd@gtlaw.com>
**Sent:** Monday, November 3, 2025 8:56:31 AM
**To:** brooke@cohenhirsch.com <brooke@cohenhirsch.com>;
andrea@cohenhirsch.com <andrea@cohenhirsch.com>; Jennifer Lenze <jlenze@lenzelawyers.com>
**Cc:** Ivy.Wang@gtlaw.com <Ivy.Wang@gtlaw.com>;
william.pallares@lewisbrisbois.com <william.pallares@lewisbrisbois.com>
**Subject:** Acevedo et al. v. eXp Realty, et al. - Third Amended Complaint

Brooke, Andrea, and Jennifer,

I believe our response to the Third Amended Complaint is due a week from today, November 10. Given the very busy schedule with depositions, we were hoping you would be amendable to pushing the deadline out an additional week, putting our response deadline as Monday, November 17.

Can you let us know if you are comfortable with this professional courtesy?

Thank you,
Dan Wadley

**Daniel Wadley**
Shareholder

Greenberg Traurig, LLP
222 South Main Street | Suite 1730 | Salt Lake City, Utah 84101
T 801.478.6910
C 801.652.7217
wadleyd@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. Nashville. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Greenberg Traurig Tokyo Law Offices are operated by GT Tokyo Horitsu Jimusho, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; Warsaw: Operates as Greenberg Traurig Grzesiak SP.K.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at [postmaster@gtlaw.com](mailto:postmaster@gtlaw.com), and do not use or disseminate the information.

# EXHIBIT B

## Wadley, Daniel (Shld-SLC-LT)

| | |
|---|---|
| **From:** | Wadley, Daniel (Shld-SLC-LT) |
| **Sent:** | Tuesday, November 4, 2025 10:44 AM |
| **To:** | Andrea Hirsch; Brooke Cohen; Jennifer Lenze; Peter Levine; Richard Schonfeld; George Morris; David A. Poull; Rosemary Reyes; Segovia; 'rdemarco@cslawoffice.net' |
| **Cc:** | Pallares, William; Sperow, Amanda; Wang, Ivy A. (Shld-LA-LT); Imanaka, Shauna (Assoc-SV-LT); Dietrich, Joe (Assoc-OC-Labor-EmpLaw) |
| **Subject:** | Acevedo v. eXp Realty, et al., Notice of Intent to File Ex Parte Request for Additional Time to Respond to the Third Amended Complaint |

Counsel,

Pursuant to L.R. 7-19, we hereby give notice of Defendants eXp Realty, eXp World Holdings, and Glenn Sanford's intent to file today an *ex parte* application for an additional 14 days to respond to the recently filed Third Amended Complaint.

From our meet and confer yesterday and related correspondence with Plaintiffs' counsel, we understand and will note Plaintiffs' opposition to the *ex parte* request for additional time.  Please notify us if Plaintiffs' counsel has reconsidered their opposition.

We do not anticipate opposition to the request from the other defendants, but please notify us if that is incorrect.

We will file the application this afternoon.  Service will be effected through the Court's electronic filing system.  Under Judge Birotte's standing order, parties will have 48 hours to file any opposition.

Thanks,
Dan Wadley

**Daniel Wadley**
Shareholder

Greenberg Traurig, LLP
222 South Main Street | Suite 1730 | Salt Lake City, Utah 84101
T 801.478.6910
C 801.652.7217
wadleyd@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT** GreenbergTraurig

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. Nashville. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Greenberg Traurig Tokyo Law Offices are operated by GT Tokyo Horitsu Jimusho, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; Warsaw: Operates as Greenberg Traurig Grzesiak SP.K.