Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, CA 91765
T: (310) 322-8800
F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV Admitted
Andrea Hirsch, Esq. GA Bar No. 666557 PHV Admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, et al., | Case No. 2:23-CV-01304-AB-AGR |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR COURT-ORDERED BRIEF REGARDING FINANCIAL-CONDITION** |
| v. | |
| EXP REALTY, LLC, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs are not seeking unfettered access to Defendant Michael Bjorkman's ("Defendant") personal finances.  Instead, Plaintiffs are seeking appropriate financial discovery as permitted by the Federal Rules of Civil Procedure. Defendant's opposition relies on inapplicable state-law standards and post-hoc rationalizations that contradict the Federal Rules and controlling case law. Plaintiffs' financial-condition questions were narrow, directly relevant to punitive damages, and governed by an existing protective order. Defense counsel's instructions not to answer violated Rule 30(c)(2). The Court should compel Bjorkman to answer questions related to his current financial condition at his continued deposition; reject Defendant's belated attempt to re-cast this as a bifurcation issue that was never raised under Rule 26(f) and find that the requested discovery is proportional.

## II.    LEGAL ARGUMENT

### A. Federal Law Governs Discovery Procedure

Defendant's reliance on California Civil Code § 3295 and related state cases (*Kerner* and *Jabro*) is misplaced. Discovery procedure in federal court is governed exclusively by the Federal Rules. See *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 285–86 (C.D. Cal. 1998).  Crucially, Defendant's opposition never cites or attempts to distinguish *Oakes* — the controlling decision in this District that squarely rejects his argument.

In *Oakes*, Judge Chapman addressed this issue head on, noting the following:

> Federal courts sitting in diversity cases apply federal procedural law and state substantive law. *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141, 14 L. Ed. 2d 8 (1965); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). Examining Civil Code Section 3295(a)-(c), this Court finds that it is clearly a procedural law. That is, Section 3295(c) merely restricts when and how evidence of a defendant's financial condition is obtained. Discovery "is a procedural matter governed in the federal courts by the Federal Rules of Civil Procedure. Thus, state discovery practices are usually irrelevant." CEH, 153 F.R.D. at 497-98; see also 8 Wright & Miller, Federal Practice and Procedure: Civil § 2005 (1970) (state law will govern only when the Federal Rules so indicate)." "Characterizing an issue as 'procedural' rather than 'substantive' does not necessarily end the inquiry, although 'concerning matters covered by the Federal Rules of Civil Procedure, the characterization question is usually unproblematic. . .' ." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, at 427-28 n.7, 116 S. Ct. 2211, 2219 n.7, 135 L. Ed. 2d 659 (1996).
>
> Further, as a state discovery and procedural law, Civ. C. § 3295 conflicts with Fed. R. Civ. P. 26(b); it establishes a discovery scheme fundamentally inconsistent with the discovery rules under the Federal Rules of Civil Procedure. This Court, thus, finds the reasoning of District Judge Shubb in *Hamm v. American Home Products Corp.*, 888 F. Supp. 1037, 1038 (E.D. Cal. 1995), to be persuasive. In *Hamm*, the court determined that Civil Code § 3295(d) is a procedural law which conflicts with Federal Rule of Civil Procedure 42(b).

*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285-86 (C.D. Cal. 1998).

Moreover, Defendant's reliance on *EEOC v. Cal. Psychiatric Transitions, Inc.*, 258 F.R.D. 391 (E.D. Cal. 2009), is misplaced. That decision supports Plaintiffs, not Defendant. There, the court squarely held that "[t]he overwhelming

majority of federal courts to have addressed this issue have concluded that a plaintiff

seeking punitive damages is entitled to discover information relating to the

defendant's financial condition in advance of trial and that most courts do not

require the plaintiff to make a prima facie showing of entitlement to punitive

damages before permitting such discovery." *Id.* at 395.

Applying that rule, the court ordered the defendant to produce financial

documents—including balance sheets (for *three (3) years*), income statements, and

cash-flow statements—subject to a protective order. *Id.* at 395–96. The court

expressly rejected the same argument Defendant advances here: that financial

discovery should be deferred until a later phase. Accordingly, *EEOC v. Cal.*

*Psychiatric Transitions* confirms that financial-condition discovery is proper under

Rule 26 once punitive damages are pled and confidentiality is safeguarded.

Defendant's reliance on inapplicable law relating to the discovery of financial

information during discovery where there are allegations of punitive damages is

clearly misplaced.

## B. Bifurcation Is Improper As It Was Never Requested Under Rule 26(F)

As an alternative argument, Defendant requests that financial discovery

should be bifurcated.  Defendant's 11th hour suggestion that the Court bifurcate

punitive-damages discovery until "after liability" is procedurally and substantively

defective.

