Jennifer A. Lenze, Esq., CA Bar No. 246858
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com
Attorney for Plaintiffs

Brooke Cohen, Esq., TX Bar No. 24007019 PHV Admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV Admitted
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br>　　Plaintiffs,<br>　v.<br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br>　　Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>Hon. Andrea Birotte, Jr.<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO THIRD AMENDED COMPLAINT** |

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO THIRD AMENDED COMPLAINT

## I. INTRODUCTION

Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford (hereinafter "eXp Defendants") seek a two-week extension of time—not to file an Answer to the Third Amended Complaint[1] ("TAC")—but to prepare yet another Motion to Dismiss raising arguments they could have raised months ago.

This Court already granted Plaintiffs' Motion for Leave to Amend after full briefing and specifically rejected the eXp Defendants' sole futility argument under the economic loss rule. Having lost that issue, the eXp Defendants not only seek a "second bite at the apple" to assert new theories omitted from their prior opposition, but an additional two weeks to craft those arguments, pushing their motion to one week prior to the close of discovery.

Rule 6(b) requires "good cause," and Rule 1 requires the "just, speedy, and inexpensive determination of every action." Granting this application would achieve the opposite: duplication, delay, and waste. The eXp Defendants' request reads as a last-minute "Hail Mary" at the close of an already extended discovery process, notwithstanding that they have possessed the underlying Third Amended Complaint for months in this years-old litigation.

---

[1] Plaintiffs do not object to any request for an extension by the eXp Defendants to file their Answer.

## II. PROCEDURAL BACKGROUND

On August 29, 2025, Plaintiffs moved for leave to file the TAC. The eXp Defendants opposed the motion on September 5, 2025, arguing only that the amendment was futile under the economic-loss rule. They raised no other challenges to the sufficiency or viability of the proposed claims.

On October 23, 2025, the Court granted Plaintiffs' motion, rejecting the eXp Defendants' futility argument and authorizing the TAC. Plaintiffs filed the TAC on October 27, 2025.

The eXp Defendants' response is due November 10, 2025. On November 3, defense counsel requested a two-week extension, which would push the filing of their Motion to Dismiss to November 24, 2025, requiring Plaintiffs' counsel to prepare their response over the Thanksgiving Holiday.

That is why when Plaintiffs initially agreed to the extension, it was assumed the eXp Defendants intended to file an Answer. Only after the meet-and-confer did the eXp Defendants clarify their intent to file another Motion to Dismiss. Once that became clear, Plaintiffs promptly withdrew consent because the contemplated motion would re-litigate matters already decided (or should have been decided had they been properly raised) and serves no good-faith purpose other than delay.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1), a court may extend a deadline only for good cause. The moving party bears the burden of showing diligence and a legitimate need for additional time. "Good cause" does not include tactical delay,

3
PLAINTIFFS' OPPOSITION TO EXP'S EX PARTE APPLICATION

relitigation of settled issues, or inefficiency of counsel. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990) (good cause requires diligence); *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593 (7th Cir. 2012) (courts examine "what led up to the request" and may deny extensions lacking diligence); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259–61 (9th Cir. 2010) (good cause turns on diligence, prejudice, and good faith).

Moreover, Rule 1 requires that all rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." *Ahanchian* at 1259–60. Courts are obligated to deny motions that "unreasonably consume judicial resources or needlessly prolong litigation." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

IV.  **ARGUMENT**

**A. Defendants Had a Full Opportunity to Raise Futility Arguments and Declined to Do So**

While Plaintiffs' counsel routinely grant all requests for extensions, Plaintiffs' reluctance to do so here is based on the fact that the eXp Defendants already briefed the propriety of the TAC when opposing Plaintiffs' Motion for Leave. Cohen Declaration at 2-7, The Court considered their futility argument, rejected it, and granted leave. That process inherently tested the sufficiency of the proposed claims under Rule 12(b)(6).

If the eXp Defendants believed other claims were deficient, they had an obligation to raise those issues then. They chose not to do so. Having lost on the only

argument they presented, Plaintiffs do not see any purpose to allow the eXp Defendants a two-week extension to repackage new theories of dismissal as if they were unavailable earlier. Federal courts consistently reject this sort of "second bite" approach because it undermines the integrity of prior rulings and wastes judicial resources. *Pagtalunan*, 291 F.3d at 642 (Rule 1 empowers the court to prevent "undue delay" and "piecemeal litigation").

