UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV-23-01304-AB (AGRx)                                        Date: November 7, 2025

Title  Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

Present: The Honorable: Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | CS 11/07/2025 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jennifer A. Lenze | Ivy A. Wang |
| Andrea S. Hirsch | Daniel J. Wadley |
| Brooke F. Cohen | William Edward Pallares |
| | Richard A. Schonfeld |
| | Robert Z. DeMarco |
| | David Anthony Poull |
| | Peter K. Levine |
| | George M. Morris |

**Proceedings: MINUTES & ORDER RE: (1) PLAINTIFF'S MOTION TO COMPEL RESPONSES TO FINANCIAL CONDITION (Dkt. No. 324); AND (2) DISCOVERY CONFERENCE (Dkt. No. 338)**

Case is called. Counsel state their appearances.

### I.   *Plaintiff's Motion to Compel*

Pursuant to the Order dated October 17, 2025, Plaintiffs filed a motion to compel Defendant Bjorkman[1] to respond to certain discovery regarding his financial condition. (Dkt. No. 324.)  Defendant Bjorkman filed an opposition. (Dkt. No. 328.)  Plaintiffs filed a reply.  (Dkt. No. 336.)  The matter came on for hearing.

At Mr. Bjorkman's deposition on October 13, 2025, his counsel instructed him not to answer two questions directed to his ownership of a home and his source(s) of income. "A person may instruct a deponent not to answer only when necessary to preserve a

---

[1]  Although the current motion is directed to Defendant Bjorkman, the parties anticipate that the same issue will arise as to Defendant Golden.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-01304-AB (AGRx)                                                    Date: November 7, 2025

Title         Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).  The issue came before this court on October 17, 2025 and the court issued a briefing schedule.[2]  The parties' briefing advises the court that Plaintiffs served a request for production of documents, and intended to ask additional questions, about Mr. Bjorkman's financial condition.

      Defendant urges the court to follow the state procedures in Cal. Civ. Code § 3295.  Under § 3295, no pretrial discovery of a defendant's financial condition is permitted unless the court enters an order, upon motion of the plaintiff supported by appropriate affidavits, finding the plaintiff "has established that there is a substantial probability that the plaintiff will prevail on the [punitive damages] claim pursuant to Section 3294."  Cal. Civ. Code § 3295(c).

      The court declines to apply state procedures.  In federal court, the court issues a scheduling order that sets the dates for completing discovery.  Fed. R. Civ. P. 16(b)(3)(A).  The scheduling order may be modified "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The scope of discovery is governed by Fed. R. Civ. P. 26(b)(1).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

      As the court noted in *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009), the majority of federal courts in this Circuit hold that a party seeking punitive damages "'is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages.'" *Id.* at 394-95 (citation omitted).  This district follows the majority approach.  *Oakes v. Halverson Marine Ltd.*, 179 F.R.D. 281, 285-86 (C.D. Cal. 1998); *see Loyd v. United States*, 2024 U.S. Dist. LEXIS 235207, *4-*5 (C.D. Cal. Dec. 5, 2024) (overruling defendant's objection based on § 3295 and holding plaintiff is entitled to seek discovery of defendant's financial condition consistent with Fed. R. Civ.

---

[2] The court declines to find a violation of Fed. R. Civ. P. 30(c)(2) and declines to award sanctions requested for the first time in Plaintiff's reply brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-01304-AB (AGRx)                                         Date: November 7, 2025

Title   Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

P.); *Cyr v. Reliance Std. Life Ins. Co.*, 2024 U.S. Dist. LEXIS 221498, *7-*9 (C.D. Cal. Dec. 5, 2024) (same).

      Moreover, the District Court has set a fact discovery cut-off date of December 1, 2025, which is less than one month away. (Dkt. No. 307.) No party has sought modification of the fact discovery cut-off date, which remains binding on this court and the parties. Absent such an order from the District Court, "this is the only opportunity for Plaintiff to obtain relevant and necessary discovery to her punitive damages claim." *Cyr*, 2024 U.S. Dist. LEXIS 221498, *7. Defendant Bjorkman's argument that trial on punitive damages should be bifurcated and related discovery deferred at least until after dispositive motions must be made, if at all, to the District Judge.

      Defendant's objection that Plaintiff's proposed discovery is not proportional to the needs of this case has some merit. Although a defendant's current net worth is relevant to a claim of punitive damages, a request for non-current financial information is generally denied. *BNSF Ry. Co. v. Pac. Steel, Inc.*, 2025 U.S Dist. LEXIS 99181, *23 (S.D. Cal. Apr. 4, 2025) ("only current financial information is relevant to a claim for punitive damages"; collecting cases). "Courts have typically held that two years of financial information is sufficient." *Id.* (collecting cases); *Zarate v. Victory Packaging, LP*, 2023 U.S. Dist. LEXIS 141951, *29 (C.D. Cal. Aug. 14, 2023). When the current year is not complete, courts have ordered production of two full years plus any available information for the current year. *EEOC*, 258 F.R.D. at 395; *see also L.S. v. Oliver*, 2019 U.S. Dist. LEXIS 2019 U.S. Dist. LEXIS 170529, *9-*10 (S.D. Cal. Oct. 1, 2019) (same).

      "In addition, courts have determined that 'discovery related to financial status should be limited to net worth and the production of an annual or period balance sheet under an appropriate protective order.'" *BNSF*, 2025 U.S. Dist. LEXIS 99181, *23-*24 (quoting *EEOC*, 258 F.R.D. at 394). Requests for bank statements, investment account statements, tax returns, and the like are not proportional to the needs of the case. *L.S.*, 2019 U.S. Dist. LEXIS 170529, *2-*3, *10 (denying requests for bank statements, financial statements for entities in which defendant held a financial interest, and statements of assets sold or disposed of).

      Accordingly, IT IS ORDERED that Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                              Date: November 7, 2025

Title  Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

1. Defendant Bjorkman is ordered to produce net worth information for the years 2023 and 2024, and any available information for 2025 (a) in a document production or interrogatory response (b) by November 21, 2025.

2. In all other respects, Plaintiffs' motion is denied.

## II.   *Discovery Conference*

The court and counsel conferred as stated on the record.  With respect to Item No. 5 in the Order dated October 10, 2025 (Dkt. No. 321 at 2), Plaintiff advised that third party Deloitte completed its production.

For the reasons stated on the record, IT IS ORDERED that:

1. On or before November 12, 2025, Plaintiffs shall transmit to all defense counsel a draft stipulation regarding the decision of Plaintiffs Acevedo and Farrell-Nelson not to seek damages based on loss of earnings.  Defense counsel shall respond promptly so that the parties may file the stipulation and proposed order before the District Judge by November 19, 2025.

2. On or before November 13, 2025, Plaintiffs shall identify in writing to defense counsel the bates stamp numbers of the 1099s produced by Plaintiffs Lundy and Sims.

3. On or before November 14, 2025:

   a. Defendant eXp shall complete its rolling production of Deloitte-related documents.

   b. Defendant eXp shall produce the agreed-upon metadata for 16 documents identified by Plaintiffs that were previously produced in .pdf format.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV-23-01304-AB (AGRx) | Date: November 7, 2025 |
| Title | Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al. | |

    c.  Pursuant to the parties' agreement, Defendant eXp shall serve supplemental responses to Golden Document Request Nos. 4, 5, 8, and 10 as set forth in the Joint Agenda (Dkt. No. 338 at 2).

|  |  |
|---:|:---|
|  | 0:45 |
| **Initials of Preparer** | kl |