WILLIAM E. PALLARES, SB# 187740
  E-Mail: William.Pallares@lewisbrisbois.com
MICHAEL A. ARIAVAND SB#336500
  E-Mail: Michael.Ariavand@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

MAKENZIE L. KRAUSE, (*admitted pro hac* MN SB# 0401841)
  E-Mail: Makenzie.Krause@lewisbrisbois.com
AMANDA G. SPEROW, (*admitted pro hac* MN SB# 0403200)
  E-Mail: Amanda.Sperow@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Telephone: 612.428.5000
Facsimile: 612.428.5001
*Admitted Pro Hac Vice*

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**DECLARATION OF WILLIAM E. PALLARES IN SUPPORT OF DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC. AND GLENN SANFORD'S APPLICATION TO FILE UNDER SEAL ITS SUPPLEMENTAL BRIEF ISO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR PROTECTIVE ORDER**<br><br>Trial Date:    July 13, 2026 |

## DECLARATION OF WILLIAM E. PALLARES

I, William E. Pallares, declare:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and am a partner of Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants eXp REALTY, LLC, eXp WORLD HOLDINGS, INC. and GLENN SANFORD's ("eXp") in the above-referenced Action. I have personal knowledge of the facts herein and if called to testify I could and would competently testify thereto.

2. On November 19, 2025, eXp will file an Application to file under seal an unredacted Supplemental Brief ISO its Opposition Brief, the unredacted Declaration of William Pallares in opposition to Plaintiffs' Ex Parte Application for a Protective Order ("Plaintiffs' Application"), and accompanying Exhibits A & B identified in the Declaration of William E. Pallares.

3. On December 5, 2023, this Court entered a Joint Stipulated Protective Order (Dkt. 151) to safeguard the confidential nature of certain documents and information. eXp seeks to file under seal information protected by the terms of the Protective Order.

4. As set forth in eXp's concurrently filed Application, the unredacted Supplemental Brief ISO its Opposition Brief and an unredacted Declaration of William Pallares including Exhibits A-B in opposition to Plaintiffs' Application will include the depositions of Megan Farrell-Nelson.

5. Pursuant to Local Rule 79-5.2.2(a)(i), this Declaration is filed to establish that all of the materials designated by eXp to be sealed are sealable. After a careful review of these materials, the undersigned respectfully submits the Court too will find that good cause exists to keep all the designated materials sealed. As mentioned, the Court also already entered a Protective Order on May 12, 2023 (Dkt. 80), which covers the confidential documents and information eXp now seeks to

keep under seal. See *Rich v. Hewlett-Packard Co.*, 2009 U.S. Dist. LEXIS 64033, at *4 (N.D. Cal. July 20, 2009) ("When a district court grants a protective order to seal documents during discovery, it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

6. A vast majority of the district courts in the 9th Circuit routinely apply the "good cause" standard to non-dispositive motions like a Motion for Class Certification to determine whether an application to keep documents under seal should be granted. *In re High-Tech Emple. Antitrust Litig.*, 2013 U.S. Dist. LEXIS 6606, at *8 (N.D. Cal. Jan. 15, 2013); *see also, e.g.*, *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, 2012 U.S. Dist. LEXIS 158537 (N.D. Cal. Nov. 5, 2012); *Vietnam Veterans of America v. C.I.A.*, 2012 U.S. Dist. LEXIS 44112 (N.D. Cal. March 29, 2012); *Buchanan v. Homeservices Lending LLC*, 2012 U.S. Dist. LEXIS 162170 (S.D. Cal. Nov. 13, 2012); *Davis v. Social Service Coordinators, Inc.*, 2012 U.S. Dist. LEXIS 87019 (E.D. Cal. June 22, 2012); *Rich v. Hewlett-Packard Co.*, 2009 U.S. Dist. LEXIS 64033 (N.D. Cal. Jul. 20, 2009). This Court should also apply the good cause standard, which is easily met here.

7. Further, Federal Rule of Evidence 412 requires all evidence which may fall within the prohibition of Rule 412(a) be filed under seal unless and until a court determines otherwise. Fed. R. Evid. 412(c)(2).

8. Good cause exists to grant eXp's Application for Leave to File Under Seal because the briefing touches on issues as to Rule 412 analysis which contain proprietary, sensitive, and confidential information.

9. As the Parties stipulated in the Protective Order entered into by the Court, this Action involves non-public private and confidential sensitive information. The confidential information eXp seeks to file under seal consist of the Declaration of William E. Pallares and briefing which include discussions and

1. evaluations regarding confidential private individual information, information which may fall under the scope of Rule 412, or other confidential information, or information otherwise generally unavailable to the public. *See Evans v. DSW, Inc.*, 2018 U.S. Dist. LEXIS 218829, at *11 (C.D. Cal. Aug. 17, 2018) ("[a]lthough a request to seal judicial records offends the presumption in favor of public access, the right of access 'is not absolute.'").  All the portions of the brief eXp seeks to be kept under seal here fit these precise definitions. *Rich v. Hewlett-Packard Co.*, 2009 U.S. Dist. LEXIS 64033, at *4-5 (N.D. Cal. July 20, 2009) (holding that where exhibits attached to the moving party's declaration are subject to a protective order, and the declaration contains no other material content, "the [] Declaration and the portions of the motion for class certification that discuss it should be filed under seal.").

9. eXp respectfully asks this Court to keep under seal their Supplemental Brief ISO Opposition Brief, the Declaration of William Pallares in opposition to Plaintiffs' Ex Parte Application for a Protective Order, and accompanying Exhibits A-B identified in the Declaration of William Pallares.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed on November 19, 2025, in Los Angeles, California.

/s/ *William E. Pallares*
WILLIAM E. PALLARES

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically transmitted the foregoing attached document to the Clerk's office using the Court's CM/ECF System.

                                                   /s/ *Debbie Wilhelm*
                                                   DEBBIE WILHELM