Jennifer A. Lenze, Esq., CA Bar No. 246858
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com
Attorney for Plaintiff

Brooke Cohen, Esq., TX Bar No. 24007019 PHV Admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV Admitted
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br>        Plaintiffs,<br>        v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVIS S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br>        Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>Hon. Andre Birotte, Jr.<br><br>**PLAINTIFFS' NOTICE AND MOTION FOR PROTECTIVE ORDER TO PRECLUDE PRODUCTION OF THIRD-PARTY VIDEO, MEMORANDUM OF POINTS AND AUTHORITIES** |

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................... 1

II.   FACTUAL BACKGROUND ....................................................................... 2

III.  LEGAL STANDARD .................................................................................. 3

    A. Rule 26(c) Protective Orders .................................................................. 3

    B. Rule 26(b)(1) Relevance and Proportionality ......................................... 4

    C. Non-Party Privacy .................................................................................. 4

IV.   ARGUMENT ............................................................................................... 4

    A. The Existence of Third Party's Video is Not in Dispute ......................... 4

    B. The Third Party's Privacy Rights Require Protection and Defendant's
       Possession Does Not Usurp the Third-Party Right of Privacy ................. 4

    C. Rule 26(c)(1) Protection Is Necessary to Prevent Embarrassment, Oppression,
       and Undue Burden ................................................................................... 5

V.    REQUESTED RELIEF ............................................................................... 6

VI.   CONCLUSION ............................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646 (9th Cir. 1980)......................4, 5

*Gonzalez v. Google Inc.,* 234 F.R.D. 674 (N.D. Cal. 2006) .............................................5

*Hallett v. Morgan*, 296 F.3d 732 (9th Cir. 2002)............................................................4

*Phillips v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).......................................3

*Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594 (D. Nev. 2016) ...............................4

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984).......................................................3

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) ...........................................4, 5

**Rules**

Fed. R. Civ. P. 26(b)(1)....................................................................................................4

Fed. R. Civ. P. 26(c)(1)............................................................................................2, 3, 6

Federal Rule of Civil Procedure 26(c) ............................................................................1

**PLAINTIFFS' NOTICE AND MOTION FOR PROTECTIVE ORDER**

**PLAINTIFFS' NOTICE AND MOTION FOR PROTECTIVE ORDER TO
PRECLUDE PRODUCTION OF THIRD-PARTY VIDEO**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Plaintiffs will and hereby do move this Court for

a Protective Order under Federal Rule of Civil Procedure 26(c) precluding Defendant

Bjorkman producing and further disseminating a video of a third-party who has not

consented to its production.

This Motion is made pursuant to Magistrate Judge Rosenberg's Request for

briefing prior to the hearing set for November 24, 2025.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant Michael Bjorkman (hereinafter referred to as "Defendant" or

"Defendant Bjorkman") seeks to produce into discovery a private video depicting an

uninvolved third-party,                                (hereinafter referred to as

"third-party), who has expressly declined to allow its disclosure in this litigation.

Although            (hereinafter referred to as "Plaintiff") once forwarded a copy of the

video to Defendant when they were close friends, that personal transmission did not

confer on Defendant any right to circulate the recording in federal litigation. The third-

party holds her own independent privacy rights under federal law and the California

Constitution, and those rights cannot be waived or overridden by Plaintiff or by

Defendant merely because he possesses a copy.

**PLAINTIFFS' NOTICE AND MOTION FOR PROTECTIVE ORDER**

Despite the sensitivity of the recording and the third-party's lack of consent, Defendant expressed his intent to produce the video in discovery without notifying the third-party, seeking consent, or identifying any legitimate discovery need for circulating the video itself. *See Cohen Decl. ¶ 3.* Defendant claims he needs to produce the video to provide an "innocent reason" for filming Plaintiff while she was impaired on the night of her assault, yet that claimed motive can be addressed through testimony, without disseminating a private, highly embarrassing video of a non-party. *See*

. *¶¶ 6–8.*

Rule 26 obligates courts to safeguard non-parties from intrusive, humiliating, and unnecessary disclosures, and authorizes protective orders to prevent "embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). The third-party is not a witness, is not involved in this case, and has expressed her profound objection and fear of reputational harm if the video is produced. *See*                    . *¶¶ 7–10.* Defendant's attempt to produce a highly personal third-party video disregards the privacy interests of an uninvolved person. A protective order, therefore, is necessary to preclude production or dissemination in any form at this time.

