CHESNOFF & SCHONFELD
RICHARD A. SCHONFELD, ESQ. (SBN 202182)
Email: rschonfeld@cslawoffice.net
ROBERT Z. DEMARCO, ESQ. (admitted *pro hac vice*)
Email: rdemarco@cslawoffice.net
520 S. 4th Street
Las Vegas, NV 89101
Telephone: 702-384-5563
Facsimile: 702-598-1425
Attorneys for Defendant
Michael Bjorkman

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, *et al.*, | ) Case No. 2:23-CV-01304-AB-AGR |
| Plaintiffs, | ) **DEFENDANT MICHAEL** |
| v. | ) **BJORKMAN'S OPPOSITION** |
| | ) **TO PLAINTIFFS' MOTION** |
| EXP REALTY, LLC, *et al.*, | ) **FOR PROTECTIVE ORDER** |
| | ) **TO PRECLUDE PRODUCTION** |
| | ) **OF THIRD-PARTY VIDEO** |
| Defendants. | ) **Hearing Date: 11/24/25** |
| | ) **Hearing Time: 10:30am** |

COMES NOW, Defendant Michael Bjorkman, by and through his undersigned counsel and hereby submits this Opposition to Plaintiffs' Motion for Protective Order to Preclude Production of Third-Party Video.

**Issue Presented:**

It should be noted that because this is a publicly filed brief, the non-party will not be identified by name and/or context. Additionally, the description of the video at issue will be stated in very general terms.

In discovery in this case there have been two videos produced by Plaintiffs that make the non-party video relevant. One of the videos that Plaintiffs produced was designated as attorney's eyes only.

As a result of the Plaintiffs producing both of those videos they have placed at issue the propriety of Mr. Bjorkman allegedly recording one of the videos and have placed at issue the conduct of Mr. Bjorkman in both of the videos.

The Plaintiffs have therefore made the context of those two videos relevant. The video now at issue was sent to Mr. Bjorkman by a Plaintiff and is evidence to rebut Plaintiffs' claim that Mr. Bjorkman's alleged video taking was highly offensive. The reason this rebuts the claim is that a Plaintiff sent a nearly identical video (the one at issue) of a non-party to Mr. Bjorkman.

Mr. Bjorkman notified Plaintiffs of his intent to produce the non-party video as part of discovery in this case. As a courtesy, Mr. Bjorkman's counsel offered for the Plaintiffs to produce that video with any designation they desired (i.e. attorney's eyes only) as opposed to Mr. Bjorkman producing it.

Rather than producing the video with attorney's eyes only designation, the Plaintiffs are attempting to prevent the video from being produced entirely and therefore not being used for purposes of trial (or otherwise) in this matter.

That is the procedural history that gives rise to this dispute.

**Statement of the Law:**

"District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.' " *Id.* (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). This standard is a "low bar." *Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021).

The video at issue is clearly relevant, unless the Plaintiffs withdraw the two videos that they have produced as evidence in this case.

As to the claim of third party privacy, there is a protective order in place and the Plaintiffs were given the option of producing the video with attorney's eyes only designation.  It should further be noted that it was a Plaintiff that sent this video to Mr. Bjorkman in an unrestricted capacity.

Given the context described herein, if any remedy is to be implemented, the protective order is the remedy.

It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct*., 187 F.3d 1096, 1103 (9th Cir. 1999); accord *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002). Rule 26 provides that "[t]he court may, for good cause, issue [a protective] order" limiting access to pretrial discovery. See Fed. R. Civ. P. 26(c).

The party seeking to limit access to pretrial discovery has the burden of proving "good cause" for doing so. See *In the Matter of Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011), cert. denied, 566 U.S. 922, 132 S.Ct. 1867, 182 L.Ed.2d 645 (2012); *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003). "Good cause" requires a threshold showing that "specific prejudice or harm will result" from disclosure. See *id*; see also *Phillips*, 307 F.3d at 1211 (in the "good cause" analysis, the court first must determine whether disclosure of the item will result in "particularized harm"). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Industries, Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir.), cert. denied, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992) (citations and quotations omitted).

Here, the only alleged good cause is third party privacy. If the Court accepts
the concerns lodged by Plaintiffs, then the remedy is that the video be produced
under the terms of the Protective Order.

If the court finds that particularized harm will result from disclosure of
pretrial discovery to the public, it must then balance the public and private interests
to determine whether maintaining a protective order is necessary. *Phillips*, 307
F.3d at 1211. The Ninth Circuit has "directed courts doing this balancing to
consider the factors identified by the Third Circuit in *Glenmede Trust Co. v.*
*Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)." *In re Roman Catholic Archbishop of*
*Portland in Oregon*, 661 F.3d at 424. These factors are:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an
improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

(4) whether confidentiality is being sought over information important to public
health and safety;

(5) whether the sharing of information among litigants will promote fairness and
efficiency;

(6) whether a party benefitting from the order of confidentiality is a public entity or
official; and

(7) whether the case involves issues important to the public.

*Id*. at 424, n.5 (quoting *Glenmede Trust*, 56 F.3d at 483).

However, these factors "are neither mandatory nor exhaustive." *Id*.

In this instance, given that there is already a Protective Order in place, if the Court finds that some form of protection is warranted the video can be produced subject to designation as confidential or even attorney's eyes only under the Protective Order.

There is no basis for prohibiting the video from being produced and used as evidence in this case.

Dated this 24th day of November, 2025

> Respectfully Submitted:
>
> CHESNOFF & SCHONFELD
>
> /s/ Richard A. Schonfeld
> RICHARD A. SCHONFELD, ESQ.
> (SBN 202182)
> Email: rschonfeld@cslawoffice.net
> ROBERT Z. DEMARCO, ESQ.
> (admitted *pro hac vice*)
> Email: rdemarco@cslawoffice.net
> 520 S. 4th Street
> Las Vegas, NV 89101
> Telephone: 702-384-5563
> Facsimile: 702-598-1425
> Attorneys for Defendant
> Michael Bjorkman

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing brief was electronically served on the 24th day of November, 2025, via the Court's electronic filing system, on all those registered for electronic service.

Dated this 24th day of November, 2025.

<u>    /s/ Rosemary Reyes  </u>
Rosemary Reyes