**GREENBERG TRAURIG, LLP**
Ivy A. Wang (SBN CA 224899)
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com

Shauna E. Imanaka (SBN CA 315742)
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.8500
Facsimile: 650.328.8508
imanakas@gtlaw.com

Joseph M. Dietrich (SBN CA 328296)
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
Joe.Dietrich@gtlaw.com

Daniel J. Wadley (*Admitted Pro Hac Vice*)
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6900
Facsimile: 801.994.9041
wadleyd@gtlaw.com

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
William E. Pallares (SBN CA 187740)
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
William.Pallares@lewisbrisbois.com

Kyle Maland (SBN CA 292210)
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627
Kyle.Maland@lewisbrisbois.com

Attorneys for Defendants eXp Realty, LLC; eXp World Holdings, Inc.; and Glenn Sanford

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO; TAMI SIMS; CHRISTIANA LUNDY; and MEGAN FARRELL-NELSON, <br><br> Plaintiffs, <br><br> v. <br><br> eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; AND GLENN SANFORD; and DOES 1–10 inclusive, <br><br> Defendants. | CASE NO. 2:23-cv-01304-AB-AGR <br><br> **DEFENDANTS eXp REALTY, LLC and eXp WORLD HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** <br><br> Date:  January 9, 2026 <br> Time: 10:00 a.m. <br> Ctrm: 7B, 7th Floor <br><br> Action Filed:  February 22, 2023 <br> FAC Filed: March 23, 2023 <br> SAC Filed: February 28, 2024 <br> TAC Filed: October 27, 2025 |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on January 9, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable André Birotte Jr., United States District Judge, Central District of California, located at United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 7B, Defendants eXp Realty, LLC, and eXp World Holdings, Inc. (collectively, "Defendants"), move for an order dismissing Count XIII (alleging fraudulent misrepresentation by Plaintiffs Tami Sims, Megan Farrell-Nelson and Fabiola Acevedo against Defendants eXp Realty, LLC and eXp World Holdings, Inc.) of the Third Amended Complaint under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 9(b).

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, all pleadings and papers on file, any Reply Memorandum Defendants may file, and upon such arguments and other matters as may be presented at the time of the hearing or otherwise.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 13, 2025. [Declaration of Daniel J. Wadley, ¶ 1.] During the telephone call both sides had an opportunity to discuss the issues relating to Defendants' motion but were unable to reach a resolution. [*Id.* ¶ 3, 4.] The parties concluded the conference without an agreement, thereby necessitating the filing of this motion. [*Id.* ¶ 5.]

Dated: November 24, 2025          GREENBERG TRAURIG, LLP

By: */s/ Ivy A. Wang* _____
Ivy A. Wang
Shauna E. Imanaka
Joseph M. Dietrich
Daniel J. Wadley
*Attorneys for Defendants eXp Realty, LLC;*
*eXp World Holdings, Inc.; and Glenn Sanford*

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

# **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT .................................................................. 6

II.    STATEMENT OF FACTS ...................................................................... 8

III.   LEGAL STANDARD ............................................................................ 10

    A.     General Federal Pleading Standards: FRCP Rules 8(a), 12(b)(6), and 8(e). ........................................................................................... 10

    B.     FRCP Rule 9(b): The Heightened Pleading Standard for Fraud-Based Claims. ................................................................................... 11

IV.    ARGUMENT .................................................................................... 11

    A.     Plaintiffs' Fraudulent Misrepresentation Claim is Barred by the Economic Loss Rule. ................................................................... 11

    B.     Even If Plaintiffs Could Bring A Fraud Claim, The Claim Should Be Dismissed Because Plaintiffs Have Failed to Allege Each Required Element of Fraud. ....................................................................... 15

    C.     Plaintiffs Have Failed to Plead the Elements of Fraud with the Required Particularity Under FRCP 9(b). ................................... 19

    D.     Should This Court Deny This Motion, Good Cause Exists to Modify the Scheduling Order. ................................................................... 22

V.     CONCLUSION .................................................................................. 23

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................10, 11

*Cisneros v. Instant Cap. Funding Grp., Inc.*,
  263 F.R.D. 595 (E.D. Cal. 2009) ............................................... *passim*

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997).............................................................19, 20

*Dutra v. J.R. Simplot*,
  No. 2:21-cv-01054-TLN-CKD, 2023 WL 113846 (E.D. Cal. Jan. 5, 2023)..............16, 17

*In re Finjan Holdings, Inc.*,
  58 F.4th 1048 (9th Cir. 2023) ...........................................................11

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
  483 F. Supp. 3d 838 (C.D. Cal. 2020) ...............................................13, 14

*Fram v. Memory Enterprises, LLC*,
  2018 WL 5903920 (C.D. Cal. Aug. 21, 2018)......................................15

*Garces v. Gamboa*,
  2023 U.S. Dist. LEXIS 72756 (E.D. Cal. April 25, 2023) ...................22

*Hinesly v. Oakshade Town Center*,
  135 Cal. App. 4th 289 (2005) ...........................................................16

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992)..............................................................22

