JENNIFER A LENZE (246858)
jlenze@lenzelawyers.com
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, CA 92694
Tel: (310) 322-8800 F: (310) 322-8811

BROOKE F COHEN (Pro Hac Vice)
brooke@cohenhirsch.com
ANDREA S HIRSCH (Pro Hac Vice)
andrea@cohenhirsch.com
COHEN HIRSCH, LP
5256 Peachtree Rd., Suite 195-E
Atlanta, GA 30341
Tel: (678) 268-4683

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>**PLAINTIFS' OPPOSITION TO EXP REALTY, LLC AND EXP WORLD HOLDINGS, INC.'S EX PARTE APPLICATION TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES**

## I. INTRODUCTION

Defendants' *ex parte* application is a manufactured "emergency" designed to delay this litigation and re-litigate issues the Court has already decided. Defendants have known about Plaintiffs' proposed fraudulent-misrepresentation claim since June 2025, received a full redline of the proposed TAC on July 6, 2025, opposed the amendment on September 5, 2025, and took no discovery whatsoever directed at that claim even after this Court granted leave to amend on October 23, 2025. Only now—one week before the close of fact discovery—do they claim they "cannot comply" with the Scheduling Order and require a stay of all deadlines. This is the precise type of self-created crisis that cannot support *ex parte* relief.

This Court has already held that amendment would not cause undue delay or prejudice. *See* Order Granting Leave to File TAC (Dkt. 326). Defendants' eleventh-hour attempt to argue otherwise through *ex parte* procedure is improper, untimely, and unsupported by law. The application should be denied.

## II. STANDARD OF LAW

Ex parte relief in the Central District of California is "reserved for extraordinary circumstances" and is governed by the strict standard articulated in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). The moving party must demonstrate both:

1. It will suffer irreparable prejudice if the underlying matter proceeds on a regular

1

noticed-motion schedule; and

2. The emergency was not created by the moving party's own delay or lack of diligence.

*Id.* at 492. *Mission Power* is explicit: "The Court will not consider a crisis to be an emergency that the parties have created by their own wrongdoing or delay." *Id.*

When a party seeks to continue deadlines or reopen discovery, it must satisfy Federal Rule of Civil Procedure 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent." The Ninth Circuit defines "good cause" narrowly. The moving party must show:

1. It could not meet the deadline despite its diligent efforts, and

2. The need for modification arose from matters not reasonably foreseeable at the time of the Scheduling Order.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Diligence is the central inquiry: "If the party seeking modification was not diligent, the inquiry should end." *Id.* Likewise, a party cannot manufacture good cause by delaying action within its control. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of modification where party failed to act diligently).

This Court's Scheduling Order (Dkt. 307) imposes an even stricter requirement, providing that no further continuances will be granted absent exceptional circumstances. Failure to act despite knowledge of deadlines does not constitute exceptional circumstances.

## III. ARGUMENT

### A. Defendants Cannot Satisfy the Ex Parte Standard

*Ex parte* relief in the Central District is reserved for genuine emergencies—not foreseeable circumstances brought about by a party's own lack of diligence. Under *Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995), Defendants must show: (1) Irreparable prejudice if the matter is heard on a regular noticed-motion schedule; and (2) That the crisis is not of their own making. Defendants satisfy neither requirement.

Wanting more discovery is not irreparable harm. It is a scheduling issue properly addressed through a noticed Rule 16(b) motion—one Defendants never filed. Defendants' alleged "harm" is their inability to conduct discovery they declined to pursue for months. Moreover, *Mission Power* is dispositive: "The Court will not consider a crisis to be an emergency that the parties created by their own wrongdoing or delay." *Id.* at 492.

The record shows:

- Plaintiffs disclosed the fraud theory in June 2025. (ECF No. 303-2, ¶ 33)
- Plaintiffs sent a full redline TAC on July 6, 2025. (ECF No. 303-2, ¶ 37)
- Defendants opposed amendment on September 5, 2025, but <u>never</u> claimed they needed additional discovery (ECF No. 312).
- The Court granted leave to amend on October 23, 2025, yet Defendants served no discovery, noticed no depositions, and filed no Rule 16(b)(4) motion.

3

- Only on November 24, 2025, do Defendants claim an emergency.

A party cannot manufacture non-compliance and then use *ex parte* procedure to escape the consequences of its own inaction. *Ex parte* relief is categorically improper here.

**B. Defendants' Request Also Fails Under Rule 16(b)(4)**

Even if Defendants could reach the merits, their request collapses under Rule 16(b)(4). To modify a Scheduling Order, a party must show: (1) the deadline could not be met despite due diligence, and (2) the need for modification arose from matters not reasonably foreseeable. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Defendants fail both prongs.

For Defendants' request to make any sense, they would have to assert they "could not have known" Plaintiffs would add a fraud claim and they would need discovery on that claim. The record proves otherwise:

- Plaintiffs disclosed the amendments months before filing.

- Defendants received a redline TAC with the fraud section included.

- Defendants briefed the motion for leave and argued futility—but never argued they needed discovery.

A claim cannot be "unforeseeable" when the opposing party received it in writing four months ago, litigated it, and simply ignored the scheduling consequences.

Diligence is the touchstone of Rule 16(b)(4). *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087-1088 (9th Cir. 2002). Defendants' conduct shows the opposite:

- They took no discovery relating to the fraud claim.

4

- They served no written discovery after the amendment order related to the fraud claim.

- They noticed no depositions related to the fraud claim.

- They filed no Rule 16(b)(4) motion until this *ex parte* application.

It is undeniable that Defendants waited over 30 days after the Court granted leave to amend to raise this issue. A party that takes no action for months cannot claim "good cause." Under *Zivkovic*, the inquiry "should end." *Id*. (Court holding that when the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted.)

### C. This Court has already rejected Defendants' argument

In granting leave to amend (Dkt. 326), this Court rejected Defendants' argument that the amendment would cause undue delay or prejudice. Rule 15 requires the Court to consider prejudice; Rule 16 required the Court to consider diligence. Defendants now attempt to revisit those issues through a procedural side-door. That is improper.

Moreover, the September 2, 2025 Order states: "Absent exceptional circumstances, no further continuances will be allowed." (Dkt. 307.) Defendants identify nothing exceptional. Their argument reduces to: "We ignored this issue for months, and now we ran out of time." That is not exceptional—it is inexcusable.

### IV. CONCLUSION

This case was filed on February 22, 2023. The scheduling order has already been modified five (5) times [ECF. Nos. 171, 198, 214, 238, 307] discovery finally closes on December 1, 2025. More than 40 depositions have been conducted, many of which

occurred over multiple sessions exceeding 15 hours.  Extending the discovery period or permitting a stay would halt expert work, derail dispositive-motion preparation, and reward Defendants for tactical delay.

Defendants' *ex parte* application should be denied because it fails both prongs of the *Mission Power* test and cannot satisfy Rule 16(b)(4)'s good-cause standard. Defendants created this problem by choosing not to pursue discovery on a claim they knew about for months. They cannot manufacture an emergency and obtain relief through *ex parte* procedure.  Plaintiffs respectfully request the Court deny Defendants' application in full.

Date: November 26, 2025

Respectfully, submitted,

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

BROOKE F COHEN (Pro Hac Vice)
brooke@cohenhirsch.com
ANDREA S HIRSCH (Pro Hac Vice)
andrea@cohenhirsch.com
COHEN HIRSCH, LP
5256 Peachtree Rd., Suite 195-E
Atlanta, GA 30341
Tel: (678) 268-4683

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Central District of California by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Andrea Hirsch

Andrea Hirsch