Ivy A. Wang (SBN CA 224899)
Daniel J. Wadley (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Ivy.Wang@gtlaw.com
wadleyd@gtlaw.com

William E. Pallares (SBN CA 187740)
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900
William.Pallares@lewisbrisbois.com
Mack.Reed@lewisbrisbois.com

Attorneys for Defendants,
eXp REALTY, LLC, eXp WORLD
HOLDINGS, INC. and GLENN SANFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1,<br><br>Plaintiffs,<br><br>vs.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv- 01304-AB-AGR<br><br>**DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT**<br><br>Trial Date:        TBD |

1

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants eXp REALTY, LLC ("eXp Realty"), eXp WORLD HOLDINGS, INC. ("eXp World"), and GLENN SANFORD ("Sanford") (collectively referred to as "Defendants"), hereby answer the Third Amended Complaint (hereinafter "TAC") of Plaintiffs FABIOLA ACEVEDO, JANE DOE 1, JANE DOE 2, JANE DOE 3, and JOHN DOE 1 (collectively referred to as "Plaintiffs"), and each and every material allegation and cause of action purportedly set forth therein, and requests for a jury trial as follows:

## PRELIMINARY STATEMENT

1. In answering paragraph 1 of Plaintiffs' TAC, Defendants deny all allegations contained therein.

2. In answering paragraph 2 of Plaintiffs' TAC, there are no factual allegations that require a response. To the extent Plaintiffs do plead factual allegations, Defendants admit that this is a civil action for damages under 18 U.S.C. §§1591 and 1595 and state law actions. Defendants deny the remaining allegations contained in paragraph 2 of the TAC.

3. In answering paragraph 3 of Plaintiffs' TAC, Defendants deny they violated either 18 U.S.C. §§1595 or 1591 but admit the Court has subject matter jurisdiction over alleged violations of same.

4. In answering paragraph 4 of Plaintiffs' TAC, Defendants deny they have violated any California statutory and common law. Defendants admit the Court has supplemental jurisdiction over Plaintiffs' state law related causes of action under 28 U.S.C. §1367.

5. In answering Paragraph 5 of Plaintiffs' TAC, Defendants deny they have violated either 18 U.S.C. §§1595 or 1591 but admit the Court is "an appropriate district court of the United States" as described in 18 U.S.C. §1595.

/ / /

/ / /

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

6.      In answering paragraph 6 of Plaintiffs' TAC, the allegations state a legal conclusion, and as such require no response from Defendant. However, to the extent an answer is required, Defendants deny that Plaintiffs suffered damages and admit that venue is proper in the United States District Court, for the Central District of California, pursuant to 28 U.S.C. §1391(b)(2). Defendants lack sufficient knowledge or information upon which to form a basis or belief, and therefore deny that Defendant Michael Bjorkman ("Defendant Bjorkman") resides in the Central District of California.

## PLAINTIFFS

7.      In Answering Paragraph 7 of Plaintiffs' TAC, Defendants deny that Acevedo is a licensed real estate agent with eXp Realty. Defendants lack sufficient knowledge or information sufficient to admit or deny whether Plaintiff Acevedo is a citizen of Florida, and therefore deny same.

8.      In Answering Paragraph 8 of Plaintiffs' TAC, Defendants admit that Plaintiff Sims is currently a licensed real estate agent with eXp Realty. Defendants lack sufficient knowledge or information sufficient to admit or deny whether Plaintiff Sims is a citizen of Tennessee, and therefore deny same.

9.      In Answering Paragraph 9 of Plaintiffs' TAC, Defendants admit that Plaintiff Lundy is currently a licensed real estate agent with eXp Realty. Defendants lack sufficient knowledge or information sufficient to admit or deny whether Plaintiff Lundy is a citizen of California, and therefore deny same.

10.     In Answering Paragraph 10 of Plaintiffs' TAC, Defendants admit that Plaintiff Farrell-Nelson is a licensed real estate agent formerly associated with eXp Realty. Defendants lack sufficient knowledge or information sufficient to admit or deny whether Plaintiff Jane Doe 3 is a citizen of Florida, and therefore deny same.

## DEFENDANTS

11.     In answering paragraph 11 of Plaintiff's TAC, eXp World admits that it is a corporation duly organized and existing under and by virtue of the State of

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

Delaware and has its principal place of business at 2219 Rimland Drive, Suite 301, Bellingham, Washington 98226.

12.    In answering paragraph 12 of Plaintiff's TAC, eXp Realty denies that it is a corporation, but admits that it is a Limited Liability Corporation organized and existing under and by virtue of the State of Washington has its principal place of business at 2219 Rimland Drive, Suite 301, Bellingham, Washington 98226.

13.    In answering paragraph 13 of Plaintiffs' TAC, eXp Realty admits that Defendant Michael Bjorkman ("Bjorkman") is a former real estate agent with eXp Realty. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

14.    In answering paragraph 14 of Plaintiffs' TAC, eXp Realty denies that Defendant David Golden ("Golden") is a current agent and that he is a current revenue share participant. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

15.    In answering paragraph 15 of Plaintiffs' TAC, Defendants admit that Sanford is a citizen of the State of Washington, is the founder of eXp Realty, and is Agent #1 with eXp Realty. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

16.    In answering paragraph 16 of Plaintiffs' TAC, eXp Realty admits that Defendant Brent Gove ("Gove") is a current agent with eXp Realty. Defendants lack sufficient knowledge or information sufficient to admit or deny the remaining allegations contained herein, and, therefore, deny same.

