UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-01304-AB (AGRx)                                    Date: April 29, 2026

Title      Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

|                K. Lozada                 |              n/a              |
| :--------------------------------------: | :---------------------------: |
|               Deputy Clerk               |   Court Reporter / Recorder   |

|    Attorneys Present for Plaintiffs:    |    Attorneys Present for Defendants:    |
| :-------------------------------------: | :-------------------------------------: |
|                   n/a                   |                   n/a                   |

**Proceedings: (In Chambers) ORDER RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ANSWER DEPOSITION QUESTIONS (Dkt. No. 356, 358)**

*Procedural History*

On October 29, 2025, Plaintiffs filed an ex parte application for an order precluding any questioning that falls within the scope of Fed. R. Evid. 412 "unless and until Defendants first file a motion under Fed. R. Evid. 412(c), under seal and with the required service, and this Court enters an order granting such relief before the deposition proceeds." (Dkt. No. 329, 330, 330-2.)  On November 7, 2025, Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford ("eXp Defendants") filed an opposition. (Dkt. Nos. 339-340, 344.)  Defendants Bjorkman and Golden joined in the opposition. (Dkt. Nos. 341-343.)

Rule 412 provides, in pertinent part, that in a civil proceeding involving alleged sexual misconduct, the following evidence is not admissible:  "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition."  Fed. R. Evid. 412(a).

"In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.  The court may admit evidence of a victim's reputation only if the victim has placed it in controversy."  Fed. R. Evid. 412(b)(2).

---

CV-90 (03/15)                          Civil Minutes – General                          Page **1** of **7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-01304-AB (AGRx)                                Date: April 29, 2026

Title        Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

"If a party intends to offer evidence under Rule 412(b), the party must:  (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered; (B) do so at least 14 days before trial unless the court, for good cause, sets a different time; (C) serve the motion on all parties; and (D) notify the victim, or when appropriate, the victim's guardian or representative."  Fed. R. Evid. 412(c).

By Order dated November 12, 2025, this court denied Plaintiff's ex parte application without prejudice.  (Dkt. No. 351.)  The Advisory Committee Notes to Rule 412 state that "[t]he procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued to be governed by Fed. R. Civ. P. 26."  Advisory Comm. Notes, 1994 Amendment.

However, the court pointed out that Plaintiffs were not without a remedy.  The Advisory Committee Notes state:  "In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality.  Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." Advisory Comm. Notes, 1994 Amendment.

The court noted that it did not have the benefit of full briefing of the issues under the appropriate legal standard.  Therefore, the court denied Plaintiff's ex parte application without prejudice to the court's ability to grant relief after additional briefing as follows:

1.  If Defendants affirmatively seek to compel answers to specific questions asked at the deposition on October 21, 2025 of one plaintiff, Defendants shall identify those questions to Plaintiffs' counsel by Friday, November 14, 2025, or another date mutually agreed by counsel.

2.  On or before November 17, 2025, or another date mutually agreed by counsel, Plaintiffs shall file a brief that responds to the issues raised in Defendants' opposition regarding two of the plaintiffs and to the questions, if any, identified by Defendants pursuant to Paragraph 1 above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                    Date: April 29, 2026

Title     Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

(Order, Dkt. No. 351.)

Pursuant to the November 12, 2025 Order, Plaintiffs filed a supplemental brief. (Dkt. No. 355.)  Defendants filed a supplemental brief.  (Dkt. No. 358.)  The matter came on for hearing on November 19, 2025 at 1:30 p.m.  (Dkt. No. 356.)  On November 26, 2025, the District Court stayed discovery.  (Dkt. No. 370.)  After the stay was lifted, (Dkt. No. 385), the court conducted a discovery conference at which Defendants requested a ruling on their motion to compel.  The current fact discovery cut-off date is June 8, 2026.  (Dkt. No. 385.)

