Jennifer A. Lenze, Esq., CA Bar No. 246858
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com
Attorney for Plaintiff

Brooke F. Cohen, Esq., TX Bar No. 24007019
Andrea S. Hirsch, Esq., GA Bar No. 666557
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br><br>        Plaintiffs,<br>          v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVIS S. GOLDEN; GLENN SANFORD; BRENT GOVE; and DOES 1-10,<br>        Defendants. | Case No. 2:23-CV-01304-AB-AGR<br><br>**PLAINTIFF TAMI SIMS'S EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEFENDANTS' MAY 28, 2026 DEPOSITION NOTICE AND PRECLUDING DEFENDANTS FROM TAKING OR USING A NOTICE OF NON-APPEARANCE** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff Tami Sims respectfully applies ex parte for a protective order under Federal Rules of Civil Procedure 26(c), 30(b)(1), and 30(d)(3), and Central District Local Rule 37-3, for an order: (1) quashing Defendants' May 28, 2026 notice setting Ms. Sims's deposition for May 29, 2026 at 10:00 a.m. Pacific time; (2) precluding Defendants from taking or attempting to take Ms. Sims's deposition on May 29, 2026; (3) precluding Defendants from taking, filing, relying upon, or otherwise using any notice of non-appearance based on Ms. Sims's inability to appear on May 29; and (4) permitting Ms. Sims's deposition to proceed on June 5, June 8, or another prompt date after June 8, 2026 if necessary by stipulation or Court order.

This application is necessary because Defendants re-noticed Ms. Sims's deposition for May 29 at 10:00 a.m. Pacific time after being told she is ill and cannot sit for deposition that day, after the eXp Defendants agreed to continue the May 29 deposition, and after the eXp Defendants served a new notice setting the deposition for June 8. (Hirsch Decl. ¶¶ 3-9, Exs. B-D.) Defendants' May 28 re-notice was served less than twenty-four hours before the deposition is scheduled to begin. (Hirsch Decl. ¶¶ 8-9, Ex. D.) Defense counsel has also stated that Defendants intend to take a notice of non-appearance. (Hirsch Decl. ¶ 11, Ex. F.)

This is not a legitimate scheduling dispute. Plaintiff promptly notified

2

Defendants of Ms. Sims's illness, requested a stipulation allowing the deposition to proceed beyond the June 8 discovery cutoff, agreed to the June 8 date proposed by the eXp Defendants when they declined that stipulation, and remains willing to present Ms. Sims for deposition on June 5, June 8, or another prompt date after June 8 if necessary. (Hirsch Decl. ¶¶ 3-6, 12, Exs. B-C.) Defendants should not be permitted to convert Plaintiff's medical unavailability and counsel's reasonable scheduling efforts into a manufactured discovery violation.

Pursuant to Local Rule 7-19, Plaintiff's counsel provided notice of this ex parte application to all defense counsel by email on May 28, 2026. (Hirsch Decl. ¶ 10, Ex. E.) Ex parte relief is warranted under Local Rule 37-3 because Plaintiff faces immediate and irreparable prejudice if Defendants proceed with an improperly noticed deposition or create a misleading non-appearance record before Plaintiff can obtain relief through the ordinary discovery-motion process. (Hirsch Decl. ¶¶ 8-13, Exs. D-F.) The emergency was not caused by Plaintiff's lack of diligence. Plaintiff raised Ms. Sims's illness promptly and sought to resolve the scheduling issue before seeking Court intervention. (Hirsch Decl. ¶¶ 3-6, 10, Exs. B-C, E.)

Plaintiff respectfully requests that the Court rule before the noticed deposition time or, at minimum, order that no non-appearance record may be taken, filed, relied upon, or used while this application is pending.

3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants should not be permitted to force an ill Plaintiff to sit for deposition—or manufacture a "non-appearance" record—after the eXp Defendants agreed to continue her deposition and noticed it for June 8, 2026.

