Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV Admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV Admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FABIOLA ACEVEDO; TAMI SIMS; CHRISTIANA LUNDY; AND MEGAN FARRELL-NELSON,**<br><br>        **Plaintiffs,**<br>         v.<br><br>**EXP REALTY, LLC; EXP WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; and GLENN SANFORD,**<br><br>        **Defendants.** | **Case No. 2:23-CV-01304-AB-AGR**<br><br>**Hon. André Birotte, Jr.**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)**<br><br>Hearing Date: July 10, 2026 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE that on July 10, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable André Birotte, Jr., United States District Judge, Plaintiffs will and hereby do move the Court for an order imposing targeted curative sanctions pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iv), 26(e), and 37(c)(1).**

Plaintiffs seek relief arising from Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford's failure to timely disclose insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse payments made to satisfy such a judgment. Specifically, Plaintiffs request that the Court:

1. Find that Defendants violated Rules 26(a)(1)(A)(iv) and 26(e);

2. Order Defendants to produce all non-privileged insurance-related documents concerning policies potentially responsive to Rule 26(a)(1)(A)(iv), including notices of claim or circumstance, tender letters, reservation-of-rights letters, denial letters, erosion reports, broker communications, and documents reflecting defense-cost payments or erosion of limits;

3. Require Defendants to provide a privilege log for any responsive documents withheld on the basis of privilege or work-product protection;

4. Reopen discovery for the limited purpose of conducting targeted written discovery and one Rule 30(b)(6) deposition concerning the existence of

responsive policies, tender and notice to insurers, coverage positions, erosion of policy limits, the identity of insureds and insured entities, and the reasons the policies were not timely disclosed; and

5. Award Plaintiffs their reasonable attorneys' fees and costs incurred in investigating the nondisclosure, meeting and conferring, preparing this motion, and conducting any supplemental discovery necessitated by Defendants' late disclosures.

This Motion is made after multiple meet and confer conferences between counsel. Plaintiffs requested that Defendants explain why the policies were not disclosed in their initial disclosures and produce related insurance documents, including reservation-of-rights letters and coverage correspondence. Defendants did not provide the requested documents or agree to relief sufficient to cure the prejudice caused by their untimely disclosures.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Andrea S. Hirsch and exhibits thereto, Defendants' Initial and Amended Initial Disclosures, the operative complaint, all pleadings and papers on file in this action, and upon such further oral and documentary evidence as may be presented at or before the hearing.

Date: June 3, 2026                    By: /s/ Jennifer A. Lenze
                                      Jennifer A. Lenze (CA No 246858)
                                      LENZE LAWYERS, PLC
                                      999 Corporate Drive, Suite 100
                                      Ladera Ranch, California 92694
                                      Telephone (310) 322-8800

jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019 PHV Adm
Andrea S. Hirsch, GA 666557 PHV Adm
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com

*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

## I. INTRODUCTION

For more than two years, Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford failed to disclose insurance policies that the initial disclosure rules required them to disclose without awaiting a discovery request.

Defendants' December 29, 2023 Initial Disclosures stated that the eXp Defendants "have not been able to procure insurance coverage." That statement was false or, at minimum, materially misleading. On April 15, 2026, without prior explanation, Defendants served First Amended Initial Disclosures identifying for the first time a single policy issued by XL Specialty Insurance Company. That belated disclosure raised immediate questions because Defendants had previously represented that no insurance policies existed.

Plaintiffs promptly met and conferred with defense counsel and asked whether additional responsive insurance policies existed, whether the late-disclosed policy covered eXp World Holdings, Inc., eXp Realty, LLC, and/or Glenn Sanford, whether limits had eroded, whether predecessor, successor, umbrella, personal, or separate eXp Realty policies existed, and whether Defendants were taking the position that disclosure was required only after coverage was confirmed. Only after Plaintiffs raised those issues did Defendants disclose additional policies.

On April 28, 2026, Defendants served their Second Amended Initial Disclosures identifying an entire 2022–2023 D&O insurance program totaling approximately $70 million. On May 5, 2026, Defendants served Third Amended Initial Disclosures

identifying a separate 2023–2024 D&O insurance program, also totaling approximately $70 million. Defendants still have not confirmed whether Defendant Sanford has separate or personal insurance policies responsive to Rule 26(a)(1)(A)(iv), produced any policies covering the years 2021-2022, and they have not produced the related non-privileged insurance materials necessary to cure the prejudice caused by their late disclosures.

