Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke F. Cohen, Esq., TX Bar No. 24007019
Andrea S. Hirsch, Esq., GA Bar No. 666557
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON, <br><br> Plaintiffs, <br><br> v. <br><br> EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD, <br><br> Defendants. | Case No. 2:23-CV-01304-AB-CTS <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS** <br><br><br><br> Judge: Hon. Andre Birotte Jr. <br> Trial Date: March 20, 2028 |

## I.    INTRODUCTION

Defendants ask the Court, on an ex parte basis, to strike a sanctions motion that Plaintiffs filed only after following Magistrate Judge Rosenberg's discovery procedures, repeatedly meeting and conferring, presenting the dispute at a court-ordered discovery conference, and attempting for approximately six weeks to obtain the insurance discovery and remedial relief at issue without further Court intervention.

The application should be denied for three independent reasons. First, Defendants identify no emergency or irreparable prejudice warranting ex parte relief. Second, Plaintiffs acted reasonably and consistently with Magistrate Judge Rosenberg's express direction and published procedures. Third, even if the Court determines that the newly assigned Magistrate Judge should address the sanctions motion, striking it is unnecessary. The Court may refer the pending motion to Magistrate Judge Shay, preserve its June 3, 2026 filing date, and permit any supplemental filing or procedure Judge Shay considers appropriate.

This procedural dispute also should not obscure why the sanctions motion was necessary. The motion arises from eXp's failure to disclose substantial insurance coverage for more than two years. After years of litigation and repeated representations concerning available coverage, Defendants disclosed approximately $70 million directors-and-officers insurance tower after fact

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS

discovery had nearly concluded and after discovery in the related Roberts action had already closed. Plaintiffs' motion seeks relief arising from that delayed disclosure, the resulting loss of discovery opportunities, and Defendants' continuing refusal to provide the testimony, documents, and curative relief necessary to address the prejudice.

Plaintiffs did not bypass Magistrate Judge Rosenberg's procedures. They repeatedly met and conferred, requested a discovery conference, submitted the joint discovery statement required by her procedures, and presented the contemplated sanctions motion at the April 29, 2026 conference. Judge Rosenberg expressly recognized the sanctions issue and stated that she would not hear the motion.

Judge Rosenberg's published procedures authorized discovery motions to proceed under either Local Rule 7 or Local Rule 37. After Judge Rosenberg retired, no magistrate judge was assigned to this action. Plaintiffs therefore filed their sanctions motion under Local Rule 7 on June 3, 2026. Discovery in Acevedo closed five days later, on June 8, and discovery in Roberts had already closed. Magistrate Judge Shay was not assigned until June 8.

Nor did Plaintiffs refuse to work with Defendants. Over approximately six weeks, Plaintiffs participated in multiple conferences, submitted detailed written questions, requested insurance documents and Rule 30(b)(6) testimony, provided

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS

supporting legal authority, participated in the April 29 discovery conference, reviewed Defendants' serial supplemental disclosures, and conducted another substantive meet-and-confer on May 26. Those efforts resulted in additional disclosures but did not resolve the dispute.

Defendants' own application admits that Plaintiffs requested the documents and Rule 30(b)(6) testimony later sought in the sanctions motion, announced their intent to seek sanctions, and requested a briefing schedule from Judge Rosenberg. Defendants nevertheless characterize the motion as procedurally unexpected.

Defendants also assert that Plaintiffs did not respond to their June 8 objection letter. That assertion is incorrect. Plaintiffs responded in writing on June 9. Defendants filed their application three days later while continuing to represent that no response had been made.

The application rests on an incomplete and, in a material respect, inaccurate procedural history. It also fails to establish any emergency requiring the sanctions motion to be removed from the docket. The application should be denied.

## II.   LEGAL ARGUMENT

### A. Defendants Have Not Established a Basis for Ex Parte Relief

Ex parte relief is reserved for circumstances in which the applicant will suffer irreparable prejudice unless the matter is addressed outside the ordinary

noticed-motion process and the applicant did not create the circumstances requiring immediate relief. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Defendants identify no imminent or irreparable prejudice requiring the Court to strike Plaintiffs' sanctions motion on an emergency basis. The motion is filed and noticed. Defendants may oppose it, request that it be referred to Magistrate Judge Shay, seek modification of the hearing date, or ask the Court to direct the parties to comply with any additional procedure the Court considers appropriate. None of those alternatives threatens Defendants with irreparable harm.

