Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke F. Cohen, Esq., TX Bar No. 24007019
Andrea S. Hirsch, Esq., GA Bar No. 666557
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683
brooke@cohenhirsch.com
andrea@cohenhirsch.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA ACEVEDO, CHRISTY LUNDY, TAMI SIMS, MEGAN FARRELL-NELSON,<br><br>    Plaintiffs,<br><br>v.<br><br>EXP REALTY, LLC, EXP WORLD HOLDINGS, INC., MICHAEL L. BJORKMAN; DAVID S. GOLDEN; GLENN SANFORD,<br><br>    Defendants. | Case No. 2:23-CV-01304-AB-CTS<br><br>**DECLARATION OF ANDREA S. HIRSCH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS**<br><br><br>Judge: Hon. Andre Birotte Jr.<br>Trial Date: March 20, 2028 |

I, Andrea S. Hirsch, declare as follows:

1.      I am an attorney with Cohen Hirsch, LP and counsel of record for Plaintiffs in this action. I am admitted pro hac vice. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently to them.

2.      I submit this declaration in support of Plaintiffs' Opposition to Defendants' Ex Parte Application to Strike Plaintiffs' Motion for Discovery Sanctions.

3.      Pursuant to Magistrate Judge Alicia G. Rosenberg's discovery procedures, Plaintiffs requested a discovery conference concerning outstanding discovery matters, including Plaintiffs' contemplated sanctions motion arising from Defendants' insurance disclosures. A true and correct copy of the certified transcript of the April 29, 2026 discovery conference is attached as **Exhibit 1**. Judge Rosenberg's statement concerning the sanctions motion appears at page 25, lines 15 through 19.

4.      Judge Rosenberg's published discovery procedures stated: "Effective April 1, 2026, a party or third party may file a discovery motion using the procedures in either Local Rule 7 or 37 without first participating in a discovery conference unless the court previously set the discovery conference on calendar." A true and correct copy of Judge Rosenberg's published discovery procedures is attached as **Exhibit 2**.

5.      Following the Defendants' May 5 disclosure producing another insurance tower, Plaintiffs reviewed the newly disclosed policies, compared

them with Defendants' prior disclosures, investigated the scope and consequences of the serial disclosures, researched the applicable law, assessed the resulting prejudice, and prepared the sanctions motion.

6.     Material issues remained unresolved, including whether policies existed for additional years, whether Mr. Sanford possessed separate or personal insurance, whether Defendants would produce reservation-of-rights and related coverage materials, and whether Defendants would provide the requested Rule 30(b)(6) witness.

7.     On May 26, 2026, Plaintiffs participated in another meet-and-confer conference with defense counsel. I personally participated in that conference.

8.     During the May 26 conference, Plaintiffs expressly advised Defendants that Plaintiffs intended to proceed with a motion for sanctions based on Defendants' late insurance disclosures. Plaintiffs explained that the delayed disclosures had prejudiced Plaintiffs because Plaintiffs had litigated the action for years, incurred substantial expenses, participated in two mediations, and made litigation and settlement decisions without accurate information concerning potentially available insurance.

9.     Plaintiffs further advised Defendants that Plaintiffs intended to seek additional insurance-related discovery and complete disclosure of responsive insurance information, including information concerning additional policies, Mr. Sanford's personal insurance, reservation-of-rights and related coverage materials, and Rule 30(b)(6) testimony.

10.    Plaintiffs advised Defendants that the sanctions motion had been drafted and would be filed imminently.

11.    Defense counsel questioned Plaintiffs concerning the grounds for sanctions, the prejudice Plaintiffs claimed, the requested relief, the court before which the motion would be filed, the anticipated hearing date, and the briefing schedule.

12.    By the conclusion of the May 26 conference, Defendants had notice of the alleged disclosure violation, Plaintiffs' intent to seek sanctions, the prejudice claimed, the documents and testimony requested, and the imminent filing of the motion.

13.    On June 8, 2026, Defendants sent Plaintiffs a letter demanding that Plaintiffs withdraw or adjourn the sanctions motion. Plaintiffs responded in writing on June 9, 2026. A true and correct copy of Plaintiffs' June 9, 2026 response is attached as **Exhibit 3.**

14.    Before Plaintiffs filed the sanctions motion, Plaintiffs had participated in multiple oral and written meet-and-confer efforts over approximately six weeks, requested and participated in a discovery conference, and provided Defendants notice of the grounds for the motion and the relief Plaintiffs intended to seek.

DECLARATION OF ANDREA S HIRSCH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2026, at Atlanta, Georgia.

/s/ Andrea S. Hirsch

Andrea S Hirsch

DECLARATION OF ANDREA S HIRSCH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS