Outlook

---

**Re: Acevedo et al. v. eXp Realty, LLC et al. (Case No. 2:23-cv-01304-AB-AGR); Roberts v. eXp Realty, LLC et al. (Case No. 2:23-cv-10492-AB-AGR)**

---

**From** Brooke Cohen <brooke@cohenhirsch.com>

**Date** Tue 6/9/2026 4:27 PM

**To** Ivy.Wang@gtlaw.com <Ivy.Wang@gtlaw.com>

**Cc** Jennifer Lenze <jlenze@lenzelawyers.com>; Andrea Hirsch <andrea@cohenhirsch.com>; wadleyd@gtlaw.com <wadleyd@gtlaw.com>; Joe.Dietrich@gtlaw.com <Joe.Dietrich@gtlaw.com>; imanakas@gtlaw.com <imanakas@gtlaw.com>; Garrett.Messerly@gtlaw.com <Garrett.Messerly@gtlaw.com>; milsteind@gtlaw.com <milsteind@gtlaw.com>; Marla.Manion@gtlaw.com <Marla.Manion@gtlaw.com>; william.pallares@lewisbrisbois.com <william.pallares@lewisbrisbois.com>; mack.reed@lewisbrisbois.com <mack.reed@lewisbrisbois.com>; makenzie.krause@lewisbrisbois.com <makenzie.krause@lewisbrisbois.com>; Jeanne.Arias@gtlaw.com <Jeanne.Arias@gtlaw.com>; debbie.wilhelm@lewisbrisbois.com <debbie.wilhelm@lewisbrisbois.com>; amanda.sperow@lewisbrisbois.com <amanda.sperow@lewisbrisbois.com>; Margaret.Sundquist@lewisbrisbois.com <Margaret.Sundquist@lewisbrisbois.com>; rschonfeld@cslawoffice.net <rschonfeld@cslawoffice.net>; rdemarco@cslawoffice.net <rdemarco@cslawoffice.net>; rreyes@cslawoffice.net <rreyes@cslawoffice.net>; dpoull@cannonnelms.com <dpoull@cannonnelms.com>; peter@peterlawfirm.com <peter@peterlawfirm.com>

Ivy,

We have considered Defendants' request that Plaintiffs withdraw or adjourn the motions; however, Plaintiffs do not agree that withdrawal or adjournment is warranted and intend to proceed with the motions.

Specifically, we disagree with your characterization of the motions as routine motions to compel. Although Plaintiffs seek production of additional responsive policies and insurance-related materials as part of the requested curative relief, the motions are not directed at compelling the disclosure of policies in the first instance. Rather, they seek targeted relief under Rules 26(a), 26(e), and 37(c)(1) arising from Defendants' failure to timely disclose responsive insurance agreements and the resulting prejudice to Plaintiffs.

We likewise disagree that Plaintiffs failed to follow the Court's procedures following Judge Rosenberg's retirement. Judge Rosenberg expressly directed parties to present matters to Judge Birotte pending reassignment, and the Court's published procedures reflect the same. Plaintiffs therefore proceeded in accordance with the Court's instructions.

As our sanctions motions sets forth in great detail, we further disagree with your assertion that Plaintiffs suffered no prejudice. Plaintiffs litigated this matter for more than two years, conducted discovery, participated in two mediations, incurred substantial costs, and made strategic litigation decisions while operating under Defendants' representation that the eXp Defendants did not have insurance. The problem is not simply late disclosure. Defendants previously represented in *Acevedo* that they had "not been able to procure insurance coverage" and represented in *Roberts* that they were "not aware of insurance coverage related to the subject matter of the complaint." Years later, those statements were followed by the disclosure of multiple insurance policies and D&O insurance towers totaling approximately $70 million in limits. Rule 26(a)(1)(A)(iv) exists because insurance information affects litigation strategy, settlement evaluation, collectability analysis, insurer participation, and case assessment. Defendants were not entitled to withhold responsive policies based on their own assessment of whether coverage ultimately would apply.

Nor do we agree that the relief sought in the motions is unrelated to the disclosure violation. Defendants have placed the circumstances surrounding the delayed disclosures directly at issue by contending that the failure was inadvertent and harmless. Information concerning the existence of responsive policies, tender and notice to insurers, coverage positions, reservation-of-rights issues, erosion of limits, and the timing and circumstances of Defendants' disclosures bears directly on those issues and on the curative relief requested in the motions.

The central issue remains: the eXp Defendants failed to disclose insurance. Plaintiffs were harmed. Plaintiffs now are seeking curative relief.  Obviously, if your clients would like to provide us with the information requested in the motions and compensate Plaintiffs for the monetary harm suffered, also as set for in the motions, we would be amenable to withdrawing them.

Otherwise, Plaintiffs do not intend to withdraw or adjourn the motions.

All my best,

Brooke


On Jun 8, 2026, at 9:36 PM, Jeanne.Arias@gtlaw.com wrote:

Counsel,

Please see attached correspondence sent on behalf of Ivy A. Wang.

Thank you,

**Jeanne Arias**
Legal Support Specialist

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7829 | F +1 310.586.7800
Jeanne.Arias@gtlaw.com | www.gtlaw.com

—

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.
<2026-06-08 Letter re Sanctions Motion.pdf>