Jennifer A. Lenze, Esq., CA Bar No. 246858
**LENZE LAWYERS, PLC**
999 Corporate Drive, Suite 100
Ladera Ranch, California 92694
Tel: (310) 322-8800 F: (310) 322-8811
jlenze@lenzelawyers.com

Brooke Cohen, Esq., TX Bar No. 24007019 PHV Admitted
Andrea Hirsch, Esq., GA Bar No. 666557 PHV Admitted
**COHEN HIRSCH, LP**
5256 Peachtree Road, Suite 195-E
Atlanta, Georgia 30341
Tel: (678) 268-4683 | brooke@cohenhirsch.com | andrea@cohenhirsch.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABIOLA ACEVEDO; TAMI SIMS; CHRISTIANA LUNDY; AND MEGAN FARRELL-NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>eXp REALTY, LLC; eXp WORLD HOLDINGS, INC.; MICHAEL L. BJORKMAN; DAVID S. GOLDEN; BRENT GOVE; AND GLENN SANFORD; and DOES 1–10 inclusive,<br><br>Defendants. | Case No. 2:23-cv-01304-AB-CTS<br><br>**PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER TO EXTEND REBUTTAL EXPERT DISCLOSURE DEADLINE ONLY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JENNIFER A. LENZE**<br><br>[Filed concurrently with Joint Stipulation and [Proposed] Order]<br><br>Judge: Hon. André Birotte Jr.<br>Trial Date: March 20, 2028 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Plaintiffs Fabiola Acevedo, Tami Sims, Christiana Lundy, and Megan Farrell-Nelson ("Plaintiffs") apply ex parte, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7-19, for an order modifying the Court's April 23, 2026 scheduling order (Dkt. 385) in one respect only: continuing the deadline for rebuttal expert disclosures from December 1, 2026 to December 10, 2026, for all parties. No other date would change.

**This Application is unopposed.** Counsel for every Defendant remaining

in this action has advised in writing that their clients do not oppose the requested extension, and the parties have executed the Joint Stipulation filed concurrently.

Good cause exists. On November 16, 2026, one of Plaintiffs' retained experts informed Plaintiffs' counsel that the expert had been unexpectedly required to travel out of the country because of the serious illness of an immediate family member and needed a short extension to complete rebuttal reports. Plaintiffs sought Defendants' agreement that same day. Ex parte relief is necessary because the December 1, 2026 deadline will pass before a regularly noticed motion could be heard.

Notice (L.R. 7-19, 7-19.1). On November 16, 2026, Plaintiffs' counsel notified counsel for all Defendants by email of the relief sought. Counsel for the eXp Defendants, Defendant Bjorkman, and Defendant Golden each responded that they do not oppose. On November 19, 2026, Plaintiffs' counsel further advised counsel for all Defendants that this Application would be filed that day. The names and contact information of opposing counsel are:

Ivy A. Wang; Daniel J. Wadley
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2121
Tel.: (310) 586-7700 | Ivy.Wang@gtlaw.com; wadleyd@gtlaw.com
William E. Pallares
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000, Los Angeles, CA 90071
Tel.: (213) 250-1800 | William.Pallares@lewisbrisbois.com
*Attorneys for Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford*

Richard A. Schonfeld
CHESNOFF & SCHONFELD
520 South Fourth Street, Las Vegas, NV 89101
Tel.: (702) 384-5563 | rschonfeld@cslawoffice.net
*Attorneys for Defendant Michael L. Bjorkman*

Peter K. Levine
PETER K. LEVINE, A PROFESSIONAL LAW CORPORATION
5455 Wilshire Boulevard, Suite 1250, Los Angeles, CA 90036
Tel.: (323) 934-1234 | peter@peterlawfirm.com
*Attorneys for Defendant David S. Golden*

This Application is based on this Application, the attached Memorandum of Points and Authorities and Declaration of Jennifer A. Lenze, the concurrently filed Joint Stipulation and [Proposed] Order, and the pleadings and records on file in this action.

DATED: November 19, 2026

**LENZE LAWYERS, PLC**

By: /s/ Jennifer A. Lenze
JENNIFER A. LENZE
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs ask the Court to move a single interim deadline by nine days. Rebuttal expert disclosures are due December 1, 2026. One of Plaintiffs' retained experts has been called out of the country by the serious illness of an immediate family member and cannot complete rebuttal reports by that date. Every Defendant has agreed not to oppose a short extension to December 10, 2026, which would apply to all parties. The expert discovery cut-off is March 29, 2027, and trial is set for March 20, 2028; neither date, nor any other, would be affected.

## II. BACKGROUND

On April 23, 2026, the Court entered the current schedule on the parties' stipulation. (Dkt. 385.) That Order set initial expert disclosures for September 28, 2026, rebuttal expert disclosures for December 1, 2026, and the expert discovery cut-off for March 29, 2027. (*Id.*) Initial expert disclosures were served on September 28, 2026. (Declaration of Jennifer A. Lenze ("Lenze Decl.") ¶ 3.)