First, the parties' Joint Rule 26(f) Report (ECF 70) — filed June 9, 2023 —

contains no request or proposal by Defendant to bifurcate financial-condition or punitive-damages discovery. The discovery plan, adopted by the Court, contemplates standard discovery on all claims and defenses. Having failed to raise bifurcation at that stage, Defendant cannot now use it as a retroactive shield against deposition questions or written discovery.

Second, even if the Magistrate could recommend sequencing, there is no factual basis for delay. Courts in this Circuit routinely allow financial discovery during liability phases when protected by a confidentiality order. *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. at 395. Delaying discovery until after dispositive motions would effectively preclude Plaintiffs from obtaining the information before the close of discovery and would prejudice trial preparation.

Accordingly, the Court should reject Defendant's unauthorized and untimely bifurcation request and compel immediate compliance with Rule 30.

### C. Financial-Condition Discovery Is Relevant and Proportional

Punitive damages are expressly pled, and Rule 26(b)(1) allows discovery of any non-privileged matter relevant to a claim or defense. Financial condition directly informs the punitive-damages determination. Federal courts in this Circuit uniformly permit such discovery once punitive damages are alleged. *Oakes*, 179 F.R.D. at 285-86.

Discovery proportionality is satisfied: the written requests are primarily

limited to either Defendant's current finances or those related to the last three (3) years, which has been expressly allowed.  *See EEOC v. California Psychiatric Transitions, Inc.*, at 395 (court compelled production of "balance sheets, statements of income, and statements of cash flow for the years 2007, 2008, and any available information through 2009," *i.e*., a three-year window.)

As for the requests that are outside the three (3) year window, those are limited to a specific business interest, California Living Medical Weight Loss. Based on records from the California Secretary of State, this corporation was formed on November 11, 2024, and names Defendant's children as the Chief Executive Officer and the Chief Financial Officer and Secretary.  *See* Exhibit A attached to Declaration of Andrea Hirsch.  Therefore, Plaintiffs will agree to limit those specific requests related to the California Living Medical Weight Loss from 2024 to present.

A comprehensive protective order already safeguards confidential materials. Courts in this District have repeatedly held that where a protective order exists, privacy is not a valid basis to block discovery. *Oakes*, 179 F.R.D. at 285-86; *Dominguez v. City of L.A.*, 2018 U.S. Dist. LEXIS 228425, at *14 (C.D. Cal. May 24, 2018). Defendant's privacy interests are speculative and fully addressed by a "Confidential" designation.

**D. Defense Counsel's Instructions Violated Rule 30(C)(2)**

Rule 30(c)(2) authorizes instructions not to answer only to (1) preserve a privilege, (2) enforce a court-ordered limitation, or (3) suspend to seek relief under Rule 30(d)(3). None applies here. Defense counsel invoked "privacy," "relevance," and "California law," none of which are recognized exceptions. No protective-order motion was pending. The unilateral instructions therefore violated Rule 30(c)(2) and improperly obstructed discovery.

**III. CONCLUSION**

Plaintiffs respectfully request that the Court:

1. Find that defense counsel's instructions not to answer violated Rule 30(c)(2);

2. Order that at the continued deposition of Defendant Bjorkman, he answer all current-financial-condition questions and produce responsive documents to the pending discovery requests subject to the limitation set forth in this brief; and

3. All costs associated with the continued deposition of Defendant Bjorkman, including court reporter, videographer, transcript fees, and related travel expenses be paid by counsel for Defendant.

1

2
Dated November 5, 2025          Respectfully submitted,

3
                                /s/ Jennifer A. Lenze
                                Jennifer A. Lenze, Esq.
4
                                CA Bar No. 246858
5
                                **LENZE LAWYERS, PLC**
                                999 Corporate Drive, Suite 100
6
                                Ladera Ranch, CA 91765
                                T: (310) 322-8800
7
                                F: (310) 322-8811
                                jlenze@lenzelawyers.com
8
                                Brooke Cohen, Esq., TX Bar No. 24007019
9
                                PHV Admitted
                                Andrea Hirsch, Esq. GA Bar No. 666557
10
                                PHV Admitted
                                **COHEN HIRSCH, LP**
11
                                5256 Peachtree Road, Suite 195-E
                                Atlanta, GA 30341
12
                                T: (678) 268-4683
                                brooke@cohenhirsch.com
13
                                andrea@cohenhirsch.com
                                *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

3

        The undersigned hereby certifies that the foregoing was served on all counsel

4

of record via ECF this 5th day of November 2025.

5

/s/ Andrea S. Hirsch

6

<u>Andrea S. Hirsch</u>

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28