### B. Rule 6(b) Does Not Permit an Extension for a Motion Lacking a Good-Faith Basis

Rule 6(b)(1) requires a concrete showing of diligence and necessity. The eXp Defendants cannot meet that standard. They have had the proposed TAC for months and were fully aware of its allegations when they opposed the amendment. Their failure to raise new arguments forecloses any claim of diligence now. Granting an extension would reward neglect, not diligence. As the Seventh Circuit explained, courts must consider "what led up to the request," and may deny extensions sought "to reopen matters already decided." *Blue*, 698 F.3d at 593.

This very Court, in fact, has applied these same principles in denying belated motions that would undermine efficient case management. In *In re Northrop Grumman Corp. ERISA Litig.*, 2016 U.S. Dist. LEXIS 185127 (C.D. Cal. June 21, 2016), this Court held that a party's failure to act diligently "does not display the diligence required under the Rules" and that granting relief in those circumstances "would be unduly burdensome and would prevent the just and speedy resolution of this action." *Id*. at *11–17.

5
PLAINTIFFS' OPPOSITION TO EXP'S EX PARTE APPLICATION

Those same concerns are present here. The eXp Defendants' request is untethered to diligence, serves no legitimate case-management purpose, and—by their own admission—is aimed at preparing new arguments that could have been filed months ago.

### C. Given the Existing Schedule, a New Motion to Dismiss Would Waste Judicial Resources

The Court's Scheduling Order (Doc. 307) sets a non-expert discovery cut-off of December 1, 2025, and requires all motions for summary judgment to be heard no later than April 3, 2026. Trial is set for July 13, 2026. This same Order also states that no further extensions will be granted without a showing of exceptional circumstances.

With discovery closing in less than a month and dispositive-motion briefing already on the horizon, permitting the eXp Defendants an additional two weeks to launch a new Motion to Dismiss now would serve no practical purpose other than diverting Plaintiffs' resources from expert preparation.

Rule 1 and this Court's inherent case-management authority preclude precisely this sort of inefficiency. As this Court observed in *Northrop Grumman*, reopening or extending deadlines without diligence "would be unduly burdensome and would prevent the just and speedy resolution of the action." *Id*. at *17. Allowing the eXp Defendants two additional weeks would do just that—stall progress and consume judicial resources on matters already resolved.

### D. Rule 1 Mandates Denial of Dilatory, Duplicative Motion Practice

Rule 1 imposes a shared duty on the Court and the parties to promote efficiency

and fairness. The eXp Defendants' request for a two-week extension to file a Motion to Dismiss serves neither. It seems the eXp Defendants' team consisting of two national law firms with thousands of lawyers should have had adequate resources to get whatever motion filed in a timely manner without causing unnecessary delay.

The Ninth Circuit and this Court have repeatedly emphasized that Rule 1 empowers courts to act "to ensure that litigation remains efficient, just, and proportionate." *In re PPA Litig.*, 460 F.3d at 1227; *In re Northrop Grumman Corp. ERISA Litig.*, 2016 U.S. Dist. LEXIS 185127, at *11–17 (C.D. Cal. June 21, 2016). Denying this application enforces those principles by preserving judicial economy, maintaining the Court's Scheduling Order, and preventing procedural abuse.

V.    **CONCLUSION**

The eXp Defendants already litigated the sufficiency of the TAC and lost. Their current request to extend time for a new Motion to Dismiss demonstrates neither diligence nor good cause and granting it would violate both Rule 6(b) and Rule 1. As this very Court has already explained in *In re Northrop Grumman Corp. ERISA Litig.*, allowing such belated motions "would be unduly burdensome and would prevent the just and speedy resolution of this action." 2016 U.S. Dist. LEXIS 185127, at *17. The same result should follow here.

Accordingly, Plaintiffs respectfully request that the Court deny the eXp Defendants' *ex parte* application in full and direct the eXp Defendants to file their response to the TAC by November 10, 2025.

Date: November 6, 2025         By: /s/ Jennifer A. Lenze
                                   Jennifer A. Lenze (CA No 246858)
                                   LENZE LAWYERS, PLC
                                   999 Corporate Drive, Suite 100
                                   Ladera Ranch, California 92694
                                   Telephone (310) 322-8800
                                   jlenze@lenzelawyers.com


                                   Brooke F. Cohen TX 24007019 PHV Adm
                                   Andrea S. Hirsch, GA 666557 PHV Adm
                                   COHEN HIRSCH, LP
                                   5256 Peachtree Road, Suite 195-E
                                   Atlanta, Georgia 30341
                                   Tel: (678) 268-4683
                                   brooke@cohenhirsch.com
                                   andrea@cohenhirsch.com

                                   Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 6th day of November 2025.

                                   /s/ Andrea S. Hirsch
                                   Andrea S. Hirsch