## II.    FACTUAL BACKGROUND

Plaintiff and Defendant Bjorkman were close friends and business partners before her assault. As explained in the          Declaration, prior to assault in 2019, Plaintiff forwarded Defendant a short, private video of the third-party, recorded on the third-party's twenty-first birthday while she was extremely intoxicated and making

**PLAINTIFFS' NOTICE AND MOTION FOR PROTECTIVE ORDER**

immature and embarrassing remarks. *See*              *¶¶6- 8.* The third-party was deeply

upset that Plaintiff had shared it, insisted it be deleted which Plaintiff did, and has

refused consent to its production. *See*              *¶¶ 9-10.*

The third-party is not involved in this case, has no first-hand knowledge of the

events, and is not identified as a witness. *See*              *¶¶ 5, 16.* The third-party fears

severe reputational and emotional harm if the video were produced in this lawsuit. *See*

*. ¶¶ 11-13.*

During a meet-and-confer, Defendant's counsel confirmed Defendant intends to

produce the video despite Plaintiffs' objections and over third-party's lack of

consent. *See Cohen Decl. ¶ 4.* Defendant's counsel articulated no need for producing

the actual video when testimony about the video would be sufficient. *See Cohen Decl.*

*¶ 6.*

### III.    LEGAL STANDARD

### A. <u>Rule 26(c) Protective Orders</u>

Rule 26(c)(1) permits courts to issue protective orders to prevent "annoyance,

embarrassment, oppression, or undue burden or expense." Courts have broad discretion

to limit discovery to prevent such harm. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20,

34–35 (1984). This authority is especially vital where discovery implicates the privacy

of third parties. *Id.* at 35 n.21; *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11

(9th Cir. 2002).

**B. <u>Rule 26(b)(1) Relevance and Proportionality</u>**

Discovery must be both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Courts routinely bar discovery where the requested material is highly private, minimally relevant, and risks significant harm. *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603–05 (D. Nev. 2016); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**C. <u>Non-Party Privacy</u>**

Non-party privacy interests receive heightened protection. *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). These interests include dignity, reputation, and the right to be free from unnecessary intrusion. *Soto v. City of Concord*, 162 F.R.D. 603, 616–17 (N.D. Cal. 1995).

IV.    ARGUMENT

**A. <u>The Existence of Third Party's Video is Not in Dispute</u>**

The existence of the video and its contents are not at issue. Defendant's claimed need—to show an "innocent reason" for filming Plaintiff—can be addressed entirely through testimony. Defendant's counsel conceded during the meet-and-confer that Defendant merely wanted to offer his own explanation, not resolve any factual dispute requiring the video itself. *See Cohen Decl. ¶ 6.*

**B. <u>The Third Party's Privacy Rights Require Protection and Defendant's Possession Does Not Usurp the Third-Party Right of Privacy</u>**

Plaintiff did not and does not have consent to produce the third-party video or to waive the third-party's privacy rights. *See*                    *¶¶ 12.* Courts give special weight

4

to the privacy rights of non-parties, particularly concerning sensitive or personal

materials. *Dart*, 649 F.2d at 649; *Soto*, 162 F.R.D. at 616–17. Disclosure here would

cause significant, lasting harm to a person who is not before the Court and has no

connection to the litigation.

Plaintiff regrets having forwarded the video to Defendant Bjorkman, and as such,

deleted it shortly thereafter. *See* ¶¶*8-9.* The third-party never consented to

its disclosure and has consistently expressed her objection and fear of reputational

harm. *See* ¶¶*9, 10, 12.*

Defendant's counsel acknowledged no procedural step was taken to respect or

evaluate the third party's privacy rights. *See Cohen Decl. ¶ 4.* Defendant's mere

possession of the video does not authorize its circulation within federal litigation,

where privacy rights and proportionality govern disclosure. *Gonzalez v. Google Inc.,*

234 F.R.D. 674, 684 (N.D. Cal. 2006).

## C. Rule 26(c)(1) Protection Is Necessary to Prevent Embarrassment, Oppression, and Undue Burden

Disclosure of the video would embarrass and harm a young woman who is not a

party, not a witness, and not involved in any event at issue. *See* ¶¶ *7, 13,16-*

*17.* The video contains material she finds deeply embarrassing and fears would harm

her reputation if shared. *See* . ¶¶ *9, 11, 13.*

Allowing Defendant to produce this sensitive third-party video without consent

creates undue pressure and emotional distress for Plaintiff by

. Courts recognize that discovery cannot be used in a manner that functions as intimidation, embarrassment, or psychological leverage. See Fed. R. Civ. P. 26(c)(1). *See also* ¶*14-15.*

The above is precisely the type of oppression, undue burden, and embarrassment Rule 26(c) is designed to prevent.

## V.    REQUESTED RELIEF

Plaintiffs respectfully request that the Court:

1. Preclude Defendant Bjorkman from producing the video;

2. Order that any copies of the video currently in Defendant Bjorkman's possession remain confidential and unshared absent further Court order; and

3. Grant such other and further relief as the Court deems just and proper.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Protective Order preventing production of the third-party video.

Date: November 23, 2025            By: /s/ Jennifer A. Lenze
                                   Jennifer A. Lenze (CA No 246858)
                                   LENZE LAWYERS, PLC
                                   999 Corporate Drive, Suite 100
                                   Ladera Ranch, California 92694
                                   Telephone (310) 322-8800
                                   jlenze@lenzelawyers.com

                                   Brooke F. Cohen TX 24007019 PHV Adm
                                   Andrea S. Hirsch, GA 666557 PHV Adm
                                   COHEN HIRSCH, LP
                                   5256 Peachtree Road, Suite 195-E
                                   Atlanta, Georgia 30341

Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all

counsel of record by way of the Court's CM/ECF filing system this 23rd day of

November 2025.

/s/ Brooke F. Cohen
Brooke F. Cohen