*Kelley v. Corr. Corp. of Am.*,
  750 F. Supp. 2d 1132 (E.D. Cal. 2010)...........................................16, 21

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

*Landa v. FCA U.S. LLC*,
    2021 U.S. Dist. LEXIS 78873 (C.D. Cal. Mar. 23, 2021).................................14

*Mosqueda v. Am. Honda Motor Co., Inc.*,
    443 F. Supp. 3d 1115 (C.D. Cal. 2020) ............................................11

*Naidong Chen v. Fleetcor Techs., Inc.*,
    2017 WL 1092342 (N.D. Cal. Mar. 23, 2017)...................................15

*No Cost Conf., Inc. v. Windstream Comm., Inc.*,
    940 F. Supp. 2d 1285 (S.D. Cal. 2013) ........................................6, 12

*Pastor v. Bank of Am., N.A.*,
    664 F. Supp. 3d 1365 (S.D. Fla. 2023) .........................................12

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) .............................................................13

*Smith v. Allstate Ins. Co.*,
    160 F. Supp. 2d 1150 (S.D. Cal. 2001)..........................................12

*Sum v. FAC US, LLC*,
    No. 222CV00213RGKRAO, 2022 WL 2189628 (C.D. Cal. Apr. 25, 2022) (*italics
    added*)..........................................................................13, 14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ....................................................19

**Other Authorities**

Fed. R. Civ. P. 8(a)......................................................................10

Fed. R. Civ. P. 9(b)...........................................................7, 11, 19, 21

Fed. R. Civ. P. 12(b)(6)................................................................10

Fed. R. Civ. P 16(b)....................................................................22

L.R. 7-3...............................................................................2, 10

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD
AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Plaintiffs Tami Sims, Megan Farrell-Nelson, and Fabiola Acevedo's ("Plaintiffs")
Thirteenth Cause of Action for fraudulent misrepresentation in their Third Amended
Complaint ("TAC") fails to state a claim upon which relief can be granted and therefore
should be dismissed under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

First and foremost, Plaintiffs' newly pled cause of action for fraudulent
misrepresentation is simply a breach of contract claim re-cast as a fraud claim, which the
economic loss rule forbids. *See, e.g., No Cost Conf., Inc. v. Windstream Comm., Inc.*, 940 F.
Supp. 2d 1285, 1301 n.9 (S.D. Cal. 2013) (fraud-based claims "cannot flow from breach of
contract and must arise from a breach of an independent duty based in tort.") For this reason
alone, this cause of action should be dismissed.

Second, even if this cause of action is allowed to proceed as a fraud claim, it should be
dismissed because Plaintiffs have failed to allege the necessary and required elements of
fraud. "The elements of a California fraud claim are: (1) misrepresentation (false
representation, concealment or nondisclosure); (2) knowledge of the falsity (or 'scienter'); (3)
intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."
*Cisneros v. Instant Cap. Funding Grp., Inc.*, 263 F.R.D. 595, 607 (E.D. Cal. 2009), *citing
Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996).  In this case, Plaintiffs have failed to
allege each of these required elements, including (1) an actual false representations by eXp
Realty, LLC or eXp World Holdings, Inc. as opposed to certain eXp-affiliated personnel; (2)
that the eXp Entities knew, at the time the representations allegedly were made, that the
representations were false (i.e., acted with scienter); (3) that the eXp Entities made the
alleged misrepresentations *with the specific intent* to defraud the Plaintiffs *in an effort to
induce reliance*; (4) that the Plaintiffs justifiably relied on the alleged misrepresentations; and
(5) that the Plaintiffs were damaged in some tangible way as a result of the justifiable
reliance.  Because Plaintiffs have failed to adequately plead the elements of fraud, the fraud

1    claim should be dismissed.

2        Third, beyond the requisite elements, Plaintiffs have failed to plead their fraud claim

3    with the particularity required by FRCP 9(b). At minimum, "a pleading must identify the

4    who, what, when, where, and how of the misconduct charged, as well as what is false or

5    misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex

6    rel. v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations

7    omitted), *citing Ebeid ex rel. U,S. v. Lungwitz*, 616 F.3d 993,998 (9th Cir. 2010). Although

8    Plaintiffs allege they reported the sexual misconduct, and that certain eXp-affiliated

9    personnel either failed to investigate the misconduct or reassured Plaintiffs that they would

10   do so, these allegations, by themselves, fall short of sufficiently alleging actual fraud with the

11   requisite particularity – the who, what, when, where, and how of the purported

12   misrepresentation, and what is false and why it is false – that is required by FRCP 9(b), thus

13   requiring dismissal of the claim.