17.    In answering paragraph 17 of Plaintiffs' TAC, Defendants admit Plaintiffs have sued DOES 1 through 10, but Defendants deny the remaining allegations contained therein.

///

4

## EXP REALTY, LLC AND EXP WORLD HOLDINGS, INC.

## ("DEFENDANT eXp REALTY")

18.     In answering paragraph 18 of Plaintiffs' TAC, Defendants admit that eXp Realty is a multi-level marketing real estate company. eXp World further admits that it is publicly traded on Nasdaq. However, eXp Realty and Sanford deny that they are publicly traded on Nasdaq. Defendants admit that eXp Realty is a cloud based model with a global community. As to any remaining allegations contained herein, Defendants lack sufficient knowledge or information to admit or deny, and, therefore, deny same.

19.     In answering paragraph 19 of Plaintiffs' TAC, Defendants admit that the contents of the referenced URL are true and accurate. As to any remaining allegations contained herein, Defendants lack sufficient knowledge or information to admit or deny, and, therefore, deny same.

20.     In answering paragraph 20 of Plaintiffs' TAC, Defendants admit that the contents of the referenced URL are true and accurate. As to any remaining allegations contained herein, Defendants lack sufficient knowledge or information to admit or deny, and, therefore, deny same.

21.     In answering paragraph 21 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

22.     In answering paragraph 22 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

23.     In answering paragraph 23 of Plaintiffs' TAC, Defendants admit that agents who are recruited to eXp Realty pay a monthly fee of $85.00. Defendants deny the remaining allegations contained in paragraph 23.

24.     In answering paragraph 24 of Plaintiffs' TAC, Defendants admit that eXp Realty had more than 89,000 agents in January 2024.

25.     In answering paragraph 25 of Plaintiffs' TAC, the allegations pertaining to a "pyramid scheme" state a legal conclusion and, as such require no

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER
TO THIRD AMENDED COMPLAINT

response from Defendants. To the extent a response is required, Defendants deny that eXp Realty is a "pyramid scheme." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained herein, and, therefore, deny same.

26.    In answering paragraph 26 of Plaintiffs' TAC, the allegations pertaining to a "pyramid" state a legal conclusion and, as such require no response from Defendants. To the extent a response is required, Defendants deny that eXp Realty is a "pyramid." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained herein, and, therefore, deny same.

27.    In answering paragraph 27 of Plaintiffs' TAC, Defendants admit that eXp Realty benefits from successful agent recruitment by its existing agents. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained herein, and, therefore, deny same.

28.    In answering paragraph 28 of Plaintiffs' TAC, the allegations contain arguments that require no response. To the extent a response is required, Defendants deny the allegations contained therein.

29.    In answering paragraph 29 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

30.    In answering paragraph 30 of Plaintiffs' TAC, Defendants admit that eXp Realty requires its agents to follow its policies and procedures. Defendants deny the remaining allegations contained therein.

31.    In answering paragraph 31 of Plaintiffs' TAC, Defendants admit that eXp Realty is a brokerage in which it provides its agents access to services and information. Defendants deny the remaining allegations contained therein.

32.    In answering paragraph 32 of Plaintiffs' TAC, the allegations state legal conclusions and arguments, and as such require no response from Defendants. However, to the extent an answer is required, Defendants deny the allegations contained therein.

6

33.     In answering paragraph 33 of Plaintiffs' TAC, Defendants admit that Bjorkman and Golden were real estate agents with eXp Realty. As to any remaining allegations contained therein, Defendants deny.

34.     In answering paragraph 34 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

35.     In answering paragraph 35 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

36.     In answering paragraph 36 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 36, and, therefore, deny same.

37.     In answering paragraph 37 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

38.     In answering paragraph 38 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

39.     In answering paragraph 39 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

40.     In answering paragraph 39 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny, and, therefore, deny same.

///

///

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

41. In answering paragraph 41 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

42. In answering paragraph 42 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

43. In answering paragraph 43 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny, and, therefore, deny same.

44. In answering paragraph 44 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

45. In answering paragraph 45 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

46. In answering paragraph 46 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

47. In answering paragraph 47 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

48. In answering paragraph 48 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny, and, therefore, deny same.

49. In answering paragraph 49 of Plaintiffs' TAC, the allegations are legal conclusions and/or argumentes which do not require a response from Defendants. To

8

the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny, and, therefore, deny same.

50.    In answering paragraph 50 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

51.    In answering paragraph 51 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

52.    In answering paragraph 52 of Plaintiffs' TAC, Defendants deny that eXp Realty's April 27, 2022 proxy statement is its most recent. Defendants admit that the remainder of the allegations are generally true, but deny that agents are "recruits."

53.    In answering paragraph 53 of Plaintiffs' TAC, Defendants admit that at certain times the allegations are generally true, subject to exceptions, however, but Plaintiffs' allegations are vague and ambiguous as to time.

54.    In answering paragraph 54 of Plaintiffs' TAC, Defendants admit that eXp Realty automatically enrolls its agents into its revenue share plan. Defendants deny the remaining allegations contained therein.