*Discussion*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

As stated by one court, "one guiding principle in determining the proper scope of deposition questions in this case is that questions delving into plaintiff's sexual behavior or disposition should not be allowed absent an affirmative demonstration by defendants that the information sought is relevant to a claim or defense.  On the other hand, another guiding principle here is that defendants have a right to conduct discovery to understand plaintiff's claims and to prepare their defense.  Plaintiff cannot use FRE 412 as both a shield and a sword.  If plaintiff intends to make affirmative use of evidence regarding her sexual conduct, then defendants should be given the opportunity to test that information through discovery."  *Doe v. Willits Unified Sch. Dist.*, 2010 U.S. Dist. LEXIS 68547, *5 (N.D. Cal. June 23, 2010) (involving minor plaintiff).

The eXp Defendants argue that they should be permitted to inquire into prior sexual assaults, trauma or abuse to contest causation and the amount of damages Plaintiff

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-01304-AB (AGRx)                                    Date: April 29, 2026

Title       Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

seeks.  The case law provides ample support for the eXp Defendants' argument.  *See, e.g., Doe v. Salesforce.com Inc.*, 2026 U.S. Dist. LEXIS 26370, *13 (W.D. Wash. Feb. 9, 2026) (agreeing defendants "should be allowed to discover evidence that plaintiff suffered other sexual trauma, either before or after she was allegedly trafficked, as a way to contest causation and the amount of damages plaintiff seeks"); *Lane v. Am. Airlines, Inc.*, 2024 U.S. Dist. LEXIS 50021, *4, *7-*9 (E.D.N.Y. Feb. 27, 2024) (denying motion in limine to exclude evidence of childhood and young adult sexual abuse or assaults; finding such evidence admissible "to the extent Defendant offers such evidence to prove causation of Lane's psychological injuries and to apportion damages"); *Doe v. Bridges to Recovery, LLC*, 2021 U.S. Dist. LEXIS 195575, *47-*48, *50-*52 (C.D. Cal. May 19, 2021) (allowing evidence of prior sexual assaults "for the sole purpose of presenting other sources of emotional distress" provided defendant lays foundation for causation based on, for example, plaintiff's deposition testimony); *Rhodes v. Motion Indus.*, 2008 U.S. Dist. LEXIS 83279, *12-*16 (E.D. Tenn. Oct. 17, 2008) (granting motion to compel discovery responses regarding childhood sexual abuse as relevant to causation and damages).

The vast majority of the eXp Defendants' questions in this category do not involve sexual behavior or sexual predisposition.  Plaintiff appears to interpret Rule 412 to preclude any inquiry into her relationship with her husband or a previous romantic partner.  "That interpretation is overbroad." *Tatum v. Schwartz*, 2007 U.S. Dist. LEXIS 45797, *5 (E.D. Cal. June 14, 2007) (permitting discovery into stressors in relationship, including public drunkenness and financial stress, as distinguished from sexual nature of relationship with husband).  The eXp Defendants' questions about a prior abusive relationship in which Plaintiff's partner took her keys and alienated her from her family, and in which Plaintiff was talked out of seeking a restraining order, do not implicate Rule 412.  (Questions 17-25, 54.)  The eXp Defendants' questions regarding drug use and addiction treatment fall outside Rule 412.  (Questions 26 and 54); *see Bridges*, 2021 U.S. Dist. LEXIS 195575, at *6-*7 (denying motion in limine to exclude evidence of drug or alcohol use as cause of plaintiff's depression or anxiety provided defendant lays proper foundation at trial).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-01304-AB (AGRx)                                    Date: April 29, 2026

Title      Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

On this basis, the court grants the motion to compel Plaintiff to answer the following questions and reasonable follow-up questions:[1]

Question 1:  756:8-10 and 18-19 as to Plaintiff's memory of what occurred.

Question 2:  758:16-17.

Question 17:  763:24-764:3.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 18:  764:7-8.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 19:  764:12-14.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 20:  764:18-20.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 21:  764:24-765:2.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 22:  765:6-8.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 23:  765:12-14.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 24:  766:2-6.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 25:  766:10-12.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

---

[1]  The eXp Defendants provided a chart of questions.  (Dkt. No. 358 at 9-10 (list), Dkt. No. 358-3 (transcript).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  CV-23-01304-AB (AGRx)                                    Date: April 29, 2026

Title      Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.