The eXp Defendants originally noticed Ms. Sims's deposition for May 29, 2026 and agreed that they would hold June 5 open as an alternative date. (Hirsch Decl. ¶ 2, Ex. A.) On May 27, 2026, Plaintiff's counsel advised counsel for the eXp Defendants that Ms. Sims is sick and cannot sit for deposition on May 29, and requested that the parties stipulate to conduct the deposition beyond the June 8 discovery deadline. (Hirsch Decl. ¶ 3, Ex. B.) The eXp Defendants would not agree to that proposal but offered June 8 as the new date. (Hirsch Decl. ¶ 4, Ex. C.) Plaintiff agreed. (Hirsch Decl. ¶ 5.) On May 28, the eXp Defendants served a new notice setting Ms. Sims's deposition for June 8. (Hirsch Decl. ¶ 6.)

After counsel for Defendant Golden stated that he is unavailable on June 8, the eXp Defendants served a new notice setting Ms. Sims's deposition for May 29 at 10:00 a.m. Pacific time. (Hirsch Decl. ¶¶ 7-8, Ex. D.) That re-notice was served less than twenty-four hours before the deposition is scheduled to begin, after Plaintiff had already advised that Ms. Sims is ill and cannot sit for deposition on May 29. (Hirsch

Decl. ¶¶ 3, 8-9, Exs. B, D.) Immediately after Plaintiff gave notice of this ex parte application, counsel for the eXp Defendants stated that they intend to take a notice of non-appearance. (Hirsch Decl. ¶¶ 10-11, Exs. E-F.)

That procedure is improper. Rule 30(b)(1) requires "reasonable written notice" of a deposition. A less-than-24-hour re-notice is not reasonable where Defendants knew the witness was ill, had already continued the deposition, had already noticed the deposition for June 8, and then reverted to May 29 only because another defense counsel claimed a conflict with June 8. Plaintiff is not avoiding deposition. She asks only that the deposition proceed on a reasonable date and that Defendants be precluded from creating a misleading non-appearance record based on an unreasonable notice.

## II. RELEVANT FACTS

The eXp Defendants originally noticed Ms. Sims's deposition for May 29, 2026 and agreed that they would hold June 5, 2026 open as an alternative date. (Hirsch Decl. ¶ 2, Ex. A.)

On May 27, 2026, Plaintiff's counsel advised counsel for the eXp Defendants that Ms. Sims is sick and cannot sit for deposition on May 29, 2026. Plaintiff's counsel also requested that the parties stipulate that Ms. Sims's deposition be conducted beyond the June 8, 2026 discovery deadline. (Hirsch Decl. ¶ 3, Ex. B.)

Counsel for the eXp Defendants would not agree to that proposal but offered

June 8, 2026 as the new deposition date. (Hirsch Decl. ¶ 4, Ex. C.) Plaintiff's counsel agreed to June 8. (Hirsch Decl. ¶ 5.) On May 28, 2026, the eXp Defendants served a new notice setting Ms. Sims's deposition for June 8, 2026. (Hirsch Decl. ¶ 6.)

Thereafter, counsel for Defendant Golden stated that he is not available on June 8. (Hirsch Decl. ¶ 7.) In response, the eXp Defendants served a new notice setting Ms. Sims's deposition for May 29, 2026 at 10:00 a.m. Pacific time. (Hirsch Decl. ¶ 8, Ex. D.)

The May 29 re-notice was served less than twenty-four hours before the deposition is scheduled to begin. It was served after Defendants had already agreed to continue the May 29 deposition, after the eXp Defendants had already served a new notice setting Ms. Sims's deposition for June 8, and after Plaintiff had already advised that Ms. Sims is sick and cannot sit for deposition on May 29. (Hirsch Decl. ¶ 9.)

On May 28, 2026, Plaintiff's counsel provided notice of this ex parte application to all defense counsel by email. (Hirsch Decl. ¶ 10, Ex. E.) Immediately thereafter, counsel for the eXp Defendants stated that they intend to take a notice of non-appearance. (Hirsch Decl. ¶ 11, Ex. F.)