The belatedly disclosed policies include primary, excess, Side-A, and difference-in-conditions coverage issued as part of eXp World Holdings, Inc.'s D&O insurance tower and potentially covering insured persons, including Glenn Sanford. These policies were plainly responsive because they are insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment or indemnify or reimburse payments made to satisfy such a judgment.

The violation was not harmless. Plaintiffs litigated this case, conducted discovery, took depositions, prepared for dispositive motion practice, and participated in two in-person mediations without accurate information about collectability, policy limits, defense-cost erosion, Side-A protection, insurer participation, notice requirements, coverage exclusions, or indemnity structure.

Plaintiffs attempted to resolve these issues through multiple meet and confer conferences, but Defendants declined to provide the requested insurance-related documents or agree to targeted curative relief sufficient to address the prejudice caused by their untimely disclosures.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

Plaintiffs do not ask the Court to decide coverage, adjudicate any insurer's obligations, or impose merits sanctions. Plaintiffs seek a practical cure for a disclosure violation that deprived them of insurance information Rule 26 required at the outset of the case.

## II. FACTUAL BACKGROUND

Plaintiffs filed the First Amended Complaint on March 23, 2023. The First Amended Complaint named eXp Realty, LLC, eXp World Holdings, Inc., Michael Bjorkman, David Golden, Glenn Sanford, Brent Gove, and Doe defendants. *See* First Amended Complaint, Dkt. 30. The First Amended Complaint asserted claims for violations of 18 U.S.C. § 1591, sexual battery, civil battery, intentional infliction of emotional distress, negligence/negligent infliction of emotional distress, negligent hiring, retention and supervision, and loss of consortium. *Id.*

Defendants served their Initial Disclosures on December 29, 2023. Hirsch Decl. ¶ 3 & Ex. 1. Those Initial Disclosures stated that "[t]he eXp Defendants have not been able to procure insurance coverage." *Id*.

Plaintiffs filed the Second Amended Complaint on February 28, 2024. *See* Second Amended Complaint, Dkt. 165. The Second Amended Complaint continued to name eXp Realty, LLC, eXp World Holdings, Inc., Michael Bjorkman, David Golden, Glenn Sanford, Brent Gove, and Doe defendants. *Id*. It asserted claims for violations of 18 U.S.C. § 1591, sexual battery, civil battery, intentional infliction of emotional distress, negligence, and negligent hiring, retention and supervision. *Id*.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

On January 27, 2025, the parties attended an in-person mediation. Plaintiffs' share of the mediator's fee for that mediation was $9,090.90. Hirsch Decl. ¶ 4. The parties attended a second in-person mediation on April 14–15, 2025, for which Plaintiffs' share of the mediator's fee was again $9,090.90. Hirsch Decl. ¶ 5. No insurance representative was disclosed to Plaintiffs as participating in either mediation, and Plaintiffs were unable to evaluate whether insurer participation should have been requested or required. Id. ¶¶ 4–5.

Plaintiffs filed the Third Amended Complaint on October 27, 2025. *See* Third Amended Complaint, Dkt. 327. The Third Amended Complaint continued to name eXp Realty, LLC, eXp World Holdings, Inc., Michael Bjorkman, David Golden, Glenn Sanford, Brent Gove, and Doe defendants, and added a fraudulent misrepresentation claim. *Id.*

On April 15, 2026, Defendants served Plaintiffs with their First Amended Initial Disclosures identifying one policy issued by XL Specialty Insurance Company, Policy No. ELU186242-22. Hirsch Decl. ¶ 6 & Ex. 2. Plaintiffs met and conferred with defense counsel on April 17, 2026. Hirsch Decl. ¶ 7. That same day, Plaintiffs sent defense counsel written insurance-related questions, including questions regarding whether the late-disclosed policy covered eXp World Holdings, Inc., eXp Realty, LLC, and/or Glenn Sanford; whether predecessor, successor, umbrella, personal, or separate eXp Realty policies existed; whether limits had eroded; and whether Defendants were taking the position that disclosure was required only after coverage was confirmed. Id.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

¶ 7 & Ex. 3.