Defendants' application principally raises a procedural disagreement concerning whether Plaintiffs should have initiated a new discovery-conference process after Judge Rosenberg retired and Magistrate Judge Shay was assigned. That question can be addressed through ordinary motion practice or by an administrative referral. It does not require emergency relief.

The chronology also defeats any claim of procedural surprise. Defendants knew by April 28 and April 29 that Plaintiffs intended to seek sanctions. They knew the discovery Plaintiffs were requesting, the nature of the alleged disclosure violations, and the relief Plaintiffs intended to seek. The parties then conducted another substantive conference on May 26 concerning the contemplated motion. Plaintiffs filed the motion on June 3. Defendants waited until June 12 to seek ex

parte relief.

Defendants' own delay confirms that no genuine emergency exists. Because Defendants can present their procedural and substantive objections through ordinary procedures, their request for extraordinary ex parte relief should be denied.

### B. Plaintiffs Followed the Applicable Discovery Procedure

Plaintiffs did not bypass Magistrate Judge Rosenberg. They followed her procedures.

Plaintiffs requested a discovery conference, submitted the required joint discovery statement, appeared at the April 29 conference, and inquired into the contemplated sanctions motion. Judge Rosenberg stated:

> Then the sanctions motion. That's not going to be heard by me, so you can address whatever, you know, briefing schedule you want to do with that, because that's not something that I will end up hearing. So I don't think it's something we can address here today.

Hirsch Decl. ¶ 3 & Ex. 1 at 25:15–19.

Judge Rosenberg did not find that Plaintiffs had failed to meet and confer. She did not identify any deficiency in the joint discovery statement. She did not direct Plaintiffs to restart the discovery-conference process. Instead, she stated that the sanctions motion would not be heard by her and that the parties could address the briefing schedule for that motion separately.

Judge Rosenberg's published procedures also expressly permitted discovery motions to proceed under either Local Rule 7 or Local Rule 37:

**Judge's Procedures**

1. Effective April 1, 2026, a party or third party may file a discovery motion using the procedures in either Local Rule 7 or 37 without first participating in a discovery conference unless the court previously set the discovery conference on calendar.

Hirsch Decl. ¶ 4 & Ex. 2.

Plaintiffs had already completed the conference process required by Judge Rosenberg. After she stated that she would not hear the sanctions motion, Plaintiffs proceeded under Local Rule 7, one of the two procedures her published instructions expressly authorized.

The timing further confirms the reasonableness of Plaintiffs' decision. Plaintiffs filed the motion on June 3, when no magistrate judge was assigned. Discovery in Acevedo was scheduled to close on June 8, and discovery in Roberts had already closed. Magistrate Judge Shay was not assigned until June 8.

Under those circumstances, Plaintiffs reasonably filed the motion before expiration of the discovery period rather than allowing the deadline to pass while no magistrate judge was assigned and no reassignment date was known. Nothing in Judge Rosenberg's statements or published procedures instructed Plaintiffs to await an unknown reassignment and then restart a process they had already

completed.

### C. Plaintiffs Repeatedly Conferred and Defendants Had Full Notice

Defendants' application admits that, before filing, Plaintiffs requested:

- information concerning additional policies and claims;

- information concerning defense-cost payments and policy erosion;

- reservation-of-rights and related coverage materials;

- risk-management files and broker communications; and

- a Rule 30(b)(6) witness concerning those subjects and Defendants' insurance-disclosure investigation.

Doc. 414 at 10:8–16. Defendants also admit that Plaintiffs announced their intent to seek sanctions during the April 28 meet-and-confer and requested a briefing schedule from Judge Rosenberg on April 29. Id. at 11:2–15.

The parties' efforts did not end on April 29. Defendants represented that they would investigate Plaintiffs' requests concerning additional policy years and Rule 30(b)(6) testimony. On May 5, Defendants disclosed a second directors-and-officers insurance tower totaling approximately $70 million.

That disclosure came more than two years after this action was filed, after extensive litigation concerning the scope of available coverage, and as discovery was closing. Plaintiffs then had to review the newly disclosed policies, investigate

the circumstances surrounding the expanded nondisclosure, evaluate the prejudice caused by the delay, and prepare appropriate relief.

Defendants' procedural history omits that, on May 26, the parties conducted another substantive meet-and-confer concerning the contemplated sanctions motion. Plaintiffs advised Defendants that the motion would be filed, explained the prejudice caused by the late disclosures, identified the additional insurance discovery sought, and stated that the motion had already been drafted. Defense counsel questioned Plaintiffs concerning the motion's grounds, the asserted prejudice, the requested relief, the filing court, the anticipated hearing date, and the briefing schedule. Hirsch Decl. ¶¶ 7–12.