On November 16, 2026, one of Plaintiffs' retained experts informed Plaintiffs' counsel that the expert had been unexpectedly required to travel abroad because of the serious illness of an immediate family member, and asked for a short extension, to December 10, 2026, to complete rebuttal reports. (*Id.* ¶ 4.) That same day, Plaintiffs' counsel asked all Defendants whether they would agree to continue the rebuttal deadline to December 10, 2026. (*Id.* ¶ 5.) Counsel for the eXp Defendants, Defendant Bjorkman, and Defendant Golden each responded the same day that they do not oppose. (*Id.* ¶ 6.)

## III. EX PARTE RELIEF IS WARRANTED

Ex parte relief is appropriate where (1) the moving party's cause would

be irreparably prejudiced if the underlying request were heard on a regularly noticed motion, and (2) the moving party is without fault in creating the need for ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are met.

First, a noticed motion cannot be heard in time. Local Rule 6-1 requires at least 28 days' notice, so a motion filed today could not be heard until well after the December 1, 2026 deadline had passed. Without relief before that date, Plaintiffs would be forced to serve rebuttal reports without the participation of an expert who is unavailable through no fault of Plaintiffs.

Second, Plaintiffs did not create the urgency. The expert's family medical emergency was unforeseen. Plaintiffs learned of it on November 16, 2026, sought Defendants' agreement within hours, and bring this Application promptly after obtaining it. (Lenze Decl. ¶¶ 4–7.)

## IV. GOOD CAUSE EXISTS UNDER RULE 16(b)(4)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard "primarily considers the diligence of the party seeking the amendment," and a schedule may be modified where it "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

That standard is satisfied. Plaintiffs timely served their initial expert disclosures and have been preparing rebuttal reports in response to the reports served by Defendants on September 28, 2026. The need for additional time arises solely from a serious illness in an expert's immediate family, which Plaintiffs could neither anticipate nor control. Plaintiffs acted the day they learned of it. (Lenze Decl. ¶¶ 4–5.)

No party will be prejudiced. The extension is nine days, it applies equally to all parties, and all Defendants have agreed not to oppose it. More than three months will remain between the new rebuttal deadline and the March 29, 2027 expert discovery cut-off, and no motion, pretrial, or trial date is affected. (*Id.* ¶ 8.)

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant this unopposed Application and continue the deadline for rebuttal expert disclosures from December 1, 2026 to December 10, 2026, for all parties, with all other dates set by Dkt. 385 remaining unchanged.

DATED: November 19, 2026

**LENZE LAWYERS, PLC**

By: /s/ Jennifer A. Lenze
JENNIFER A. LENZE
Attorneys for Plaintiffs

## DECLARATION OF JENNIFER A. LENZE

I, Jennifer A. Lenze, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and admitted to practice before this Court. I am counsel of record for Plaintiffs Fabiola Acevedo, Tami Sims, Christiana Lundy, and Megan Farrell-Nelson in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. The current case schedule was set by the Court's April 23, 2026 Order (Dkt. 385), entered on the parties' stipulation. Under that Order, rebuttal expert disclosures are due December 1, 2026, and the expert discovery cut-off is March 29, 2027.

3. Initial expert disclosures were served on September 28, 2026. Plaintiffs timely served their initial expert disclosures on that date.

4. On November 16, 2026, one of Plaintiffs' retained experts informed me that the expert had been unexpectedly required to travel out of the country because of the serious illness of an immediate family member. The expert asked whether the rebuttal report deadline could be extended by a short period, to December 10, 2026.

5. The same day, November 16, 2026, I emailed counsel for all Defendants, explained that one of Plaintiffs' experts had a family health issue, and asked whether Defendants would stipulate to rebuttal reports being due December 10, 2026 instead of December 1, 2026.

6. Also on November 16, 2026, I received the following responses by email: (a) Ivy A. Wang of Greenberg Traurig, LLP, counsel for Defendants eXp Realty, LLC, eXp World Holdings, Inc., and Glenn Sanford, stated that the eXp Defendants do not oppose; (b) Richard A. Schonfeld of Chesnoff & Schonfeld,

counsel for Defendant Michael L. Bjorkman, stated that he has no opposition; and (c) the office of Peter K. Levine, counsel for Defendant David S. Golden, stated that Mr. Levine has no objection. Brent Gove, who appears in the caption, is no longer a party to this action.

7. On November 19, 2026, I advised counsel for all Defendants that Plaintiffs would file this Application that day. No Defendant has indicated an intent to oppose.

8. The requested extension applies to all parties' rebuttal expert disclosures. It does not affect any other date set by Dkt. 385. No party has previously asked the Court to extend the rebuttal expert disclosure deadline set by that Order.

9. A regularly noticed motion could not be heard before the December 1, 2026 deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 19, 2026, at Ladera Ranch, California.

/s/ Jennifer A. Lenze
JENNIFER A. LENZE