14       Separately, contemporaneously herewith, eXp Realty, LLC ("eXp Realty") and eXp

15   World Holdings, Inc. ("eXp World Holdings") (collectively, "eXp Entities," "eXp

16   Defendants," or "Defendants"), are filing an ex parte Application to Stay Discovery and All

17   Pretrial Deadlines in this matter, pending resolution of this Motion to Dismiss ("Motion"). If

18   this Court denies this Motion, the eXp Defendants will seek additional time to permit

19   discovery and investigation of the facts necessary to support their defense of this last-minute

20   addition to Plaintiffs' claims.  In making this request, Defendants recognize the Court's prior

21   admonitions regarding additional extensions.  Nevertheless, it would be highly prejudicial to

22   Defendants to permit Plaintiffs to allege an entirely new cause of action for fraud only 33

23   days before the close of fact discovery, leaving Defendants with no time to serve discovery

24   requests and obtain deposition testimony on the new claims, and thereby deny Defendants

25   any meaningful opportunity to test the newly alleged cause of action for fraud prior to trial.

26   If this Court grants this Motion, the parties would then be free to continue with the remaining

27   deadlines in this case, including expert discovery and dispositive motions practice.

28                                          7                        2:23-cv-01304-AB-AGR

## II.    <u>STATEMENT OF FACTS</u>

In their recently filed TAC, Plaintiffs Sims, Farrell-Nelson, and Acevedo bring a fraudulent misrepresentation claim against the eXp Defendants. Plaintiffs allege that their Independent Contractor Agreements ("ICA") incorporate eXp's U.S. Policies & Procedures Manual ("Policies and Procedures"). [TAC ¶ 312.] According to Plaintiffs, the Manual states that: (1) "All reported or suspected occurrences of harassment will be promptly and thoroughly investigated," and (2) "All complaints … will be taken seriously and followed through to resolution." [*Id.* at ¶ 313.] Plaintiffs assert that by making these written commitments, the eXp Defendants formed a "binding contract" and assumed a "fiduciary-like (quasi-fiduciary) duty to carry out the promised investigation with reasonable care." [*Id.* ¶ 314.]

The Plaintiffs allege that they separately contacted eXp Realty to report alleged drugging and sexual misconduct involving Defendants Bjorkman and Golden. [*Id.* ¶ 315.] After Farrell-Nelson submitted her formal complaint on September 18, 2020, Plaintiffs allege that certain eXp-affiliated personnel [unspecified as to which eXp entity the individuals were affiliated with]—including individuals identified as Cory Haggard, Stacey Onnen, and Jason Gesing—allegedly told Farrell-Nelson that "eXp [unspecified as to which eXp entity] and its Agent Compliance Committee were investigating the complaints." [*Id.* ¶ 316.] Plaintiffs allege "these representations were untrue." [*Id.*]

Plaintiffs further allege that on October 3, 2020, Plaintiff Sims submitted a complaint to Mr. Haggard "that was replete with misconduct and wrongful acts committed by defendant Bjorkman, defendant Golden," and another agent. [*Id.* ¶ 317.] Plaintiffs Farrell-Nelson and Sims also allege that they requested changes to their sponsorship structure to avoid remaining under Bjorkman and Golden. [*Id.* ¶ 319.] Plaintiffs allege that "eXp [unspecified as to which eXp entity] never held any agent compliance committee meeting following an investigation to determine whether Defendant Bjorkman or Defendant Golden violated any of eXp's [unspecified as to which eXp entity] policies related to the complaints made by Plaintiffs

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

Farrell-Nelson and Sims." [*Id*. ¶ 320.]

Plaintiff Sims alleges she was informed by Haggard on October 6, 2020 that "eXp" [unspecified as to which eXp entity] had terminated Bjorkman and "severed all ties with him." [*Id*. ¶ 329.] Plaintiff Farrell-Nelson alleges that she was told her complaint regarding Golden was being reviewed. [*Id*. ¶ 330.]

Plaintiff Acevedo alleges that at an eXp conference in March 2022 she visited with Defendant Glenn Sanford, CEO of eXp Realty, and informed him of a 2018 incident and asked him to investigate. [*Id*. ¶ 333.] Plaintiff Acevedo alleges that Mr. Sanford "advised Plaintiff Acevedo that he would look into her complaint and asked her to send him an email regarding her complaint." [*Id.*] Plaintiff Acevedo further alleges that, subsequent to her conversation with Mr. Sanford, she contacted additional employees with eXp [often unspecified as to which eXp entity] regarding her complaint and her request that her sponsorship be transferred from Defendant Bjorkman to another eXp Realty agent, but that no adequate help was provided and her sponsorship change request was denied. [*Id*. ¶ 336-348.]

Plaintiffs allege that they "justifiably relied on eXp's [often unspecified as to which eXp entity] false statements that it was conducting an investigation into their complaints that they were drugged and assaulted," and that they "justifiably relied on eXp's [often unspecified as to which eXp entity] false statements that it had severed all ties with Defendant Bjorkman." [*Id.* ¶349.]

Plaintiffs allege that "[t]hese omissions [unspecific as to which "omissions" are being referred to] were material facts that contradicted the eXp Defendants' contractual promise of a 'prompt and thorough' investigation yet were intentionally concealed from Plaintiffs Farrell-Nelson, Sims and Acevedo." [*Id.* ¶ 353.]