55.    In answering paragraph 55 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

56.    In answering paragraph 56 of Plaintiffs' TAC, Defendants deny that eXp Realty operates a "revenue share pyramid," and, therefore deny the remaining allegations. The remainder of Plaintiffs' allegations are legal conclusions and/or arguments which do not require a response from Defendants, and to the extent a response is required, Defendants admits that the URL hyperlink takes the user to the identified page.

///

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

57.     In answering paragraph 57 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

58.     In answering paragraph 58 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

59.     In answering paragraph 59 of Plaintiffs' TAC, Plaintiffs' allegations are legal conclusions and/or arguments which do not require a response from Defendants, and to the extent a response is required, Defendants deny that they receive all the benefits described in the paragraph each time an agent joins eXp Realty.

60.     In answering paragraph 60 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants admit that eXp Realty real estate agents pay $250 a month if the agent fails to generate a minimum of $5,000 gross commission income or fails to close two qualifying sale transactions within the preceding six full months. Defendants deny the remaining allegations.

61.     In answering paragraph 61 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

62.     In answering paragraph 62 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants admit that they promote their agents, but deny they "went to great lengths to promote the wealth and success of its Influencers." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny.

63.     In answering paragraph 63 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny that Cory Haggard and Brent

10

Gove were part of eXp Realty's executive leadership team at any time. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein because they are vague and ambiguous, and, therefore, Defendants deny.

## DEFENDANT MICHAEL L. BJORKMAN AND
## DEFENDANT DAVID S. GOLDEN

64.    In answering paragraph 64 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

65.    In answering paragraph 65 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

66.    In answering paragraph 66 of Plaintiffs' TAC, Defendants admit the allegations contained therein.

67.    In answering paragraph 67 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

68.    In answering paragraph 68 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

69.    In answering paragraph 69 of Plaintiffs' SAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

70.    In answering paragraph 70 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny directing Bjorkman's recruiting techniques. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

71.   In answering paragraph 71 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

72.   In answering paragraph 72 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

73.   In answering paragraph 73 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

74.   In answering paragraph 74 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

75.   In answering paragraph 75 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

76.   In answering paragraph 76 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

77.   In answering paragraph 77 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

78.   In answering paragraph 78 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

79.   In answering paragraph 79 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

12

80.    In answering paragraph 80 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

81.    In answering paragraph 81 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

82.    In answering paragraph 82 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

83.    In answering paragraph 83 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

84.    In answering paragraph 84 of Plaintiffs' TAC, Defendants admit that eXp Realty held Bjorkman's real estate license from August 13, 2018 to September 20, 2020. Defendants deny the remaining allegations contained therein.

85.    In answering paragraph 85 of Plaintiffs' TAC, Defendants admit that eXp Realty no longer holds Bjorkman's real estate license. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

86.    In answering paragraph 86 of Plaintiffs' TAC, Defendants admit that eXp Realty no longer holds Bjorkman's real estate license. Defendants deny the remaining allegations containing therein.

87.    In answering paragraph 87 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

88.    In answering paragraph 88 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

///

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER
TO THIRD AMENDED COMPLAINT

89.    In answering paragraph 89 of Plaintiffs' TAC, the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

90.    In answering paragraph 90 of Plaintiffs' TAC, Paragraph 90 the allegations are legal conclusions and/or arguments which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained therein.

91.    In answering paragraph 91 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

92.    In answering paragraph 92 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

93.    In answering paragraph 93 of Plaintiffs' TAC, Defendants admit the allegations contained therein.

94.    In answering paragraph 94 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

95.    In answering paragraph 95 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

96.    In answering paragraph 96 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

97.    In answering paragraph 97 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

98.    In answering paragraph 98 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

99.    In answering paragraph 99 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

100.    In answering paragraph 100 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

101.    In answering paragraph 101 of Plaintiffs' TAC, Defendants deny directing Bjorkman to create any image, let alone an image of "success" by surrounding himself with beautiful women he could sexually exploit. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

102.    In answering paragraph 102 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

103.    In answering paragraph 103 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

104.    In answering paragraph 104 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

**DEFENDANT BRENT GOVE AND DEFENDANT GLENN SANFORD**

105.    In answering paragraph 105 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

106.    In answering paragraph 106 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

107.    In answering paragraph 107 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

///

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

108.   In answering paragraph 108 of Plaintiffs' TAC, Defendants admit that Sanford founded eXp Realty and was its first agent. Defendants deny the remaining allegations contained therein.

109.   In answering paragraph 109 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

110.   In answering paragraph 110 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

111.   In answering paragraph 111 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

112.   In answering paragraph 112 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

113.   In answering paragraph 113 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

114.   In answering paragraph 114 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

115.   In answering paragraph 115 of Plaintiffs' TAC, the allegations state a legal conclusion and/or arguments, and as such require no response from Defendants. To the extent an answer is required, Defendants deny the allegations contained therein.

116.   In answering paragraph 116 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

117.   In answering paragraph 117 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

118.   In answering paragraph 118 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

119.   In answering paragraph 119 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

120.   In answering paragraph 120 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

## LEGAL BACKGROUND

### 18 U.S.C. § 1591

121.   Paragraph 121 states legal conclusions that require no response and the provisions identified therein speak for themselves.