Question 26:  769:20-24.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Question 54:  846:24-847:1.  This question does not fall within the scope of Fed. R. Evid. 412 in any event.

Plaintiff argues that Defendants Bjorkman and Golden have denied the allegations in this case.  Obviously, if the trier of fact accepts the testimony of Defendants Bjorkman and Golden, there would be no liability and therefore no need to consider causation and damages.  On the other hand, if the trier of fact accepts Plaintiff's version of events, then issues of causation and damages become significant.  Discovery proceeds on all issues before the fact discovery cut-off date of June 8, 2026.

The eXp Defendants further argue that Plaintiff alleges she was surreptitiously drugged and rendered incapacitated such that she engaged in sex without her consent.  (Third Amended Complaint ("TAC") ¶¶ 232, 244, 254, 256.)  These allegations form the basis of Plaintiff's Third Claim for participating in a venture in violation of 18 U.S.C. § 1595 and Twelfth Claim for negligent hiring, retention, and supervision against the eXp Defendants.  (*Id.* ¶¶ 250, 307, 309.)  Therefore, the eXp Defendants argue, they should be entitled to discovery regarding the issue of Plaintiff's consent.

On the issue of consent, the eXp Defendants would be entitled to question Plaintiff about her relationship with a defendant.  Fed. R. Evid. 412(b)(1)((B); *see Macklin v. Mendenhall*, 257 F.R.D. 596, 606 (E.D. Cal. 2009) (permitting inquiry into sexual history with defendants; collecting cases); *Barta v. City & Cty. of Honolulu*, 169 F.R.D. 132, 135 (D. Haw. 1996).  The court concludes, however, that Plaintiff eventually answered the pertinent questions.  (Question 37, 798:6-9; Question 39, 798:22-24, 799:10-16; see 813:7-12.)  Therefore, the court denies the motion to compel answers to Questions 13, 31, 32, 33, 36, 51, and 52 as unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i).

The court denies the motion to compel and grants the motion for protective order with respect to Question 3 (759:3-6), Question 4 (759:9-11), Question 5 (760:16-22), Question 6 (761:1-2), Question 7 (761:6-8), Question 8 (761:15-16), Question 9 (761:20-762:7), Question 10 (762:11-12), Question 11 (762:16-18), Question 12 (762:21-23),

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-01304-AB (AGRx)                           Date: April 29, 2026

Title      Fabiola Acevedo, et. al. v. eXp World Holdings, Inc., et.al.

Question 14 (763:9-10), Question 15 (763:13-17), Question 16 (763:18-19), Question 27 (771:7-12), Question 28 (771:13), Question 29 (771:15-16), Question 30 (771:20-22), Question 34 (797:11-15), Question 35 (797:16-17), Question 38 (798:15-18), Question 40 (804:24-805:4), Question 46 (808:25-809:2), Question 47 (809:13-15), Question 48 (812:16-18), Question 49 (812:23-813:1), and Question 50 (813:3-5).  As to these questions, the eXp Defendants have not shown relevance to a claim or defense, or alternatively that the evidence cannot be obtained except through discovery from Plaintiff.

The court denies the motion to compel as to Questions 37, 39, 41, 42, 43, 44, 45, and 53 because the witness answered substantially the same question.  (Question 37, 798:6-9; Question 39, 798:22-24, 799:10-16; Question 41, 805:5-12, 805:13-806:18; Question 42, 805:19-20, 805:25-806:2, 806:4; Question 43, 806:5-7, 11-18; Questions 44 and 45, 807:9-23; Question 53, 846:15-20.)

IT IS ORDERED that the eXp Defendants' motion to compel Plaintiff Farrell-Nelson to answer deposition questions is GRANTED IN PART AND DENIED IN PART as follows:

1. Plaintiff Farrell-Nelson is ordered to answer Questions 1-2, 17-26 and 54, and any reasonable follow-up questions.  By separate order, the court is requiring counsel to confer regarding a date/time for resumption of Plaintiff's deposition by remote means.

2. In all other respects, the eXp Defendants' motion is denied.  All requests for sanctions are denied.

**Initials of Preparer**      kl