Plaintiff is not refusing to present Ms. Sims for deposition. Plaintiff remains willing to present Ms. Sims for deposition on June 5, June 8, or another prompt date after June 8, 2026 if necessary by stipulation or Court order. (Hirsch Decl. ¶ 12.) Ex

parte relief is necessary because Defendants have noticed Ms. Sims's deposition for 10:00 a.m. Pacific time on May 29, 2026, leaving insufficient time for a regularly noticed motion before Defendants attempt to proceed with the deposition and create a notice-of-nonappearance record. (Hirsch Decl. ¶ 13.)

## III. LEGAL STANDARD

Rule 30(b)(1) requires a party seeking to take an oral deposition to give "reasonable written notice" to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.

Rule 26(c)(1) authorizes the Court, for good cause, to issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Court may forbid discovery, specify the terms for discovery, prescribe a different time or place for discovery, or enter other appropriate relief.

Rule 30(d)(3) further authorizes relief where a deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

Central District Local Rule 37-3 permits ex parte discovery relief where the moving party shows irreparable injury or prejudice not attributable to the moving party's lack of diligence. That standard is satisfied here because Defendants re-noticed Ms. Sims's deposition less than twenty-four hours before it is scheduled to begin and

7

have stated that they intend to take a notice of non-appearance. (Hirsch Decl. ¶¶ 8-13, Exs. D-F.) Plaintiff cannot obtain relief through a regularly noticed motion before the prejudice occurs. (Hirsch Decl. ¶ 13.)

## IV. ARGUMENT

### A. Defendants' May 28 Deposition Notice Is Not Reasonable Under Rule 30(b)(1).

Defendants' May 28 notice setting Ms. Sims's deposition for May 29 at 10:00 a.m. Pacific time is not reasonable.

The issue is not simply that the notice was short. The issue is that Defendants served it after Plaintiff advised that Ms. Sims is sick and cannot sit for deposition on May 29, after the eXp Defendants declined Plaintiff's request to stipulate to a deposition beyond the discovery cutoff and instead offered June 8, after Plaintiff agreed to June 8, and after the eXp Defendants served a new notice for June 8. (Hirsch Decl. ¶¶ 3-8, Exs. B-D.) The only intervening event was counsel for Defendant Golden's stated conflict with June 8. (Hirsch Decl. ¶ 7.)

A co-defendant's scheduling conflict does not make less than twenty-four hours' notice reasonable. Nor does it justify forcing an ill Plaintiff to testify the next morning or using an unreasonable notice to create a non-appearance record. The May 28 notice should be quashed.

8

**B. Good Cause Exists For A Protective Order Under Rule 26(c).**

Good cause exists because Defendants' notice is unreasonable, oppressive, and medically impracticable. Ms. Sims is sick and cannot sit for deposition on May 29. (Hirsch Decl. ¶ 3, Ex. B.) Defendants knew this before serving the May 28 re-notice. (Hirsch Decl. ¶¶ 3, 8-9, Exs. B, D.)

A deposition requires concentration, stamina, memory, and the ability to understand and respond accurately to questioning. Forcing an ill plaintiff to testify creates an unnecessary risk of incomplete, inaccurate, or unfair testimony.

Plaintiff is not seeking to avoid discovery. Plaintiff remains willing to present Ms. Sims for deposition on June 5, June 8, or another prompt date after June 8 if necessary by stipulation or Court order. (Hirsch Decl. ¶ 12.) Defendants suffer no legitimate prejudice from taking the deposition on a reasonable date.

**C. Defendants Should Not Be Permitted To Manufacture A Non-Appearance Record.**

Counsel for the eXp Defendants stated immediately after receiving notice of this ex parte application that they intend to take a notice of non-appearance. (Hirsch Decl. ¶¶ 10-11, Exs. E-F.) The Court should preclude that tactic.