On April 23, 2026, Plaintiffs followed up by email. Hirsch Decl. ¶ 8 & Ex. 3. On April 28, 2026, defense counsel advised by email that Defendants would supplement their Rule 26(a) disclosures with additional policies relating to the same coverage period. Hirsch Decl. ¶ 9 & Ex. 4. Later that day, Defendants served Second Amended Initial Disclosures identifying a layered 2022–2023 directors-and-officers insurance tower totaling approximately $70 million. Hirsch Decl. ¶ 10 & Ex. 5. The 2022–2023 D&O tower included the following policies:

| Layer | Carrier | Policy Number | Limits |
|---|---|---|---|
| Primary | XL Specialty Insurance Company | ELU186242-22 | $5,000,000 |
| 1st Excess | Argonaut Insurance Company | MLX7602150-6 | $5,000,000 excess of $5,000,000 |
| 2nd Excess | Canopius / Lloyd's Syndicate 4444 | CUAI1070-00 | $5,000,000 excess of $10,000,000 |
| 3rd Excess (Side-A/DIC) | National Union Fire Insurance Company of Pittsburgh, Pa. (AIG) | 01-642-91-79 | $10,000,000 excess of $15,000,000 |
| 4th Excess | Freedom Specialty Insurance Company | XMF2210279 | $5,000,000 excess of $25,000,000 |
| 5th Excess | Continental Casualty Company | 652399318 | $5,000,000 excess of $30,000,000 |
| 6th Excess | Swiss Re Corporate Solutions | DAX 1000049-01 | $5,000,000 excess of $35,000,000 |
| 7th Excess | Endurance American Insurance Company (Sompo) | ADX30014843601 | $5,000,000 excess of $40,000,000 |
| 8th Excess | General Security National Insurance Company (SCOR) | FA0097480-2022-1 | $5,000,000 excess of $45,000,000 |
| 9th Excess | AXIS Insurance Company | P-001-000780991-02 | $5,000,000 excess of $50,000,000 |
| 10th Excess | Vantage Risk Specialty Insurance Company | P03ML0000014941 | $5,000,000 excess of $55,000,000 |
| 11th Excess | RLI Insurance Company | EPG0031632 | $5,000,000 excess of $60,000,000 |
| 12th Excess | Berkshire Hathaway Specialty Insurance Company | 47-EPC-319540-02 | $5,000,000 excess of $65,000,000 |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

Following Defendants' Second Amended Initial Disclosures, the parties held another meet and confer conference. Hirsch Decl. ¶ 11. During that conference, Defendants stated that the disclosed insurance may cover claims against Defendant Sanford under a reservation of rights. *Id.* Plaintiffs asked whether additional policies existed and asked about the status of any personal policies held by Defendant Sanford. *Id.*

The next day on April 29, 2026, Plaintiffs requested a Rule 30(b)(6) deposition on insurance-related topics, including the search for insurance, risk-management files, responsibility for insurance, broker communications, tender history, affiliated entities, additional-insured status, excess and umbrella policies, and exhaustion or erosion of relevant policies. Hirsch Decl. ¶ 12 & Ex. 6. In addition, in response to a request from defense counsel to provide legal authority as to the meaning of "may be liable" under Rule 26(a)(1)(A)(iv), Plaintiffs provided defense counsel with the following supporting citation: *Sakakibara v. Spectrum Gaming Group, LLC*, 2010 WL 2947381 and the Rule 26 advisory committee notes. *Id.*

In response, defense counsel stated that Defendants would "look into your request for a 30b6," provide the 2023–2024 policies and were "looking into" the 2021–2022 policies. Hirsch Decl. ¶ 13 & Ex. 6. Plaintiffs then requested production of the reservation-of-rights letter with the production of the promised policies. Hirsch Decl. ¶ 14 & Ex. 6.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

On May 5, 2026, Defendants served Plaintiffs with their Third Amended Initial Disclosures identifying a separate D&O tower for the subsequent October 26, 2023 to October 26, 2024 policy year, again totaling approximately $70 million. Hirsch Decl. ¶ 15 & Ex. 7. That 2023–2024 D&O tower included the following policies:

| Layer | Carrier | Policy Number | Limits |
|---|---|---|---|
| Primary | XL Specialty Insurance Company | ELU193448-23 | $10,000,000 |
| 1st Excess | Argonaut Insurance Company | MLX7602150-7 | $5,000,000 excess of $10,000,000 |
| 2nd Excess | Continental Casualty Company (CNA) | 768745596 | $5,000,000 excess of $15,000,000 |
| 3rd Excess | Canopius / Lloyd's Syndicate 4444 | CUAI1070-01 | $5,000,000 excess of $20,000,000 |
| 4th Excess | Freedom Specialty Insurance Company (Nationwide) | XMF2310279 | $5,000,000 excess of $25,000,000 |
| 5th Excess | Westfield Insurance Company | XSA-367601V-00 | $5,000,000 excess of $30,000,000 |
| 6th Excess | Swiss Re Corporate Solutions | DAX 1000049-02 | $5,000,000 excess of $35,000,000 |
| 7th Excess | Endurance American Insurance Company (Sompo) | ADX30014843602 | $5,000,000 excess of $40,000,000 |
| 8th Excess | General Security National Insurance Company (SCOR) | FA0097480-2023-1 | $5,000,000 excess of $45,000,000 |
| 9th Excess | AXIS Insurance Company | P-001-000780991-03 | $5,000,000 excess of $50,000,000 |
| 10th Excess | Vantage Risk Specialty Insurance Company | P04ML0000014942 | $5,000,000 excess of $55,000,000 |
| 11th Excess | RLI Insurance Company | EPG0032419 | $5,000,000 excess of $60,000,000 |
| 12th Excess | Berkshire Hathaway Specialty Insurance Company | 47-EPC-319540-03 | $5,000,000 excess of $65,000,000 |

Hirsch Decl. ¶ 15 & Ex. 7. To date, Defendants have not produced policies covering the 2021–2022 period, have not disclosed whether Defendant Sanford has separate or personal policies responsive to Rule 26(a)(1)(A)(iv), and have not responded to

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

Plaintiffs' multiple attempts for a 30(b)(6) deposition on this issue. Hirsch Decl. ¶ 16.

Plaintiffs attempted to bring this dispute to Magistrate Rosenberg.  Dkt. 386, 398.  However, due to her retirement, the issue is now being raised herein.

## III. LEGAL STANDARD

Rule 26(a)(1)(A)(iv) requires a party, without awaiting a discovery request, to provide for inspection and copying any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment, or to indemnify or reimburse payments made to satisfy the judgment.

Rule 26(e) requires timely supplementation if a disclosure is incomplete or incorrect. Rule 37(c)(1) provides that if a party fails to provide information required by Rule 26(a) or 26(e), the party may not use that information unless the failure was substantially justified or harmless. In addition to or instead of that sanction, the Court may order payment of reasonable expenses, including attorneys' fees, and impose other appropriate sanctions.

## IV. ARGUMENT

### A. Rule 26 Required Defendants to Disclose the Policies Because Potential Coverage Was Enough.

Rule 26(a)(1)(A)(iv) required Defendants, "without awaiting a discovery request," to provide for inspection and copying "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

The Rule does not require admitted coverage, confirmed coverage, or certainty that an insurer will ultimately pay. It requires disclosure where an insurer "may be liable." *Id.* Coverage disputes, reservation-of-rights positions, exclusions, indemnity questions, or uncertainty about whether a carrier will ultimately pay do not eliminate the disclosure obligation. Those issues are precisely why Rule 26 requires potentially applicable insurance agreements to be disclosed early, so the parties can evaluate settlement, collectability, insurer participation, and litigation strategy based on actual insurance information rather than speculation.

The Advisory Committee Notes confirm that mandatory insurance disclosure serves a practical case-management and settlement function. Insurance disclosure allows parties to make a realistic appraisal of the case. *See* Fed. R. Civ. P. 26 advisory committee's note to 1970 amendment. Defendants' obligation was therefore to disclose the insurance agreements under which an insurer may be liable—not to unilaterally decide, based on their own coverage view, that Plaintiffs were not entitled to see them.

Rule 26(e) independently required Defendants to supplement or correct their disclosures in a timely manner once they learned that their prior disclosures were incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). Defendants did not do so. Instead, they waited more than two years, after substantial discovery, numerous depositions, dispositive-motion preparation, and two in-person mediations, before disclosing the policies serially in April and May 2026.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

## B. Defendants' Initial Disclosure Was Affirmatively Misleading, Not Merely Incomplete.

This is not a case involving the accidental omission of one excess policy or a minor supplementation delay. Defendants affirmatively represented in their Initial Disclosures that the eXp Defendants "have not been able to procure insurance coverage." Hirsch Decl. ¶ 3 & Ex. 1. That statement conveyed that no potentially responsive insurance existed.