Plaintiffs filed the motion eight days later.

Defendants therefore knew before filing:

1. the alleged disclosure violations;

2. the insurance policies and information Plaintiffs contended had not been timely disclosed;

3. the documents and Rule 30(b)(6) testimony Plaintiffs were requesting;

4. Plaintiffs' intention to seek sanctions;

5. the prejudice Plaintiffs claimed resulted from the delayed disclosures;

6. the curative relief Plaintiffs intended to request; and

7. that filing was imminent.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS

The motion did not present a new, undisclosed, or procedurally unexpected dispute.

Plaintiffs spent weeks attempting to resolve the matter without further Court intervention. Those efforts produced additional policies, but they did not produce an agreement concerning the requested testimony, documents, or relief necessary to address the prejudice caused by the delayed disclosures. Motion practice became necessary because the parties remained at an impasse, not because Plaintiffs refused to cooperate.

### D. Defendants' Application Misstates the Post-Filing Record

Defendants state that Plaintiffs did not respond to Defendants' June 8 objection letter. Doc. 414 at 13:4. That assertion is incorrect.

Plaintiffs responded in writing on June 9. The response addressed Defendants' procedural position, explained why Plaintiffs believed they had followed the Court's procedures, defended the relief requested in the sanctions motion, and expressly declined Defendants' demand that Plaintiffs withdraw or adjourn the motion. Hirsch Decl. ¶ 13 & Ex. 3.

Defendants filed this application on June 12, three days after receiving Plaintiffs' response. Defendants' demonstrably incorrect assertion that Plaintiffs failed to respond cannot support ex parte relief.

The June 9 response also confirms that Plaintiffs did not ignore Defendants'

procedural objection. Plaintiffs considered it, responded substantively, and explained why they disagreed. The parties' disagreement does not establish that Plaintiffs acted improperly, much less that their motion should be summarily stricken.

### E. Striking The Motion Is Unnecessary and Disproportionate

Defendants conflate two distinct questions: whether the sanctions motion should ultimately be heard by this Court or by the assigned Magistrate Judge, and whether the motion should be removed from the docket altogether.

Even if the Court concludes that Magistrate Judge Shay should address the motion, striking it is unnecessary. The Court may refer the pending motion to Judge Shay, continue or vacate the existing hearing date, or direct the parties to supplement their filings in accordance with Judge Shay's procedures.

Any of those alternatives would fully address Defendants' stated procedural concern without erasing a motion filed while no magistrate judge was assigned and while the applicable discovery period was about to expire.

Defendants identify no prejudice arising from preservation of the motion's June 3 filing date. Defendants had advance notice of the alleged discovery violations, the requested discovery, Plaintiffs' intention to seek sanctions, the claimed prejudice, and the relief Plaintiffs intended to request. Defendants remain free to oppose the motion on both procedural and substantive grounds.

Accordingly, if the Court does not retain the sanctions motion, Plaintiffs respectfully request that the Court refer it to Magistrate Judge Shay, preserve its original June 3, 2026 filing date, and permit the parties to comply with any additional procedures Judge Shay directs.

## III.   CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Ex Parte Application to Strike Plaintiffs' Motion for Discovery Sanctions.

Alternatively, if the Court determines that the sanctions motion should be addressed by the assigned Magistrate Judge, Plaintiffs request that the Court refer the pending motion to Magistrate Judge Shay, preserve its June 3, 2026 filing date, and permit any supplemental briefing or procedural compliance Judge Shay considers appropriate.

Date: June 16, 2026                    By: /s/ Jennifer A. Lenze
                                       Jennifer A. Lenze (CA No 246858)
                                       LENZE LAWYERS, PLC
                                       999 Corporate Drive, Suite 100
                                       Ladera Ranch, California 92694
                                       Telephone (310) 322-8800
                                       jlenze@lenzelawyers.com

                                       Brooke F. Cohen TX 24007019 PHV
                                       Adm
                                       Andrea S. Hirsch, GA 666557 PHV Adm
                                       COHEN HIRSCH, LP
                                       5256 Peachtree Road, Suite 195-E
                                       Atlanta, Georgia 30341

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS

Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all counsel of record by way of the Court's CM/ECF filing system on June 16, 2026.

/s/ Jennifer A. Lenze
Jennifer A. Lenze