Plaintiffs allege that the "eXp Defendants knew they had not conducted the promised investigation, knew that the absence of any investigation was material to Plaintiff Farrell-Nelson, Sims, and Acevedo's continued relationship with eXp, and intentionally

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

misrepresented that fact to induce [Plaintiffs] to remain affiliated with eXp, continue to publicly support eXp, continue to share commissions with eXp, continue to pay eXp's monthly fees, and forego outside complaints." [*Id.* ¶ 354.]

Plaintiffs do not allege in the TAC damages incurred as a result of the alleged false statements.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 13, 2025. [Declaration of Daniel J. Wadley, ¶ 1.] During the telephone call both sides had an opportunity to discuss the issues relating to Defendants' motion but were unable to reach a resolution. [*Id.* ¶ 3, 4.] The parties concluded the conference with an agreement to disagree, thereby necessitating the filing of this motion. [*Id.* ¶ 5.]

## III.    LEGAL STANDARD

### A.    General Federal Pleading Standards: FRCP Rules 8(a), 12(b)(6), and 8(e).

Although plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), the Federal Rules of Civil Procedure allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," and require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

But in *Twombly*, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at 561 (internal quotation omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). In construing the *Twombly* standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. FRCP Rule 9(b): The Heightened Pleading Standard for Fraud-Based Claims.

Furthermore, when fraud is alleged, Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud[.]" At minimum, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso.*, 637 F.3d at 1055 (internal citations omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023).

## IV.   ARGUMENT

### A. Plaintiffs' Fraudulent Misrepresentation Claim is Barred by the Economic Loss Rule.

Plaintiffs' proposed Fraudulent Misrepresentation Claim is barred by the economic loss rule and therefore must be dismissed.

The economic loss rule prohibits a plaintiff from repackaging a breach of contract claim as an independent tort claim (e.g., a claim for fraud). *See, e.g., Mosqueda v. Am. Honda Motor Co., Inc.*, 443 F. Supp. 3d 1115, 1133 (C.D. Cal. 2020) (California's economic loss

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

rule bars tort claims that merely restate contractual obligations, and prevents tort law and contract law from dissolving into one another); *Pastor v. Bank of Am., N.A.*, 664 F. Supp. 3d 1365, 1367 (S.D. Fla. 2023) (to state a claim in tort between two parties in contractual privity the plaintiff must allege action beyond and independent of breach of contract that amounts to an independent tort). In *No Cost Conf., Inc.*., 940 F. Supp. 2d at 1301 n.9, the court explained that fraud-based claims "…cannot flow from breach of contract and must arise from a breach of an independent duty based in tort." Moreover, even if a contract gives rise to an independent tort duty (which it does not here), to establish fraudulent misrepresentation, federal courts require proof of fraudulent intent at the time of the contract's formation. *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) ("fraudulent intent cannot be proven, however, by simply pointing to the defendant's subsequent failure to perform as promised.") (citing *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30–31 (1985). Mere subsequent breach does not prove fraudulent intent. *Id.*

Plaintiffs' fraudulent misrepresentation claim is premised on a provision of the Policies and Procedures that addresses eXp Realty's response to employee complaints. Plaintiffs assert that the eXp Entities represented, by way of the Policies and Procedures, that they would "thoroughly investigate" all complaints, and that "all complaints … will be taken seriously and followed through to resolution." [TAC, ¶ 313.] Plaintiffs allege this duty, created and derived exclusively from the contract documents, created a "fiduciary-like (quasi-fiduciary) duty to carry out the investigation with reasonable care." [*Id.*, ¶ 314.] In situating the "duty" within the ICA and incorporated Policies Procedures, as opposed to some duty existing outside of these contractual documents, Plaintiffs affirmed that their claim derives exclusively from eXp Realty's alleged contractual obligations, as opposed to some separately existing duty.  Plaintiffs then assert that the eXp Defendants failed to follow their Policies and Procedures to conduct a "thorough" investigation, and, further, that the eXp Defendants allegedly concealed (omitted to disclose) this failure to conduct a thorough investigation. [*Id.*, ¶¶ 348-354.]

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

These allegations simply re-cast a breach of contract claim—an alleged failure to properly respond to employee complaints as required by the contractual documents, and alleged omissions of material fact related thereto–as a fraud claim, which the economic loss rule specifically forbids. Plaintiffs' harm (such as can be gleaned from the sparce pleading on this issue) allegedly derives from the eXp Entities' alleged "omissions" regarding their failure to adequately investigate the complained of conduct. [TAC, ¶ 353.] "Stated differently, the foundation of [Plaintiffs'] claim is that [their] expectations … were frustrated because [their complaints were not responded to] … properly as [eXp] promised it would." *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 848 (C.D. Cal. 2020), *discussing Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988, (2004).  Because this is the crux of Plaintiffs' fraud cause of action, the economic loss rule applies to bar Plaintiffs' claim.

An exception to the economic loss rule may apply when a plaintiff alleges a breach violating an independent duty arising from tort law and not from the contract. However, this exception is "narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages *independent* of the plaintiff's economic loss." *Sum v. FAC US, LLC*, No. 222CV00213RGKRAO, 2022 WL 2189628, at *2 (C.D. Cal. Apr. 25, 2022) (*italics added*), *quoting Robinson Helicopter Co.*, 34 Cal. 4th at 993.  For example, a potentially tortious breach of contract could arise from the provision of false certificates certifying conformance with the terms of a contract, but not from the mere failure to meet the terms of the contract.