122.   Paragraph 122 states legal conclusions that require no response and the provisions identified therein speak for themselves.

123.   Paragraph 123 states legal conclusions that require no response and the provisions identified therein speak for themselves.

124.   Paragraph 124 states legal conclusions that require no response and the provisions identified therein speak for themselves.

## ALLEGATIONS RELATING TO PLAINTIFFS

### Fabiola Acevedo

125.   In answering paragraph 125 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

126.   In answering paragraph 126 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

127.   In answering paragraph 127 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

128.   In answering paragraph 128 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

///

17

129.   In answering paragraph 129 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

130.   In answering paragraph 130 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

131.   In answering paragraph 131 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

132.   In answering paragraph 132 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

133.   In answering paragraph 133 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

134.   In answering paragraph 134 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

135.   In answering paragraph 135 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

136.   In answering paragraph 136 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

137.   In answering paragraph 137 of Plaintiffs' TAC, Defendants admit that she signed her Independent Contractor's Agreement on July 23, 2018. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

138.    In answering paragraph 138 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

139.    In answering paragraph 139 of Plaintiffs' TAC, Defendants admit that Acevedo complied with her Independent Contractor Agreement until she voluntarily resigned from eXp Realty. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

140.    In answering paragraph 140 of Plaintiffs' TAC, Defendants admit that Sanford spoke with Acevedo on or about March 7, 2022. Defendants deny the remaining allegation contained therein.

141.    In answering paragraph 141 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

142.    In answering paragraph 142 of Plaintiffs' TAC, Defendants deny that they did not provide Acevedo assistance.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

## Plaintiff Sims

143.    In answering paragraph 143 of Plaintiffs' TAC, Defendants admit that Plaintiff Tammi Sims ("Sims") is a real estate agent. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

144.    In answering paragraph 144 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

145.    In answering paragraph 145 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

19

146. In answering paragraph 146 of Plaintiffs' TAC, Defendants admit that Sims named Bjorkman as her sponsor agent. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

147. In answering paragraph 147 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

148. In answering paragraph 148 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

149. In answering paragraph 149 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

150. In answering paragraph 150 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

151. In answering paragraph 151 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

152. In answering paragraph 152 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

153. In answering paragraph 153 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

154. In answering paragraph 154 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER
TO THIRD AMENDED COMPLAINT

155.   In answering paragraph 155 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

156.   In answering paragraph 156 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

157.   In answering paragraph 157 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

158.   In answering paragraph 158 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

159.   In answering paragraph 159 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

160.   In answering paragraph 160 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

161.   In answering paragraph 161 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

162.   In answering paragraph 162 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

163.   In answering paragraph 163 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

21

164. In answering paragraph 164 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

165. In answering paragraph 165 of Plaintiffs' TAC, Defendants admit that Sims reported her alleged assault by Bjorkman to Cory Haggard on or around October 6, 2020.

166. In answering paragraph 166 of Plaintiffs' TAC, Defendants admit that eXp Realty moved Sim's upline. Defendants deny the remaining allegations contained therein.

**Plaintiff Lundy**

167. In answering paragraph 167 of Plaintiffs' TAC, Defendants deny that eXp Realty hosted the event at the Wynn from the August 27, 2020 to August 30, 2020. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

168. In answering paragraph 168 of Plaintiffs' TAC, Defendants deny that eXp Realty hosted the event at Jon Cheplak's house, in Henderson, NV, on or about August 28, 2020. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

169. In answering paragraph 169 of Plaintiffs' TAC, Defendants deny that eXp Realty hosted the event at the Wynn from the August 27, 2020 to August 30, 2020. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

170. In answering paragraph 170 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

171. In answering paragraph 171 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

22

172.   In answering paragraph 172 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

173.   In answering paragraph 173 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

174.   In answering paragraph 174 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

175.   In answering paragraph 175 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

176.   In answering paragraph 176 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

177.   In answering paragraph 177 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

178.   In answering paragraph 178 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

179.   In answering paragraph 179 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

180.   In answering paragraph 180 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

23

181. In answering paragraph 181 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

182. In answering paragraph 182 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

### **Megan Farrell-Nelson**

183. In answering paragraph 183 of Plaintiffs' TAC, Defendants admit that Plaintiff Farrell-Nelson was a real estate agent with eXp Realty.

184. In answering paragraph 184 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

185. In answering paragraph 185 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

186. In answering paragraph 186 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

187. In answering paragraph 187 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

188. In answering paragraph 188 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

189. In answering paragraph 189 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

24

190.   In answering paragraph 190 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

191.   In answering paragraph 191 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

192.   In answering paragraph 192 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

193.   In answering paragraph 193 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

194.   In answering paragraph 194 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

195.   In answering paragraph 195 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## ALLEGATIONS RELATING TO DEFENDANT eXp REALTY, DEFENDANT SANFORD AND DEFENDANT GOVE

196.   In answering paragraph 196 of Plaintiffs' TAC, Defendants deny that Bjorkman and Golden's alleged conduct "was known…throughout the duration of their affiliation…" Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

197.   In answering paragraph 197 of Plaintiffs' TAC, Defendants admit that Plaintiffs reported their alleged assaults to eXp Realty representatives after August, 2020.