A non-appearance record would be misleading because Plaintiff did not refuse to appear without justification. Plaintiff advised Defendants in advance that Ms. Sims is ill

PLAINTIFF TAMI SIMS'S EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEFENDANTS' MAY 28, 2026 DEPOSITION NOTICE AND PRECLUDING DEFENDANTS FROM TAKING OR USING A NOTICE OF NON-APPEARANCE

and cannot attend. (Hirsch Decl. ¶ 3, Ex. B.) Plaintiff sought a stipulation allowing the deposition to proceed after the June 8 discovery deadline; the eXp Defendants instead offered June 8, and Plaintiff accepted that date. (Hirsch Decl. ¶¶ 3-6, Exs. B-C.) Defendants then re-noticed the deposition for May 29 only after Defendant Golden's counsel stated that he is unavailable on June 8. (Hirsch Decl. ¶¶ 7-8, Ex. D.)

Allowing Defendants to proceed with a notice of non-appearance would convert a legitimate medical unavailability and an agreed continuance into a manufactured discovery violation. The Court should preclude Defendants from taking, filing, relying upon, or otherwise using any notice of non-appearance arising from Ms. Sims's inability to attend a May 29 deposition.

### D. Ex Parte Relief Is Necessary Under Local Rule 37-3.

Ex parte relief is warranted because Defendants noticed Ms. Sims's deposition for 10:00 a.m. Pacific time on May 29, 2026. (Hirsch Decl. ¶ 8, Ex. D.) There is no practical ability to obtain relief through a regularly noticed motion before Defendants attempt to proceed with the deposition and take a notice of non-appearance. (Hirsch Decl. ¶ 13.)

The prejudice is immediate and concrete. If the Court does not intervene, Defendants will either force an ill Plaintiff to testify under unfair conditions or create a misleading non-appearance record based on an unreasonable notice. The record

10

Defendants seek to create is itself the harm.

The emergency is not of Plaintiff's making. Plaintiff timely raised Ms. Sims's illness, requested a stipulation, accepted the June 8 date offered by the eXp Defendants, and then promptly gave notice of this ex parte application once Defendants re-noticed the deposition for May 29. (Hirsch Decl. ¶¶ 3-6, 8-10, Exs. B-E.) The emergency arose only when Defendants re-noticed Ms. Sims's deposition for May 29 on less than twenty-four hours' notice. (Hirsch Decl. ¶¶ 8-9, Ex. D.)

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court issue a protective order:

1. Quashing Defendants' May 28, 2026 notice setting Ms. Sims's deposition for May 29, 2026 at 10:00 a.m. Pacific time;

2. Precluding Defendants from taking or attempting to take Ms. Sims's deposition on May 29, 2026;

3. Precluding Defendants from taking, filing, relying upon, or otherwise using any notice of non-appearance arising from Ms. Sims's inability to attend a May 29, 2026 deposition;

4. Confirming that Ms. Sims's deposition may proceed on June 5 or June 8, 2026;

5. Alternatively, permitting Ms. Sims's deposition to proceed after June 8, 2026 by stipulation or Court order if necessary; and

6. Granting any further relief the Court deems just and proper.

Given the deposition's 10:00 a.m. Pacific start time, Plaintiff respectfully

requests that the Court rule on this application before the noticed deposition time or, at minimum, order that no non-appearance record may be taken or used while the application is pending.

DATED: May 28, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019
Andrea S. Hirsch, GA 666557
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiffs

PLAINTIFF TAMI SIMS'S EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEFENDANTS' MAY 28, 2026 DEPOSITION NOTICE AND PRECLUDING DEFENDANTS FROM TAKING OR USING A NOTICE OF NON-APPEARANCE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system this 28th day of May 2026.

/s/ Andrea S. Hirsch
Andrea S. Hirsch

PLAINTIFF TAMI SIMS'S EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEFENDANTS' MAY 28, 2026 DEPOSITION NOTICE AND PRECLUDING DEFENDANTS FROM TAKING OR USING A NOTICE OF NON-APPEARANCE