That representation was false or, at minimum, materially misleading. Defendants later disclosed two consecutive directors-and-officers insurance towers totaling approximately $70 million per policy year. Hirsch Decl. ¶¶ 6, 10, 15 & Exs. 2, 5, 7. Those towers included primary, excess, Side-A, and difference-in-conditions coverage issued to eXp World Holdings, Inc. and potentially applicable to corporate entities and insured persons, including Defendant Sanford.

These were not obscure or dormant policies. They were sophisticated, broker-placed D&O programs issued to a publicly traded corporate entity, renewed across consecutive policy years, and involving numerous commercial insurers. Defendants were required to conduct a reasonable inquiry before certifying that no responsive insurance existed. See Fed. R. Civ. P. 26(g)(1).

The persuasive authority confirms that counsel must evaluate potentially applicable coverage and may not withhold policies based on unsupported assumptions that coverage is unlikely. In *Sun River Energy, Inc. v. Nelson*, the Tenth Circuit held that Rule 26(a)(1)(A)(iv) requires "an exercise of legal judgment regarding the possible

10

availability of coverage under the specific terms of any insurance policies held by a party." 800 F.3d 1219, 1230 (10th Cir. 2015). The same principle applies here. Defendants were required to disclose potentially applicable D&O, Side-A, excess, and related policies regardless of whether they believed coverage might later be disputed, limited, reserved, or denied.

## C. Defendants Cannot Show Substantial Justification or Harmlessness.

Rule 37(c)(1) provides the enforcement mechanism for violations of Rules 26(a) and 26(e). If a party fails to provide information required by Rule 26(a), or fails to timely supplement under Rule 26(e), the party may not use that information unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In addition to or instead of exclusion, the Court may order payment of reasonable expenses, including attorneys' fees, and impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1)(A)–(C).

The Ninth Circuit recognizes Rule 37(c)(1) as a self-executing sanction designed to provide a strong inducement for timely disclosure. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The burden is on the nondisclosing party to prove substantial justification or harmlessness. *Id*. at 1107; *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). Rule 37(c)(1) also permits sanctions other than exclusion, including monetary sanctions and relief tailored to cure the nondisclosure. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–42 (9th Cir. 2021).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

Defendants cannot show substantial justification. The policies they eventually disclosed were insurance agreements under which an insurer may be liable to satisfy all or part of a possible judgment or indemnify or reimburse payments made to satisfy such a judgment. That is enough under Rule 26(a)(1)(A)(iv). Defendants were not entitled to withhold them because coverage was uncertain, disputed, reserved, or subject to exclusions.

Nor can Defendants show harmlessness. Plaintiffs litigated for years without knowing that Defendants had two substantial D&O insurance towers totaling approximately $70 million per policy year. Hirsch Decl. ¶¶ 6, 10, 15 & Exs. 2, 5, 7. Plaintiffs conducted discovery, prepared for dispositive motion practice, and participated in two in-person mediations without accurate information about policy limits, defense-cost erosion, insurer participation, Side-A protection, notice requirements, coverage positions, or indemnity structure. Hirsch Decl. ¶¶ 4–5.

The prejudice is concrete. Plaintiffs were deprived of the opportunity to evaluate whether insurers should participate in mediation, whether limits were eroding, whether defense costs were being paid under the policies, whether carriers had accepted coverage or reserved rights, whether notice had been timely provided, and whether policy provisions affected settlement and judgment collectability. Late disclosure is not harmless where it disrupts discovery, case preparation, or motion practice. See *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179–80 (9th Cir. 2008); *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060–62 (9th Cir.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

2005); *Yeti*, 259 F.3d at 1106–07.

## D. Targeted Curative Relief Is Appropriate.

Plaintiffs do not ask the Court to decide coverage, adjudicate any insurer's obligations, or impose dispositive or merits sanctions. Plaintiffs seek targeted relief designed to cure the prejudice caused by Defendants' late and misleading insurance disclosures.

Plaintiffs do not contend that Rule 26(a)(1)(A)(iv), standing alone, required Defendants to produce every tender letter, reservation-of-rights letter, erosion report, broker communication, or coverage-related document as part of their initial disclosures. Rule 26 required Defendants to timely disclose the insurance agreements themselves. Because Defendants failed to do so for more than two years, Plaintiffs now seek related non-privileged insurance materials as curative discovery under Rule 37(c)(1).