The decision in *Sum v. FAC US* is instructive.  In *Sum*, the plaintiffs entered into a warranty agreement with the defendant regarding the purchase of a 2015 Dodge Grand Caravan. The vehicle then started exhibiting defects that allegedly were known to the defendant at the time of sale. The plaintiffs brought an action against the defendants for breach of contract and fraud, contending "that they 'would not have purchased [the Vehicle] had the TIPM defect been disclosed prior to sale' and that Defendant 'knew that any

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD
AMENDED COMPLAINT

reasonable consumer would not purchase a vehicle with a defective TIPM, or would pay only substantially less for that vehicle.'" 2022 WL 2189628, at *2.  But because the plaintiffs had failed to allege any damages or conduct independent of the existing warranty agreement, and because plaintiffs had asserted only a fraudulent omission as opposed to an affirmative misrepresentation, the court concluded that the narrow exception to the economic loss rule did not apply.[1]

Nor does the exception to the economic loss rule apply here. Plaintiffs have alleged only that the eXp Entities had a duty under the Policies and Procedures, created by contract and extending from the contract, to properly respond to their complaints by conducting a thorough investigation, and that the eXp Entities failed to disclose to them that they were not conducting such an investigation.  Plaintiffs assert that these "omissions were material facts that contradicted the eXp Entities' *contractual promise* of a 'prompt and thorough' investigation yet were intentionally concealed from [Plaintiffs]." [TAC, ¶353 (emphasis added)].  Because the alleged failure by the eXp Entities was allegedly a breach of their contractual duties, and because the misrepresentations complained of in the TAC were omissions, as described by the Plaintiffs themselves [*see* ¶353], the economic loss rule

---

[1] In elaborating on this analysis, the *Sum* court stated: "[h]ere, Plaintiffs fail to allege any damages or conduct independent of the warranty agreement. *See In re Ford Motor Co. Dps6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 849 (C.D. Cal. 2020) ('In re Ford') ('[T]he economic loss rule turns not on what a plaintiff alleges, but rather on the harm caused (whether it is purely economic) and on the nature of the conduct that caused it, and more particularly on whether that conduct overlaps with a contractual obligation or is independent of it.'). Absent such a showing, Plaintiffs are attempting to 'recover the same economic damages from defects ... that would otherwise fall within the warranty agreement.' *Treuhaft, 2021 U.S. Dist. LEXIS 127536*, at *15. Therefore, Plaintiffs cannot invoke the 'fraudulent inducement exception' to the Economic Loss Rule. *See Landa v. FCA U.S. LLC*, 2021 U.S. Dist. LEXIS 78873, at *8 (C.D. Cal. Mar. 23, 2021) (finding that the Economic Loss Rule applies where an allegedly tortious omission to disclose a defect overlaps with the defendant's alleged breach of warranty obligations); see also *In re Ford*, 483 F. Supp. 3d 838, 849 (C.D. Cal. 2020) (finding same)." *Sum v. FAC US, LLC*, 2022 WL 2189628, at *3.

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD
AMENDED COMPLAINT

precludes a separate fraud claim here. As such, Plaintiffs' fraud claim should be dismissed.

**B.    Even If Plaintiffs Could Bring A Fraud Claim, The Claim Should Be Dismissed Because Plaintiffs Have Failed to Allege Each Required Element of Fraud.**

Beyond the application of the economic loss rule, Plaintiffs' fraudulent misrepresentation claim should be dismissed because Plaintiffs have failed even to allege the necessary elements of a cause of action for fraudulent misrepresentation.

"The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Cisneros v. Instant Cap. Funding Grp., Inc.*, 263 F.R.D. 595, 607 (E.D. Cal. 2009), *citing Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). Plaintiffs have failed to allege each of these required elements, including (1) that eXp Realty or eXp World Holdings, as opposed to certain eXp-affiliated personnel, made a false representation; (2) that the eXp Entities knew, at the time the representation was made, that the representation was false (i.e., scienter); (3) that the eXp Entities made the representation *with the specific intent* to defraud the Plaintiffs *in an effort to induce reliance*; (4) that the Plaintiffs justifiably relied on the representation; and (5) that the Plaintiffs were damaged in some tangible way as a result of their justifiable reliance. Because Plaintiffs have failed to adequately plead the elements of fraud, the fraud claim should be dismissed.