///

25

198.   In answering paragraph 198 of Plaintiffs' TAC, Defendants admit that Sims requested a sponsorship change. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

199.   In answering paragraph 199 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

200.   In answering paragraph 200 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

201.   In answering paragraph 201 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

202.   In answering paragraph 202 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

203.   In answering paragraph 203 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

204.   In answering paragraph 204 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

205.   In answering paragraph 205 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

206.   In answering paragraph 206 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

207.   In answering paragraph 207 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER
TO THIRD AMENDED COMPLAINT

208.   In answering paragraph 208 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

209.   In answering paragraph 209 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

210.   In answering paragraph 210 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

## RATIFICATION BY DEFENDANTS GLEEN SANFORD, EXP REALTY, AND EXP WORLD HOLDINGS ("EXP DEFENDANTS")

211.   In answering paragraph 211 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

212.   In answering paragraph 212 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

213.   In answering paragraph 213 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

214.   In answering paragraph 214 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

215.   In answering paragraph 215 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

216.   In answering paragraph 216 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

217.   In answering paragraph 217 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

218.   In answering paragraph 218 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

219.   In answering paragraph 219 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

27

## Count I

## Violation of 18 U.S.C. § 1591

### All Plaintiffs Against DEFENDANT MICHAEL BJORKMAN

220.   In answering paragraph 220 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

### Fabiola Acevedo

221.   In answering paragraph 221 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

222.   In answering paragraph 222 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

223.   In answering paragraph 223 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

224.   In answering paragraph 224 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

///

28

**Plaintiff Sims**

225.   In answering paragraph 225 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

226.   In answering paragraph 226 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

227.   In answering paragraph 227 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

**Plaintiff Lundy**

228.   In answering paragraph 228 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

229.   In answering paragraph 229 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

230.   In answering paragraph 230 of Plaintiffs' TAC, the allegations

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

**Megan Farrell-Nelson**

231. In answering paragraph 231 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

232. In answering paragraph 232 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

233. In answering paragraph 233 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

**Count II**

**Violation of 18 U.S.C. § 1591**

**All Plaintiffs Against DEFENDANT DAVID GOLDEN**

234. In answering paragraph 234 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

**Plaintiff Acevedo**

235. In answering paragraph 235 of Plaintiffs' TAC, the allegations

contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

236.   In answering paragraph 236 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

237.   In answering paragraph 237 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

238.   In answering paragraph 238 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

239.   In answering paragraph 239 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

**Plaintiff Lundy**

240.   In answering paragraph 240 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants

31

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

241.   In answering paragraph 241 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

242.   In answering paragraph 242 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

### Plaintiff Farrell-Nelson

243.   In answering paragraph 243 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

244.   In answering paragraph 244 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

245.   In answering paragraph 245 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## Count III

## Participating in a Venture in Violation of 18 U.S.C. §1595

## All Plaintiffs Against DEFENDANT GOLDEN, DEFENDANT eXp REALTY, DEFENDANT SANFORD AND DEFENDANT GOVE

246. In answering paragraph 246 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

247. In answering paragraph 247 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

248. In answering paragraph 248 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

249. In answering paragraph 249 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

250. In answering paragraph 250 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

251. In answering paragraph 251 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

252. In answering paragraph 252 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## Count IV

## Sexual Battery

## Plaintiffs Acevedo, Sims, and Plaintiff Farrell-Nelson Against DEFENDANT BJORKMAN

253. In answering paragraph 253 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

33

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

254.   In answering paragraph 254 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

255.   In answering paragraph 255 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

256.   In answering paragraph 256 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

257.   In answering paragraph 257 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

**Count V**

**Civil Battery**

**Plaintiffs Acevedo, Sims, and Lundy Against DEFENDANT BJORKMAN**

258.   In answering paragraph 258 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

259.   In answering paragraph 259 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and

34

therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

260. In answering paragraph 260 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

261. In answering paragraph 261 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

262. In answering paragraph 262 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

263. In answering paragraph 263 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

264. In answering paragraph 264 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

## Count VI

### Civil Battery

### Plaintiff Lundy Against DEFENDANT GOLDEN

265.    In answering paragraph 265 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

266.    In answering paragraph 266 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

267.    In answering paragraph 267 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

268.    In answering paragraph 268 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

269.    In answering paragraph 269 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

270.    In answering paragraph 270 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and

therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

271.   In answering paragraph 271 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## Count VII

### Intentional Infliction of Emotional Distress

### All Plaintiffs Against DEFENDANT BJORKMAN

272.   In answering paragraph 272 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

273.   In answering paragraph 273 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

274.   In answering paragraph 274 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

275.   In answering paragraph 275 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

therein, and, therefore, deny same.