That relief is proportional and necessary. Plaintiffs should be permitted to obtain targeted discovery concerning the existence of responsive policies, notice and tender to insurers, coverage positions, defense-cost erosion, insurer participation, insured status, and the reasons for nondisclosure. To the extent Defendants withhold responsive materials on privilege or work-product grounds, they should be required to serve a compliant privilege log. Plaintiffs do not seek privileged legal advice or counsel mental impressions.

The Court should therefore order Defendants to produce the non-privileged insurance-related materials necessary to cure the prejudice caused by the nondisclosure,

13

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

reopen discovery for targeted written discovery and one Rule 30(b)(6) deposition on insurance issues, and award Plaintiffs their reasonable fees and costs incurred in bringing this motion and conducting the supplemental discovery necessitated by Defendants' violation.

## V. RELIEF REQUESTED

Plaintiffs do not seek dispositive or merits-based sanctions. They seek targeted curative relief designed to restore, as much as possible, the position Plaintiffs would have occupied had Defendants disclosed the policies when Rule 26 required them to do so. Accordingly, Plaintiffs respectfully request that the Court enter an order granting targeted curative sanctions under Rules 26(a)(1)(A)(iv), 26(e), and 37(c)(1), including the following relief:

1. **Finding of violation.** A finding that Defendants violated Rule 26(a)(1)(A)(iv) and Rule 26(e) by failing to timely disclose insurance agreements under which an insurer may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse payments made to satisfy a judgment.

2. **Immediate production of insurance agreements and curative insurance-related discovery.** An order requiring Defendants to produce, within seven days, all non-privileged insurance agreements and related factual insurance materials necessary to cure the prejudice caused by Defendants' late disclosures, including all policies, declarations pages, endorsements, binders, notices of claim or circumstance, tender letters, reservation-of-rights letters, denial letters, erosion

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

reports, documents reflecting defense-cost payments, indemnity or advancement communications, and broker communications concerning policies potentially responsive to Rule 26(a)(1)(A)(iv). Plaintiffs do not seek privileged legal advice or counsel mental impressions.

3. **Privilege log.** An order requiring Defendants to serve a compliant privilege log for any responsive insurance-related materials withheld on the basis of privilege, work-product protection, or any other asserted protection.

4. **Limited insurance discovery.** An order reopening discovery for the limited purpose of addressing Defendants' late insurance disclosures, including targeted written discovery and one Rule 30(b)(6) deposition concerning: when Defendants identified the policies, when they tendered this action or related claims, what carriers were notified, whether coverage has been accepted, reserved, or denied, whether limits have eroded, the identity of insureds and insured entities, and why the policies were not timely disclosed.

5. **Fees and costs.** An award of Plaintiffs' reasonable attorneys' fees and costs incurred in bringing this motion and conducting supplemental discovery necessitated by Defendants' nondisclosure, including such mediation-related costs as the Court finds were caused or materially affected by Defendants' failure to timely disclose the policies.

6. **Further relief.** Such other and further relief as the Court deems just and proper.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

## VI. CONCLUSION

Defendants' insurance disclosures were not merely late. They were serial, materially incomplete, and affirmatively misleading. Defendants initially represented that they had not been able to procure insurance coverage. Years later, they disclosed two substantial D&O insurance policies totaling approximately $70 million per policy year. Hirsch Decl. ¶¶ 3, 6, 10, 15 & Exs. 1, 2, 5, 7.

Rule 26 required disclosure of those policies at the outset. Plaintiffs should not bear the consequences of Defendants' failure to comply. The Court should grant targeted curative sanctions, order supplemental insurance-related discovery, and award Plaintiffs their reasonable fees and costs.

Date: June 3, 2026

By: /s/ Jennifer A. Lenze
Jennifer A. Lenze (CA No 246858)
LENZE LAWYERS, PLC
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Telephone (310) 322-8800
jlenze@lenzelawyers.com

Brooke F. Cohen TX 24007019 PHV Adm
Andrea S. Hirsch, GA 666557 PHV Adm
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
*Attorneys for Plaintiffs*

16
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system on June 3, 2026.

/s/ Jennifer A. Lenze
Jennifer A. Lenze

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS eXp REALTY, LLC, eXp WORLD HOLDINGS, INC., AND GLENN SANFORD FOR FAILURE TO TIMELY DISCLOSE INSURANCE POLICIES UNDER RULE 26(a)(1)(A)(iv)