***First***, Plaintiffs have failed to adequately allege a false statement of an existing fact by the eXp Entities.[2] In invoking the Policies and Procedures as at least the initial basis for their

---

[2] Statements regarding what may happen in the future cannot serve as the basis for a fraudulent misrepresentation claim. *See Naidong Chen v. Fleetcor Techs., Inc.*, 2017 WL 1092342, at *13 (N.D. Cal. Mar. 23, 2017) (Under California law, an actionable misrepresentation "must ordinarily be as to past or existing material facts. [P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud.") (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991)).); *Fram v. Memory Enterprises, LLC*, 2018 WL 5903920, at *4 (C.D. Cal. Aug. 21, 2018) ("as a general rule, statements of ostensible fact can serve as the

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

fraud claim, Plaintiffs fail to allege that the representation by eXp Realty that it would undertake an investigation into complaints by agents was false *at the time it was made or was false at the time it was incorporated into Plaintiffs' Independent Contractor Agreements*.[3] There is no evidence whatsoever in this case, either alleged in the TAC or revealed through discovery, that the statement referenced, and incorporated into the Plaintiffs' contractual documents, was false, let alone false at the time it was made. Additionally, Plaintiffs also reference conversations Plaintiffs had with various eXp-affiliated personnel over the course of months and/or years regarding the status of the eXp Entities' investigation into the alleged misconduct. Although Plaintiffs summarily characterized several of these alleged statements as "false," the TAC contains no evidence—even as alleged—as to whether the statements were actually false and/or why they were false at the time they were made. Simply referencing statements and claiming that statements were false does nothing to satisfy the pleading standard for fraud of demonstrating and/or sufficiently alleging an actual false statement.

**Second**, Plaintiffs fail to allege any facts sufficient to establish *knowledge of falsity, or scienter,* regarding representations by the eXp Entities. As an initial matter, Plaintiffs do not even attempt to allege that the eXp Entities knew that the representation in the Policies and Procedures regarding their willingness to investigate employee complaints was false at the

---

basis for a fraud claim, but opinions or predictions regarding future events or the actions of third parties cannot"); *Hinesly v. Oakshade Town Center*, 135 Cal. App. 4th 289, 294 (2005) ("[T]he general rules [are] that an action for fraud must be based on a statement of fact, not opinion, and that statements as to the future actions by some third party are deemed nonactionable opinions.")

[3] Plaintiffs' conclusory assertions regarding the falsity of the statements are insufficient. *See, e.g.*, *Dutra v. J.R. Simplot*, No. 2:21-cv-01054-TLN-CKD, 2023 WL 113846, at *6 (E.D. Cal. Jan. 5, 2023) ("Plaintiff's conclusory allegation essentially states the elements of the cause of action and adds no factual detail. This is insufficient to state a claim."); *Kelley v. Corr. Corp. of Am.,* 750 F. Supp. 2d 1132, 1148 (E.D. Cal. 2010) ("Essentially, Plaintiff invites the court to read into facts that describe nothing more than the basic elements of [the claims] an evil motive based on nothing more than Plaintiff's bare characterization of Defendant's motives as evil.")

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD
AMENDED COMPLAINT

time it was made.  Because there is no such evidence.  Moreover, Plaintiffs fail to allege any evidence that statements ostensibly made by eXp-affiliated personnel regarding efforts to investigate the alleged misconduct were known to be false at the time they were made. Instead, Plaintiffs simply rely on conclusory assertions: "These representations were not true." [TAC ¶ 316, 322.] Plaintiffs' conclusions are insufficient when the required showing is to adequately allege knowledge of falsity at the time the statements were made. *See, e.g.*, *Dutra v. J.R. Simplot*, No. 2:21-cv-01054-TLN-CKD, 2023 WL 113846, at *6 (E.D. Cal. Jan. 5, 2023) ("Plaintiff's conclusory allegation essentially states the elements of the cause of action and adds no factual detail. This is insufficient to state a claim.").

Plaintiffs' failure to adequately plead this element of a fraud claim is brought into even clearer relief by their own allegations, which make it clear that *eXp Realty in fact did undertake an investigation* into the alleged misconduct, including (1) taking written statements regarding the allegations against Bjorkman, Golden and others, (2) speaking with legal counsel, (3) offering to speak to witnesses, (4) terminating the ICA of Bjorkman, and (5) holding meetings with the Agent Compliance Committee. [*See* TAC, ¶¶ 311-357.] Being unhappy with the manner in which the investigation was conducted, or the results of the investigation, are simply not the same thing as the eXp Entities falsely representing that an investigation was being conducted or allegedly omitting material information that such an investigation wasn't being conducted. By Plaintiffs' own allegations, an investigation was conducted, and action was taken as a result of the investigation. As such, Plaintiffs have failed to plead that the eXp Defendants knowingly made false statements.

*Third*, Plaintiffs have failed to plead intent to defraud on the part of the eXp Entities. Plaintiffs' allusions to an intent to defraud boil down to one single paragraph in the TAC:

> "The eXp Defendants knew they had not conducted the promised investigation, knew that the absence of any investigation was material to PLAINTIFFS FARRELL-NELSON, SIMS and ACEVEDO's continued relationship with eXp, and intentionally misrepresented that fact *to induce PLAINTIFFS FARRELL-NELSON, SIMS and ACEVEDO to remain affiliated with eXp, continue to publicly support eXp, continue to share commissions*

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

> with eXp, continue to pay eXp's monthly fees, and forgo outside complaints. Likewise, the eXp Defendants knew they had not severed all ties with DEFENDANT BJORKMAN and intentionally misrepresented that fact to PLAINTIFFS FARRELL-NELSON, ACEVEDO and SIMS *to induce them to remain affiliated with eXp.*"

[TAC ¶ 354, *italics added*.] Seemingly alleging a theory of inducement to stay, Plaintiffs identify no alleged facts to support their allegation: no conversations with eXp employees and no written communications with eXp employees evidencing the supposed intent. Nothing that would substantiate the claim that the eXp Entities were lying to Plaintiffs *in an effort to induce them* to remain affiliated with eXp Realty. Plaintiffs' silence as to any evidence on this element of the fraud claim speaks volumes. As described above, conclusory, superficial allegations, devoid of reference to any supporting evidence, do not satisfy the required pleading of the elements of fraud.