276.   In answering paragraph 276 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## Count VIII

### Intentional Infliction of Emotional Distress

### Plaintiffs Acevedo, Sims, and Lundy Against DEFENDANT GOLDEN

277.   In answering paragraph 277 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

278.   In answering paragraph 278 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

279.   In answering paragraph 279 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

280.   In answering paragraph 280 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

281.   In answering paragraph 281 of Plaintiffs' TAC, the allegations

contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## Count IX

### Intentional Infliction of Emotional Distress

### Plaintiffs Acevedo, Sims, and Lundy Against DEFENDANT GOVE

282.   In answering paragraph 282 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

283.   In answering paragraph 283 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

284.   In answering paragraph 284 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

285.   In answering paragraph 285 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

286.   In answering paragraph 286 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants

lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

287. In answering paragraph 287 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

288. In answering paragraph 288 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

## Count X

### Intentional Infliction of Emotional Distress

### Plaintiffs Acevedo, Sims and Lundy Against DEFENDANT SANFORD

289. In answering paragraph 289 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

290. In answering paragraph 290 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

291. In answering paragraph 291 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

292. In answering paragraph 292 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

293. In answering paragraph 293 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

294. In answering paragraph 294 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

40

## Count XI

### Negligence

**Plaintiffs Acevedo, Sims and Lundy Against All Defendants**

**Plaintiff Farrell-Nelson Against Defendant Bjorkman**

295.   In answering paragraph 295 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

296.   In answering paragraph 296 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

297.   In answering paragraph 297 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

298.   In answering paragraph 298 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

299.   In answering paragraph 299 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

## Count XII

### NEGLIGENT HIRING, RETENTION, AND SUPERVISION

**All Plaintiffs Against DEFENDANT eXp REALTY and DEFENDANT SANFORD**

300.   In answering paragraph 300 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

301.   In answering paragraph 301 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

302.   In answering paragraph 302 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

303.   In answering paragraph 303 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

41

304. In answering paragraph 304 of Plaintiffs' TAC, Defendants admit that Golden and Bjorkman entered into an Independent Contractor Agreement with eXp Realty. The remaining allegations state a legal conclusion, and as such require no response from Defendant.

305. In answering paragraph 305 of Plaintiffs' TAC, Defendants admit that eXp Realty agents must be licensed real estate agents. Defendants deny the remaining allegations contained therein.

306. In answering paragraph 306 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

307. In answering paragraph 307 of Plaintiffs' TAC, Defendants deny that Bjorkman or Golden were Defendants' employees. The remaining allegations state a legal conclusion, and as such require no response from Defendant.

308. In answering paragraph 308 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

309. In answering paragraph 309 of Plaintiffs' TAC, Defendants deny that Bjorkman or Golden were Defendants' employees. The remaining allegations state a legal conclusion, and as such require no response from Defendant.

310. In answering paragraph 310 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

## Count XIII

### Fraudulent Misrepresentation

### Plaintiffs Sims, Farrell-Nelson, and Acevedo

### against eXp Realty, LLC and eXp World Holdings, Inc.

311. In answering paragraph 311 of Plaintiffs' TAC, the allegations contained therein do not contain factual allegations directed at Defendants, and therefore no response is required.

312. In answering paragraph 312 of Plaintiffs' TAC, the allegations state legal conclusions and arguments, and as such require no response from Defendants.

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

Furthermore, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein.  To the extent an answer is required, Defendants deny the allegations contained therein.

313.   In answering paragraph 313 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

314.   In answering paragraph 314 of Plaintiffs' TAC, the allegations state legal conclusions and arguments, and as such require no response from Defendants. However, to the extent an answer is required, Defendants deny the allegations contained therein.

315.   In answering paragraph 315 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

316.   In answering paragraph 316 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

317.   In answering paragraph 317 of Plaintiffs' TAC, the allegations state legal conclusions and arguments, and as such require no response from Defendants. However, to the extent an answer is required, Defendants deny the allegations contained therein.

318.   In answering paragraph 318 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

319.   In answering paragraph 319 of Plaintiffs' TAC, Defendants admit that Plaintiffs Farrell-Nelson and Sims made requests for a sponsorship change. Defendants lack sufficient knowledge or information to admit or deny the remainder, and therefore, deny same.

320.   In answering paragraph 320 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

321.   In answering paragraph 321 of Plaintiffs' TAC, Defendants deny the

43

allegations contained therein.

322.   In answering paragraph 322 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

323.   In answering paragraph 323 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

324.   In answering paragraph 324 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

325.   In answering paragraph 325 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

326.   In answering paragraph 326 of Plaintiffs' TAC, Defendants admit that Plaintiff Farrell-Nelson contacted Andrew Shock.  Defendants lack sufficient knowledge or information to admit or deny as to what Plaintiff Farrell-Nelson believed, and, therefore, deny same.  Defendants deny the remainder of the allegations contained therein.

327.   In answering paragraph 327 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

328.   In answering paragraph 328 of Plaintiffs' TAC, Defendants admit that Mr. Haggard spoke with Plaintiff Farrell-Nelson on October 4, 2020.  Defendants lack sufficient knowledge or information to admit or deny what Plaintiff Farell-Nelson believed, and, therefore, deny same.  Defendants deny the remainder of the allegations.

329.   In answering paragraph 329 of Plaintiffs' TAC, Defendants admit that Mr. Haggard spoke with Plaintiff Sims on October 6, 2020.  Defendants lack sufficient knowledge or information to admit or deny the remainder of the allegations contained therein, and, therefore, deny same.

330.   In answering paragraph 330 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

331.   In answering paragraph 331 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny Plaintiff Farrell-Nelson's beliefs, and, therefore, deny same.  Defendants deny the remainder of the allegations contained therein.

332.   In answering paragraph 332 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

333.   In answering paragraph 333 of Plaintiffs' TAC, Defendants admit that Defendant Sanford spoke with Plaintiff Acevedo on March 7, 2022.  Defendants deny the remainder of the allegations contained therein.