Plaintiffs further fail to adequately plead the fourth and fifth elements of fraud: justifiable reliance and damages resulting therefrom. Although Plaintiffs do summarily reference "justifiable reliance" in ¶ 356 of the TAC, they do not specify what they did, what action they took or what action they refrained from, in allegedly relying on the statements attributed to eXp-affiliated personnel. In addition, although Plaintiffs reference "extreme emotional distress" resulting from their participation in eXp Realty's investigation of their complaints[4] [¶ 355], it is unclear whether this is the only damage Plaintiffs are claiming as a result of the alleged fraudulent conduct by the eXp Entities or if there are other, unspecified damages that Plaintiffs claim as a consequence of the alleged fraudulent misrepresentations. Either way, the pleading as to both of these elements is insufficient. It is not this Court's or Defendants' responsibility to read between the lines of the TAC to guess or discern what action Plaintiffs undertook in reliance on alleged false statements or what damages Plaintiffs claim resulted. It is Plaintiffs' burden to allege. They have failed to do so and, therefore, have

---

[4] This is yet another admission from the Plaintiffs that eXp Realty actually conducted an investigation.

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

1  failed to adequately plead these two necessary elements of fraud.

2      Plaintiffs have failed to properly plead the elements of fraud in the TAC. As a result,

3  the Court should dismiss Plaintiffs' Thirteenth Cause of Action for fraud.

4  **C.    Plaintiffs Have Failed to Plead the Elements of Fraud with the Required Particularity Under FRCP 9(b).**

5

6      In addition to failing even to plead the elements of fraud, in the allegations they do

7  make they fail to plead the elements of fraud with the required particularity under FRCP 9(b).

8  Courts apply FRCP 9(b)'s pleading standard to claims sounding in fraud, requiring a plaintiff

9  to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.

10  9(b). It is a well-established heightened pleading standard reflecting the gravity of a plaintiff

11  alleging fraud against an opposing party. As can be seen from the preceding discussion alone,

12  Plaintiffs' fraud allegations fail to satisfy this particularity requirement.

13      FRCP 9(b) requires factual allegations "specific enough to give defendants notice of

14  the particular misconduct so that they can defend against the charge and not just deny that

15  they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

16  Cir. 2003), *citing Bly-Magee v. California*, 236 F.3d 1014,1019 (9th Cir. 2001). Plaintiffs

17  must plead the "who, what, when, where, and how" of the alleged fraudulent acts. *Cooper v.

18  Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *see also Cisneros v. Instant Capital Funding

19  Grp., Inc.*, 263 F.R.D. 595, 607 (E.D. Cal. 2009) ("Moreover, in a fraud action against a

20  corporation, a plaintiff must 'allege the names of the persons who made the allegedly

21  fraudulent representations, their authority to speak, to whom they spoke, what they said or

22  wrote, and when it was said or written.'"), *quoting Tarmann v. State Farm Mut. Auto. Ins.

23  Co.*, 2 Cal.App.4th 153, 157 (1991).

24      Plaintiffs' pleadings do not satisfy this heightened pleading standard. Indeed, it is

25  difficult to understand the exact nature of Plaintiffs' fraudulent misrepresentation claim. Are

26  Plaintiffs relying on the statement attributed to the Policies and Procedures (which features

27  prominently in the initial paragraphs of this cause of action) regarding eXp Realty's

28

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

willingness to undertake an investigation due to agent complaints?  Or do they simply reference that statement on the way to other alleged misrepresentations, attributed to various individuals regarding the manner in which eXp Realty did, or did not, adequately investigate the alleged misconduct?  Did Plaintiffs even read the Policies and Procedures? The confusion as to which statements underlie the fraud claim, by itself, demonstrates Plaintiffs' failure to plead their fraud claim with adequate particularity.

Even giving the Plaintiffs the benefit of the doubt, which is contrary to the heightened pleading requirement for fraud, and assuming that Plaintiffs' claim centers on eXp Realty's allegedly false representation in the Policies and Procedures that "[a]ll reported or suspected occurrences of harassment will be promptly and thoroughly investigated," and that "[a]ll complaints…will be taken seriously and followed through to resolution [TAC ¶ 315]," Plaintiffs' pleading still fails to allege any facts that establish the "who," "what," "when" and "where" that induced Plaintiffs to enter into ICA agreements with eXp Realty, as discussed at some length above. *See Cooper,* 137 F.3d at 627. Plaintiffs do not allege anything related to how eXp Realty induced them into entering ICA agreements based on the supposed false promise that if they were to have a sexual harassment claim in the future, it would be investigated thoroughly, promptly, and to resolution. And to the extent that the statement set forth in the Policies and Procedures forms the basis of Plaintiffs' fraud claim, there is nothing alleged as to whether and how Plaintiffs relied on the statement in forming their relationship with eXp Realty, let alone that the statement was false and that the eXp Entities knew it was false at the time it was made.