334.   In answering paragraph 334 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained therein, and, therefore, deny same.

335.   In answering paragraph 335 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

336.   In answering paragraph 336 of Plaintiffs' TAC, Defendants admit that Plaintiff Acevedo received a communication from eXp Realty, LLC.  The provisions identified therein speak for themselves.  Defendants deny the remainder of the allegations contained therein.

337.   In answering paragraph 337 of Plaintiffs' TAC, Defendants admit that Mr. Bramble wrote to Plaintiff on May 13, 2022.  The provisions identified therein speak for themselves.  Defendants deny the remainder of the allegations contained therein.

338.   In answering paragraph 338 of Plaintiffs' TAC, Defendants admit that Mr. Bramble wrote to Plaintiff on May 13, 2022.  The provisions identified therein speak for themselves.  Defendants deny the remainder of the allegations contained therein.

339.   In answering paragraph 339 of Plaintiffs' TAC, Defendants admit that Plaintiff Acevedo emailed Mr. Bramble on May 19, 2022.  The provisions identified

45

therein speak for themselves.  Defendants deny the remainder of the allegations contained therein.

340.   In answering paragraph 340 of Plaintiffs' TAC, Defendants admit that Mr. Bramble wrote to Plaintiff Acevedo on May 23, 2022.  Defendants admit that Plaintiff Acevedo emailed Mr. Bramble on May 23, 2022.  The provisions identified therein speak for themselves.  Defendants deny the remainder of the allegations contained therein.

341.   In answering paragraph 341 of Plaintiffs' TAC, Defendants admit that Mr. Bramble wrote to Plaintiff Acevedo on May 25, 2022.  The provisions identified therein speak for themselves.  Defendants deny the remainder of the allegations contained therein.

342.   In answering paragraph 342 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

343.   In answering paragraph 343 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

344.   In answering paragraph 344 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

345.   In answering paragraph 345 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

346.   In answering paragraph 346 of Plaintiffs' TAC, Defendants lack sufficient knowledge or information to admit or deny the allegations contained therein, and, therefore, deny same.

347.   In answering paragraph 347 of Plaintiffs' TAC, Defendants admit that Plaintiff Acevedo reached out to Courtney Keating on June 28, 2022.  Defendants deny the remainder of the allegations contained therein.

348.   In answering paragraph 348 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

349.   In answering paragraph 349 of Plaintiffs' TAC, Defendants deny the

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

allegations contained therein.

350.   In answering paragraph 350 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

351.   In answering paragraph 351 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

352.   In answering paragraph 352 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

353.   In answering paragraph 353 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

354.   In answering paragraph 354 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

355.   In answering paragraph 355 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

356.   In answering paragraph 356 of Plaintiffs' TAC, Defendants deny the allegations contained therein.

357.   In answering paragraph 357 of Plaintiffs' TAC, the allegations state legal conclusions and arguments, and as such require no response from Defendants. However, to the extent an answer is required, Defendants deny the allegations contained therein.

## PRAYER FOR RELIEF

Defendants need not answer Plaintiffs' Prayer for Relief. To the extent that any material allegation in the Prayer for Relief is deemed to require an answer, Defendants deny all allegations and prayers for relief contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The TAC, and each and every cause of action or purported cause of action therein, fails to state facts sufficient to constitute a cause of action against these

47

answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiffs were negligent in and about the matters alleged in the TAC and in each alleged cause of action. This negligence proximately caused, in whole or in part, the damages alleged in the TAC. In the event Plaintiffs are entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiffs and any person whose negligent acts or omissions are imputed to Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (Fault of Others)

At all times and places set forth in the TAC, parties other than these answering Defendants failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by Plaintiffs in this action. The fault, if any, of these other parties should be compared with the fault of these answering Defendants and damages, if any, should be apportioned among the parties in direct relation to each party's comparative fault. These answering Defendants should be obligated to pay only such damages, if any, which are directly attributable to his percentage of comparative fault. To require these answering Defendants to contribute any more than his percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

## FOURTH AFFIRMATIVE DEFENSE

### (Active, Affirmative and Primary Negligence)

These answering Defendants are informed and believe and thereon allege that with respect to each and every purported cause of action of the TAC on file herein, at the time and place alleged in the TAC, Plaintiffs committed active, affirmative

48

and primary negligence in connection with the incident described in Plaintiffs' TAC, which active, affirmative, and primary negligence was a proximate cause of the damages or injuries, if any, which Plaintiffs complain of herein, and bars any right to indemnification which Plaintiffs may assert.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs have failed to exercise reasonable care and diligence to avoid loss and to minimize damages, and, therefore, Plaintiffs may not recover for losses which could have been prevented by reasonable efforts on her own part, or by expenditures that might reasonably have been made. Therefore, Plaintiffs' recovery, if any, should be reduced by the failure of the Plaintiffs to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding Negligence)

The injuries and damages sustained by Plaintiffs, if any, were proximately caused or contributed to by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiffs' recovery, if any, against these answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

Defendants are informed and believe, and thereon allege, that the TAC, and each cause of action therein, is barred by each and every applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Outside Causation/Contribution)

If any loss, injury, damage, or detriment occurred as alleged in the TAC, the loss, injury, damage, detriment was caused and contributed to by the actions of Plaintiffs, or by other factors outside of Defendants' control. Furthermore, if Plaintiffs did not exercise ordinary care on their own behalf, their own acts and

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

omissions proximately caused and contributed to the loss, injury, damage, or detriment to Plaintiffs, and their recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiffs' negligence or fault.