On the other hand, to the extent Plaintiffs' fraud claim is based on various statements attributed to eXp Realty agents and/or affiliated personnel, Plaintiffs once again fail the test for particularity in pleading fraud. "[I]n a fraud action against a corporation, a plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. at 607, *quoting*

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD AMENDED COMPLAINT

*Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th at 157 (1991).  In citing the statements made regarding the investigation into the alleged misconduct, Plaintiffs have made no allegation as to the "authority to speak" by these employees on behalf of eXp Realty or eXp World Holdings. Indeed, they make no effort to distinguish between the two entities, much less explain which individuals are speaking on behalf of which entity. Not all employees of a company are legally empowered to speak on behalf of, and have their statements attributed to, a company. *See id*. The allegations of the TAC are silent as to this important issue, and as such Plaintiffs' pleading is legally deficient.

The same failing to adequately plead fraud with particularity can be seen in the absence of any particularity regarding the element of scienter—knowingly and intending to make a false statement—as well as justifiable reliance by Plaintiffs and damages suffered as a result. As can be seen from the discussion above, neither of these elements have been pled in a way that provides any level of particularity as to the underlying basis of alleging knowing intent on the part of either eXp Realty or eXp World Holdings to deceive Plaintiffs into taking some action, to their detriment, in reliance on the intentional misrepresentations. *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1148 (E.D. Cal. 2010) ("Essentially, Plaintiff invites the court to read into facts that describe nothing more than the basic elements of [the claims] an evil motive based on nothing more than Plaintiff's bare characterization of Defendant's motives as evil."). Did the eXp Entities act with *scienter* in allegedly making misrepresentations to Plaintiffs? The TAC is silent on this issue, as it is with any particularity when it comes to reliance.

The Plaintiffs have not satisfied the heightened pleading standard for fraud under FRCP 9(b). As a result, Defendants are left to guess as to what wrongful statements, representations, and/or omissions they must respond to, contend with, and ultimately defend against. Again, with respect to a fraud claim, it is not for the Court or the Defendants to fill in the holes riddled throughout a complaint for fraud. It is the Plaintiffs' obligation to satisfy the pleading requirement.  They clearly have failed to adequately plead fraud with particularity in

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD
AMENDED COMPLAINT

this case, and as a result their fraud claim should be dismissed.

### D.    Should This Court Deny This Motion, Good Cause Exists to Modify the Scheduling Order.

Defendants are separately requesting, through an ex parte Motion to Stay, that the Scheduling Order be stayed pending a resolution of this Motion.  If this Motion is denied, the eXp Defendants will petition to have discovery extended to allow the parties an opportunity to properly conduct discovery on this newly raised claim.  If this Motion to Dismiss is granted and the cause of action dismissed, the parties can proceed with the remaining elements of this litigation, including expert discovery and dispositive motions practice with new deadlines to accommodate the time necessary to resolve this Motion.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is [therefore] upon the moving party's reasons for seeking modification" and the reasonableness of their efforts to do so. Id.  "Good cause may be found where the moving party shows … that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order." *Garces v. Gamboa*, 2023 U.S. Dist. LEXIS 72756, *6-7 (E.D. Cal. April 25, 2023).

Should this Court deny this Motion, good cause would exist to modify the scheduling order and extend the fact-discovery deadline. The extension would be necessary to allow the parties to adequately, and necessarily, develop the record concerning the newly added fraudulent misrepresentation claim.

As this Court is aware, the parties have been conducting fact discovery at a rapid pace in advance of the current December 1, 2025, deadline. However, the scope of the new allegations—and the written and deposition discovery that would be required to address and respond to them—would necessitate additional time for fact discovery. Without an

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD
AMENDED COMPLAINT

extension, Defendants are unable to serve discovery related to the new claim and receive responses before the existing cutoff, and are similarly unable to obtain deposition testimony relating to the claim. These restrictions would result in severe prejudice to the eXp Entities in mounting a defense to the allegations of fraud.

## V.   **CONCLUSION**

For the foregoing reasons, Count XIII (Fraudulent Misrepresentation) of the Third Amended Complaint should be dismissed.

Dated: November 24, 2025         GREENBERG TRAURIG, LLP

By:/s/ *Ivy A. Wang*_____
   Ivy A. Wang
   Shauna E. Imanaka
   Joseph M. Dietrich
   Daniel J. Wadley
   *Attorneys for Defendants*
   *eXp Realty, LLC; eXp World Holdings, Inc.; and*
   *Glenn Sanford*

NOTICE OF MOTION AND MOTION TO DISMISS COUNT XIII OF THIRD
AMENDED COMPLAINT