## NINTH AFFIRMATIVE DEFENSE

### (Reduction of Damages)

Plaintiffs are entirely or, alternatively, partially barred from recovery in this action to the extent that they have received any consideration from these answering Defendants or from anyone else in satisfaction of any purported claim against these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Offset)

In any event and purely for the purpose of alleging this defense, any purported damages allegedly caused by these answering Defendants are subject to a set off either partially or in the full amount of the purported damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendants allege that any acts or omissions by Defendants were not the proximate cause of any injury suffered by Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

Plaintiffs are not entitled to recover damages to the extent that any purported emotional distress damages allegedly suffered by Plaintiffs were caused by any pre-existing psychological condition(s).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiffs' TAC is vague, uncertain, ambiguous and unintelligible.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

50

Plaintiffs have engaged in conduct with respect to the series of activities that are the subject of the TAC, and by reason of said activities and conduct, are estopped from asserting any claims or damages or seeking any other relief against Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs by their actions and/or omissions knowingly, voluntarily and willingly waived any rights they might otherwise have had against Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Some or all of the causes of actions in the TAC are barred by the Doctrine of Laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendants are informed and believe, and thereon allege, that Plaintiffs, by their own conduct, acts, and/or omissions, are barred by their unclean hands and shared fault from recovering all relief requested in the TAC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants allege that Plaintiffs, at all relevant times, gave their consent, express or implied, to the alleged acts, omissions and conduct of Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Plaintiffs' claims for relief are barred because Plaintiffs cannot establish actual or constructive notice and/or knowledge to sustain an allegation of violation of 18 U.S.C. §§1591 and 1595.

///

///

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Mistake of Fact and/or Law)

Plaintiffs' claims are barred by either a mistake of fact or a mistake of law or both.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not Foreseeable)

Plaintiffs' TAC, and each and every purported cause of action therein, is barred in whole or in part, because Defendants did not and could not have known about the alleged unlawful conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Defendants allege that Plaintiffs lack standing to assert some or all of the claims alleged in the TAC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Commercial Venture)

Defendants are informed and believe, and based thereon allege, that Plaintiffs' claims are barred in whole or in part because Defendants were not engaged in unlawful commercial activities based on profiting financially from purported illicit sex trade.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Participation)

Defendants are informed and believe, and based thereon allege, that Plaintiffs' claims are barred in whole or in part because no overt act in furtherance of a common undertaking involving risk and potential profit from purported sex trafficking venture was alleged as to the Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Benefit)

Defendants are informed and believe, and based thereon allege, that

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

Plaintiffs' claims are barred in whole or in part because Defendants did not benefit, knowingly or otherwise, the alleged sex-trafficking.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Extreme or Outrageous Conduct)

Defendants are not liable for the conduct alleged in the TAC because the alleged actions are not so extreme and outrageous as to exceed all bounds of decency as usually tolerated in society.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Not Employer)

Defendants are not liable for the conduct alleged in the TAC because Defendants were not the Plaintiffs nor Defendant Bjorkman or Defendant Golden's employer or joint employer.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Privileges)

Defendants allege that they are entitled to all privileges available to them.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Defendants allege that Plaintiffs have failed to state a claim upon which attorneys' fees can be awarded.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Justifiable Reliance)

Defendants allege that Plaintiffs did not actually or justifiably rely on any alleged misrepresentation.  Any reliance was unreasonable in light of the information available to Plaintiffs and the surrounding circumstances.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Causation)

Defendants allege that Plaintiffs' damages, if any, were not actually or proximately caused by any acts, conduct, or omissions of Defendants.

53

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Intent)

Defendants allege that Plaintiffs' claim for fraudulent misrepresentation fails because Defendants did not knowingly make any false statement, did not act with reckless disregard for the truth, and did not intend to induce Plaintiffs' alleged reliance.

## THRITY-THIRD AFFIRMTIVE DEFENSE

### (Absence of Knowledge)

Defendants allege that Plaintiffs' claim for fraudulent misrepresentation fails because Defendants did not know the information allegedly provided to Plaintiffs was false at the time it was provided.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSE

### (All Additional Affirmative Defenses Reserved)

These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. These answering Defendants reserve herein the right to assert additional Affirmative Defenses in the event that investigation and discovery indicate it would be appropriate.

WHEREFORE, Defendants pray for judgment against the Plaintiffs as follows:

1.     That Plaintiffs take nothing by way of their action;

2.     That Defendants are awarded costs of suit incurred herein; and

3.     For such other and further relief as the Court deems just and proper.

///

///

///

54

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT

DATED: April 27, 2026                    Respectfully submitted,

                                         GREENBERG TRAURIG LLP


                              By: _____/s/ Ivy A. Wang_____
                                  Ivy. A. Wang
                                  Daniel J. Wadley
                                  Attorneys for Defendants
                                  eXp Realty, LLC; eXp World Holdings,
                                  Inc.: and Glenn Sanford

DEFENDANTS EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., AND GLENN SANFORD'S ANSWER TO THIRD AMENDED COMPLAINT